## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. )<br>and HONEYWELL INTELLECTUAL )<br>PROPERTIES, INC., )<br>)<br>       Plaintiffs, )<br>)<br>       v. )<br>)<br>AUDIOVOX COMMUNICATIONS CORP.; )<br>AUDIOVOX ELCTRONICS CORPORATION; )<br>NIKON CORPORATION; NIKON, INC.; )<br>NOKIA CORPORATION; NOKIA INC.; )<br>SANYO ELECTRIC CO., LTD., and )<br>SANYO NORTH AMERICA CORPORATION, )<br>)<br>       Defendants. )<br>)<br>AUDIOVOX ELECTRONICS CORPORATION, )<br>)<br>       Counterclaim Plaintiff, )<br>)<br>       v. )<br>)<br>HONEYWELL INTERNATIONAL INC., and )<br>HONEYWELL INTELLECTUAL )<br>PROPERTIES INC., )<br>)<br>       Counterclaim Defendants. )<br>) | C.A. No. 04-1337 KAJ |

### DEFENDANT AUDIOVOX ELECTRONICS CORPORATION'S
### ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
### AND COUNTERCLAIM

Defendant, Audiovox Electronics Corporation ("AEC"), by and through its undersigned attorneys, for its Answer and Affirmative Defenses in response to the Second Amended Complaint states as follows, all allegations not expressly admitted below being denied:

1. To the extent a response is necessary, it is admitted that this is an action alleging willful infringement of a U.S. patent, but AEC denies that it has committed any acts of infringement and denies that it has committed any act of willful infringement.

2. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

3. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

4. Admitted.

5. Admitted.

6. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same

7. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

8. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

9. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

10. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

11. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

12. Admitted.

13. Admitted that personal jurisdiction exists as to answering defendant. The remaining allegations of this averment are denied.

14. Admitted.

15. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

16. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first sentence of this averment and therefore denies same. It is admitted that Exhibit A to the Second Amended Complaint purports to be a copy of the '371 Patent, which bears an issued date of January 18, 1994. The remaining allegations of this averment are denied.

17. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

18. No response is necessary since this averment is not directed to AEC. Audiovox Communications Corp. ("ACC") is represented by counsel who will respond for ACC.

19. Admitted that AEC has been and is engaged in the importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States, which include at least one of the products listed. The remaining allegations of this averment are denied.

20. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

21. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

22. AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

23.     As to defendant AEC, AEC denies the allegations. ACC is represented by counsel who will respond for ACC. As to the other defendants, AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

24.     As to defendant AEC, AEC denies the allegations. ACC is represented by counsel who will respond for ACC. As to the other defendants, AEC is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

### Prayer For Relief

AEC denies that Honeywell is entitled to any relief whatsoever from AEC.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AEC does not infringe and has not infringed (either literally or under the doctrine of equivalents), contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '371 patent.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '371 patent are invalid for failure to meet the requirements of the Unites States patent laws, 35 U.S.C. Section 100 *et seq.*, including, but not limited to, Sections 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against AEC are barred by laches, acquiescence and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for damages, if any, are limited by 35 U.S.C. Section 286 and/or Section 287.

**FIFTH AFFIRMATIVE DEFENSE**

On information and belief, the '371 patent is unenforceable as a result of inequitable conduct in its procurement in that Honeywell failed to identify to the PTO material prior art of which Honeywell was aware. Further on information and belief, Honeywell made representations and/or arguments to the PTO in favor of patentability that Honeywell could not have made had Honeywell identified to the PTO all of the material prior art of which Honeywell was aware.

WHEREFORE, Defendant Audiovox Electronics Corporation prays that:

(1) this Court dismiss the Second Amended Complaint against AEC with prejudice;

(2) this Court enter an order declaring and adjudging that the '371 patent, is invalid, void, unenforceable, and that AEC has not infringed;

(3) this Court declare this case to be an "exceptional" case pursuant to 35 U.S.C. §285;

(4) this court award AEC its costs, including reasonable attorneys fees and all of its expenses for defending this civil action; and

(5) this Court award such other and further relief as this Court may deem just and proper.

## COUNTERCLAIM

### Nature of the Action

1. This is an action by AEC for a declaration that the '371 patent is not infringed, not valid and not enforceable.

### The Parties

2. Counter-Plaintiff AEC is a corporation of Delaware having a principal place of business at Hauppauge, New York.

3. On information and belief, Counter-Defendant Honeywell International, Inc. ("HI") is a corporation of Delaware with its principle place of business in Morristown, New Jersey.

4. On information and belief, Counter-Defendant Honeywell Intellectual Properties, Inc. ("HIPI") is a corporation of Arizona with its principle place of business in Tempe, Arizona (HI and HIPI collectively "Honeywell").

### Jurisdiction and Venue

5. This counterclaim is for a declaratory judgment: declaring the '371 patent invalid, unenforceable and not infringed; and no liability under the patent laws. Honeywell asserts ownership of the '371 patent and has accused AEC of infringing such rights, bringing a civil action against AEC, thereby creating an actual controversy as to the infringement, validity, and enforceability of the asserted patent rights. This counterclaim is for, *inter alia*, damages and injunctive relief under the U.S. patent laws. In part, this action arises under Title 28 U.S.C., § 2201 [declaratory judgments] involving the patent laws of the United States, Title 35 U.S.C., §§ 271 et seq. This Court has original jurisdiction over these parts of the subject matter of this action under Title 28 U.S.C., §§ 1331 and 1338 and under Title 15 U.S.C., § 1121.

6. Venue in this judicial district is proper under Title 28 U.S.C., §§ 1391 and 1400.

## **Background to the Action**

7. Honeywell has asserted ownership of the '371 patent.

8. The '371 patent, and each of the claims thereof, are invalid, void and unenforceable for one or more of the following reasons:

    a) The patent fails to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 111, and/or 112; and/or

    b) Honeywell violated its duty of candor and good faith in dealing with the U.S. Patent and Trademark Office.  Honeywell failed, intentionally or negligently, to disclose to the Office during the prosecution of the application for the '371 patent information known to be material to the patentability of the '371 patent claims by individuals associated with the filing and prosecution of the application in contravention of their obligations under 37 C.F.R. § 1.56.

9. AEC continues to be damaged by Honeywell.

WHEREFORE, AEC respectfully requests that this Court enter a judgment in its favor and against Honeywell as follows:

    (a) Striking Honeywell's Second Amended Complaint;

    (b) Dismissing the Second Amended Complaint with prejudice in its entirety;

    (c) Declaring that each claim of the '371 patent is invalid, unenforceable and not infringed;

    (d) Deeming this to be an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding AEC its attorneys fees and costs incurred herein;

    (e) Awarding AEC the relief requested in its Answer, Affirmative Defenses and Counterclaims; and

(f)     Awarding AEC such other and further relief as this Court may deem just and proper.

               Respectfully submitted**,**

               McCARTER & ENGLISH, LLP

               /s/ Thomas D. Walsh
               Paul A. Bradley (DE Bar ID #2156)
               Thomas D. Walsh (DE Bar ID #3783)
               919 N. Marker Street, Suite 1800
               P.O. Box 111
               Wilmington, DE  19899
               (302) 984-6300
               (302) 984-6399 (fax)

               Attorneys for Defendant
               Audiovox Electronics Corporation

Dated:  March 3, 2005

WL1: 103108.01