# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC,<br>and HONEYWELL INTELLECTUAL<br>PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AUDIOVOX COMMUNICATIONS CORP.,<br>AUDIOVOX ELECTRONICS CORP.,<br>NIKON CORPORATION, NIKON INC.,<br>NOKIA CORPORATION, NOKIA INC.,<br>SANYO ELECTRIC CO., LTD.,<br>and SANYO NORTH AMERICA,<br><br>Defendants. | C.A No. 04-1337-KAJ |

| |
|---|
| AUDIOVOX COMMUNICATIONS CORP.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC,<br>and HONEYWELL INTELLECTUAL<br>PROPERTIES INC.,<br><br>Counterclaim-Defendants. |

| |
|---|
| AUDIOVOX COMMUNICATIONS CORP.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>CURITEL COMMUNICATIONS INC,<br>and TOSHIBA CORPORATION,<br><br>Third-Party Defendants. |

**DEFENDANT AUDIOVOX COMMUNICATION CORP.'S
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT,
COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**

## ANSWER

Defendant Audiovox Communications Corp. ("ACC") hereby answers the Second Amended Complaint of plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") as follows, all allegations not expressly admitted below being denied:

## Nature of the Action

1.     ACC admits that this is an action by Honeywell alleging willful infringement of a United Sates Patent.

## The Parties

2.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

4.     ACC admits that it is a Delaware corporation having its principle place of business at Hauppauge, New York.

5.     ACC admits that defendant Audiovox Electronics Corporation ("AEC") is a Delaware corporation having its principle place of business at Hauppauge, New York.

6.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

7.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

8.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

9.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

10.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

11.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## Jurisdiction and Venue

12.     ACC admits the jurisdiction of the United States District Courts over actions for patent infringement under 28 U.S.C. § 1338(a).

13.     ACC admits that it is subject to personal jurisdiction in this judicial district and denies the remaining allegations relevant to it.  AEC is represented by counsel who will respond for AEC.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

14.    As to the claims asserted against it, ACC admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).  AEC is represented by counsel who will respond for AEC.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## Background Of The Action

15.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

16.    ACC admits that Exhibit "A" to the Second Amended Complaint purports to be a copy of the '371 patent, which bears an issue date of January 18, 1994.  ACC denies the remaining allegations.

17.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## Acts Giving Rise To The Action

18.    Prior to the divestment of all relevant assets on November 1, 2004, ACC was engaged in the importation, offer for sale, and/or sale in the United States of products that include a liquid crystal display ("LCD"), and that such products include at least one of the products listed.  ACC denies the remaining allegations.

19.    AEC is represented by counsel who will respond for AEC.

20.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

21.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

22.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

23.    As to defendant ACC, ACC denies the allegations.  AEC is represented by counsel who will respond for AEC.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

24.    As to defendant ACC, ACC denies the allegations.  AEC is represented by counsel who will respond for AEC.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### **Prayer For Relief**

ACC denies that Honeywell is entitled to any relief whatsoever from ACC.  AEC is represented by counsel who will respond for AEC.

## ADDITIONAL DEFENSES

### First Additional Defense

ACC has not infringed (either literally or under the doctrine of equivalents), actively induced infringement, or contributarily infringed any valid and enforceable claim of the '371 patent.

### Second Additional Defense

The '371 patent is invalid and/or unenforceable for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

### Third Additional Defense

Honeywell's claims are barred by reason of Honeywell's conduct under the doctrines of laches, acquiescence and/or estoppel.

### Fourth Additional Defense

The '371 patent is unenforceable as a result of Honeywell's violation of its duty of candor and good faith in dealing with the U.S. Patent and Trademark Office during prosecution of the application for the '371 patent.

Individuals associated with the filing and prosecution of an application for patent, including the inventors, have a duty of candor and good faith in dealing with the U.S. Patent and Trademark Office under 37 C.F.R. § 1.56. Individuals associated with the filing and prosecution of the application for the '371 patent having a duty of candor and good faith under 37 C.F.R. § 1.56

6

failed to disclose to the Office during the prosecution of the application for the '371 patent information known to be material to the patentability of the claims in the application for the '371 patent.

Two of the named inventors in the '371 patent, R.I. McCartney and D. Syroid, authored a published article entitled "Directional Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259-262, in which the third named inventor in the '371 patent, Karen Jacimowicz, is acknowledged as a contributor. In a section entitled "Moire Pattern Treatment" at page 261, column 2 of the McCartney *et al.* article, the authors cite a published article entitled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256-259, by H. Noda *et al.*

The Noda *et al.* published article is material to the patentability of the invention claimed in the '371 patent. At least R.I. McCartney and S. Syroid knew of the Noda *et al.* published article during the prosecution of the application for the '371 patent and failed to disclose the article to the Office in violation of their duty of candor and good faith.

As a result of this inequitable conduct, the '371 patent is unenforceable.

On information and belief, this case is exceptional against Honeywell under 35 U.S.C. § 285.

## Fifth Additional Defense

Honeywell's claim for damages, if any, is limited by 35 U.S.C. § 286 and/or § 287.  On information and belief, Honeywell failed to comply with the marking and notice requirements of 35 U.S.C. § 287.

## PRAYER FOR RELIEF

**WHEREFORE**, ACC prays that this Honorable Court:

A.    dismiss the Second Amended Complaint against ACC with prejudice;

B.    award ACC its costs, including reasonable attorneys fees and all of its expenses for defending this civil action; and

C.    award such other and further relief as this Court may deem proper.

## COUNTERCLAIM

## Nature of the Action

1.    This is an action by ACC for a declaration that the '371 patent is not infringed, not valid, and not enforceable.

## The Parties

2.    Counter-Plaintiff ACC is a corporation organized and existing under the laws of the State of Delaware having a place of business at Hauppauge, New York.

3.    On information and belief, Counter-Defendant Honeywell International, Inc. ("HI") is a corporation organized and existing under the laws of the State of Delaware having a place of business in Morristown, New Jersey.

4.    On information and belief, Counter-Defendant Honeywell Intellectual Properties, Inc. ("HIPI") is a corporation organized and existing under the laws of the State of Arizona having a place of business in Tempe, Arizona (HI and HIPI are referred to collectively as "Honeywell").

## Jurisdiction and Venue

5.    This counterclaim seeks a judgment declaring the '371 patent invalid, unenforceable and not infringed; and that no liability exists under the patent laws.  Honeywell asserts ownership of the '371 patent and has accused ACC of infringing such rights, bringing a civil action against ACC, thereby creating an actual controversy as to the infringement, validity, and enforceability of the asserted patent rights.  *Inter alia,* these counterclaims are for damages and injunctive relief under the U.S. patent laws.  In part, this action arises under Title 28 U.S.C., § 2201 [declaratory judgments] involving the patent laws of the United States, Title 35 U.S.C., §§ 271 *et seq.*  This Court has original jurisdiction over these parts of the subject matter of this action under Title 28 U.S.C. §§ 1331 and 1338 and under Title 15 U.S.C. § 1121.

6.    Venue in this judicial district is proper under Title 28 U.S.C., §§ 1391 and 1400.

## Background to the Action

7.    Honeywell has asserted ownership of the '371 patent.

8.    The '371 patents, and each of the claims thereof, are invalid, void and unenforceable for one or more of the following reasons:

(a)    The Patents fail to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 111, and/or 112; and/or

(b)    The '371 patent is unenforceable as a result of Honeywell's violation of its duty of candor and good faith in dealing with the U.S. Patent and Trademark Office during prosecution of the application for the '371 patent.

i.    Individuals associated with the filing and prosecution of an application for patent, including the inventors, have a duty of candor and good faith in dealing with the U.S. Patent and Trademark Office under 37 C.F.R. § 1.56.

ii.    Individuals associated with the filing and prosecution of the application for  the '371 patent having a duty of candor and good faith under 37 C.F.R. § 1.56 failed to disclose to the Office during the prosecution of the application for the '371 patent information known to be material to the patentability of the

claims in the application for the '371 patent.

iii.    Two of the named inventors in the '371 patent, R.I. McCartney and D. Syroid, authored a published article entitled "Directional Diffuser Lens Array for Backlit LCDs", Japan Display 1992, pp. 259-262, in which the third named inventor in the '371 patent, Karen Jacimowicz, is acknowledged as a contributor.  In a section entitled "Moire Pattern Treatment" at page 261, column 2 of the McCartney et al. article, the authors cite a published article entitled "High Definition Liquid Crystal Projection TV", Japan Display 1989, pp. 256-259, by H. Noda *et al.*

iv.    The Noda *et al.* published article is material to the patentability of the invention claimed in the '371 patent.

v.    At least R.I. McCartney and S. Syroid knew of the Noda et al. published article during the prosecution of the application for the '371 patent and failed to disclose the article to the Office in violation of their duty of candor and good faith.

vi.    As a result of this inequitable conduct, the '371 patent is unenforceable.

9.    ACC continues to be damaged by Honeywell.

## THIRD-PARTY COMPLAINT

Third-Party Plaintiff Audiovox Communications Corp. ("ACC"), through counsel, hereby complains of Toshiba Corporation ("Toshiba") and Curitel Communications, Inc. ("Curitel") as follows:

### Nature of the Action

1.     This is an action by ACC against the Third-Party Defendants Toshiba and Curitel under contracts of indemnification against the claim of infringement of U.S. Patent No. 5,280,371 (the "'371 patent") asserted in this civil action against ACC by Honeywell International, Inc. ("HI") and Honeywell Intellectual Properties, Inc. ("HIPI") (collectively, "Honeywell").

### The Parties

2.     ACC is a corporation organized and existing under the laws of the State of Delaware having a place of business in Hauppauge, New York.

3.     On information and belief, Toshiba is an alien corporation having a place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, Japan.

4.     On information and belief, Curitel is an alien corporation having a place of business at Peungwha Seocho Bldg. 1451-34, Seocho-dong, Seocho-gu, Seoul 137-070, Korea.

## Jurisdiction and Venue

5.      Honeywell brought this civil action No. C.A. 04-1337-KAJ against ACC asserting liability for infringing the '371 patent, which liability has been denied by ACC.

6.      This action arises under the patent laws and involves a common nucleus of operative facts and/or the same transaction and occurrence as the claim asserted by Honeywell against ACC.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338 and 1367.

7.      Toshiba conducts business in Delaware and has introduced the products accused by Honeywell to infringe the '371 patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Delaware.  Venue is proper under 28 U.S.C. § 1391.

8.      Curitel conducts business in Delaware and has introduced the products accused by Honeywell to infringe the '371 patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Delaware.  Venue is proper under 28 U.S.C. § 1391.

## COUNT I – BREACH OF WARRANTY
## OF TITLE AND NON-INFRINGEMENT

9.      The allegations of paragraphs 1-8 are repeated herein.

10.     Toshiba and Curitel sold to ACC all of the products sold by ACC accused by Honeywell of infringing the '371 patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-312 that provides that New York law shall apply.

11.     Toshiba and Curitel are merchants regularly dealing in goods of the kind of the products accused by Honeywell to infringe the '371 patent within the meaning of N.Y. U.C.C. Law § 2-312.

12.     Toshiba and Curitel have warranted to ACC that the products sold to ACC would be free of any claim of patent infringement.

13.     While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba and Curitel have breached their warranty of title and freedom from a claim of patent infringement.

## COUNT II - BREACH OF WARRANTY
## OF MERCHANTABILITY

14.     The allegations of paragraphs 1-13 are repeated herein.

15.     Toshiba and Curitel sold to ACC all of the products sold by ACC accused by Honeywell of infringing the '371 patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-314 that provides that New York

law shall apply.

16.    Toshiba and Curitel are merchants regularly dealing in goods of the kind of the products accused by Honeywell to infringe the '371 patent within the meaning of N.Y. U.C.C. Law § 2-314.

17.    Toshiba and Curitel have warranted to ACC that the products sold to ACC would be delivered in a merchantable condition.

18.    While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba and Curitel have breached their warranty of merchantability.

## COUNT III - BREACH OF WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

19.    The allegations of paragraphs 1-18 are repeated herein.

20.    Toshiba and Curitel sold to ACC all of the products sold by ACC accused by Honeywell of infringing the '371 patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-315 that provides, *inter alia*, that New York law shall apply. Toshiba and Curitel are sellers and ACC is a buyer within the meaning of N.Y. U.C.C. Law § 2-315.

21.    At the time of the sale of the accused products to ACC, Toshiba and Curitel had reason to know, and knew, the particular purpose for which ACC purchased the accused products.

22.    At the time of the sale of the accused products to ACC, Toshiba and Curitel warranted to ACC that the products sold to ACC would be delivered fit for the particular purpose for which purchased by ACC

23.    While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba and Curitel have breached their warranty of fitness for a particular purpose.

## COUNT IV - INDEMNITY

24.    The allegations of paragraphs 1-23 are repeated herein.

25.    Toshiba and Curitel sold to ACC all of the products sold by ACC accused by Honeywell of infringing the Patent.

26.    At all relevant times, Toshiba and Curitel are and have been obligated to indemnify and save harmless ACC from and against all claims of patent infringement.

27.    While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba and Curitel have breached their obligation to defend and save harmless.

## PRAYER FOR RELIEF

**WHEREFORE**, ACC prays that this Court enter a judgment in favor of ACC and against Toshiba and Curitel as to all of the accused products sold by them to ACC:

A.     declaring that they have breached their warranty of title and against infringement;

B.     declaring that they have breached their warranty of merchantability;

C.     declaring that they have breached their warranty of fitness for a particular purpose;

D.     declaring that Toshiba and Curitel are liable to ACC to indemnify and save ACC harmless from and against any claims or demands of Honeywell arising from infringement of the '371 patent.

E.     awarding to ACC its attorney fees and costs incurred in defending against and counterclaiming against Honeywell in the action for patent infringement;

F.     awarding to ACC its attorney fees and costs incurred in bringing and prosecuting this third-party action;

G.     awarding to ACC all sums that may be adjudicated against ACC in favor of Honeywell in the action for patent infringement, including without limitation, any interest thereon; and

H.     awarding ACC such other and further relief as this Court may deem proper.

DATED:  March 8, 2005

**DUANE MORRIS LLP**

/s/ John L. Reed

John L. Reed (Del. I.D. No. 3023)

Matt Neiderman (Del. I.D. No. 4018)

1100 N. Market Street, 12th Floor

Wilmington, Delaware 19801

Tel:    302.657.4900

Fax:    302.657.4901

E-Mail:    jlreed@duanemorris.com

                mneiderman@duanemorris.com

**OF COUNSEL:**

D. Joseph English

L. Lawton Rogers

**DUANE MORRIS LLP**

1667 K Street, N.W., Suite 700

Washington, DC 20006

Tel:    202.776.7800

Fax:    202.776.7801

E-Mail:    djenglish@duanemorris.com

                llrogers@duanemorris.com

Attorneys for Defendant

Audiovox Communications Corp.