UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
U.S. ... E.D. N.Y.
AUG 25 1995

TIME P.M. _____
      A.M. _____

| | |
|---|---|
| LORAL FAIRCHILD, </br></br>Plaintiff, </br></br>v. </br></br>VICTOR, et al., </br></br>Defendants. | No. 92 Civ. 0128 (ARR) |
| LORAL FAIRCHILD, </br></br>Plaintiff, </br></br>v. </br></br>MATSUSHITA, et al., </br></br>Defendants. | No. 91 Civ. 5056 (ARR) |

## ORDER SEVERING AND STAYING PARTICULAR DEFENDANTS

The Motion requesting severance and stay filed by the Fuji defendants and joined by LG Electronics (formerly Goldstar), Canon, Samsung, Nikon, Matsushita, Victor, Murata, Mitsubishi, and Ricoh, all being customer defendants, came for hearing before the court. Upon consideration of the papers on file, oral argument and agreement of counsel, the court hereby orders as follows:

1. Any customer defendant may elect to be severed and stayed from 91 Civ. 5056 and 92 Civ. 128 on condition that said customer defendant agrees to be bound by the determinations of the following issues:

   (a) infringement or non-infringement of claim 1 of United States Patent No. 3,931,674 and claims 1, 3, 7, and 8 of United States Patent No. 3,896,485 (the "patents-in-suit") by the CCDs manufactured by the manufacturer defendants which may be incorporated in products of said customer defendants;

   (b) validity or invalidity of the patents-in-suit;

   (c) enforceability or unenforceability of the patents-in-suit by virtue of alleged inequitable conduct before the United States Patent and Trademark Office;

    (d) ownership of the patents-in-suit;

    (e) manufacturer defendant marking defenses based on plaintiff's or its predecessor's alleged failure to mark pursuant to 35 U.S.C. § 287(a);

    (f) laches and estoppel defenses of the manufacturer defendants; and

    (g) license defenses of the manufacturer defendants.

    2. The plaintiff, and any defendant that elects to be severed and stayed, will not be permitted to relitigate any of the issues listed in paragraph 1 above. Rather, the scope of any further proceedings with respect to such customer defendants, should any be necessary, shall be determined after the initial trial or trials of the above issues and be limited to the following issues:

    (a) damages, if any, as against the customer defendants;

    (b) alleged willful infringement by the customer defendants;

    (c) lack of the required notification of infringement under 35 U.S.C. § 287(a) and/or lack of the required notice of infringement under 35 U.S.C. § 287(b), the Process Patent Amendments Act;

    (d) defenses of the customer defendants under the Grandfather Clause, Public Law 100-418, § 9006(b).

    3. Any defendant that elects to be severed and stayed under the terms and conditions of the Order shall indicate by filing with the court a letter indicating its intention to be severed and stayed and to be bound by the terms and conditions of this Order by August 31, 1995.

    4. This Order does not require use of the term "customer defendants" instead of "product defendants" in future pleadings or proceedings, nor does it determine whether royalties from sales of end products containing CCDs may properly be included in a damage award if plaintiff prevails.

8/8/95
/DATE

RANDALL R. RADER, Circuit Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT E.D. N.Y.
AUG 23 1995

TIME A.M. _____ P.M. _____

| | |
|---|---|
| LORAL FAIRCHILD, | ) |
| Plaintiff, | ) |
| v. | ) No. 92 Civ. 0128 (ARR) |
| VICTOR, et al., | ) |
| Defendants. | ) |
| | |
| LORAL FAIRCHILD, | ) |
| Plaintiff, | ) |
| v. | ) No. 91 Civ. 5056 (ARR) |
| MATSUSHITA, et al., | ) |
| Defendants. | ) |

### SUPPLEMENTAL ORDER SEVERING AND STAYING PARTICULAR DEFENDANTS

Add the following amendment to the Order Severing and Staying Particular Defendants, dated August 8, 1995, as paragraph 2(e):

Paragraph 2(e): laches and estoppel defenses of the customer defendants.

8/9/95
DATE

RANDALL R. RADER, Circuit Judge

U.S. District Court
Eastern District of New York (Brooklyn)
CIVIL DOCKET FOR CASE #: 1:92-cv-00128-RRR

Loral Fairchild Corp v. Victor Company, et al
Assigned to: VJ, Randall R. Rader
Demand: $0
Lead case: 1:91-cv-05056-RRR   (View Member Cases)
Case in other court: ED VA, 91CV 1686
Cause: 28:1338 Patent Infringement

Date Filed: 01/13/1992
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Loral Fairchild Corp**

| | | |
|---|---|---|
| 08/23/1995 | 121 | Copy of an ORDER Severing and Staying Particular Defendants. ( Signed by Visiting Judge Randall R. Rader, dated 8/8/95 ) **See document for complete details. (Murphy, Margaret) (Entered: 08/28/1995) |
| 08/23/1995 | 122 | Copy of a SUPPLEMENTAL ORDER Severing and Staying Particular Defendants changing Paragraph 2(e): Laches and estoppel defenses of the customer defendants. ( Signed by Visiting Judge Randall R. Rader, dated 8/9/95 ) (Murphy, Margaret) (Entered: 08/28/1995) |