

Not Reported in F.Supp.2d  
2001 WL 1502338 (N.D.Ill.)  
**(Cite as: 2001 WL 1502338 (N.D.Ill.))**

c

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.  
BECK SYSTEMS, INC., Plaintiff,  
v.  
MARIMBA, INC., Verizon Communications, Inc., the Bear Stearns Companies, Inc., Bear, Stearns & Co., Inc., Defendants.  
**No. 01 C 5207.**

Nov. 20, 2001.

MEMORANDUM OPINION AND ORDER

NOLAN, Magistrate J.

**\*1** This patent infringement action is before the Court on Defendants' Motion Pursuant to F.R.C.P. 42(b) to Separate and Stay Action Against Defendants the Bear Stearns Companies, Inc., Bear, Stearns & Co., Inc., and Verizon Communications, Inc. In their motion, the Defendants [FN1] claim that separating three defendants from the case will enhance judicial economy and the convenience of the parties, and that the Plaintiff, Beck Systems, Inc. ("Beck"), will not be prejudiced by a separation and stay order. Beck argues that a separation is not warranted, and that it would result in inefficient litigation and prejudice to Beck.

> FN1. All four defendants join on the motion.

For the reasons explained below, Defendants' Motion Pursuant to F .R.C.P. 42(b) to Separate and Stay Action Against Defendants the Bear Stearns Companies, Inc., Bear, Stearns & Co., Inc., and Verizon Communications, Inc. is DENIED.

BACKGROUND  
Beck's Amended Complaint alleges infringement of two of its patents relating to technology that facilitates the management of networked computers. Specifically, Beck alleges that defendant Marimba, Inc. ("Marimba"), manufactures and markets certain software products that contain Beck's patented technology. The Amended Complaint claims that Marimba (1) directly infringes Beck's patents by manufacturing, using, selling, and/or offering for sale the allegedly infringing products; (2) induces others to infringe; and (3) contributes to the infringement of others. The other three defendants, the Bear Stearns Companies, Inc., Bear, Stearns & Co., Inc., and Verizon Communications, Inc. (collectively the "Customer Defendants") are customers of Marimba who use the allegedly infringing software. The Amended Complaint claims that the Customer Defendants (1) directly infringe Beck's patent by practicing the inventions claimed; (2) induce others to infringe; and/or (3) contribute to the infringement of others. Beck seeks a judgment that its patents are valid, enforceable, and infringed by the Defendants; a preliminary and permanent injunction; and damages.

The Defendants now seek to separate and stay the action as to the Customer Defendants, and to allow the case to proceed against only Marimba, the manufacturing defendant.

DISCUSSION  
This Court has the discretion, under Rule 42(b), to order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P. 42(b); *see Houseman v. United States Aviation Underwriters,* 171 F.3d 1117, 1121 (7th Cir.1999). A separation is an exception, not the rule, and "[c]ourts should not order separate trials unless such a disposition is clearly necessary." *Real*

Page 1

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                     Page 2
2001 WL 1502338 (N.D.Ill.)

**(Cite as: 2001 WL 1502338 (N.D.Ill.))**

v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D.Ill.2000) (citation and internal quotation omitted). In considering whether to order a separation, a court must determine (1) whether separation would prevent prejudice to a party or promote judicial economy; (2) whether separation would unfairly prejudice the non-movant; and (3) whether ordering separate trials would violate the Seventh Amendment. [FN2] Houseman, 171 F.3d at 1121. The movant has the burden of proving that separation will serve judicial economy and will not result in prejudice. Real, 195 F.R.D. at 620.

> FN2. The relevant clause states: "[T]he right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

*2 The Defendants argue that the customers are not necessary to the litigation or to any potential recovery by Beck, and that requiring the Customer Defendants to be involved in the case does not promote judicial economy. In support of their argument, the Defendants analogize this case to those applying the "customer suit" exception to the first to file rule. See, e.g., Whelen Techs., Inc. v. Mill Specialties, Inc., 741 F.Supp. 715, 715 (N.D.Ill.1990). In certain patent cases, courts apply the customer suit exception to the general rule that the first suit filed is given priority. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed.Cir.1989). Under this exception, a suit filed against a manufacturer's customer or reseller may be stayed in favor of a later-filed action involving the manufacturer of the allegedly infringing goods. Id.; see also Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 738 (1st Cir.1977) (recognizing a "rebuttable presumption" that a declaratory judgment action brought in the manufacturer's home forum "should take precedence over a mere customer action in a jurisdiction in which the manufacturer could not be sued").

The rationale behind the customer suit exception is that the manufacturer is presumed to have a "greater interest in defending its actions against charges of patent infringement," and therefore "the manufacturer is the true defendant" in a patent case. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed.Cir.1989) (citation omitted). The exception only applies, however, when the second-filed action would dispose of all claims in the first action. See Kahn v. General Motors Corp., 889 F.2d 1078, 1081-82 (Fed.Cir.1989).

The Defendants assert that the rationale underlying the customer suit exception supports their motion to stay this action against the Customer Defendants. The Defendants claim that Marimba is the "true defendant" in this case, the resolution of Beck's claims against Marimba will resolve all claims against the Customer Defendants, and Beck can obtain full relief from Marimba in the event that Beck prevails on its patent claims. Moreover, the Defendants argue, unlike in the customer suit context, Beck will not be deprived of litigating this case in its chosen forum. The Defendants also claim that judicial economy warrants the separation and stay because the inclusion of the Customer Defendants in the case results in unnecessarily duplicative discovery requests; the case is likely to settle; and the validity of Beck's patents are in question.

The rationale behind the customer suit exception, however, does not assist the Defendants here. The exception applies in patent cases where the movant has *first* shown that failing to separate would be inconvenient or prejudicial, i.e., the manufacturer defendants are faced with defending two lawsuits simultaneously in two different jurisdictions, or the manufacturers cannot join the customer litigation. See, e.g., Whelen, 741 F.Supp. at 715; Tri-Tronics Co., Inc. v. MacGregor & Co., Inc., No. 90 C 0630, 1990 WL 114738, at *3-4 (N.D.Ill. July 25, 1990). When all parties are joined in one simultaneous action, the same problems are not presented, and the rationale underlying the customer suit exception does not apply. See Naxon Telesign Corp. v. GTE Info. Sys., Inc., 89 F.R.D. 333, 338-39 (N.D.Ill.1980).

*3 Even if the Court agrees that the Customers

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
2001 WL 1502338 (N.D.Ill.)

**(Cite as: 2001 WL 1502338 (N.D.Ill.))**

Defendants are not necessary to resolve the litigation, and that Beck can get full relief from Marimba alone, that is not enough to grant to motion. See *Tri-Tronics,* 1990 WL 114738, at *3-4. The issue is not whether the Customer Defendants *can* be separated; the issue is whether, "in furtherance of convenience or to avoid prejudice," those defendants *should* be separated. This case does not involve particularly complex issues or a multitude of defendants. *See, e.g ., Real,* 195 F.R.D. at 622; *Refac Int'l, Ltd. v. IBM,* 790 F.2d 79, 80 (Fed.Cir.1986). Moreover, given that the same attorneys represent all four defendants, and that the customers will be subject to third-party discovery requests even if separated, it is difficult for the Court to conclude that a separate trial will promote judicial economy and convenience. Finally, the Defendants' claims that the case is likely to settle or that the Defendants will prevail are not relevant, since neither outcome is certain.

Because the Defendants have failed to meet their burden of proving that separating the case against the Customer Defendants would prevent prejudice or promote judicial economy, it is unnecessary to discuss the other two factors described in *Houseman,* whether Beck would be unfairly prejudiced by a separation or whether a separation would violate the Seventh Amendment.

CONCLUSION

The Defendants' Motion Pursuant to F.R.C.P. 42(b) to Separate and Stay Action Against Defendants the Bear Sterns Companies, Inc., Bear, Stearns & Co., Inc., and Verizon Communications, Inc. is denied.

2001 WL 1502338 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

• 2002 WL 32675779 (Trial Motion, Memorandum and Affidavit) Beck Systems' Reply to Verizon Data Services' Answer to Second Amended Complaint and Counterclaims (May. 13, 2002)

• 2002 WL 32675780 (Trial Motion, Memorandum and Affidavit) Beck Systems' Reply to Bear Stearns' Answer to Second Amended Complaint and Counterclaims (May. 13, 2002)

• 2002 WL 32675781 (Trial Motion, Memorandum and Affidavit) Beck Systems' Reply to Marimba, Inc.'s Answer to Second Amended Complaint and Counterclaims (May. 13, 2002)

• 2002 WL 32675776 (Trial Pleading) Marimba Inc.'s Answer to Second Amended Complaint and Counterclaims (Apr. 23, 2002)

• 2002 WL 32675777 (Trial Pleading) Verizon Data Services, Inc.'s Answer to Second Amended Complaint and Counterclaims (Apr. 23, 2002)

• 2002 WL 32675775 (Trial Pleading) Second Amended Complaint (Apr. 02, 2002)

• 2002 WL 32675774 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Beck's Motion to Compel Discovery (Mar. 06, 2002)

• 2001 WL 34665268 (Trial Pleading) Marimba Inc.'s Answer to Amended Complaint and Counterclaims (Nov. 05, 2001)

• 2001 WL 34665270 (Trial Pleading) Bear Stearns' Answer to Amended Complaint and Counterclaims (Nov. 05, 2001)

• 2001 WL 34665266 (Trial Pleading) Verizon Data Services, Inc.'s Answer to Amended Complaint and Counterclaims (Oct. 31, 2001)

• 2001 WL 34665264 (Trial Pleading) Amended Complaint (Oct. 24, 2001)

• 2001 WL 34665261 (Trial Motion, Memorandum and Affidavit) Beck Systems' Reply to Bear Stearns' First Amended Answer to Complaint and Counterlclaims (Sep. 13, 2001)

• 2001 WL 34665262 (Trial Motion, Memorandum and Affidavit) Beck Systems' Reply to Marimba, Inc.'s First Amended Answer to Complaint and Counterlclaims (Sep. 13, 2001)

• 2001 WL 34665256 (Trial Pleading) Marimba

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 4
2001 WL 1502338 (N.D.Ill.)

**(Cite as: 2001 WL 1502338 (N.D.Ill.))**

Inc.'s Answer to Complaint and Counterclaims (Aug. 29, 2001)

• 2001 WL 34665258 (Trial Pleading) Bear Stearns' Answer to Complaint and Counterclaims (Aug. 29, 2001)

• 2001 WL 34665255 (Trial Pleading) Complaint (Jul. 06, 2001)

• 1:01CV05207 (Docket)                (Jul. 06, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.