Not Reported in F.Supp.2d  Page 1
2002 WL 356686 (D.Del.)

**(Cite as: 2002 WL 356686 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
ELLENBY TECHNOLOGIES, INC., and
WILSON SAFE COMPANY Plaintiffs,
v.
AT SYSTEMS INC. and AT SYSTEMS
ATLANTIC, INC., Defendants.
**No. CIV.A. 01-416.**

Feb. 8, 2002.

MEMORANDUM ORDER

ROBINSON, District J.

I. INTRODUCTION

*1 On June 19, 2001, Plaintiffs Ellenby Technologies, Inc. ("Ellenby") and Wilson Safe Company ("Wilson") filed this declaratory judgment action against defendants AT Systems, Inc. ("ATS") and AT Systems Atlantic, Inc. ("ATS Atlantic") seeking a declaration that the patent in suit, U.S. Patent No. 6,067,530 ("the '530 patent"), [FN1] is unenforceable and that Ellenby has not infringed the patent. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

> FN1. The '530 patent is entitled "Cash Management System." This system tracks bills received by business establishments by cashier, amount and time. It also secures those bills immediately within a drop safe upon receipt from the customer in preparation for pick-up by a courier service. (D.I.17, Ex. A)

II. BACKGROUND

Prior to the filing of the Delaware declaratory action ("the Delaware action"), ATS [FN2] and ATS Atlantic sued Ellenby and Wilson for patent infringement of the '530 patent in the Central District of California ("the California action"). At the time the complaint was filed, ATS was not the owner of the '530 patent. The '530 patent was originally issued in the name of Brooks Armored Car Services, which changed its name to ATS Atlantic in February 2000. ATS Atlantic is a subsidiary corporation that is entirely owned and controlled by ATS. The '530 patent was ultimately assigned by ATS Atlantic to ATS on July 9, 2001. On August 9, 2001, ATS filed its first amended complaint wherein ATS Atlantic was named a plaintiff. In July 2001, Ellenby and Wilson moved to dismiss the California action and on July 16, 2001, ATS moved to dismiss the Delaware action.

FN2. ATS filed suit on April 20, 2001.

On August 17, 2001, the California court issued an order denying Wilson's motion to dismiss for lack of personal jurisdiction, improper venue and forum non conveniens. *AT Systems, Inc. v. Ellenby Technologies, Inc. & Wilson Safe Co.,* Case No. 01-03653 (C.D. Cal.2001). The court did not grant Wilson's motion to dismiss for lack of jurisdiction, but afforded Wilson the opportunity to re-file its motion if it could demonstrate that it had not conducted any Internet transactions with California residents. The court granted Ellenby's motion and dismissed without prejudice Ellenby based on the finding that the court lacked personal jurisdiction.

On October 12, 2001, the court issued a second order [FN3] regarding Wilson's motion to dismiss for lack of personal jurisdiction and venue. *AT Systems, Inc. v. Wilson Safe Co.,* Case No. 01-03653 (C.D.Cal.2001). Essentially, the court found it could exercise specific personal jurisdiction over Wilson since Wilson purposefully availed itself of the protection of California's laws and that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d										Page 2

2002 WL 356686 (D.Del.)

**(Cite as: 2002 WL 356686 (D.Del.))**

ATS had standing to bring the first action. The court further held the customer suit exception [FN4] applied to the facts presented at the time. The court found that Ellenby manufactured the Cashtrak [FN5] product and that Wilson Safe was a mere customer of Ellenby. Given ATS's assurances that it could demonstrate a different relationship between Wilson Safe and Ellenby, the court granted a 45-day expedited discovery period on that narrow issue. If discovery revealed a different relationship than that characterized in the court's earlier decision, then the customer suit exception would not apply and this action would proceed in California first, given the first-filed rule.

> FN3. The court also addressed Wilson's two new grounds for dismissal: lack of standing and defective service. The court found any problems with service were subsequently cured and any initial defects with standing were remedied through the filing of the Amended Complaint by ATS.

> FN4. The customer suit exception is a limited exception to the first-filed rule, whereby a second filed declaratory relief action filed by a manufacturer takes precedence over a first filed action brought by a patent owner against a mere customer.

> FN5. Ellenby is the manufacturer of Cashtrak which is alleged to infringe on the '530 patent.

III. DISCUSSION

*2 Currently before the court is ATS and ATS Atlantic's motion to dismiss. [FN6] (D.I.7) They contend that this declaratory judgment action was initiated to circumvent its choice of forum for the California action. (D.I.8) Moreover, under the first-filed rule, *Equal Employment Opportunity Commission v. University of Pennsylvania,* 850 F.2d 969, 971 (3d Cir.1988), where two federal courts have concurrent jurisdiction over sufficiently similar issues and parties, the action that was filed first normally proceeds and the court in which the second action resides either dismisses or stays that action.

> FN6. Alternatively, ATS and ATS Atlantic seek a stay of this action pending resolution of outstanding issues in the California action. (D.I.20) Although in its opposition to dismiss (D.I.10), Ellenby and Wilson request a stay of this action, their position has changed as they now request assignment and mediation with the magistrate judge, a request no longer possible to grant. (D.I.19)

In response, Ellenby and Wilson contend the first-filed rule does not apply when the court presiding over the first-filed action lacks personal jurisdiction. (D.I.10) They also assert Delaware is a more convenient venue for witnesses, parties and third party witnesses.

Although the court might disagree with the legal conclusions reached by its sister court in the Central District of California, *see, e.g., PE Corp. and Competitive Technologies v. Affymetrix, Inc.,* C.A. No. 00-629 (D.Del.2001), this court is not inclined to disturb the California district court's factual findings, particularly those relating to the parties' intentions. *AT Systems, Inc. v. Wilson Safe Company,* slip op. at 9-11. Accordingly, the first-filed rule applies and the instant litigation shall be dismissed.

IV. CONCLUSION

For the reasons stated, at Wilmington this 8th day of February, 2002;

IT IS ORDERED that defendants' motion to dismiss is granted. (D.I.7)

2002 WL 356686 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

- 1:01CV00416 (Docket)
(Jun. 19, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.