IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES
INC.,

        Plaintiffs,

    v.

AUDIOVOX COMMUNICATIONS CORP.,
AUDIOVOX ELECTRONICS CORPORATION,
NIKON CORPORATION, NIKON INC., NOKIA
CORPORATION, NOKIA INC., SANYO
ELECTRIC CO., LTD., and SANYO NORTH
AMERICA CORPORATION,

        Defendants.

C.A. No. 04-1337-KAJ

JURY TRIAL DEMANDED

**- CORRECTED -**
**DEFENDANTS NOKIA CORPORATION AND NOKIA INC.'S**
**BRIEF IN SUPPORT OF THEIR MOTION TO STAY**

**FISH & RICHARDSON P.C.**
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Lauren A. Degnan
Andrew R. Kopsidas
1425 K Street, N.W.
Washington, D.C.  20005
Tel:  202-626-6392
Fax:  202-783-2331

Attorneys for Defendants,
NOKIA CORPORATION and NOKIA INC.

DATED:  April 20, 2005

# TABLE OF CONTENTS

Page

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS...................1

II.   SUMMARY OF THE ARGUMENT ........................................................................2

III   CONCISE STATEMENT OF FACTS  ........................................................................3

IV    STAYING NOKIA'S CASE WILL GREATLY SIMPLIFY THE ISSUES
      AND TRIAL OF THE CASE WITHOUT PREJUDICING HONEYWELL ....................5

          A.    A Stay Would Not Unduly Prejudice or Present a Clear Tactical
                Disadvantage to Honeywell ........................................................................6

          B.    A Stay Will Simplify the Issues and Trial of the Case ................................7

          C.    Discovery Has Not Begun and No Trial Date Has Been Set......................9

V.    CONCLUSION...................................................................................................9

VI    RULE 7.1 CERTIFICATION  ............................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page**

Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.
544 F.2d 1207 (3d Cir. 1976)...................................................................................5

Commissariat A L'Energie Atomique v. Dell Computer Corp.
C.A. No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) ................................1, 5, 6, 7, 8

Cheyney State Coll. Faculty v. Hufstedler
703 F.2d 732 (3d Cir. 1983) ...................................................................................5

Honeywell Int'l Inc., et al. v. Apple Computer, Inc., et al.
C.A. No. 04-1338-KAJ ...........................................................................................1

Kahn v. General Motors Corp.
889 F.2d 1078 (Fed. Cir. 1989)...............................................................................8

Katz v. Lear Siegler, Inc.
909 F.2d 1459 (Fed. Cir. 1990)...............................................................................8

Ricoh Co. v. Aeroflex Inc.
279 F. Supp. 2d 554 (D. Del. 2003).........................................................................8

United Sweetener USA, Inc. v. Nutrasweet Co.
766 F. Supp. 212 (D. Del. 1991)..............................................................................6

William Gluckin & Co. v. Int'l Playtex Corp.
407 F.2d 177 (2d Cir. 1969)....................................................................................8

**Statutes**

Fed. R. Civ. P. 42(a) ..........................................................................................5-6

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, Defendants Nokia Corporation and Nokia Inc. (collectively, "Nokia") respectfully request that the Court stay the present litigation with respect to Nokia to allow Plaintiffs Honeywell International Inc.'s and Honeywell Intellectual Properties Inc.'s (collectively, "Honeywell") claims to be adjudicated with respect to the parties that manufacture the accused products for Nokia first.

Certain defendants in the co-pending and related case, <u>Honeywell International Inc., et al.</u> <u>v. Apple Computer, Inc., et al.</u>, C.A. No. 04-1338-KAJ (hereinafter, "the 1338 case") recently filed their Customer Defendants' Joint Motion To Stay Cases (Defendants Nikon Corporation, Nikon Inc., Kyocera Wireless Corp., Pentax Corporation, and Pentax U.S.A. Inc.). 1337 D.I. 60; 1338 D.I. 158. Essentially, the Customer Defendants argue that, under the reasoning of <u>Commissariat A L'Energie Atomique v. Dell Computer Corp.</u>, C.A. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004), infringement claims against pure customers of liquid crystal display ("LCD") manufacturers should be stayed pending resolution of claims between Honeywell and various LCD manufacturers. Nokia concurs with the reasoning and arguments set forth in the Customer Defendants' motion and hereby notifies the Court that Nokia too qualifies as a pure "customer defendant." Accordingly, for the same reasons presented in the Customer Defendants' motion to stay, this Court should stay the present litigation with respect to Nokia as well.

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

The Customer Defendants' joint motion and accompanying brief adequately summarizes the nature and stage of the proceedings and Nokia incorporates its statement of the nature and stage of the proceedings herein. Each of the original parties to this case have responded to Honeywell's complaint (as amended). Several motions are pending, including Nokia's motion to

file a third party complaint that names two of its LCD manufacturers as defendants, and a motion by Seiko Epson Corporation to intervene in both the present litigation ("the 1337 case") and the co-pending 1338 case. In addition, this Court will hold a Rule 16 conference for both cases on May 16, 2005, and the parties have scheduled a Rule 26(f) conference for April 27, 2005. Discovery has not yet begun and no procedural schedule is in place.

## II.    SUMMARY OF THE ARGUMENT

1.    This Court should stay the present case with respect to Nokia while Honeywell and Nokia's LCD manufacturers adjudicate their claims because a stay will not prejudice Honeywell or subject it to a clear tactical disadvantage. In the unlikely event that Honeywell proves that any of Nokia's manufacturers' LCDs infringe a valid and enforceable claim of the patent-in-suit, Honeywell will be able to proceed against Nokia with respect to any unresolved issues.

2.    A stay will simplify the issues and trial of not only Nokia's case, but also the manufacturers' cases. By allowing Honeywell and Nokia's manufacturers to litigate the issues of whether the LCDs supplied by the manufacturers infringe any valid and enforceable claim of the patent-in-suit first, this Court may avoid a trial with respect to Nokia altogether. Even if a trial involving Nokia is necessary to resolve certain issues, this later trial will be more focused and involve fewer issues. The manufacturers' cases will likewise be simpler and easier to manage without the presence of Nokia and other customer defendants.

3.    Finally, because discovery has not yet begun and no trial date has been set, a stay will not disrupt the pre-trial proceedings. To the contrary, a stay will facilitate discovery because Honeywell may seek discovery about the accused LCDs directly from Nokia's manufacturers.

2

### III.     CONCISE STATEMENT OF FACTS

Because the Customer Defendants' joint motion and accompanying brief adequately summarizes the facts and background of this case, Nokia adds only those facts that are specific to Nokia.

Nokia does not manufacture any LCDs.  Declaration of Rauni Jaskari (hereinafter, "Jaskari Decl.") ¶ 2, Ex. A.  Rather, Nokia purchases LCD modules from six different LCD manufacturers and incorporates these modules into certain products.  Id.  Nokia's LCDs manufacturers are:

- Koninklijke Philips Electronics N.V. ("Philips");
- Samsung SDI Co., Ltd. ("Samsung SDI");
- Seiko Epson Corporation ("Seiko Epson");
- Sharp Corporation ("Sharp");
- Sony Corporation ("Sony"); and
- Wintek Corporation ("Wintek")

(collectively, "LCD manufacturers").  Id. at ¶ 3.

Honeywell's complaint alleges that "[a]t least some of the LCD screen-containing products manufactured, imported, offered for sale, and/or sold by . . . Nokia . . . infringe the '371 patent," but fails to identify any specific Nokia product as an accused product.  Second Amended Complaint at ¶ 21, 1337 D.I. 39.  Therefore, Nokia asked Honeywell to identify specific models that it accuses of infringement.  Honeywell identified only eight models, but stated that this list was not "comprehensive."  Letter from Oberts to Kopsidas of 12/20/04, Ex. B.  Nokia acquires the LCDs in the identified accused products from only two of its manufacturers:  Sharp and Seiko Epson.

Nokia has been informed that Sharp Corporation settled with Honeywell and obtained a license to practice the claims of Honeywell's asserted patent.  Jaskari Decl. at ¶ 4.  Under the

terms of Sharp's license, all sales of Sharp's LCDs to its customers, including Nokia, are also licensed. Id.  Consequently, Honeywell cannot maintain any claims of infringement against Nokia stemming from Nokia's use of Sharp LCDs.

Seiko Epson, on the other hand, has filed motions to intervene in both this case and the 1338 case, attaching a proposed response to the complaint that includes counterclaims for a declaratory judgment that its LCDs (including those in Nokia's products) do not infringe the patent-in-suit and that the patent-in-suit is invalid and unenforceable.  1337 D.I. 50; 1338 D.I. 136.  As a result, if the Court grants Seiko Epson's motions, the real party in interest with respect to the Nokia accused products, Seiko Epson, will be defending its LCDs against Honeywell's allegations of infringement.

Even if Honeywell expands its list of accused Nokia products, the rest of Nokia's LCD manufacturers are either already in the Honeywell cases or in the process of becoming parties. Specifically, Sony is a named defendant in the 1338 case.  Sony answered the complaint on January 5, 2005.  1338 D.I. 90.  Wintek supplies Nokia with only two types of LCDs used in only two Nokia products that are sold in the United States.  Jaskari Decl. at ¶ 5.  Honeywell has not identified the Nokia products that incorporate Wintek LCDs as accused products. Nevertheless, Wintek has provided Nokia with written assurance that it will formally intervene in this case, at Nokia's request, should Honeywell specifically identify any Nokia product incorporating a Wintek LCD as an accused product.  Id.  Furthermore, Wintek's U.S. affiliate, Wintek Electro-Optics Corporation, is in the process of being impled into the 1338 case by defendant Kyocera Wireless Corporation.  1338 D.I. 114.

Lastly, Nokia has filed a motion for leave to implead its last two LCD manufacturers, Philips and Samsung SDI.  1337 D.I. 57.  If the Court grants Nokia's motion for leave, Philips

and Samsung will become parties to this litigation. Thus, the real parties in interest—Nokia's LCD manufacturers—are either already in the Honeywell cases, seeking to intervene, in the process of being impled, or licensed.

## IV.    STAYING NOKIA'S CASE WILL GREATLY SIMPLIFY THE ISSUES AND TRIAL OF THE CASE WITHOUT PREJUDICING HONEYWELL

The claims of the asserted patent, and thus Honeywell's infringement allegations, pertain to only LCDs, not the products into which LCDs may be incorporated. Nokia does not manufacture the accused LCDs, but rather purchases them from others. As a result, Nokia is a "customer defendant," and the authority and reasoning detailed in the Customer Defendants' Joint Motion To Stay Cases (Defendants Nikon Corporation, Nikon Inc., Kyocera Wireless Corp., Pentax Corporation, and Pentax U.S.A. Inc.) (1337 D.I. 61; 1338 D.I. 159), applies with equal force to Nokia's motion to stay.[1]

As this Court has previously explained, "[t]he power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Commissariat A L'Energie Atomique v. Dell Computer Corp., C.A. 03-484-KAJ, 2004 WL 1554382, at *1 (D. Del. May 13, 2004) (hereinafter, "CEA") (citing Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 738 (3d Cir. 1983)), Ex. C. The Court has broad discretion when deciding whether to stay proceedings. See Fed. R. Civ. P. 42(a); Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., 544 F.2d 1207, 1215 (3d Cir. 1976).

In deciding whether to issue a stay, the Court should consider: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a

---

[1] Specifically, Nokia incorporates herein by reference Sections I, II, and IV of the Opening Brief in Support of Customer Defendants' Joint Motion To Stay Cases (Defendants Nikon Corporation, Nikon Inc., Kyocera Wireless Corp., Pentax Corporation, and Pentax U.S.A. Inc.) (1337 D.I. 61; 1338 D.I. 159).

stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." CEA, 2004 WL 1554382 at *1 (citing United Sweetener USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 217 (D. Del. 1991)). Each of these factors weigh decidedly in favor of staying Honeywell's claims against Nokia.

### A.    A Stay Would Not Unduly Prejudice or Present a Clear Tactical Disadvantage to Honeywell

For the same reasons presented in the Customer Defendants' Joint Motion To Stay Cases, Honeywell will not be unduly prejudiced or placed at a tactical disadvantage by staying the claims against Nokia. Honeywell will still have a full opportunity to attempt to prove its allegations that the LCD manufacturers' products (and their use by Nokia) infringe. Indeed, staying Nokia's case while the LCD manufacturers proceed against Honeywell may benefit Honeywell by allowing it to proceed to trial faster as fewer parties will be involved in discovery and other pre-trial matters. In the unlikely event that any issues with respect to Nokia remain unresolved after litigation against the LCD manufacturers concludes, Honeywell will have a full opportunity to litigate those issues against Nokia.

Even if Honeywell were to articulate a plausible case of undue prejudice or tactical disadvantage, the judicial economies associated with proceeding against the real parties in interest first outweigh any possible prejudice to Honeywell. Discovery will be simpler because the parties who possess the relevant documents are the LCD manufacturers. Failing to grant a stay would impose upon Nokia the burden of establishing its defenses through third parties—namely the LCD manufacturers—who are most knowledgeable about their products. Failing to

grant a stay would also lead to an overly and needlessly complicated trial, in which each LCD

manufacturer presents testimony about the various accused LCDs.[2]

### B.    A Stay Will Simplify the Issues and Trial of the Case

Staying the proceedings against Nokia until the LCD manufacturers conclude their cases

will greatly simplify the issues presented in both Honeywell's case against Nokia and the cases

involving the LCD manufacturers.  The outcome of Honeywell's case against the LCD

manufacturers will likely dispose Honeywell's claims against Nokia.  Indeed, if Honeywell fails

to prove that the LCD manufacturers' products infringe one of the claims of the patent-in-suit,

then Honeywell necessarily cannot prevail against Nokia because its infringement allegations are

based solely on Nokia's incorporation of the allegedly infringing LCDs into Nokia products.

Similarly, if the LCD manufacturers establish that the asserted patent is invalid or unenforceable,

no trial against Nokia would be necessary.  See CEA, 2004 WL 1554382 at *3.

On the other hand, if this Court does not grant a stay, it will invite significant

inefficiencies into the case.  As a mere purchaser, Nokia is not involved in the design or

manufacture of the allegedly infringing LCDs, and thus, does not possess the most pertinent or

detailed documentation or knowledge.  The LCD manufacturers are in the best position to defend

their products against claims of infringement that will necessarily involve in-depth analysis of

the technical details of the accused LCDs.[3]  Proceeding against the LCD manufacturers first will

---

[2] This problem would be exacerbated if trial of Nokia's case proceeded with the Audivox, Nikon, and Sanyo defendants, who also obtain LCDs from various (and somewhat different) manufacturers.  See Customer Defendants' Joint Motion To Stay Cases (Defendants Nikon Corporation, Nikon Inc., Kyocera Wireless Corp., Pentax Corporation, and Pentax U.S.A. Inc.) at 4, 8-10 (1337 D.I. 61; 1338 D.I. 159); Audiovox Third Party Complaint (1337 D.I. 49).  Nokia reserves for another day the issue of whether its case should be severed for trial from the other defendants' cases.

[3] At least one of Nokia's LCD manufacturers has argued that "a manufacturer's interests may not be adequately represented by a customer defendant in a patent infringement action."  Seiko Epson Corporation's Brief in Support of Its Motion to Intervene at 18 (1337 D.I. 50).

enable Honeywell to go directly to the source for the most relevant discovery and the jury to hear the facts from those with the most intimate knowledge of them. Staying Nokia's and the other customer defendants' cases will also simplify the jury's task in the LCD manufacturer cases. The jury will be able to focus on the LCDs accused of infringement more easily without the presence of Nokia and the other customer defendants.

Numerous courts, including courts in this district, have recognized that litigation against the manufacturer of allegedly infringing goods should take precedence over identical claims against customers of the manufacturer. See, e.g., Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990); Kahn v. General Motors Corp., 889 F.2d 1078, 1081-82 (Fed. Cir. 1989) (citing William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969) (action against reseller stayed in favor of action on the identical issues brought by manufacturer)); Ricoh Co. v. Aeroflex Inc., 279 F. Supp. 2d 554, 558 (D. Del. 2003).

The Court's decision in CEA, 2004 WL 1554382, is compelling. Under nearly identical facts, the Court stayed litigation against purchasers of LCD panels in favor of proceeding first with the plaintiff's claims against the LCD manufacturers. CEA, 2004 WL 1554382 at *1-3. As the Court recognized:

> Because the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of CEA's asserted patents. Resolving these issues prior to proceeding against the [customers] would surely simplify this case.

CEA, 2004 WL 1554382 at *3.

Nokia is in the same situation here. Each of Nokia's LCD manufacturers are either already in the Honeywell cases, seeking to intervene, in the process of being impled, or licensed. Indeed, for the models that Honeywell has actually identified as containing allegedly infringing LCDs, Nokia's manufacturer—Seiko Epson—has moved to intervene and seeks to file

declaratory judgment counterclaims against Honeywell. Seiko Epson and Nokia's other LCD manufacturers are in the best position to contest the validity and infringement of Honeywell's asserted patent. Therefore, staying Nokia's case until Honeywell and the LCD manufacturers resolve these issues would greatly simplify Nokia's case.

### C.    Discovery Has Not Begun and No Trial Date Has Been Set

Discovery has not begun and no trial date has been set in this case or the 1338 case. Consequently, a stay will not disrupt the pre-trial proceedings. Indeed, as discussed above, a stay will facilitate discovery because Honeywell may seek discovery about the accused LCDs directly from Nokia's manufacturers. Therefore, these factors weigh in favor of a stay.

### V.    CONCLUSION

For the foregoing reasons, as well as those presented in the Customer Defendants' Joint Motion To Stay Cases (1337 D.I. 61; 1338 D.I. 159), Nokia respectfully requests that this Court stay the present litigation with respect to Nokia until Honeywell and Nokia's LCD manufacturers resolve all claims between them.

### VI.    RULE 7.1 CERTIFICATION

Counsel for Nokia hereby certifies that counsel for plaintiff and all co-defendants were notified of this motion in an effort to reach agreement on the matters set forth herein. No defendant has indicated an objection to the motion. Plaintiff, however, does object and intends to file a response.

Dated:  April 20, 2005

FISH & RICHARDSON P.C.

By: _____
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Lauren A. Degnan
Andrew R. Kopsidas
1425 K Street, N.W.
Washington, D.C.  20005
Tel:  202-626-6392
Fax:  202-783-2331

Attorneys for Defendants,
NOKIA CORPORATION and NOKIA INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2005, I electronically filed **CORRECTED - DEFENDANTS NOKIA CORPORATION AND NOKIA INC.'S BRIEF IN SUPPORT OF THEIR MOTION TO STAY** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following individuals.  I also certify that on this date the aforementioned document was served on the following individuals via hand delivery.

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O.  Box 1150<br>Wilmington, DE 19899 | Attorneys for Plaintiffs<br>Honeywell International Inc. and<br>Honeywell Intellectual Properties Inc. |
| Paul A. Bradley<br>Thomas D. Walsh<br>McCarter & English, LLP<br>919 N. Market Street<br>P.O. Box 111<br>Wilmington, DE 19899-0111 | Attorneys for Defendant<br>Audiovox Electronics Corporation |
| John Leonard Reed<br>Duane Morris LLP<br>1100 N. Market Street, Suite 1200<br>P.O. Box 195<br>Wilmington, DE 19899-0195 | Attorneys for Defendant<br>Audiovox Communications Corp. |
| Richard L. Horwitz<br>David Morse<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE  19899 | Attorneys for Defendants<br>Nikon Corporation, Nikon, Inc., Sanyo<br>Electric Co., Ltd, and Sanyo North<br>America |
| Donald W. Huntley<br>Huntley & Associates<br>1105 N. Market Street, Suite 800<br>P.O. Box 948<br>Wilmington, DE 19899-0948 | Attorneys for Seiko Epson Corporation |

Tara D. Elliott
elliott@fr.com



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES
INC.,

        Plaintiffs,

        v.

AUDIOVOX COMMUNICATIONS CORP.,
AUDIOVOX ELECTRONICS CORPORATION,
NIKON CORPORATION, NIKON INC., NOKIA
CORPORATION, NOKIA INC., SANYO
ELECTRIC CO., LTD., and SANYO NORTH
AMERICA CORPORATION,

        Defendants.

C.A. No. 04-1337-KAJ

JURY TRIAL DEMANDED

## DECLARATION OF RAUNI JASKARI

I, Rauni Jaskari, hereby declare as follows:

1.    I am a Senior Supply Line Manager of Displays for Nokia Corporation in Salo, Finland. My responsibilities include display supplier base management and sourcing of displays for cellular terminals for Nokia Corporation and Nokia Inc. (collectively, "Nokia"). I have personal knowledge of the facts recited below and, if called upon, I could and would testify competently thereto.

2.    Nokia does not manufacture any liquid crystal displays ("LCDs"). Rather, Nokia purchases LCD modules from six different LCD manufacturers and incorporates these modules into certain products.

3.    Nokia's current LCDs manufacturers are: Koninklijke Philips Electronics N.V. (Philips Mobile Display Systems), Samsung SDI Co., Ltd., Seiko Epson

Corporation (Sanyo Epson Imaging Devices), Sharp Corporation, Sony Corporation, and Wintek Corporation.

4.    I have been informed that Sharp Corporation obtained from Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") a license to practice the claims of U.S. Patent No. 5,280,371.  I further understand that, under the terms of Sharp Corporation's license, all sales of Sharp Corporation's LCDs to its customers, including Nokia, are also licensed.

5.    Wintek Corporation supplies Nokia with only two types of LCDs used in only two Nokia products that are sold in the United States.  While I understand that these Nokia products have not affirmatively been accused of infringement by Honeywell, Wintek has provided Nokia with written assurance that it will formally intervene into this case, at Nokia's request, should Honeywell specifically identify any Nokia product incorporating a Wintek LCD as an accused product.


I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of April, 2005, at Salo, Finland.


_Rauni Jaskari_
Rauni Jaskari

2

# B

# ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

December 20, 2004

**_VIA FACSIMILE AND U.S. MAIL_**

Mr. Andrew R. Kopsidas
*Fish & Richardson P.C.*
1425 K Street, N.W.
11th Floor
Washington, DC 20005

     Re:   *Honeywell Inc. v. Audiovox Corp.*
           Civil Action No. 04-1338
           Our File No.: 019896-0229

Dear Mr. Kopsidas:

     I write in response to your letter of December 16 to Martin R. Lueck regarding the above referenced action.

     Pursuant to your request, Honeywell has confirmed that the following products that are manufactured and sold by Nokia Corporation and Nokia Inc. (collectively "Nokia") infringe the '371 patent:

          3650
          3600
          3620
          3660
          NGage QD
          6600
          6620
          NGAGE

20117941.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Andrew R. Kopsidas
December 20, 2004
Page 2

     This list is by no means a comprehensive list of Nokia's infringing products. Honeywell's infringement assertion against Nokia relates to all products manufactured and sold by Nokia which contain LCD modules which practice the claimed invention. Information regarding additional Nokia products that infringe the '371 patent will be identified during the discovery phase of this litigation.

           Very truly yours,

           ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

           Stacie E. Oberts

SEO:jw

cc: Matthew L. Woods

20117941.1



Westlaw.

Not Reported in F.Supp.2d                                           *Page 1*
2004 WL 1554382 (D.Del.)
**(Cite as: 2004 WL 1554382 (D.Del.))**


**H**


**<u>Motions, Pleadings and Filings</u>**

Only the Westlaw citation is currently available.


United States District Court,
D. Delaware.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
DELL COMPUTER CORPORATION, et al., Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
TOTTORI SANYO ELECTRONIC CO., LTD., Defendant.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
BEST BUY CO. OF MINNESOTA, INC., et al., Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
FUJITSU LIMITED, et al., Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE, Plaintiff,
v.
TATUNG COMPANY, et al., Defendants.
**No. Civ.A. 03-484-KAJ, Civ.A. 03-857-KAJ, Civ.A. 03-931-KAJ, Civ.A. 03-1036-
KAJ, Civ.A. 04-99-KAJ.**

May 13, 2004.
<u>Richard D. Kirk</u>, Morris, James, Hitchens & Williams, Wilmington, DE, for
Plaintiffs and Counter-Defendant.

<u>Richard L. Horwitz</u>, Potter Anderson & Corroon, LLP, Wilmington, DE, for Defendants
and Counter-Claimant.

<u>William J. Marsden, Jr.</u>, Fish & Richardson, P.C., <u>Robert H. Richards, III</u>, <u>William
J. Wade</u>, Richards, Layton & Finger, <u>M. Duncan Grant</u>, Pepper Hamilton LLP, <u>Josy W.
Ingersoll</u>, Young, Conaway, Stargatt & Taylor, <u>Jeffrey S. Goddess</u>, Rosenthal,
Monhait, Gross & Goddess, Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*

<u>JORDAN</u>, J.

I. INTRODUCTION

**\*1** Presently before me are several Motions to Consolidate filed by plaintiff,
Commissariat à l'Énergie Atomique ("CEA"), in the following patent infringement
cases currently pending in this court: *CEA v. Dell Computer Corp., et al.*, Civ. No.
03-484-KAJ (D.Del. May 19, 2003) (Docket Item ["D.I."] 89, D.I. 142); *CEA v.
Tottori Sanyo Electronic Co., Ltd.*, Civ. No. 03-857-KAJ (D.Del. Sept. 4, 2003)
(D.I.10, D.I.27); *CEA v. Best Buy Co., et al.*, Civ. No. 03-931-KAJ (D.Del. Oct. 6,
2003) (D.I.48, D.I.81); and *CEA v. Fujitsu Ltd.*, Civ. No. 03-1036-KAJ (D.Del. Nov.

©  2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2
2004 WL 1554382 (D.Del.)
(Cite as: 2004 WL 1554382 (D.Del.))

13, 2003) (D.I.14). Also before me are Motions to Stay the Case filed by the
defendants in Civ. No. 03-484-KAJ (D.I.93); Civ. No. 03-931-KAJ (D.I.47); and *CEA
v. Tatung Co., et al.*, Civ. No. 04-099-KAJ (D.Del. Feb. 13, 2004) (D.I.16). For the
reasons that follow, CEA's Motions to Consolidate will be granted in part and
denied in part and the defendants' Motions to Stay the Case will be granted.

II. BACKGROUND

  CEA alleges, in all of the cases listed above, that the defendants are infringing
its U.S. Patent No. 4,701,028 ("the '028 patent") and U.S. Patent No. 4,839,412
("the '412 patent"), which claim certain liquid crystal display ("LCD") technology.
(D.I. 90 at 3.)  [FN1] CEA categorizes the defendants by entity, as follows: module
manufacturers, original equipment manufacturers/distributors ("OEM/distributors"),
and retailers. (D.I. 186 at 11:18-12:17.) In all, CEA has sued over 60 defendants
on the same patents. (*Id.* at 15:6-11.) CEA would like the cases against all these
defendants consolidated for discovery, pretrial, and trial purposes. (*Id.* at 17:18-
18:2.)

        FN1. For ease of reference, and because plaintiffs and defendants essentially
        make the same arguments in all of their motions, I will cite the docket items
        associated with *CEA v. Dell Computer Corp., et al.*, Civ. No. 03-484-KAJ, and
        the transcript from the hearing on the parties' motions (D.I.186), unless
        otherwise noted. CEA did not file Motions to Consolidate in *CEA v. Tatung
        Co., et al.* and *CEA v. Sharp Corp., et al.*, Civ. No. 04-231-KAJ (D.Del. Apr.
        13, 2004), which also allege infringement of the '028 and '412 patents. CEA
        also has a patent infringement case against Chi Mei Optoelectronics
        Corporation pending in the Northern District of California. (D.I. 186 at
        9:20-23.)

  At the hearing on the parties' motions, the defendants in all of the cases
advanced a unified position in response to CEA's Motions to Consolidate.  [FN2]
(*Id.* at 20:3-12.) The defendants would like the case to go forward against the LCD
module manufacturers only, those parties being Samsung Electronics, Fujitsu Display
Technologies Corporation, and Tottori Sanyo, and for the case to be stayed against
all remaining defendants. (*Id.* at 20:15- 21:1;  43:12-18.)

        FN2. From this point forward, any reference herein to "the defendants" means
        those defendants who were represented at the April 20, 2004 hearing. This
        does not include the defendants in *CEA v. Tatung Co., et al.* or the
        defendants in *CEA v. Sharp Corp., et al.* (*See* D.I. 186 at 21:9- 19.)

III. STANDARD OF REVIEW

  In general, a district court has broad discretion when deciding whether to
consolidate or stay proceedings. *See* Fed.R.Civ.P. 42(a); *Bechtel Corp. v. Laborers'
International Union*, 544 F.2d 1207, 1215 (3d Cir.1976). Federal Rule of Civil
Procedure 42 provides that, "[w]hen actions involving a common question of law or
fact are pending before the court, it may order a joint hearing or trial of any or
all the matters in issue in the actions; it may order all the actions consolidated;
and it may make such orders concerning proceedings therein as may tend to avoid
unnecessary costs or delay." Fed.R.Civ.P. 42(a) (2004).

  The power to stay proceedings "is incidental to the power inherent in every court
to control the disposition of the cases on its docket with economy of time and
effort for itself, for counsel, and for litigants." *Cheyney State College Faculty
v. Hufstedler*, 703 F.2d 732, 738 (quotation omitted). When considering a motion to

Not Reported in F.Supp.2d
2004 WL 1554382 (D.Del.)
(Cite as: 2004 WL 1554382 (D.Del.))

stay, the court considers the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212, 217 (D.Del.1991).

IV. DISCUSSION

A. CEA's Motion to Consolidate

**\*2** CEA argues that, because the pending actions involve the same patent, they necessarily have common questions of law and fact, and that this court "routinely grants motions to consolidate when two actions are pending that involve the same or similar patents." (D.I. 90 at 4-5.) CEA also argues that consolidation is appropriate when a single plaintiff has filed multiple actions in the same court (*id.*), particularly where, as here, the cases involve the same patents, the same infringing products, and the same distribution chain (*id.* at 6.)

At the April 20, 2004 hearing, the defendants proposed that the case go forward against the LCD module manufacturers, specifically, Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo. (D.I. 186 at 20:15-21:1.) CEA argued that the retailer action, *CEA v. Best Buy Co., et al.*, Civ. No. 03-931-KAJ, should be consolidated with the manufacturer actions, the main reason being that haling the retailers into this court will force the manufacturers to consent to jurisdiction in order to defend their products. (*Id.* at 49:25-50:19.)

Because the defendants did not object to consolidating the cases against Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo at the hearing (*see id.* at 22:2-6), and because the cases involve common questions of law and fact pertaining to infringement of the '028 and '412 patents, those cases will be consolidated for all pretrial and trial purposes, without prejudice to any of the manufacturers filing a motion to sever from the others at trial, once the pretrial matters are concluded. However, I will not consolidate the retailer action with the manufacturer cases. CEA has not come forward with any compelling reason why the case against the retailers should proceed in lockstep with the cases against the manufacturers. Therefore, CEA's Motions to Consolidate will be granted in part and denied in part; they are granted to the extent that they seek to consolidate the Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo module manufacturers, and denied to the extent that they seek to consolidate the remaining defendants.

B. Defendants' Motions to Stay the Case

Defendants argue that CEA's case against the OEM/distributors and retailers should be stayed pending resolution of the case against the manufacturers. (D.I. 94 at 5; D.I. 186 at 41:23-42:11.) CEA responds that it would be unduly prejudiced and placed at a tactical disadvantage if a stay were granted, and that granting a stay as to the retailers would not simplify the issues in this case. (D.I. 106 at 4-6.) Applying the factors enumerated in *United Sweetener, supra*, I find that it is appropriate to stay the case against the OEM/distributors and the retailers pending the outcome of the case against the manufacturers.

First, CEA has not articulated, in its papers or at the hearing (*see* D.I. 186 at 25:24-29:4) any real prejudice or tactical disadvantage that it would suffer if the proceedings against the OEM/distributors and retailers are stayed. *See United Sweetner*, 766 F.Supp. at 217. CEA asserts that a stay would "substantially delay"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                          Page 4
2004 WL 1554382 (D.Del.)
(Cite as: 2004 WL 1554382 (D.Del.))

its right to adjudicate its claims against the remaining defendants and that it would be most efficient for the court and the parties "to take discovery and present arguments in this case only one time and not through delayed piecemeal litigation." (D.I. 106 at 5.) Should CEA prevail in this case, it will be compensated for any delay it experiences in recovering damages against the remaining defendants by interest on the award. CEA also argues that, should a preliminary injunction be entered against the manufacturers, [FN3] the injunction would not be broad enough to encompass the retailers if the case against them is stayed. (D.I. 186 at 35:7-36:4.) Such a speculative argument, on its own, does not demonstrate enough prejudice to outweigh the remaining factors in favor of granting a stay. Furthermore, and as explained more fully below, staying the case against the remaining defendants may streamline the case and avoid piecemeal litigation altogether.

  FN3. CEA has filed Motions for a Preliminary Injunction in *CEA v. Dell* (D.I.58) and *CEA v. Tottori Sanyo* (D.I.18).

**\*3** Although CEA argues that granting a stay would not simplify the issues pending against the retailers, "[i]t is common practice to stay all pending [patent] litigation except the first suit between the patent owner and a manufacturer or a higher level supplier." David F. Herr, *Annotated Manual for Complex Litigation*, § 33.63 (3d ed.2003); *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed.Cir.1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"). Because the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of CEA's asserted patents. Resolving these issues prior to proceeding against the OEM/distributors and retailers would surely simplify this case. If, for example, CEA's patents were found invalid or the manufacturers would found to be not infringing, then there would be no need to proceed against the OEM/distributors or retailers, thus conserving judicial resources and expense to the parties. [FN4]

  FN4. As to the final two *United Sweetener* factors, discovery is not complete in any of the cases, and even though a trial date in October 2005 has been set in *CEA v. Dell*, Civ. No. 03-484-KAJ (*see* D.I. 106 at 3), neither of these factors weigh strongly against granting a stay under the circumstances presented by these cases.

## V. CONCLUSION

 For the foregoing reasons, it is hereby ORDERED that CEA's Motions to Consolidate in *CEA v. Dell Computer Corp., et al.*, Civ. No. 03-484-KAJ (D.I.89, D.I.142); *CEA v. Tottori Sanyo Electronic Co., Ltd.*, Civ. No. 03-857-KAJ (D.I.10, D.I.27); and *CEA v. Fujitsu Ltd.*, Civ. No. 03-1036-KAJ (D.I.14) are GRANTED IN PART AND DENIED IN PART. They are GRANTED to the extent that they seek to consolidate the cases against Samsung Electronics, Fujitsu Display Technologies Corporation and Tottori Sanyo for pretrial and trial purposes, without prejudice to defendants filing motions to sever once the pretrial matters are completed; and in all other respects, CEA's Motions to Consolidate are DENIED. Counsel should confer on an appropriate simplified case caption for the proceeding against the three named manufacturer defendants. It is further ORDERED that CEA's Motions to Consolidate in *CEA v. Best Buy Co., et al.*, Civ. No. 03-931-KAJ (D.I.48, D.I.81) are DENIED. It is further ORDERED that defendants' Motions to Stay the Case in Civ. No. 03-484-KAJ (D.I.93); Civ. No. 03-931-KAJ (D.I.47); and Civ. No. 04-099-KAJ (D.I.16) are GRANTED to the extent that they seek to stay the proceedings against the

©  2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                    Page 5
2004 WL 1554382 (D.Del.)
(Cite as: 2004 WL 1554382 (D.Del.))

OEM/distributors and retailers.

 2004 WL 1554382 (D.Del.)

                **Motions, Pleadings and Filings (Back to top)**

- 1:04CV00582  (Docket)
(Jun. 25, 2004)

- 1:04CV00099  (Docket)
(Feb. 13, 2004)

- 1:03CV01036  (Docket)
(Nov. 13, 2003)

- 1:03CV00857  (Docket)
(Sep. 04, 2003)

- 1:03CV00484  (Docket)
(May. 19, 2003)

END OF DOCUMENT

©  2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.