IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 04-1337-KAJ |
| v. ) | |
| ) | |
| AUDIOVOX COMMUNICATIONS CORP., et al., ) | |
| ) | |
| Defendants. ) | |

**HONEYWELL'S ANSWERING BRIEF OPPOSING IN PART
NOKIA CORPORATION AND NOKIA, INC.'S MOTION
<u>FOR LEAVE TO FILE THIRD-PARTY COMPLAINT</u>**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Honeywell International Inc. and
Honeywell Intellectual Properties Inc.*

*Of Counsel:*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
617-267-2300

Dated: April 22, 2005
156287.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................................... 2

ARGUMENT ....................................................................................................................................... 3

I.   Filing of Proposed Third-Party Complaints Presumes Priority of the Main Action ........... 3

II.  As the First-Filed Action, Honeywell's Main Infringement Action Should Have Priority ................................................................................................................................ 4

III. Incorporating Proposed Third-Party Claims With An Accompanying Post-Discovery Stay Represents the Most Fair and Most Efficient Way to Manage This Litigation .......... 5

CONCLUSION .................................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page**

## Cases

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs.,*
  133 F. Supp. 2d 354 (D. Del. 2001) ........................................................................... 4

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.,*
  734 F. Supp. 656 (D. Del. 1990) ............................................................................ 4, 6

*Fed. Deposit Ins. Corp. v. Bathgate*,
  27 F.2d. 850 (3d Cir. 1994) ..................................................................................... 2, 3

*Idozojtic v. Pennsylvania R.R. Co.,*
  F.2d 1228 (3rd Cir. 1972) ........................................................................................... 6

*Remington Arms Co. v. Liberty Mut. Ins.*,
  748 F. Supp. 1057 (D. Del. 1990) .................................................................. 2, 3, 4, 5

## Statutes

Fed. R. Civ. P. 42 ............................................................................................................ 2, 3

Fed. R. Civ. P. 14 ............................................................................................................ 2, 3

Fed. R. Civ. P. 14(a) .................................................................................................... 2, 4, 5

Fed. R. Civ. P. 42(b) ........................................................................................................... 6

## Other Authorities

C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure,
  Vol. 6, § 1446 (1990) ..................................................................................................... 4

## **NATURE AND STAGE OF THE PROCEEDINGS**

On October 6, 2004, Honeywell filed two related lawsuits for patent infringement against alleged infringers for the manufacture and/or sale of their products (C.A. No. 04-1337-KAJ, D.I. 1; C.A. No. 04-1338-KAJ, D.I. 1).[1] Honeywell alleged that each defendant infringes its '371 patent relating to a "Directional Diffuser For A Liquid Crystal Display" (an "LCD"), an invention particularly suited for applications where it is desirable to save power while concentrating more light into a particular viewing angle. (*See*, e.g., C.A. No. 04-1337, D.I. 1 at Ex. A., '371 patent, 1: 33-39). Such applications include the cell phones, laptops, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions and/or portable game systems manufactured and/or sold by the accused infringers.

Since Honeywell filed suit over six months ago, Optrex, a third-party who supplies LCD components to some of the defendants in the Honeywell Actions has engaged Honeywell in related litigation. (C.A. No. 04-1536-KAJ, D.I. 1). Seiko Epson, another third-party supplier, has sought to intervene in the original action. (D.I. 136). Three other third-party suppliers, Philips, Wintek and Curitel, have been implicated by defendants in the Honeywell Actions through third party actions. (D.I. 114; C.A. No. 04-1337, D.I. 49). Now Nokia Corporation and Nokia, Inc. (collectively "Nokia") have moved for leave to file a third-party complaint against its suppliers.

Honeywell has consistently taken the position that, where third-parties elect to participate in the litigation, and/or where the defendants feel that they have a right or need to implicate a third-party, there are efficiencies to be gained through a trial management strategy that

---

[1] As has been communicated to the Court in previous briefings, these related actions were filed by separate Delaware firms because of conflict issues with Delaware counsel. Collectively, C.A. Nos. 04-1337-KAJ and 04-1338-KAJ will be referred to as the "Honeywell Actions."

1

incorporates the third-parties for discovery and, at the Court's discretion, for other appropriate pre-trial purposes.[2] Honeywell has consistently opposed, as it does in response to the present motion, allowing third-party suppliers to interfere in this action by forcing Honeywell to try its infringement case against the third parties first. Such a result would disrupt Honeywell's legitimately filed patent infringement suit and would create piecemeal litigation.

## SUMMARY OF THE ARGUMENT

1. A district court has broad discretion to control the disposition of cases on its docket, including third-party practice. *See* Fed. R. Civ. P. 14, notes of advisory committee on 1963 amendments; Fed. R. Civ. P. 42; *Remington Arms Co. v. Liberty Mut. Ins.*, 748 F. Supp. 1057, 1068 (D. Del. 1990).

2. Third-party practice pursuant to Rule 14(a) is predicated on the fact that the proposed third-party's liability is in some way dependent upon the outcome of the main claim or when the third party is secondarily liable to the defendant. *Fed. Deposit Ins. Corp. v. Bathgate*, 27 F.2d. 850, 873 (3d Cir. 1994).[3] The participation of third-party suppliers in the present litigation, including those brought in pursuant to third-party practice, must take into consideration Honeywell's rights as a first-filing plaintiff. *Remington Arms Co. v. Liberty Mut. Ins.*, 748 F. Supp. 1057, 1068 (D. Del. 1990).

3. In light of the circumstances of the present litigation, allowing the participation of third-parties, such as those proposed by Nokia, for purposes of discovery best serves judicial

---

[2] Honeywell has been explicit regarding its belief that participation in discovery is appropriate and as a consequence has framed its request for relief, as in other briefs it has filed, in terms of a post-discovery stay.

[3] There are a range of other legal underpinnings supporting Honeywell's right to have the lawsuit it filed take priority over third party activity such as that proposed by Nokia. As has been explained in other briefs and as is touched on again in this brief, the Federal Circuit has recognized that, absent extraordinary circumstances, the first suit in complex litigation should have priority over later-filed litigation. In addition, Nokia and other similarly situated defendants are responsible for their infringement in their own right, and Honeywell has a special interest in proceeding against the specific accused infringers in the present litigation.

economy and efficiency without prejudicing the parties, particularly the Plaintiff, in the earlier-filed suit. Such participation should be conditioned, however, on a post-discovery stay of the third-party actions.

## ARGUMENT

The Court should condition Nokia's third-party suit upon a subsequent post-discovery stay of the third-party claims. This Court has broad discretion to control the disposition of the cases on its docket, including the management of third-party practice. *See* Fed. R. Civ. P. 14, notes of advisory committee on 1963 amendments; Fed. R. Civ. P. 42; *Remington Arms Co. v. Liberty Mut. Ins.*, 748 F. Supp. 1057, 1068 (D. Del. 1990). In exercising its discretion, this Court must weigh the competing interests of the parties and attempt to maintain an even balance. *Id.*

### I.  Filing of Proposed Third-Party Complaints Presumes Priority of the Main Action.

Nokia has moved, pursuant to Fed. R. Civ. P. 14(a), for leave to file a third-party complaint against three of its suppliers. Rule 14(a) allows a defendant to file a third-party complaint against a non-party to an action who is or may be liable to the third party for all or part of the allegations against the defendant. The very act of seeking leave to file a third-party complaint pursuant to Rule 14(a) presumes the dependency of the proposed third-party claims upon the main action. *Fed. Deposit Ins. Corp. v. Bathgate*, 27 F.2d. 850, 873 (3d Cir. 1994). Specifically, as the Third Circuit Court of Appeals stated in upholding a district court's denial of leave to amend:

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendants. If the claim is separate or independent from the main action, impleader will be denied.

3

*Id.* (*citing* C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1446, at 355-58 (1990); *see also Remington Arms Co.*, 748 F. Supp. at 1068 (stating that Rule 14(a) no longer permits impleader on the theory that the third-party defendants are liable to the original defendants). As a consequence, if Nokia is entitled to bring the proposed third-party complaints, it is necessarily bringing in actions which are dependent upon the Honeywell Actions, which should take priority.

**II.     As the First-Filed Action, Honeywell's
         Main Infringement Action Should Have Priority.**

While acknowledging the efficiencies that may be gained by allowing the third-party complaints to be filed in the main Honeywell Actions rather than as entirely separate complaints, subsequent trial management must take into consideration Honeywell's right to pursue its earlier-filed action without undue delay, interference or subordination to another action. As has been explained in other briefings to this Court, Honeywell has a well-established right to have its action disposed of in the most efficient and economical manner possible. The Federal Circuit has recognized that, as a principle of sound judicial administration, the first suit should have priority, absent special circumstances. *Air Prods. & Chems., Inc. v. MG Nitrogen Servs.,* 133 F. Supp. 2d 354, 35 (D. Del. 2001) (citing cases). Even where the earlier-filed case is filed against the customer of a party to later-filed litigation, absent limited circumstances, the disposition of the earlier case should not be delayed by later-filed litigation. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.,* 734 F. Supp. 656, 659 (D. Del. 1990).

Despite the protestations by Defendants in other briefings, the observations this Court made in *Denstply* provide sound guidance regarding the management of third-parties variously brought in to the Honeywell Actions. Under the guidance set forth in that case, Honeywell has a right of priority to its originally filed suit for two important reasons. First, accused infringer

4

Nokia and other similarly suited defendants in the Honeywell Actions are actual manufacturers and sellers of the products alleged to infringe in this case, not mere customers of the various third-parties that have been variously implicated in this litigation. *Id*. at 659. Second, Honeywell has a "special interest" in pursuing even an accused infringer that is found to be a "customer" where situations, including but not limited to prospects of recovery of damages, create a special interest in proceedings against the defendant or defendants in question. *Id.* at 659-60.[4]

### III.  Incorporating Proposed Third-Party Claims With An Accompanying Post-Discovery Stay Represents the Most Fair and Most Efficient Way to Manage This Litigation.

Although incorporation of the proposed third-parties into the Honeywell Actions may be appropriate, it should be limited to discovery and other pretrial matters deemed appropriate by the Court. As discussed *supra*, Rule 14(a) third-party actions cannot take priority over the main case on which they are dependant. In addition, the proposed Rule 14(a) third-party actions cannot proceed along with the Honeywell Actions if such third-party actions prejudice Honeywell. *Remington Arms Co.*, 748 F. Supp. at 1068-1069. The Honeywell Actions are focused against a group of end product manufacturers and distributors that manufacture the accused products so that they derive particular benefits from the infringement of the '371 patent. That reality could be lost in the confusion of including various third-party entities at trial. Allowing the case to proceed against the third-party entities first, as some of the defendants have suggested, would also derail Honeywell's ability to pursue its claims against those entities that

---

[4]  As has been addressed in other briefs, Honeywell has a "special interest" in proceeding against Nokia and the other end product manufacturers because the products they manufacture and sell take particular advantage of the improvements claimed in the '371 patent, specifically the improved LCD display that is particularly suited for applications where it is desirable to save power while concentrating more light into a particular viewing angle. Such applications link the invention to particular applications in which the LCD display may be used—in this case, the portable consumer electronic devices manufactured and sold by the accused infringers.

5

derive a particular benefit from the '371 invention.  Should Honeywell not be allowed priority to pursue its case against the defendants it has identified, it will be prejudiced in its ability to recover full value for its technology and to have its case tried in the most efficient manner possible.

Rule 42(b) permits separation of issues based on considerations of confusion, delay, prejudice or additional expense resulting from the grant or denial of the motion.  Fed. R. Civ. P. 42(b); *Dentsply,* 734 F. Supp. at 660; *Idozojtic v. Pennsylvania R.R. Co.,* F.2d 1228, 1230 (3rd Cir. 1972).  Allowing ad hoc and various participation of third-party suppliers like those proposed by Nokia will disrupt Honeywell's legitimately filed patent infringement suit and create piecemeal litigation.

## CONCLUSION

For all of the foregoing reasons, Honeywell requests that any claims against third-party defendants brought in by Nokia be tried after Honeywell's claims are tried against the original named defendants.

ASHBY & GEDDES

　　　/s/ *John G. Day*　　　
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

6

*Of Counsel:*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
617-267-2300

Dated: April 22, 2005
156287.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2005, the attached **HONEYWELL'S ANSWERING BRIEF OPPOSING IN PART NOKIA CORPORATION AND NOKIA, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Paul A. Bradley, Esquire<br>McCarter & English<br>919 North Market Street, Suite 1800<br>P.O. Box 111<br>Wilmington, DE 19899 | HAND DELIVERY |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP.<br>1313 North Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | HAND DELIVERY |
| Timothy J. Vezeau, Esquire<br>Katten Muchin Zavis Rosenman<br>525 West Monroe Street<br>Chicago, IL 60661 | VIA FEDERAL EXPRESS |
| Barry W. Graham, Esquire<br>Finnegan, Henderson, Farabow,<br>   Garrett & Dunner, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413 | VIA FEDERAL EXPRESS |
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 North Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114 | HAND DELIVERY |
| Andrew R. Kopsidas, Esquire<br>Fish & Richardson, P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC 20005 | VIA FEDERAL EXPRESS |

John L. Reed, Esquire                                           HAND DELIVERY
Duane Morris LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801

D. Joseph English, Esquire                                      VIA FEDERAL EXPRESS
Duane Morris LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006


                                                        */s/ John G. Day*
                                                        _____
                                                        John G. Day