IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORPORATION, NIKON CORPORATION, NIKON INC., NOKIA CORPORATION, NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA CORPORATION, <br><br> Defendants. | C.A. No. 04-1337-KAJ <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS NOKIA CORPORATION AND NOKIA INC.'S
REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
THIRD-PARTY COMPLAINT**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Lauren A. Degnan
Andrew R. Kopsidas
1425 K Street, N.W.
Washington, D.C. 20005
Tel: 202-626-6392
Fax: 202-783-2331

Attorneys for Defendants and Third-Party Plaintiffs,
NOKIA CORPORATION and NOKIA INC.

DATED: April 29, 2005

**TABLE OF CONTENTS**

**Page**

I.  HONEYWELL OFFERS NO BASIS TO DENY NOKIA'S REQUEST FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT ...................................................................................................1

II. HONEYWELL'S ARGUMENTS REGARDING CASE MANAGEMENT AND SCHEDULING ARE IRRELEVANT TO NOKIA'S MOTION FOR LEAVE ................................................................2

III. CONCLUSION ........................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

Commissariat a L'Energie Atomique v. Dell Computer Corp.,
C.A. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) .......... 2, 3

Federal Deposit Ins. Corp. v. Bathgate,
27 F.3d 850 (3d Cir. 1994) .......... 1, 2

Katz v. Lear Siegler, Inc.,
909 F.2d 1459 (Fed. Cir. 1990) .......... 2

Ricoh Co. v. Aeroflex Inc.,
79 F. Supp. 2d 554 (D. Del. 2003) .......... 2, 3

Rottlund Homes of N.J., Inc. v. Saul, Ewing, Remick & Saul, L.L.P.,
43 F. Supp. 2d 145 (D. Del. 2003) .......... 4

State Farm Fire & Cas. Co. v. Corry,
324 F. Supp. 2d 666 (E.D. Pa. 2004) .......... 4

## FEDERAL RULES

Fed. R. Civ. P. 14 .......... 2

Defendants Nokia Corporation and Nokia Inc. (collectively, "Nokia") respectfully submit the following reply in support of their motion for leave to file a third-party complaint, and in response to plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc.'s (collectively, "Honeywell") Answering Brief Opposing In Part Nokia Corporation and Nokia, Inc.'s Motion For Leave To File Third-Party Complaint (hereinafter, "Opposition") (D.I. 66).

I. **HONEYWELL OFFERS NO BASIS TO DENY NOKIA'S REQUEST FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

Perhaps recognizing that it should have included the actual manufacturers of the accused liquid crystal displays ("LCDs") in this case in the first place, Honeywell agrees that discovery in this case will be easier and more efficient if the Court grants Nokia's motion and the manufacturers join the case as parties. E.g., D.I. 66, pp. 1-2. Honeywell apparently does not oppose Nokia's motion for leave to file the third party complaint, but rather argues that, once the manufacturers join the case, Honeywell's claims against Nokia should have priority over Nokia's claims against both the proposed third parties, Koninklijke Philips Electronics N.V. and Samsung SDI Co., Ltd. (hereinafter, collectively "Third-Party Defendants"), and the Third-Party Defendants' claims against Honeywell. See id. at 4. All of Honeywell's objections thus pertain strictly to matters of scheduling once the proposed Third-Party Defendants have been impled, not whether the proposed Third-Party Defendants should be impled. See id. at 5-6. Consequently, Honeywell's Opposition provides no basis upon which to deny Nokia leave.

Federal Deposit Insurance Corp. v. Bathgate, 27 F.3d 850 (3d Cir. 1994), cited by Honeywell, D.I. 66, p. 3, does not require this Court to deny Nokia's motion. Bathgate, like Rule 14(a), simply requires the third-party claims to bear some relation to the

plaintiff's claims against the defendant. Bathgate, 27 F.2d at 873; see also Fed. R. Civ. P. 14(a) (providing that the third party claim must be asserted against party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff"). Unlike in Bathgate, neither the plaintiff nor the proposed Third-Party Defendants here have argued that Nokia's indemnification claims do not relate to Honeywell's claims against Nokia. Plainly, they do. The Third-Party Defendants are contractually obligated to indemnify Nokia against claims and liability arising from Nokia's incorporation of the Third-Party Defendants' LCD devices into Nokia's products.

## II. HONEYWELL'S ARGUMENTS REGARDING CASE MANAGEMENT AND SCHEDULING ARE IRRELEVANT TO NOKIA'S MOTION FOR LEAVE

Honeywell argues issues of scheduling and case management that should have no bearing on Nokia's request for leave. Nevertheless, Honeywell makes several assertions that warrant a response. Honeywell's assertion that "Rule 14(a) third-party actions cannot take priority over the main case," D.I. 66, p. 5, lacks support.

Honeywell does not have a "right" to have its claims against customer defendants such as Nokia decided ahead of claims involving the LCD manufacturers (such as the Third-Party Defendants). E.g., D.I. 66, p. 4. Numerous courts, including this one, have recognized that litigation against the manufacturer of allegedly infringing goods should take precedence over identical claims against customers of the manufacturer. See, e.g., Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990); Ricoh Co. v. Aeroflex Inc., 279 F. Supp. 2d 554, 558 (D. Del. 2003). In accordance with this precedent, this Court in Commissariat a L'Energie Atomique v. Dell Computer Corp., C.A. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) (hereinafter, "CEA"), stayed litigation against

2

purchasers of LCD panels in favor of proceeding first with the infringement claims against the LCD manufacturers. As Nokia has discussed in its pending Motion To Stay (D.I. 63, 65), judicial efficiency and the legitimate interests of all parties involved, not just Honeywell, weigh heavily in favor of adopting the CEA approach here.

Honeywell's assertion that Nokia and other pure customer defendants "are actual manufacturers and sellers of the products alleged to infringe in this case," D.I. 66, p. 5, ignores the fundamental fact that Honeywell's patent claims cover LCDs, not mobile phones or any other consumer product. Therefore, the LCD modules are the only products that would form the basis of any liability to Honeywell. Honeywell's claims of a "special interest," id., in pursuing customer defendants first are unsupportable. There is no "particular advantage" relating to Honeywell's patent, id. at n.4, that customer defendants such as Nokia derive from the LCDs they use.[1] Nokia simply uses the LCDs that it purchases in accordance with their ordinary use. See Ricoh, 279 F. Supp. 2d at 558 ("customer suit exception" applicable where plaintiff's claims against defendant "are fundamentally claims against the ordinary use" of the product at issue). Honeywell's argument is merely an attempt to avoid the customer suit exception to the first-filed rule and to find some basis upon which to convince the Court to proceed first against the customer defendants. For the reasons set forth in Nokia's Motion To Stay, this Court should stay Honeywell's case against Nokia until after Nokia's suppliers, including the Third-Party Defendants, and Honeywell resolve all claims between them.

---

[1] Indeed, Honeywell's assertion that the patent confers the special advantage of enabling customer defendants "to save power while concentrating more light into a particular viewing angle," D.I. 66, n.4, is contrary to the patent's specification. The patent describes an LCD for use in aircraft cockpits in which the viewing angle in the vertical direction is severely restricted. See, e.g., U.S. Pat. No. 5,280,371 at 1:11-45. The patent does not describe this feature as pertaining to power saving.

3

That dispute aside, Nokia agrees with Honeywell that it is appropriate to delay the trial of Nokia's indemnification claims against the proposed Third-Party Defendants until after the Third-Party Defendants and Honeywell have resolved the underlying issues of infringement and validity of Honeywell's patent. See Rottlund Homes of N.J., Inc. v. Saul, Ewing, Remick & Saul, L.L.P., 243 F. Supp. 2d 145, 158 (D. Del. 2003) (staying indemnification claims between third party plaintiff and third party defendant pending resolution of underlying liability claim); see also State Farm Fire & Cas. Co. v. Corry, 324 F. Supp. 2d 666, 673-74 (E.D. Pa. 2004) (same). Accordingly, there is no dispute that Nokia's indemnification claims against the Third-Party Defendants should be tried last.

### III. CONCLUSION

For the foregoing reasons, Nokia respectfully asks this Court to grant Nokia leave to file its Third-Party Complaint.

Dated: April 29, 2005

FISH & RICHARDSON P.C.

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Lauren A. Degnan
Andrew R. Kopsidas
1425 K Street, N.W.
Washington, D.C. 20005
Tel: 202-626-6392
Fax: 202-783-2331

Attorneys for Defendants and Third-Party Plaintiffs,
NOKIA CORPORATION and NOKIA INC.

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2005, I electronically filed **DEFENDANTS NOKIA CORPORATION AND NOKIA INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following individuals. I also certify that on this date the aforementioned document was served on the following individuals via hand delivery.

| | |
|---|---|
| Steven J. Balick<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Plaintiffs<br>Honeywell International Inc. and<br>Honeywell Intellectual Properties Inc. |
| Paul A. Bradley<br>Thomas D. Walsh<br>McCarter & English, LLP<br>919 N. Market Street<br>P.O. Box 111<br>Wilmington, DE 19899-0111 | Attorneys for Defendant<br>Audiovox Electronics Corporation |
| John Leonard Reed<br>Duane Morris LLP<br>1100 N. Market Street, Suite 1200<br>P.O. Box 195<br>Wilmington, DE 19899-0195 | Attorneys for Defendant<br>Audiovox Communications Corp. |
| Richard L. Horwitz<br>David Morse<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899 | Attorneys for Defendants<br>Nikon Corporation, Nikon, Inc., Sanyo Electric Co., Ltd, and Sanyo North America |
| Donald W. Huntley<br>Huntley & Associates<br>1105 N. Market Street, Suite 800<br>P.O. Box 948<br>Wilmington, DE 19899-0948 | Attorneys for Seiko Epson Corporation |

The document was also served via Federal Express on the following:

| | |
|---|---|
| Martin R. Lueck<br>Matthew L. Woods<br>Robins, Kaplan, Miller & Ciresi, L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402 | Attorneys for Plaintiffs<br>*Honeywell International, Inc. and*<br>*Honeywell Intellectual Properties, Inc.* |
| Anthony A. Froio<br>Marc N. Henschke<br>Robins, Kaplan, Miller & Ciresi, L.L.P.<br>800 Boylston Street, 25th Street<br>Boston, MA 02199-7610 | Attorneys for Plaintiffs<br>*Honeywell International, Inc. and*<br>*Honeywell Intellectual Properties, Inc.* |
| Barry W. Graham<br>Finnegan, Henderson, Farabow, Garrett<br>   & Dunner, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413 | Attorneys for Defendants<br>*Nikon Corporation and Nikon Inc.* |
| Darren M. Jiron<br>Finnegan, Henderson, Farabow, Garrett<br>   & Dunner, L.L.P.<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA 20190 | Attorneys for Defendants<br>*Nikon Corporation and Nikon Inc.* |
| Timothy J. Vezeau<br>Michael A. Dorfman<br>Katten Muchin Zavis Rosenman<br>525 West Monroe Street<br>Chicago, IL 60661 | Attorneys for Defendants<br>*Sanyo Electric Co., Ltd. and*<br>*Sanyo North America* |
| D. Joseph English<br>Duane Morris LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC 20006 | Attorneys for Defendant<br>*Audiovox Communications Corp.* |
| Stuart Lubitz<br>Robert J. Benson<br>Hogan & Hartson LLP<br>500 S. Grand Avenue, Suite 1900<br>Los Angeles, CA 90071 | Attorneys for Seiko Epson Corporation |

/Tara D. Elliott (#4483)
elliott@fr.com