IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORPORATION, NIKON CORPORATION, NIKON INC., NOKIA CORPORATION, NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA CORPORATION,<br><br>Defendants. | C.A. No. 04-1337-KAJ<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS NOKIA CORPORATION AND NOKIA INC.'S REPLY IN SUPPORT OF MOTION TO STAY

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Lauren A. Degnan
Andrew R. Kopsidas
1425 K Street, N.W.
Washington, D.C. 20005
Tel: 202-626-6392
Fax: 202-783-2331

Attorneys for Defendants and Third-Party Plaintiffs,
NOKIA CORPORATION and NOKIA INC.

DATED: May 2, 2005

**TABLE OF CONTENTS**

**Page**

I.   HONEYWELL HAS NO RIGHT TO ADDRESS ALLEGEDLY INFRINGING ACTIVITY IN "THE MANNER IT SEES FIT"..................................................................................................1

II.  ENTERING THE REQUESTED STAY WILL SIMPLIFY THE PROCEEDINGS .....................................................................................2

III. HONEYWELL HAS NO "SPECIAL INTEREST" THAT PREVENTS THIS COURT FROM ENTERING THE REQUESTED STAY ..........................................................................................3

IV.  HONEYWELL'S ATTEMPTS TO DISTINGUISH THE CEA CASE ARE UNAVAILING ...............................................................................6

V.   CONCLUSION.......................................................................................................7

# FEDERAL CASES

Cheyney State College Faculty v. Hufstedler,
    703 F.2d 732 (3d Cir. 1983) ...........................................................................1

Commissariat A L'Energie Atomique v. Dell Computer Corp.,
    C.A. 03-484-KAJ, 2004 WL 1554382, (D. Del. May 13, 2004) ...............2, 4, 7

Katz v. Lear Siegler, Inc.,
    909 F.2d 1459 (Fed. Cir. 1990)......................................................................1

Ricoh Co. v. Aeroflex Inc.,
    279 F. Supp. 2d 554 (D. Del. 2003)............................................................1, 4

Rite-Hite Corp. v. Kelley Co., Inc.,
    56 F.3d 1538, 1549 (Fed. Cir. 1995)..............................................................5

Defendants Nokia Corporation and Nokia Inc. (collectively, "Nokia") respectfully submit the following reply in support of their motion to stay (D.I. 63, 65), and in response to plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc.'s (collectively, "Honeywell") Consolidated Answering Brief (hereinafter, "Opposition") (D.I. 67). Nokia concurs with and incorporates herein the arguments presented in the Reply Memorandum of Law in Support of Customer Defendants' (Nikon, Pentax, and Kyocera) Joint Motion to Stay Cases Pending Resolution of LCD Module Manufacturers' Cases. Nokia presents the following reply to address issues particularly pertinent to Nokia's motion to stay.

## I.  HONEYWELL HAS NO RIGHT TO ADDRESS ALLEGEDLY INFRINGING ACTIVITY IN "THE MANNER IT SEES FIT"

Honeywell wants the best of all worlds: it wants the liquid crystal display ("LCD") manufacturers in the case to make its discovery easier, but wants to force the manufacturers to sit on the sidelines at trial as their customers defend the manufacturers' LCDs. Honeywell offers no justification for this approach other than it chose to file this suit against certain customers instead of the real parties-in-interest. Honeywell's choice is not paramount, however. Indeed, the customer suit exception to the first-to-file rule belies Honeywell's assumption that it has an unfettered right "to address [alleged] infringing activity in the manner it sees fit," D.I. 67 at 2. Courts routinely require patentees to litigate against manufacturers before customers, even when the patentees sue the customers first. See, e.g., Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990); Ricoh Co. v. Aeroflex Inc., 279 F. Supp. 2d 554, 558 (D. Del. 2003).

This Court has the authority and the obligation to manage the discovery, pre-trial, and trial of this action "with economy of time and effort for itself, for counsel, and for

litigants." Commissariat A L'Energie Atomique v. Dell Computer Corp., C.A. 03-484-KAJ, 2004 WL 1554382, at *1 (D. Del. May 13, 2004) (hereinafter, "CEA") (quoting Cheyney State College Faculty v. Hufstedler, 703 F.2d 732, 738 (3d Cir. 1983)).[1] Towards this end, this Court should stay both discovery and trial of Nokia's case until Honeywell and Nokia's LCD Manufacturers resolve their claims because this approach "will simplify the issues and trial of the case" while not "unduly prejudic[ing] or present[ing] a clear tactical disadvantage" to Honeywell. See id. at *3.

## II. ENTERING THE REQUESTED STAY WILL SIMPLIFY THE PROCEEDINGS

As stated in Nokia's moving papers, Nokia does not manufacture any LCDs, and the six companies from whom Nokia purchases LCDs are all involved in this lawsuit in one form or another. See Nokia's Br. at 3-5; Declaration of Rauni Jaskari (hereinafter, "Jaskari Decl."), ¶ 3.[2] As a result, entering the requested stay will neither delay nor frustrate Honeywell's efforts to address the merits of its infringement claims.

Honeywell resorts to rank speculation that Nokia's suppliers "are not all before this Court" and "may never be." D.I. 67 at 5. All the accused Nokia products identified by Honeywell contain either Seiko Epson LCDs or Sharp LCDs, the latter of which are licensed. Jaskari Decl. at ¶ 4. Seiko Epson has moved to intervene in this case and file a declaratory judgment action against Honeywell. D.I. 50. Even if Honeywell expands its list of accused Nokia products, the rest of Nokia's suppliers are either already in the Honeywell cases or in the process of becoming parties. Sony Corporation is an original party to the 1338 case and did not contest jurisdiction, see 1338 D.I. 90, and the U.S. subsidiary of Koninklijke Philips Electronics N.V. ("Philips") filed a declaratory

---

[1] Attached as Ex. C to Nokia's Brief in Support of Motion to Stay.

[2] Attached as Ex. A to Nokia's Brief in Support of Motion to Stay.

2

judgment action against Honeywell in response to Kyocera's third-party complaint, 1338 D.I. 168. Wintek has provided Nokia with written assurance that it will formally intervene into this case, at Nokia's request, should Honeywell specifically identify any Nokia product incorporating a Wintek LCD as an accused product. Jaskari Decl. at ¶ 5. Finally, as to Samsung SDI, Honeywell itself notes that Samsung SDI "appears to have submitted to the Court's jurisdiction in the CEA case." D.I. 67 at 12 n.8. Based on the actions of these defendants to date, a jurisdictional fight does not appear likely. Nevertheless, this Court should not deny Nokia's request for a stay based solely on the mere possibility that one of the defendants named in Nokia's Third-Party Complaint might contest jurisdiction.

Even if fewer than all of Nokia's suppliers participate in this case, Honeywell ignores reality in asserting that "it would make little sense to force Honeywell to proceed against certain LCD suppliers, but then require Honeywell to proceed against other Named Defendants in circumstances where other LCD suppliers are unavailable." D.I. 67 at 12. Any narrowing of the case is desirable. A more streamlined trial with most of the major manufacturers is immeasurably preferable to an omnibus case that includes both manufacturers and their many customers. Therefore, the most logical and efficient approach is to stay the claims against Nokia and to proceed against the LCD Manufacturers that appear before the Court.

### III. HONEYWELL HAS NO "SPECIAL INTEREST" THAT PREVENTS THIS COURT FROM ENTERING THE REQUESTED STAY

Honeywell has no "special interest" in proceeding against Nokia <u>before</u> or <u>simultaneously</u> with Nokia's LCD Manufacturers' declaratory judgment actions against Honeywell. Contrary to Honeywell's assertion, the claims of the patent-in-suit ("'371

3

patent") do not pertain to "how light can be more efficiently utilized in certain types of products which employ LCD panels." Instead, the claims cover only a specific type of LCD. See, e.g., Claim 3 ("A display apparatus comprising . . . [two] lens arrays . . . for providing a predetermined variation with viewing angle of light transmission . . . wherein at least one of said [two] lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between said lenslets and said liquid crystal display."). Accordingly, the "products that most fully take advantage of the patented technology," D.I. 67 at 6, are the LCDs themselves. The LCDs that Nokia purchases do not infringe any more or less by virtue of their incorporation into a Nokia phone. Because Nokia uses the accused LCD modules in accordance with their ordinary and intended use, the LCD Manufacturers—instead of Nokia—are the appropriate parties to defend these products against Honeywell's allegations in the first instance. See Ricoh, 279 F. Supp. 2d at 558 ("customer suit exception" applicable where plaintiff's claims against defendant "are fundamentally claims against the ordinary use" of the product at issue). The LCD Manufacturers are in the best position to provide technical and other information about the operation and use of their LCDs. See CEA, 2004 WL 1554382, at *3.

    Honeywell seeks to proceed first against customers so that it may advance an improper damages model—one that would calculate damages based upon end products whose prices are higher than the LCD modules that they incorporate. The desire to advance a flawed legal theory is not a "special interest" that justifies denying Nokia's request for a stay. Furthermore, Honeywell ignores the fact that the patent claims pertain to LCDs and not mobile phones in assuming (erroneously) that the appropriate royalty

4

base should be the purchase price of a Nokia phone instead of the LCD incorporated therein. No reasonable fact finder could conclude that the specific type of LCD claimed by the patent-in-suit forms the "basis for customer demand" of any Nokia phone. See, e.g., Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1549 (Fed. Cir. 1995) (discussing unique circumstances allowing recovery for unpatented components). As a result, the proper royalty base in this case—in the unlikely event that Honeywell proves infringement of any valid and enforceable claim—is the price of the LCD, not the price of a Nokia phone or any other end product.

Even if this Court is unwilling to reach the issue of the appropriate royalty base at this time, the most logical and efficient way to manage this case is to stay the customer cases, bifurcate the manufacturers' cases, and proceed first with the liability phase of the manufacturers' cases. Only if Honeywell succeeds in proving that any of the LCD Manufacturers' LCDs infringe a valid and enforceable claim will discovery regarding sales of products that incorporate such LCDs be relevant. At that later time, discovery with respect to damages may proceed against the LCD Manufacturers and Nokia, along with discovery relating to any unresolved issues that are unique to Nokia. This approach also addresses Honeywell's concern that a substantial portion of a manufacturer's sales may occur outside of the United States. See D.I. 67 at 13.

Bifurcating discovery and trial in this manner, therefore, is the most natural, logical, and efficient way to avoid unnecessary expense in discovery and confusion at trial while preserving Honeywell's ability to obtain discovery, at the appropriate time, from Nokia.

5

IV.  **HONEYWELL'S ATTEMPTS TO DISTINGUISH THE CEA CASE ARE UNAVAILING**

Recognizing that the Court's opinion in CEA is directly on-point, Honeywell reaches for some basis to distinguish this case. First, Honeywell claims that it "did not sue the suppliers of LCD panels," D.I. 67 at 1, despite naming Sony, Casio, and Toshiba as defendants in the 1338 case and the Sanyo defendants in the 1337 case. Each of these parties (and perhaps others) manufacture and supply LCDs (or have done so in the past). Furthermore, the CEA case did not turn on the fact that the plaintiff named the manufacturers in its original complaint, but rather on the efficiencies that would result from allowing the patentee and the LCD manufacturers to resolve their claims before allowing the patentee to proceed against the customers. The presence of the LCD manufacturers in the case, by whatever means, poised to defend their products, was the dispositive fact.

Honeywell's attempt to distinguish CEA on technological grounds is equally ineffective. Honeywell mistakenly asserts that the "'371 patent relates not to the inner workings of the cell itself, but rather relates to how light can more effectively be used in certain types of products employing an LCD panel." D.I. 67 at 7. The claims of the '371 patent recite an apparatus comprised of specific layers (light source, first lens array, second lens array, and liquid crystal panel)—the inner workings of the LCD—and not some method of using light more effectively. Neither the '371 patent's written description nor claims refer, even in passing, to consumer electronic products or "how light can more effectively be used" in such products.

More importantly, the technical similarities or differences between the '371 patent and those at issue in the CEA case have no bearing upon whether a stay is appropriate

6

here. As explained above, the '371 patent covers LCD modules, and Nokia merely purchases its LCD modules from the LCD Manufacturers. As a result, Nokia is a customer defendant just like those in CEA, and this Court should stay Nokia's case for the same reasons set forth in that case. See CEA, 2004 WL 1554382 at *3.

## V. CONCLUSION

For the foregoing reasons, Nokia respectfully requests that the Court grant Nokia's motion to stay the present litigation with respect to Nokia until all issues of infringement and patent validity and enforceability have been determined with respect to Nokia's suppliers.

Dated: May 2, 2005

FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Lauren A. Degnan
Andrew R. Kopsidas
1425 K Street, N.W.
Washington, D.C. 20005
Tel: 202-626-6392
Fax: 202-783-2331

Attorneys for Defendants and Third-Party Plaintiffs,
NOKIA CORPORATION and NOKIA INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2005, I electronically filed **DEFENDANTS NOKIA CORPORATION AND NOKIA INC.'S REPLY IN SUPPORT OF MOTION TO STAY** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following individuals.

| | |
|---|---|
| Steven J. Balick<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | *Attorneys for Plaintiffs*<br>*Honeywell International Inc. and*<br>*Honeywell Intellectual Properties Inc.* |
| Paul A. Bradley<br>Thomas D. Walsh<br>McCarter & English, LLP<br>919 N. Market Street<br>P.O. Box 111<br>Wilmington, DE 19899-0111 | *Attorneys for Defendant*<br>*Audiovox Electronics Corporation* |
| John Leonard Reed<br>Duane Morris LLP<br>1100 N. Market Street, Suite 1200<br>P.O. Box 195<br>Wilmington, DE 19899-0195 | *Attorneys for Defendant*<br>*Audiovox Communications Corp.* |
| Richard L. Horwitz<br>David Morse<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899 | *Attorneys for Defendants*<br>*Nikon Corporation, Nikon, Inc., Sanyo*<br>*Electric Co., Ltd, and Sanyo North*<br>*America* |
| Donald W. Huntley<br>Huntley & Associates<br>1105 N. Market Street, Suite 800<br>P.O. Box 948<br>Wilmington, DE 19899-0948 | *Attorneys for Seiko Epson Corporation* |

I further certify that the following individuals were served this document via Federal Express.

Martin R. Lueck
Matthew L. Woods
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Barry W. Graham
Finnegan, Henderson, Farabow, Garrett
    & Dunner, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413

Timothy J. Vezeau
Michael A. Dorfman
Katten Muchin Zavis Rosenman
525 West Monroe Street
Chicago, IL 60661

Stuart Lubitz
Robert J. Benson
Hogan & Hartson LLP
500 S. Grand Avenue, Suite 1900
Los Angeles, CA 90071

Anthony A. Froio
Marc N. Henschke
Robins, Kaplan, Miller & Ciresi, L.L.P.
800 Boylston Street, 25th Street
Boston, MA 02199-7610

Darren M. Jiron
Finnegan, Henderson, Farabow, Garrett
    & Dunner, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190

D. Joseph English
Duane Morris LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006


_____
Tara D. Elliott (#4483)
elliott@fr.com

2