IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al<br>　　　　Plaintiffs,<br><br>v<br><br>AUDIOVOX COMMUNICATIONS CORP., et al<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1337-KAJ<br>)<br>)<br>)<br>)<br>) |
| HONEYWELL INTERNATIONAL INC., et al<br>　　　　Plaintiffs,<br><br>v<br><br>APPLE COMPUTER, INC., et al<br>　　　　Defendants | )<br>)<br>)<br>)<br>)  C.A. No. 04-1338-KAJ<br>)<br>)<br>)<br>) |

## CUSTOMER DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY THE CASE

Apple Computer, Inc ("Apple"), Argus a/k/a Hartford Computer Group ("Argus"), Audiovox Electronics Corporation ("Audiovox"), Concord Camera Corp ("Concord"), Dell Inc ("Dell"), Eastman Kodak Company ("Kodak"), Navman NZ Limited and Navman USA Inc (collectively, "Navman") (collectively, "customer defendants") are all pure customers of LCD modules manufactured and supplied by others companies, many of whom are co-defendants or third-party defendants in the above-captioned actions. None of said customer defendants manufacture LCD screens of

any kind.[1] This memorandum is submitted in support of the customer defendants' motion to stay both of the actions captioned above as to the customer defendants in order that the case may first proceed against the LCD manufacturers.

## I.     INTRODUCTION

The above-named customer defendants support the motions previously filed to stay the C.A. No. 04-1337 and C.A. No. 04-1338 cases (collectively, "the Actions") as to the other non-manufacturer defendants, and proceed first against the LCD manufacturers, which are indisputably in the best position to litigate Honeywell's infringement claims. (*See* D.I. 60 and 63 in C.A. No. 04-1337 and D.I. 158 and 161 in C.A. No. 04-1338.)

In their current posture, the Actions present the Court with an unmanageable array of claims, potentially involving thousands of different products. It is not practical to prepare for trial on so many products, or present these cases to a jury in their current form. Nor is it practical or necessary to now attempt to involve *every* LCD supplier for *every* LCD-containing product potentially at issue.

Rather, the customer defendants propose that the Actions first proceed against the LCD manufacturers, assemblers and high level suppliers currently before the Court, such as Seiko-Epson Corp., Optrex America, Inc., Sanyo Electric Co., Ltd., Sony Corporation,

---

[1] While some of the movants presently or at one time purchased LCD modules from manufacturers and outside suppliers for integration into a finished product, and others simply OEM'ed their finished product, which included an attached LCD screen, as demonstrated by the accompanying declarations from Apple, Argus, Concord, Dell and Kodak, the customer defendants all have in common the fact that they do not manufacture LCDs. Audiovox, which also join in this motion, manufactures no products whatsoever, but, rather, purchases a limited number of LCD modules for use by its OEM manufacturer and will be submitting a declaration forthwith. Similarly, Navman manufactures no LCD modules, and it too will be submitting a declaration in the immediate future.

2

and other manufacturers which are coming into the case.[2] In this manner, the LCD manufacturers and Honeywell can identify a manageable universe of LCDs actually accused of infringement to be litigated in the first instance between this limited set of parties. As to all other parties, the Actions should be stayed in their entirety. This procedure will allow for a far more manageable case for the Court and the jury, and likely substantially reduce, if not eliminate entirely, any remaining issues to be litigated between Honeywell and the stayed defendants.

This proposed approach will also greatly streamline discovery and eliminate an emerging morass of discovery issues. By its interrogatories, requests for admissions, and requests for production of documents served April 28, 2005, Honeywell seeks information from the customer defendants concerning the internal structure of the LCDs contained in their end products -- information which is generally not known to the customer defendants, except to the extent provided by the LCD suppliers. Moreover, knowing this, Honeywell has also directed its discovery broadly to encompass all products containing LCDs, regardless of whether the LCDs contain features relevant to the '371 patent. Proceeding first against the LCD suppliers would allow the parties to appropriately limit the scope of discovery to the LCD products truly at issue and avoid the significant inefficiencies and disputes that will inevitably arise in the context of Honeywell's litigation against the customers.

---

[2] Third party complaints have been filed against Toshiba Corporation, Curitel Communications, Inc., Philips Electronics North America Corp., and Wintek Electro-Optics Corp. A motion for leave to file a third-party complaint against Koninklijke Philips Electronics N.V. and Samsung SDI Co., Ltd., is pending.

3

RLF1-2873073-1

## II. NATURE AND STAGE OF PROCEEDINGS

Plaintiffs Honeywell International Inc and Honeywell International Properties Inc (collectively, "Honeywell") filed the Actions in October 2004, naming a total of 36 defendants as alleged infringers of U S Patent No 5,280,371 ("the '371 patent") In December 2004, Optrex America, Inc., an LCD supplier to at least one of the defendants, filed an action against Honeywell seeking a declaratory judgment of noninfringement and invalidity (C A No 04-1536) ("the Optrex Action") Earlier this year, Seiko-Epson Corp, a supplier of LCDs to the majority of the defendants in the two actions, filed a motion to intervene in the C A No 04-1337 action

A status conference is scheduled for the Actions, as well as the Optrex Action, on May 16, 2005

## III. STATEMENT OF FACTS

Given the number of defendants in the two actions, the scope of the infringement allegations in Honeywell's complaint, and Honeywell's failure to identify specific LCDs or even specific LCD-containing products accused of infringement, careful consideration should be given to how best to structure the Actions to allow for meaningful and manageable pretrial proceedings and trial To put the complexity of these cases in perspective, consider the following:

- Honeywell named 36 defendants in the two actions, and broadly identified the allegedly infringing products as including "laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, and portable televisions, and/or portable game systems" that contain LCDs

- The potential total number of LCD-containing products at issue which have been manufactured or sold by the customer defendants as well as the other non-

4

- manufacturer defendants that have also filed stay applications could well be in the multiple hundreds, if not thousands.

- Besides the parties originally named as defendants, some 10 LCD manufacturers are being impleaded through third party practice, and Seiko-Epson Corporation, an LCD manufacturer that supplies 25 of the 36 named defendants, is seeking to intervene.

- Although Honeywell has identified a handful of specific LCD-containing products manufactured or sold by some of the customer defendants that are alleged to infringe, it has also indicated that this list is not exhaustive, and will seek broad discovery consistent with the breadth of the allegations in its complaints.

The foregoing facts cause the Actions to be unmanageable -- and not triable -- in their current form. There are simply too many defendants involved and too many products potentially at issue. Nor is it efficient or in the interests of justice to force the customer defendants – who possess little if any information concerning the pertinent aspects of the LCDs used in their products – to try to obtain the necessary information from each of their LCD suppliers in order to defend the case. For example, it is possible if not likely that the majority of the LCDs in the customer defendants' end products are clearly not at issue based on their structures, but efforts to narrow the issues along these lines are most efficiently and logically accomplished directly between the LCD manufacturers and suppliers and Honeywell.

## IV. ARGUMENT

### A. The Actions Should Proceed First Against Only the LCD Suppliers Currently Before the Court

We will not burden the Court by repeating the arguments and authority well-presented in the various briefs submitted by other defendants both in support of their motion to stay the Actions[3], and in opposition to Honeywell's motion to stay the Optrex Action.[4] The law clearly supports proceeding first against the principal parties in the best position to defend Honeywell's claims, i.e., those that manufacture and sell the LCD modules themselves, rather than end-product retailers. Indeed, it is the LCDs alone that provide the sole basis for Honeywell's sweeping infringement allegations against the myriad products identified in its complaints.

It is not practical or efficient for a patent litigation to proceed through discovery and pretrial proceedings, much less a jury trial, with so many different end products potentially at issue. *See, e.g.,* David F. Herr, *Annotated Manual for Complex Litigation*, § 33.23 (4th ed. 2004). And it is quite possible if not likely that there are substantial similarities in the structures of many of the LCDs in these products. However, the

---

[3] *See* Opening Brief in Support of Customer Defendants' Joint Motion to Stay Cases Pending Resolution of LCD Module Manufacturers' Case filed by Nikon Corporation, Nikon Inc., Kyocera Wireless Corp., Pentax Corporation and Pentax of American, Inc., on April 12, 2005, (D.I. 61 in C.A. No. 04-1337 and D.I. 159 in C.A. No. 04-1338); Defendants Olympus Corporation and Olympus America Inc.'s Opening Brief in support of their motion to stay the action with respect to Olympus Corporation and Olympus America Inc., filed April 14, 2005, (D.I. 163 in C.A. No. 04-1338); and Reply Memorandum of Law in Support of Customer Defendants' (Nikon, Pentax and Kyocera) Joint Motion to Stay Cases Pending Resolution of LCD Module Manufacturers' Cases filed May 2, 2005 (D.I. 95 in C.A. No. 04-1337 and D.I. 171 in C.A. No. 04-1338).

[4] *See* Defendants' Response to Honeywell's Motion to Consolidate and Opposition to Honeywell's Motion to Stay (D.I. 154 in C.A. No. 04-1338), and Fuji Photo Film's Response to Honeywell's Motion to Consolidate and Opposition to Honeywell's Motion to Stay and Support of Seiko Epson's Motion to Intervene (D.I. 156 in C.A. No. 04-1338).

6

RLF1-2873073-1

manufacturers of the end products typically do not have knowledge of the specific structures of the incorporated LCDs. That knowledge is with the LCD manufacturers. And of course, only Honeywell can identify the specific types of LCDs it believes infringe the '371 patent.

Thus, in the first instance, the case should proceed solely against the LCD manufacturers currently before the Court, and those manufacturers should confer with Honeywell in order to streamline the litigation to make it more manageable. In terms of determining which LCDs are potentially at issue, Honeywell is in the same or perhaps even a better position (given its familiarity with the patent and licensing experience) than the customer defendants, who merely purchase their LCDs from third parties and do not have information describing their internal structures.[5] For example, it may be possible for these parties, which possess the most in-depth knowledge of the subject matter, to identify the various different types of LCDs actually accused of infringement. It may also be possible to further limit the number of LCDs initially litigated by selecting representative LCD products from each category. Discovery, pre-trial proceedings, and trial can then proceed with respect to this far more limited set of LCD screens and parties.[6] This will result in a manageable case that can be meaningfully tried before a jury. There is no reason or benefit to including the manufacturers of end products in

---

[5] In its discovery demands propounded April 28, 2005, Honeywell improperly attempts to shift the burden entirely to the customer defendants to come forward with information relating the internal structures -- structures which the customer defendants know nothing about -- of the LCD modules attached to the sweeping array of end-products Honeywell has accused in these Actions. Indeed, Honeywell's interrogatories and requests for admissions are not even limited to LCD-containing products that exhibit any features purportedly covered by the '371 patent, but, rather, are directed to all end products that employ an LCD module and fall into eight broad product categories.

[6] The Court may also wish to coordinate the Actions with the Optrex Action.

these proceedings at this point, or permitting discovery concerning the end products.[7] Nor will Honeywell be prejudiced in any way by proceeding on this basis, for any unresolved issues can be litigated with the customer defendants after the proceedings with the manufacturer defendants have been brought to a meaningful conclusion.

Moreover, there is no need for *every* supplier of *every* LCD potentially at issue in the Actions to participate in this initial phase of the litigation. At a minimum, litigating a defined set of LCD modules through completion will narrow the issues with respect to any remaining end-products and the customer defendants, and likely result in a substantial number of settlements without the need for further litigation. And, if the patent is found invalid or unenforceable as a result of this initial phase of litigation, substantial judicial and party resources would have been saved.

## V.    CONCLUSION

For the foregoing reasons, the moving customer defendants respectfully request that the Actions be stayed as to the pure customer defendants, and that the Actions initially proceed against the LCD manufacturers, assemblers and suppliers, currently before the Court or in the process of being joined as third-parties or interveners.

---

[7] On the other hand, the savings to be realized by staying the case against the pure customer defendants will be substantial. With respect to defendant depositions alone Honeywell has already proposed that it be permitted to take depositions from each of the 36 entities presently before the Court which Honeywell's counsel has estimated will require 1800 hours to complete.

Dated: May 6, 2005

| | |
|---|---|
| OF COUNSEL: | FISH & RICHARDSON P.C. |
| Kelly C. Hunsaker<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | By: /s/ Thomas L. Halkowski<br>Thomas L. Halkowski (#4099)<br>919 N. Market Street, Suite 1100<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>halkowski@fr.com<br><br>*Attorneys for Defendant*<br>*Apple Computer Inc.* |
| OF COUNSEL: | CROSS & SIMON, LLC |
| Brian D. Roche<br>SACHNOFF & WEAVER, LTD.<br>30 S. Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 207-6490 | By: /s/ Richard H. Cross, Jr.<br>Richard H. Cross, Jr. (#3756)<br>913 N. Market Street, Suite 1001<br>Wilmington, DE 19899-1380<br>Telephone: (302) 777-4200<br>rcross@crosslaw.com<br><br>*Attorneys for Defendant Argus a/k/a*<br>*Hartford Computer Group, Inc.* |
| | MCCARTER & ENGLISH, LLP |
| | By: /s/ Paul A. Bradley<br>Paul A. Bradley (#2156)<br>Thomas D. Walsh (#3783)<br>919 N. Market Street, Suite 1800<br>Wilmington, DE 19899<br>Telephone: (302) 984-6300<br>pbradley@mccarter.com<br>twalsh@mccarter.com<br><br>*Attorneys for Defendants*<br>*Audiovox Electronics Corporation* |

RLF1-2873073-1

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Scott L. Lampert<br>Intellectual Property and<br>Business Development Counsel<br>Concord Camera Corp.<br>4000 Hollywood Boulevard, Suite 650N<br>Hollywood, FL 33021 | By: /s/ Richard L. Horwitz<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Telephone: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Concord Camera Corp.* |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Roderick B. Williams<br>Avelyn M. Ross<br>VINSON & ELKINS<br>The Terrace 7<br>2801 Via Fortuna, Suite 100<br>Austin, TX 78746-7568<br>Telephone: (512) 542-8400 | By: /s/ Richard L. Horwitz<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Telephone: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Dell Inc.* |
| OF COUNSEL: | RICHARDS, LAYTON & FINGER |
| Paul J. Yesawich, III<br>Neal L. Slifkin<br>David J. Edwards<br>Laura W. Smalley<br>HARRIS BEACH PLLC<br>99 Garnsey Road<br>Pittsford, NY 14534<br>Telephone: (585) 419-8800 | By: [signature]<br>Frederick L. Cottrell, III (#2555)<br>Chad M. Shandler (#3796)<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br>Telephone: (302) 651-7700<br>cottrell@rlf.com<br>shandler@rlf.com<br><br>*Attorneys for Defendant*<br>*Eastman Kodak Company* |

| | |
|---|---|
| OF COUNSEL.: | CONNOLLY BOVE LODGE & HUTZ |
| Bradford Lyerla<br>MARSHALL GERSTEIN & BORUN LLP<br>Sears Tower, 63rd Floor<br>Chicago, IL  60606<br>Telephone:  (312) 474-6634 | By:  _/s/Arthur G. Connolly, III_<br>Arthur G. Connolly, III<br>The Nemours Building<br>1007 N. Orange Street, PO Box 2207<br>Wilmington, DE  19899-2207<br>Telephone:  (302) 658-9141 |

*Attorneys for Defendants*
*Navman NZ Limited and*
*Navman U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2005, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas C. Grimm, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

Thomas L. Halkowski, Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114

William J. Wade, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899

Richard L. Horwitz, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
Wilmington, DE 19899

Philip A. Rovner, Esquire
Potter Anderson & Corroon
6th Floor, Hercules Plaza
1313 N. Market Street
Wilmington, DE 19899

Arthur G. Connolly, III, Esquire
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

John W. Shaw, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
Wilmington, DE 19899

Adam Wyatt Poff, Esquire
Young, Conaway, Stargatt & Taylor
17th Floor, The Brandywine Building
1000 West Street
Wilmington, DE 19899

Francis DiGiovanni, Esquire
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street, P.O. Box 2207
Wilmington, DE 19899

Amy Elizabeth Evans, Esq.
Cross & Associates
913 North Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE 19899-1380

Donald W. Huntley, Esquire
1105 N. Market Street
P.O. Box 948
Wilmington, DE 19899-0948

Karen L. Pascale, Esquire
Bouchard, Margules, Friedlander
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

_/s/ Frederick L. Cottrell, III_
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com

RLF1-2872558-1