IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC.,<br><br>Plaintiffs,<br>v.<br><br>APPLE COMPUTER, INC., ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; TOSHIBA CORPORATION; and TOSHIBA AMERICA, INC.,<br><br>Defendants. | C.A. No. 04-1338-KAJ<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>- and - |
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br>v.<br><br>AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON, INC; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRIC CO., LTD.; AND SANYO NORTH AMERICA CORPORATION,<br><br>Defendants. | C.A. No. 04-1337-KAJ<br><br><br><br><br><br><br><br>- and - |
| OPTREX AMERICA, INC.,<br>Plaintiff,<br>v.<br><br>HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Defendants. | C.A. No. 04-1536-KAJ |

**[PROPOSED] SCHEDULING ORDER**

This _____ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling conference pursuant to Local Rule 16.2(a) on May 16, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. **[Partially Agreed/Partially Disagreed]**

   - *Agreed Portion:*

   Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order.

   - *Defendants' (referring herein to defendants in C.A. Nos. 04-1337, 1338):* *[Honeywell Opposes]*

   *[Agreed Language]* . . ., or within ten (10) days of the filing of the last of defendants' answers in the consolidated cases, whichever is later.

   - *Defendants' Additional Proposal Re: Onset and Scope of Discovery: [Honeywell Opposes]*

   a. Onset and Scope of Discovery.

   Service of discovery requests shall not commence as against any Defendants who are stayed. As to all other Defendants, discovery requests shall not commence until one week after the later to occur of (a) the exchange of initial disclosures by all parties and (b) the specific identification by Honeywell (by model number and device or product name) of each particular device or product of each defendant that Honeywell contends infringes any one or more of the three claims of the Honeywell patent-in-suit, and with respect to each accused device or product, the particular claim or claims that Honeywell asserts has or have been infringed. Discovery is

limited through the Discovery Cutoff to the issues of liability (e.g., claim interpretation, infringement, validity, and enforceability of the patent-in-suit and other personal and equitable defenses such as license and laches).

- *Defendants' Additional Alternate Proposal Re: Onset and Scope of Discovery:* [Honeywell Opposes]

    a. Onset and Scope of Initial Discovery

Honeywell shall have an initial period of four (4) months from the date of this Order ("initial Discovery Period") to obtain discovery from the parties remaining in the case after disposition of pending stay and transfer motions, which discovery shall be limited solely to the identification of product type, module construction (to the extent known) and supplier identification sufficient for Honeywell to identify all allegedly infringing products. The identification of products is limited to the eight enumerated categories of items listed in the Complaints for each defendant, and further limited to back-lit LCD modules having two (2) lens arrays. No other discovery by Honeywell is permitted during this period, and at the conclusion of the Initial Discovery Period, Honeywell shall file with the Court a list specifically identifying for each defendant the products and modules it contends infringe at least one of the three claims of the patent-in-suit and with respect to each such product and module, the claim or claims that Honeywell asserts has or have been infringed. ("Accused Listing"). The Accused Listing may only be supplemented for good cause shown. Discovery is otherwise limited through the Discovery Cutoff to the issues of liability (e.g., claim interpretation, infringement, validity, and enforceability of the patent-in-suit and other personal and equitable defenses such as license and laches).

2.   Joinder of Other Parties and Amendment of Pleadings. **[Agreed]**

All motions to join other parties shall be filed on or before December 5, 2005; motions to amend the pleadings shall be filed by March 17, 2006.

3.   Discovery.

   a.   Limitation on Hours for Deposition Discovery. **[Disagreed]**

- *Honeywell's Proposal:* *[Defendants and Optrex Oppose]*

Each party shall have the right to take 50 hours of deposition testimony from representatives or employees of each adverse party. This limitation shall apply to any party joined in this suit in the future. This limitation is subject to the following exceptions: For discovery directed to Honeywell and its agents, the defendants shall jointly have 100 collective hours of deposition and shall each also be entitled to one seven (7) hour 30(b)(6) deposition of Honeywell to address issues specific to that defendant. For discovery directed to non-parties, each side shall have 75 collective hours of deposition. The limitations set forth herein shall not apply to expert discovery.

- *Defendants' and Optrex's Proposal:*

Each side is limited to a total of 300 hours of taking testimony by deposition upon oral examination for fact discovery on liability issues. In addition, each party (Defendants and Optrex) shall be permitted to take up to 50 hours of depositions directed to matters specific to that party, for example, infringement issues or personal defenses, if any, as they relate to liability. These limits shall be in lieu of the limit set forth in Fed. R. Civ. P. 30 and shall be without prejudice to any party's right to move for additional hours for fact depositions upon a showing of good cause, but only after the party has exhausted its allotted hours and can demonstrate the need for additional hours.

4

- *Language in Defendants' Proposal and on Which Optrex's Position is Unstated:*

The limitations set forth herein shall not apply to expert discovery.

    b.    <u>Location of Depositions</u>. **[Agreed]**

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or the agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c.    <u>Discovery Cut Off</u>. **[Disagreed]**

All discovery in this case shall be initiated so that it will be completed on or before [*see below*]. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

| *Defendants' Proposal* | *Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|
| November 20, 2006 | June 30, 2006 | March 20, 2006 |

    d.    <u>Disclosure of Expert Testimony</u>. **[Partially Agreed, Partially Disagreed]**

Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of discovery, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party forty-five (45) days before the date for the completion of discovery. To the extent any objection to expert testimony is made

5

pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

- *Honeywell's Alternate Proposal:* *[Defendants and Optrex Oppose]*

120 days prior to close of discovery, each side shall provide the other with an identification of each expert witness who intends to opine on issues for which that side bears the burden, along with a CV and a short description of the subject matter of such opinion.

e. Discovery Disputes. **[Partially Agreed/Partially Disagreed]**

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers (302) 573-6001 to schedule a telephone conference. Not less than [*see below*] prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than [*see below*] prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

|  | *Honeywell's Proposal* | *Defendants' and Optrex's Proposal* |
|---|---|---|
| Initial Letter | 48 Hours | Five Business Days |
| Opposing Letter | 24 Hours | One Business Day |

4. <u>Application to Court for Protective Order</u>. **[Agreed]**

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclosure another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

5. <u>Papers Filed Under Seal</u>. **[Agreed]**

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. **[Agreed]**

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients.

7

7. <u>Interim Status Report</u>. **[Agreed]**

On December 22, 2005, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. **[Agreed]**

On January 6, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 10:30 a.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. **[Partially Agreed/Partially Disagreed]**

- *Agreed Portion:*

On February 24, 2006, the parties shall appear live to provide the Court with a tutorial on the technology at issue. The tutorial should focus on the technology at issue and should not be used to argue the parties' claims construction contentions. No testimony, expert or lay, will be offered at the hearing. For the convenience of the Court, these live (in-Court) tutorials may be videotaped (or otherwise recorded) and submitted to the Court.

- *<u>Honeywell's Additional Proposal</u>: [Defendants and Optrex Oppose]*

One week prior to that date, the parties will exchange any and all materials they will use at the hearing.

- *<u>Defendants' Additional Proposal</u>: [Honeywell Opposes]*

The tutorial should be limited to no more than thirty (30) minutes per side.

10. <u>Case Dispositive Motions</u>. **[Partially Agreed/Partially Disagreed]**

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before *[see below]*. Answering briefs shall be served and filed within 30 days of the opening brief. Reply briefs shall be served and filed within 14 days of the answering briefs.

| *Defendants' Proposal* | *Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|
| January 12, 2007 | July 15, 2006 | April 20, 2006 |

11. <u>Claim Construction Issue Identification</u>. **[Agreed]**

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on December 12, 2005, each side shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/Phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. **[Partially Agreed/Partially Disagreed]**

Issues of claim construction shall be submitted to the Court by way of the Joint Claim Construction Chart, no later than [*see below*] to be considered by the Court in conjunction

with the parties' summary judgment motions. Simultaneous opening briefs on issues of claim construction shall be served and filed by each side on [*see below*]. Simultaneous reply briefs shall be served and filed by each side within thirty (30) days of the opening briefs or on claim construction.

|  | *Defendants' Proposal* | *Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|---|
| Submission of Joint Claim Construction Chart to Court | June 30, 2006 | June 30, 2006 | April 10, 2006 |
| Simultaneous Opening Brief | July 14, 2006 | July 14, 2006 | April 20, 2006 |
| Simultaneous Reply Briefs | August 15, 2006 | August 15, 2006 | Shall be served and filed within 30 days of the opening briefs on claim construction |

13. <u>Hearing on Claim Construction</u>. **[Disagreed]**

Beginning at 2:00 p.m. on *[see below]*, the Court will hear evidence and argument on claim construction and summary judgment.

| *Defendants' Proposal* | *Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|
| March 17, 2007 | September 21, 2006 | June 29, 2006 |

14. <u>Applications by Motion</u>. **[Agreed]**

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not

10

deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. **[Disagreed]**

On *[see below]* the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ __.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before *[see below]*.

|  | *Defendants' Proposal* | *Honeywell's Proposal* | *Optrex's Proposal* |
| --- | --- | --- | --- |
| Joint Proposed Final Pretrial Order | June 29, 2007 | October 30, 2006 | August 29, 2006 |
| Final Pretrial Conference | July 27, 2007 | November 7, 2006 | September 12, 2006 |

16. <u>Motions *in Limine*</u>. **[Partially Agreed/Partially Disagreed]**

- *Agreed Portion:*

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of

11

argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

- *Honeywell's Additional Proposal:* *[Defendants and Optrex Oppose]*

If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

17.  Jury Instructions, Voir Dire, and Special Verdict Forms. **[Agreed]**

Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.  Trial. **[Disagreed]**

This matter is scheduled for a *[see below]* day jury trial beginning at 9:30 a.m. on *[see below]*. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of *[see below]* hours to present their case.

| *Defendants' Proposal* | *Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|
| The parties should be prepared to discuss trial format at the February 2006 conference and the July 27, 2007 pretrial conference.<br><br>*Defendants' Alternative Proposal:*<br><br>A 10-day jury trial shall commence six (6) weeks after the Final Pretrial Conference with each side having 22 hours to presents their case limited to the issues of validity and enforceability of the patent-in-suit. | 14 day trial beginning December 4, 2006, with each side having 40 hours to present their case. | 14 day trial beginning October 16, 2006, each side having 40 hours to present their case. |

Dated: _____, 2005.                    _____
                                                  UNITED STATES DISTRICT JUDGE