# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HONEYWELL INTERNATIONAL INC, and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORP., NIKON CORPORATION, NIKON INC., NOKIA CORPORATION, NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA, <br><br> Defendants. | C.A No. 04-1337-KAJ |

## OPENING BRIEF OF DEFENDANT
## AUDIOVOX COMMUNICATIONS CORP.
## IN SUPPORT OF THE CUSTOMER DEFENDANTS'
## MOTION TO STAY AND AUDIOVOX'S MOTION TO STAY

**OF COUNSEL:**

D. Joseph English
L. Lawton Rogers
**DUANE MORRIS LLP**
1667 K Street, N.W., Suite 700
Washington, DC 20006
Tel:   202.776.7800
Fax:   202.776.7801

DATED:  May 11, 2005

**DUANE MORRIS LLP**
John L. Reed (Del. I.D. No. 3023)
Matt Neiderman (Del. I.D. No. 4018)
1100 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel:   302.657.4900
Fax:   302.657.4901

Attorneys for Defendant
Audiovox Communications Corp.

## TABLE OF CONTENTS
**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 4

STATEMENT OF FACTS .................................................................................................. 5

SUMMARY OF THE ARGUMENT .................................................................................. 6

ARGUMENT` ........................................................................................................................ 9

I.    THE ACTIONS SHOULD PROCEED FIRST AGAINST ONLY THE LCD MANUFACTURERS BEFORE THE COURT ....... 9

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

**MISCELLANEOUS** **PAGE**

David F. Herr, *Annotated Manual for Complex Litigation*, § 33.23
    (4th ed. 2004) ..................................................................................................10

## INTRODUCTION

Audiovox Communications Corp. ("ACC") respectfully requests that this Honorable Court stay the above-captioned action as to ACC. ACC does not manufacture or sell any LCDs, *a fortiori* the LCDs to which the patent-in-suit is directed. ACC does not manufacture any consumer products that include LCDs, but rather buys consumer products that have been manufactured by others. ACC has no control over the LCDs that are placed into the consumer products that ACC buys, and no knowledge of the construction or manufacture of the LCDs that others place into the consumer products bought by ACC for resale. ACC is a pure customer of consumer products and has no knowledge material to the validity and enforceability of the patent-in-suit and no knowledge as to the infringement of the patent-in-suit by the LCDs that are placed into the consumer products that ACC buys for resale.

This Opening Brief is filed in support of ACC's motion to stay the actions as to it, and in support of the motion of Apple Computer, Inc., Argus, Audiovox Electronics Corporation, Concord Camera Corp., Dell, Inc., Eastman Kodak Company, Navman NZ Limited and Navman USA Inc. (collectively, "Customer Defendants") to stay the actions as to them pending resolution of the claims as to the LCD manufacturers in the case.

ACC hereby supports the motions previously filed to stay the actions as to all non-manufacturer defendants. ACC also supports the current motion of the Customer Defendants to stay the actions as to them in order that the actions may proceed against the LCD manufacturers. ACC has moved to stay the actions as to it in order that the actions may proceed against the LCD manufacturers.

The patent-in-suit is directed to "A display module." Before this Court in the actions are manufacturers of LCD display modules ("LCD's"), manufacturers of consumer products that contain LCDs, and pure customers of the consumer products that contain LCDs. All may be infringers, but none can be infringers unless the LCD *per se* infringes.

The LCD manufacturers are undeniably in the best position to defend against the claim by Honeywell that the LCD infringes. Only the LCD manufacturers have the knowledge as to the construction of the LCD and, by suing the non-manufacturers of LCDs and the pure customers of consumer products containing LCDs, Honeywell seeks to burden such defendants with the task of acquiring knowledge of the LCD from the LCD manufacturers.

At the present time, there are potentially thousands of consumer products at issue on the broad allegations in the complaint, and Honeywell expects to take discovery as to each of them. Discovery and trial is simply not manageable. If the actions are stayed as to non-manufacturing defendants, the

LCD manufacturers and Honeywell can define a manageable universe of LCDs as to which discovery can be taken. If the LCD of any LCD manufacturer is found not to infringe, then Honeywell's claims against all manufacturers and sellers of consumer products containing that LCD also disappears. If the LCD of any LCD manufacturer is found to infringe, then it necessarily follows that any consumer product incorporating the infringing LCD will infringe, and the remaining issues, if any, can be resolved between Honeywell and the non-manufacturers of LCDs.

All of ACC's suppliers of consumer products are now or are being joined and thus will be before the court. None of ACC's suppliers is a pure customer of consumer products. ACC is even further removed from the LCD manufacturers than the Customer Defendants, and there is thus an even more compelling reason to grant the stay as to ACC.

Even as to the LCD manufacturers, great judicial economy will be achieved by the granting of the pending motion to bifurcate the liability and damages issues.

## **NATURE AND STAGE OF THE PROCEEDINGS**

The Customer Defendants' Joint Motion To Stay and accompanying brief summarizes the nature and stage of the proceedings and, to avoid burdening the Court by repetition, ACC adopts the statement of the nature and stage of proceedings contained therein. Several motions are pending, including ACC's motion to amend its third party complaint to name all of its suppliers of allegedly infringing devices as defendants. The parties have begun a Rule 26(f) conference, but the conference has not been completed to date as open action items remain for both plaintiffs and defendants. Plaintiffs have prematurely served discovery prior to the conclusion of the Rule 26(f) conference. No procedural schedule is in place. A scheduling conference is set for May 16, 2005.

## **STATEMENT OF FACTS**

The Customer Defendants' Joint Motion To Stay and accompanying brief sets forth the facts relevant to this Motion, and to avoid burdening the Court by repetition, ACC adopts the statement of facts contained therein. There will be more than forty named defendants and potentially thousands of products as to which discovery will be sought and tried before a jury. Both discovery and trial are unmanageable and will consume unnecessary judicial resources at great cost to the defendants.

## SUMMARY OF THE ARGUMENT

1. The patent-in-suit is directed to an LCD. This Court should stay the actions against all non-manufacturers of LCDs while Honeywell adjudicates its claims against the manufacturers of LCDs. To the extent that a defendant is both a manufacturer of LCDs and a manufacturer of consumer products, discovery as to such defendants should be limited to the LCDs and exclude the consumer products.

2. Within the class of non-manufacturers of LCDs are the manufacturers of consumer products containing LCDs and pure customers of consumer products containing LCDs that have been manufactured by others. ACC does not manufacture or sell LCDs. (Stoehr Dec., Ex. A, ¶ 4). Moreover, ACC does not manufacture any device that contains an LCD. (Stoehr Dec., Ex. A, ¶ 5). Rather, ACC is a pure customer of LCD-containing devices that it purchases from five suppliers (Stoehr Dec., Ex. A, ¶ 6), all[1] of whom are before the Court. ACC has filed third-party claims against each of its suppliers for indemnification. Thus, a stay should be granted as to ACC as a pure customer

---

[1] ACC also purchases consumer products with LCDs from Sharp Corporation. However, ACC has been advised by Sharp Corporation that all of the products supplied to ACC are licensed under the patent-in-suit and thus Sharp Corporation has not been named as third party defendants.

even if Honeywell is permitted to proceed against manufacturers of consumer products containing LCDs purchased by ACC for resale.

3.   A stay of the case against ACC will not prejudice Honeywell or subject it to a clear tactical disadvantage. If Honeywell proves that any of the LCD modules contained in any allegedly infringing LCD containing device sold by ACC infringe a valid and enforceable claim of the patent-in-suit, Honeywell may then proceed against ACC with respect to any unresolved issues.

4.   A stay of the action against ACC will help streamline the Actions and avoid piecemeal litigation. The resolution of Honeywell's claims against ACC hinges on whether LCDs manufactured by the LCD manufacturers infringe any valid and enforceable claim of the patent-in-suit. The determination of the patent infringement claims against the LCD manufacturers resolves the liability issue with respect to the LCD-containing consumer products sold by ACC, and Honeywell's action against ACC is an utterly transparent attempt to use the threat of prolonged litigation expense to extract an unjustified settlement from ACC and to further Honeywell's highly speculative damage theory[2] before liability has been considered, much less determined.

---

[2]   Honeywell admits that it has not sued the LCD manufacturers on its LCD patent because it seeks damages based on the higher priced consumer products containing a LCD.

7

5.      Because the discovery period has not yet opened and no trial date has been set, a stay will not disrupt the pre-trial proceedings. In fact, a stay of the action against ACC will facilitate discovery because Honeywell may seek discovery about the LCDs contained in the devices sold by ACC directly from the LCD manufacturers.

6.      If the claims against the non-manufacturers are not stayed, the non-manufacturers are very likely to be denied a fair opportunity to take discovery and a fair opportunity to try their case. There are just too many products, too many LCDs, too many personal circumstances, and too many views on issues like claim interpretation and how to present a validity case for justice to be done. Honeywell slept on its rights for more than ten years, and it is Honeywell that must pay the price of joining in a single case so many disparate defendants after such a prolonged period of time.

7.      The actions are not manageable -- and not triable -- in their current form. There are simply too many defendants involved and too many products potentially at issue. Nor is it efficient or in the interests of justice to force ACC as a pure customer of consumer products, having no material information concerning the LCDs incorporated into the consumer products purchased for resale, to try to obtain the necessary information from each of their LCD suppliers in order to defend the case.

8

# ARGUMENT

## I. THE ACTIONS SHOULD PROCEED FIRST AGAINST ONLY THE LCD MANUFACTURERS BEFORE THE COURT

ACC will not burden the Court by repeating the arguments and authority well-presented in the various briefs submitted by other defendants both in support of their motion to stay the Actions,[3] and in opposition to Honeywell's motion to stay the Optrex Action.[4] The law clearly supports proceeding first against the principal parties in the best position to defend Honeywell's claims rather than end-product customers, and those that manufacture and sell the LCDs to which the patent-in-suit is directed are undeniably in such a position. Indeed, it is the LCDs *per se* that provide the sole basis for Honeywell's

---

[3] *See* Opening Brief in Support of Customer Defendants' Joint Motion to Stay Cases Pending Resolution of LCD Module Manufacturers' Case filed by Nikon Corporation, Nikon Inc., Kyocera Wireless Corp., Pentax Corporation and Pentax of American, Inc., on April 12, 2005, Defendants Olympus Corporation and Olympus America Inc.'s Opening Brief in support of their motion to stay the action with respect to Olympus Corporation and Olympus America Inc., filed April 14, 2005, and Reply Memorandum of Law in Support of Customer Defendants' (Nikon, Pentax and Kyocera) Joint Motion to Stay Cases Pending Resolution of LCD Module Manufacturers' Cases filed May 2, 2005.

[4] *See* Defendants' Response to Honeywell's Motion to Consolidate and Opposition to Honeywell's Motion to Stay, and Fuji Photo Film's Response to Honeywell's Motion to Consolidate and Opposition to Honeywell's Motion to Stay and Support of Seiko Epson's Motion to Intervene.

9

sweeping infringement allegations against the many defendants and myriad products broadly identified in its complaints.

It is not practical or efficient for a patent litigation to proceed through discovery and pretrial proceedings, much less a jury trial, with so many different end products potentially at issue. *See, e.g.*, David F. Herr, *Annotated Manual for Complex Litigation*, § 33.23 (4th ed. 2004). And it is within the inherent power of the Court to limit these proceedings as set out with great clarity on page 2 of the Memorandum Order entered by this Court in the CEA cases.

## CONCLUSION

ACC believes that the interest of justice are served both by bifurcating the liability and damages issues, and by staying the actions as to all of the non-manufacturing defendants. The stay is particularly justified for a non-manufacturer such as ACC that is a pure customer, *i.e.*, ACC manufactures neither LCDs nor consumer products containing LCDs. ACC respectfully request that the actions be stayed as to all non-manufacturers and particularly as to pure customers, and that the Actions initially proceed against only the LCD manufacturers currently before the Court and being joined as third-parties or interveners.

DATED:  May 11, 2005                                    **DUANE MORRIS LLP**

/s/ John L. Reed
John L. Reed (Del. I.D. No. 3023)
Matt Neiderman (Del. I.D. No. 4018)
1100 N. Market Street, 12th Floor
Wilmington, Delaware 19801
**OF COUNSEL:**                                         Tel:     302.657.4900
                                                        Fax:    302.657.4901
D. Joseph English                                       E-Mail:  jlreed@duanemorris.com
L. Lawton Rogers                                                 mneiderman@duanemorris.com
**DUANE MORRIS LLP**
1667 K Street, N.W., Suite 700
Washington, DC 20006
Tel:     202.776.7800
Fax:    202.776.7801
E-Mail:  djenglish@duanemorris.com         Attorneys for Defendant
         llrogers@duanemorris.com          Audiovox Communications Corp.

WLM\208292.1

11