# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC, and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A No. 04-1337-KAJ |
| AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORP., NIKON CORPORATION, NIKON INC., NOKIA CORPORATION, NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA, | ) ) ) ) ) ) ) |
| Defendants. | ) |
| AUDIOVOX COMMUNICATIONS CORP., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| HONEYWELL INTERNATIONAL INC, and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) |
| Counterclaim-Defendants. | ) |
| AUDIOVOX COMMUNICATIONS CORP., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| CURITEL COMMUNICATIONS INC, TOSHIBA CORPORATION, HIGH TECH COMPUTER CORP., and WISTRON CORPORATION, | ) ) ) ) |
| Third-Party Defendants. | ) |

# DEFENDANT AUDIOVOX COMMUNICATION CORP.'S
# FIRST AMENDED THIRD-PARTY COMPLAINT

Third-Party Plaintiff Audiovox Communications Corp. ("ACC"), through counsel, hereby complains of Toshiba Corporation ("Toshiba"), Curitel Communications, Inc. ("Curitel"), High Tech Computer Corp. ("HTC"), and Wistron Corporation ("Wistron") as follows:

## Nature of the Action

1. This is an action by ACC against the Third-Party Defendants Toshiba, Curitel, HTC and Wistron under contracts of indemnification against the claim of infringement of U.S. Patent No. 5,280,371 (the "'371 patent") asserted in this civil action against ACC by Honeywell International, Inc. ("HI") and Honeywell Intellectual Properties, Inc. ("HIPI") (collectively, "Honeywell").

## The Parties

2. ACC is a corporation organized and existing under the laws of the State of Delaware having a place of business in Hauppauge, New York.

3. On information and belief, Toshiba is an alien corporation having a place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, Japan.

4. On information and belief, Curitel is an alien corporation having a place of business at Peungwha Seocho Bldg. 1451-34, Seocho-dong, Seocho-gu, Seoul 137-070, Korea.

5. On information and belief, HTC is an alien corporation having a place of business at 23 Hsin Hua Road, Taoyuan, Taiwan, R.O.C.

6. On information and belief, Wistron is an alien corporation having a place of business at 21F, 88, Sec 1, Hsin Wu, Hsichi, Taipei Hsein 221, Taiwan, R.O.C.

## Jurisdiction and Venue

7. Honeywell brought this civil action No. C.A. 04-1337-KAJ against ACC asserting liability for infringing the '371 patent, which liability has been denied by ACC.

8. This action arises under the patent laws and involves a common nucleus of operative facts and/or the same transaction and occurrence as the claim asserted by Honeywell against ACC. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338 and 1367.

9. Toshiba conducts business in Delaware and has introduced the products accused by Honeywell to infringe the '371 patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Delaware. Venue is proper under 28 U.S.C. § 1391.

10. Curitel conducts business in Delaware and has introduced the products accused by Honeywell to infringe the '371 patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Delaware. Venue is proper under 28 U.S.C. § 1391.

11. HTC conducts business in Delaware and has introduced the products accused by Honeywell to infringe the '371 patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Delaware. Venue is proper under 28 U.S.C. § 1391.

12. Wistron conducts business in Delaware and has introduced the products accused by Honeywell to infringe the '371 patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Delaware. Venue is proper under 28 U.S.C. § 1391.

## COUNT I – BREACH OF WARRANTY OF TITLE AND NON-INFRINGEMENT

13. The allegations of paragraphs 1-12 are repeated herein.

14. Toshiba, Curitel, HTC and Wistron sold to ACC all of the products sold by ACC accused by Honeywell of infringing the '371 patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-312 that provides that New York law shall apply.

15. Toshiba, Curitel, HTC and Wistron are merchants regularly dealing in goods of the kind of the products accused by Honeywell to infringe the '371 patent within the meaning of N.Y. U.C.C. Law § 2-312.

16. Toshiba, Curitel, HTC and Wistron have warranted to ACC that the products sold to ACC would be free of any claim of patent infringement.

17. While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba, Curitel, HTC and Wistron have breached their warranty of title and freedom from a claim of patent infringement.

### COUNT II - BREACH OF WARRANTY OF MERCHANTABILITY

18. The allegations of paragraphs 1-17 are repeated herein.

19. Toshiba, Curitel, HTC and Wistron sold to ACC all of the products sold by ACC accused by Honeywell of infringing the '371 patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-314 that provides that New York law shall apply.

20. Toshiba, Curitel, HTC and Wistron are merchants regularly dealing in goods of the kind of the products accused by Honeywell to infringe the '371 patent within the meaning of N.Y. U.C.C. Law § 2-314.

21. Toshiba, Curitel, HTC and Wistron have warranted to ACC that the products sold to ACC would be delivered in a merchantable condition.

22. While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba, Curitel, HTC and Wistron have breached their warranty of merchantability.

## COUNT III - BREACH OF WARRANTY
## OF FITNESS FOR PARTICULAR PURPOSE

23.   The allegations of paragraphs 1-22 are repeated herein.

24.   Toshiba, Curitel, HTC and Wistron sold to ACC all of the products sold by ACC accused by Honeywell of infringing the '371 patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-315 that provides, *inter alia*, that New York law shall apply.  Toshiba, Curitel, HTC and Wistron are sellers and ACC is a buyer within the meaning of N.Y. U.C.C. Law § 2-315.

25.   At the time of the sale of the accused products to ACC, Toshiba, Curitel, HTC and Wistron had reason to know, and knew, the particular purpose for which ACC purchased the accused products.

26.   At the time of the sale of the accused products to ACC, Toshiba, Curitel, HTC and Wistron warranted to ACC that the products sold to ACC would be delivered fit for the particular purpose for which purchased by ACC

27.    While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba, Curitel, HTC and Wistron have breached their warranty of fitness for a particular purpose.

## COUNT IV - INDEMNITY

28. The allegations of paragraphs 1-27 are repeated herein.

29. Toshiba, Curitel, HTC and Wistron sold to ACC all of the products sold by ACC accused by Honeywell of infringing the Patent.

30. At all relevant times, Toshiba, Curitel, HTC and Wistron are and have been obligated to indemnify and save harmless ACC from and against all claims of patent infringement.

31. While ACC has denied and does deny that it has infringed the '371 patent and/or that it is in any way liable to Honeywell, Toshiba, Curitel, HTC and Wistron have breached their obligation to defend and save harmless.

## PRAYER FOR RELIEF

**WHEREFORE**, ACC prays that this Court enter a judgment in favor of ACC and against Toshiba, Curitel, HTC and Wistron as to all of the accused products sold by them to ACC:

- A. declaring that they have breached their warranty of title and against infringement;

- B. declaring that they have breached their warranty of merchantability;

- C. declaring that they have breached their warranty of fitness for a particular purpose;

- D. declaring that Toshiba, Curitel, HTC and Wistron are liable to ACC to indemnify and save ACC harmless from and against any claims or demands of Honeywell arising from infringement of the '371 patent.

E. awarding to ACC its attorney fees and costs incurred in defending against and counterclaiming against Honeywell in the action for patent infringement;

F. awarding to ACC its attorney fees and costs incurred in bringing and prosecuting this third-party action;

G. awarding to ACC all sums that may be adjudicated against ACC in favor of Honeywell in the action for patent infringement, including without limitation, any interest thereon; and

H. awarding ACC such other and further relief as this Court may deem proper.

DATED:  May 12, 2005                         **DUANE MORRIS LLP**

/s/ John L. Reed
John L. Reed (Del. I.D. No. 3023)
Matt Neiderman (Del. I.D. No. 4018)
1100 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel:    302.657.4900
Fax:    302.657.4901
E-Mail:  jlreed@duanemorris.com
             mneiderman@duanemorris.com

**OF COUNSEL:**

D. Joseph English
L. Lawton Rogers
**DUANE MORRIS LLP**
1667 K Street, N.W., Suite 700
Washington, DC 20006
Tel:    202.776.7800
Fax:    202.776.7801
E-Mail:  djenglish@duanemorris.com
             llrogers@duanemorris.com

Attorneys for Defendant
Audiovox Communications Corp.