IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 04-1337-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORPORATION, NIKON CORPORATION, NIKON, INC., NOKIA CORPORATION; NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA CORPORATION, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1338-KAJ |
| | ) | |
| APPLE COMPUTER, INC.; ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

AMERICA, INC.; PENTAX CORPORATION;        )
PENTAX U.S.A., INC.; SONY CORPORATION;    )
SONY CORPORATION OF AMERICA; SONY         )
ERICSSON MOBILE COMMUNICATIONS AB;        )
SONY ERICSSON MOBILE                      )
COMMUNICATIONS (USA) INC.; TOSHIBA        )
CORPORATION; and TOSHIBA AMERICA,         )
INC.,                                     )
                                          )
            Defendants.                   )
                                          )
_____   )
                                          )
OPTREX AMERICA, INC.,                     )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )    Civil Action No. 04-1536-KAJ
                                          )
HONEYWELL INTERNATIONAL INC., and         )
HONEYWELL INTELLECTUAL PROPERTIES         )
INC.,                                     )
                                          )
            Defendants.                   )

## MEMORANDUM ORDER

**Introduction & Background**

In these three actions, Honeywell International Inc., a Delaware corporation, and

Honeywell Intellectual Properties Inc., an Arizona corporation, (collectively "Honeywell")

have asserted that their rights under U.S. Patent No. 5,280,371, issued January 18,

1994, (the "'371 patent) have been infringed.  The '371 patent claims a liquid crystal

display ("LCD") apparatus said to provide enhanced brightness and clarity when

compared with prior art LCDs.  (*See* '371 patent, attached to C.A. No. 04-1338-KAJ

Docket Item ["D.I."] 1 at Ex. 1, col. 1 lines 48-61; col. 6, lines 1-42.)  In Civil Action No.

04-1337-KAJ, Honeywell asserts the '371 patent against 8 defendants.  (C.A. No. 04-

2

1337-KAJ D.I. 39.) In Civil Action No. 04-1338-KAJ, it asserts the same patent against another 27 defendants.[1] In Civil Action No. 04-1536-KAJ, Optrex America, Inc., a New York corporation, ("Optrex") has sued for a declaratory judgment that it does not infringe Honeywell's rights under the '371 patent and that the patent is invalid. (C.A.No. 04-1536-KAJ D.I. 1.)

Pending before me are several motions bearing on the management of these cases.[2] Honeywell seeks consolidation of the actions. (C.A. No. 04-1338-KAJ D.I. 134; C.A. No. 04-1536-KAJ D.I. 14) A third party, Seiko Epson Corporation, a Japanese company, ("Seiko Epson") seeks to intervene because it is the original manufacturer of LCDs said to be the infringing component in some of the defendants' consumer electronics. (See C.A No. 04-1337-KAJ D.I. 50; C.A. No. 04-1338-KAJ D.I. 136 at 7-9); Optrex, another seller of allegedly infringing LCDs to defendants in the suits filed by Honeywell, seeks to have its case tried first.[3] (C.A. No. 04-1536-KAJ D.I. 23.) And several of the defendants in the actions brought by Honeywell have filed motions to

---

[1]Honeywell chose to file two separate suits simultaneously because a conflict of interest of one of its law firms prevented that firm from representing Honeywell against certain of the defendants, but it now seeks consolidation of the actions. (See C.A. No. 04-1338-KAJ D.I. 135 at n. 1.)

[2]A chart listing the motions filed by the parties is appended.

[3]Federal Rule of Civil Procedure 7(b)(1) provides in pertinent part that, "[a]n application to the court for an order shall be by motion ... ." It is the custom and expectation of this court that, unless otherwise ordered by the court, an application like Optrex's should be made by way of formal motion. That expectation was not met in this instance. Failure to abide by Rule 7 necessarily brought with it a failure to abide by Local Rule 7.1.1, respecting the certification of counsel required with all non-dispositive motions. Solely because Optrex's request, which came by way of a letter, can be readily disposed of in light of my rulings on the motions properly made, I have considered it and address it herein.

3

stay the litigation against them while Honeywell first tries its infringement claims against the manufacturers of the LCDs. (*See, e.g.,* C.A. No. 04-1337-KAJ D.I. 60, 63, 101, and 112; C.A. No. 04-1338-KAJ D.I. 95, 158, 161, 181, and 189.)

On May 16, 2005, I held a consolidated pretrial conference in these cases pursuant to Federal Rule of Civil Procedure 16. At that time, I heard argument on the various motions and issued preliminary rulings. This Order confirms those rulings and provides a further explication for them. For the reasons stated herein, as well as those stated in open court at the Rule 16 conference, Seiko Epson's motion to intervene is granted, Honeywell's motion to consolidate is granted in part, Optrex's request is granted to the extent stated herein, and the motions to stay submitted by defendants in the Honeywell-filed cases are granted. In short, Honeywell will be required to litigate its infringement claims in the first instance against the manufacturers of the accused LCDs, not against the many customers of those manufacturers who incorporate the LCDs into their consumer electronics.

**Standard of Review**

Motions to intervene are entrusted to the discretion of the court. *See Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir.1998) ("We will reverse a district court's determination on a motion to intervene as of right if the court has abused its discretion by applying an improper legal standard or reaching a conclusion we are confident is incorrect.") Intervention as of right is governed by Federal Rule of Civil Procedure 24(a), which states in relevant part, "[u]pon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the

4

property or transaction which is the subject of the action and the applicant is so situated

that the disposition of the action may as a practical matter impair or impede the

applicant's ability to protect that interest, unless the applicant's interest is adequately

represented by existing parties." That rule has been interpreted

> to require proof of four elements from the applicant seeking intervention
> as of right: first, a timely application for leave to intervene; second, a
> sufficient interest in the litigation; third, a threat that the interest will be
> impaired or affected, as a practical matter, by the disposition of the action;
> and fourth, inadequate representation of the prospective intervenor's
> interest by existing parties to the litigation.

*Kleissler*, 157 F.3d at 969.

A district court also generally has broad discretion when deciding whether to

consolidate or stay proceedings. *See Bechtel Corp. v. Laborers' International Union*,

544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States district court has broad power to

stay proceedings."); *Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969) ("the

trial judge, under Rule 42(a), is given the broad authority to 'make such orders

concerning proceedings therein as may tend to avoid unnecessary costs or delay'").

With respect to consolidation, Federal Rule of Civil Procedure 42(a) provides

that, "[w]hen actions involving a common question of law or fact are pending before the

court, it may order a joint hearing or trial of any or all the matters in issue in the actions;

it may order all the actions consolidated; and it may make such orders concerning

proceedings therein as may tend to avoid unnecessary costs or delay."

The power to stay proceedings "is incidental to the power inherent in every court

to control the disposition of the cases on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Cheyney State College Faculty v. Hufstedler*, 703

5

F.2d 732, 738 (3d cir. 1983) (quotation omitted). When considering a motion to stay, the court considers the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991).

**Discussion**

These cases are the second set of LCD technology cases to come before this court on a grand scale. The first set, in which the lead case is *Commissariat Á L'Energie Atomique v. Samsung, et al.*, C.A. No. 03-484-KAJ (consolidated), involved the plaintiff ("CEA") suing a host of manufacturers, distributors, and retailers of LCDs or products containing them. After sorting through the various motions to stay and to consolidate, I concluded that consolidation of cases against the manufacturer defendants was appropriate because those cases involved common questions of law and fact pertaining to infringement. *See id.*, May 13, 2004 Mem. Order at 5-6. However, I declined to consolidate the cases involving non-manufacturer defendants because no sound reason was given for immediately addressing what could only be the derivative liability of those defendants. *See id.* For that same reason, I stayed the cases against the non-manufacturer defendants, observing, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Id.* at 7 (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

6

I was persuaded then and remain persuaded that large-scale litigation like this requires the business and strategic legal interests of the plaintiff to cede some ground to case management imperatives. It is impracticable to try an infringement case against 40 some defendants or third-party defendants with many different accused devices, and it is unwise to attempt any such thing when liability depends exclusively upon infringement being found as to an LCD component that the defendants do not manufacture and when at least some of the manufacturers of the LCDs are before the court and are willing to stand behind their products in this litigation.[4]   *Cf. Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (noting that the "customer suit exception" to the preference for allowing a first-filed action to proceed first is based on "the manufacturer's presumed greater interest in defending its actions against charges of patent infringement").

Honeywell has been frank to say that it deliberately avoided suing the manufacturers to avoid "the complications faced by this Court in the French government's LCD action, C.A. No. 03-484 [i.e., the *CEA* suit]."  (C.A. No. 04-1338-KAJ D.I. 147 at 3, ¶ 2.)  Honeywell also accurately assesses the several motions to stay and the motion to intervene as an effort by the movants to "recast [Honeywell's lawsuits] as a case against LCD suppliers ... ."  (C.A. No. 04-1338-KAJ D.I. 167 at 5.)  What Honeywell fails to appreciate is that, from the perspective of the host of defendants

---

[4]Optrex and Seiko Epson are before the court already.  Other LCD manufacturers identified as "Curitel, Philips, Wintek, and Samsung SDI" have been named in a third party complaint (*see* C.A. No. 04-1338-KAJ D.I. 167 at 5), and LCD manufacturers identified as "Arima Display, AU Optronics, CPT, Hannstar, Hitachi, Primeview, Quanta Display, Inc., ST-LCD, TM Display, and Tottori Sanyo" have not been named or appeared in any of the cases to date.  (*See id.*)

7

Honeywell has chosen to sue, and in the interest of judicial economy, dealing with the manufacturers first is the fairest and most efficient way to proceed. It is not a complication to be resisted.

Thus, Honeywell's motions to consolidate will be granted because the cases certainly do involve common questions of law and fact which make sense to handle for certain purposes on a consolidated basis. *See* Fed.R.Civ.P. 42(a). Whether a single trial against all the non-manufacturer defendants makes sense is a question for another day. For now it is sufficient to order that trial and pretrial activities with respect to the dispute between Honeywell and those manufacturer defendants presently before the court will be handled on a consolidated basis. Any pretrial activities with respect to Honeywell's claims against the non-manufacturer defendants will also be handled, for the time being, on a consolidated basis. It is likely that the claims against and by the manufacturer defendants will later be separated out for pretrial proceedings as well as a separate trial. As further noted herein, however, there will be some discovery permitted of the non-manufacturer defendants, so all will remain in the case for the time being.

The motion to intervene filed by Seiko Epson will also be granted, because it puts a willing manufacturer defendant in the forefront of litigation aimed squarely at its product. Seiko Epson correctly claims that it has met the test for intervention as of right under Rule 24(a). Its motion is timely; discovery has not even begun in the case and case management issues are only now being addressed. It has a sufficient interest in the litigation; indeed, as a manufacturer of the product component which is at the heart of these cases, it has a compelling interest. It can rightly claim that its interests will be impaired or affected, as a practical matter, by the disposition of the action, unless it is

8

involved in the case directly and able to make its positions known. Finally, because it is uniquely situated to understand and defend its own product, its interests are not adequately represented by existing parties to the litigation.

For evidently similar reasons, Optrex has taken affirmative steps to insert itself in this litigation and to have the opportunity to have the dispute over its LCDs heard before the suits against the non-manufacturer defendants are permitted to go forward. As stated at the May 16 conference, I agree that the dispute between Honeywell and the manufacturers should go forward first. To that extent, Optrex's request to proceed with its claims on a priority basis will be granted.

As to the several motions to stay, they too are granted to the extent stated in open court. The non-manufacturer defendants will not be given a complete and immediate stay of all proceedings involving them, because I will permit Honeywell certain limited discovery to learn who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products.[5] I will otherwise stay the litigation against the non-manufacturer defendants, however, since a stay would not unduly prejudice Honeywell, it will vastly simplify the issues and trial of the case against the manufacturer defendants, and it comes at time when discovery has not even begun and no trial date has been set. *See United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (setting forth test for propriety of a stay). At the

---

[5]At the case management conference, I granted a defense request that Honeywell be required to identify the products it is accusing of infringement. To date, it has only stated that "[a]t least some of the LCD screen-containing products manufactured, imported, offered for sale, and/or sold by [the named defendants] infringe the '371 patent literally and/or under the doctrine of equivalents ... ." (C.A. No. 04-1338-KAJ D.I. 1 at ¶ 53.)

9

appropriate time, a separation of the suits against the manufacturer and non-manufacturer defendants may well be warranted, for ease of case administration.

At the close of the case management conference, I instructed the parties to confer and provide me with proposed language respecting permissible discovery activities directed at the non-manufacturer defendants during the stay. A further and separate order will be entered following the parties' filing or filings in that regard.

**Conclusion**

For the reasons stated in open court on May 16, 2005 and herein, it is hereby ORDERED that

(1)    Honeywell's motions to consolidate (C.A. No. 04-1338-KAJ D.I. 134; C.A. No. 04-1536-KAJ D.I. 14) are GRANTED to the extent that Civil Action Nos. 04-1337-KAJ, 04-1338-KAJ and 04-1536-KAJ are consolidated for the present for all purposes, with a consolidated case caption to be suggested by the parties by June 17, 2005;

(2)    Seiko Epson's motions to intervene (C.A. No. 04-1337-KAJ D.I. 50 and C.A. No. 04-1338-KAJ D.I. 136) are GRANTED;

(3)    Optrex's request to proceed with its dispute in advance of Honeywell being permitted to proceed with its litigation against the non-manufacturer defendants (C.A. No. 04-1536-KAJ D.I. 23) is GRANTED to the extent described herein; and

(4)    the several motions to stay (C.A. No. 04-1337-KAJ D.I. 60, 63, 101 and 112; C.A. No. 04-1338 D.I. 95, 158, 161, 181 and 189) are GRANTED to the extent

10

described herein, with a further order regarding the stay to be proposed by the parties

no later than June 17, 2005.

UNITED STATES DISTRICT JUDGE

May 18, 2005
Wilmington, Delaware