# EXHIBIT B



**Potter
Anderson
& Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

May 25, 2005

**VIA HAND DELIVERY**

Matthew L. Woods
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

> Re:  **Honeywell International, Inc., et al. v.
> Audiovox Communications Corp., et al, C.A. No. 04-1337-KAJ; and
> Honeywell International, Inc., et al. v.
> Apple Computer, Inc., et al., C.A. No. 04-1338-KAJ**

Dear Matt:

This letter is written on behalf of all defendants in response to your May 18, 2005 letter to all counsel. As an initial matter, the Court's Order makes clear that Honeywell is permitted to conduct only limited discovery "to learn who the suppliers of LCDs are for the various devices that Honeywell *must now* specifically identify as accused products." Order at p.9. Your letter ignores the clear order of events set forth in the Court's Order – that is, Honeywell must first specifically identify the specific accused products within the broad product categories listed for each of the defendants, and thereafter the defendants must identify their suppliers for those specifically named accused products. The Court also made clear that all other discovery is stayed for now, while the Court determines the proper parties for the initial supplier litigation.

Accordingly, we believe that the following protocol should be included in the proposal to the Court due June 17:

1) Honeywell specifically identifies the accused products for each defendant by **July 1, 2005.**

2) The defendants identify the LCD suppliers for those accused products by **August 1, 2005.**

3) Honeywell has until **September 1, 2005** to amend its pleadings to name additional LCD supplier defendants to the suit.

Matthew L. Woods
May 25, 2005
Page 2


        Second, your letter requests information and concessions that were not discussed at the
conference of May 16 or mentioned in the Court's subsequent Order, including LCD model
numbers for all "accused products," as broadly defined in Honeywell's discovery requests
(which have been stayed), information concerning indemnification agreements between end
product manufacturers and LCD suppliers, and "what steps the Named Defendants will
undertake to implead their module suppliers." These issues are not properly addressed at this
time in view of the Court's Order. And nowhere during the conference nor in the Court's Order
did the Court state that the defendants are bound by any judgment that may ultimately be entered
against LCD suppliers. Indeed, Honeywell's suggestion that non-manufacturers be bound by the
result of the litigation against manufacturers is belied by Judge Jordan's Order, which envisions
that separate suits against manufacturer and non-manufacturer defendants may be warranted for
ease of case administration (Order at pp. 9-10). The Order is consistent with Judge Jordan's
comments at the hearing that there may be separate litigation against non-manufacturers later if
all manufacturers are not joined in the first suit (transcript at pp. 37:22-38:5 & 45:15-21). The
defendants thus reserve all of their rights as provided under law.

        Finally, we believe that you are mistaken in your comments regarding the status of the
alleged "hybrid" defendants. First, until Honeywell specifically identifies the accused products
at issue in the case, it is not at all clear which defendants are, in fact, hybrid defendants for
purposes of Honeywell's actions. Second, we do not agree that the stay does not apply to the
entities you've labeled as hybrid defendants. As discussed above, Judge Jordan stayed all
discovery served by Honeywell. Judge Jordan also stated both at the conference and in his Order
that it is impracticable to try a single case against a large number of defendants, and given
Honeywell's broad infringement allegations, it is not at all clear at this time which defendants are
properly included among the LCD manufacturers that should proceed first. Indeed, the purpose
of the initial, limited discovery ordered by the Court is to determine the proper set of defendants
for the initial action, once Honeywell has identified all the specific products at issue.

        We look forward to hearing from you.

                                        Very truly yours,

                                        Richard L. Horwitz

683804

cc:    Defense Counsel
       Thomas Grimm
       Steven Balick

# EXHIBIT C

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

November 30, 2004

*VIA FACSIMILE AND U.S. MAIL*

Mr. Brad Lyerla
Marshall Gerstein & Borun LLP
Sears Tower, 63rd Floor
Chicago, IL  60606

> Re:   *Honeywell v. Apple, et al*
>        Our File No. 019896-0229

Dear Brad:

Pursuant to your request, Honeywell has confirmed that the following Navman products infringe the '371 patent:

Navman PiN Pocket PC
Navman iCN510 Pocket PC

As I explained in our discussion yesterday, this is by no means a comprehensive list of Navman's infringing products.  Honeywell's infringement assertion against Navman relates to all products manufactured by Navman which contain LCD modules which practice the claimed invention.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*ST Obrts*

Stacie E. Oberts

SEO:jw

cc:  Matthew L. Woods

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Stacie E. Oberts
(612) 349-8235

December 3, 2004

***VIA FACSIMILE AND U.S. MAIL***

Mr. Steven J. Rizzi
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Re:    *Honeywell Inc. v. Apple Computer, Inc. et al*
       Civil Action No. 04-1338
       Our File No.: 019896-0229

Dear Mr. Rizzi:

I write in response to your letter of December 1 to Martin R. Lueck regarding the above referenced action.

Pursuant to your request, Honeywell has confirmed that the following products that are manufactured and sold by Matsushita Electric Industrial Co., Ltd. and Matsushita Electric Corporation of America (collectively "Matsushita") infringe the '371 patent:

        G51M
        X70
        Toughbook Y2

This list is by no means a comprehensive list of Matsushita's infringing products. Honeywell's infringement assertion against Matsushita relates to all products manufactured and sold by Matsushita which contain LCD modules which practice the claimed invention. Information regarding additional Matsushita products that infringe the '371 patent will be identified during the discovery phase of this litigation.

20115897.1

Steven J. Rizzi
December 3, 2004
Page 2

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

cc: Matthew L. Woods

20115897.1

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

December 6, 2004

*VIA FACSIMILE and U.S. MAIL*

Mr. Barry W. Graham
Finnegan Henderson Farabow
Garrett & Dunner LLP
1300 I Street NW
Washington, DC 20005-3315

Re:     *Honeywell Inc. v. Apple Computer, Inc. et al*
        Our File No.:  019896-0229

Dear Mr. Graham:

I write in response to your letter to Martin Lueck dated November 30, 2004.

We disagree with your assertion that Honeywell's First Amended Complaint is vague and ambiguous with respect to the allegations of Nikon Corp.'s and Nikon Inc.'s infringement of the '371 patent. Nevertheless, in the spirit of cooperation, we are willing to identify the following Nikon products that Honeywell has already confirmed infringes at least claim 3 of the '371 patent: Coolpix 2100 and Coolpix 3100.

This is by no means intended to be a comprehensive list of Nikon's infringing products. Honeywell's infringement assertion against Nikon extends to all products manufactured or sold by Nikon Corp. and Nikon Inc. that practice the claimed invention. Information regarding additional Nikon products that infringe the '371 patent will be identified during the discovery phase of this litigation.

You also have requested an identification of the claim or claims of the '371 patent which Honeywell is asserting against Nikon's products. As Honeywell stated in its First Amended Complaint, Nikon's products infringe one or more of the claims of the '371 patent. There is no requirement that Honeywell limit the claims it is asserting at this state of the litigation.

Barry W. Graham
December 6, 2004
Page 2

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

cc:  Matthew L. Woods

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

December 9, 2004

***VIA FACSIMILE and U.S. MAIL***

Mr. James M. Olsen
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899

Re:     *Honeywell Inc. v. Apple Computer, Inc. et al*
        Our File No.: 019896-0229

Dear Mr. Olsen:

I write in response to your letter to Martin R. Lueck regarding the above-referenced action.

Pursuant to your request, Honeywell is willing to identify the following Sony Ericsson products that Honeywell has already confirmed infringes the '371 patent: Z200.

This is by no means intended to be a comprehensive list of Sony Ericsson's infringing products. Honeywell's infringement assertion against Sony Ericsson extends to all products manufactured or sold by Sony Ericsson that practice the claimed invention. Information regarding additional Sony Ericsson products will be identified during the discovery phase of this litigation.

20116857.1

Mr. James M. Olsen
December 9, 2004
Page 2

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

cc: Matthew L. Woods

20116857.1

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

STACIE E. OBERTS
(612) 349-8235

December 9, 2004

***VIA FACSIMILE and U.S. MAIL***

Ms. Avelyn Marie Ross
Vinson & Elkins L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

Re:     *Honeywell Inc. v. Apple Computer, Inc. et al*
        Our File No.: 019896-0229

Dear Ms. Ross:

I write in response to your letter to Martin R. Lueck regarding the above-referenced action.

Pursuant to your request, Honeywell is willing to identify the following Dell products that Honeywell has already confirmed infringe the '371 patent: Inspiron 8600, Inspiron I8000 PP01, Inspiron 600M, and Inspiron 700M. These products contain LCD modules from the following manufacturers: Sharp, Quanta Display, and AU.

This is by no means intended to be a comprehensive list of Dell's infringing products. Honeywell's infringement assertion against Dell extends to all products manufactured or sold by Dell that practice the claimed invention. Information regarding additional Dell products will be identified during the discovery phase of this litigation.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw
c: Matthew L. Woods

20116857.1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

**ATTORNEYS AT LAW**

STACIE E. OBERTS
(612) 349-8235

December 20, 2004

*VIA FACSIMILE AND U.S. MAIL*

Mr. Andrew R. Kopsidas
*Fish & Richardson P.C.*
1425 K Street, N.W.
11th Floor
Washington, DC 20005

Re:  *Honeywell Inc. v. Audiovox Corp.*
Civil Action No. 04-1338
Our File No.: 019896-0229

Dear Mr. Kopsidas:

I write in response to your letter of December 16 to Martin R. Lueck regarding the above referenced action.

Pursuant to your request, Honeywell has confirmed that the following products that are manufactured and sold by Nokia Corporation and Nokia Inc. (collectively "Nokia") infringe the '371 patent:

3650
3600
3620
3660
NGage QD
6600
6620
NGAGE

20117941.1

Andrew R. Kopsidas
December 20, 2004
Page 2

This list is by no means a comprehensive list of Nokia's infringing products. Honeywell's infringement assertion against Nokia relates to all products manufactured and sold by Nokia which contain LCD modules which practice the claimed invention. Information regarding additional Nokia products that infringe the '371 patent will be identified during the discovery phase of this litigation.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

cc: Matthew L. Woods

FROM MNA&T/302-658-3989                    (WED) 1. 5'05 10:19/ST. 10:18/NO. 4261916215 P  2

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS C. GRIMM
302 575 7273
302 425 4661 FAX
tgrimm@mnat.com

January 5, 2005

**BY FACSIMILE**

Matthew W. Siegal, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Re:    Honeywell International Inc., et al. v. Apple
Computer Inc., et al., C.A. No. 04-1338-KAJ

Dear Matt:

In response to your two issues raised yesterday and to confirm the voicemail I left for you yesterday afternoon:

(1) Honeywell is willing to provide Fuji with an identification of the Fuji products that Honeywell believes infringe based upon Honeywell's investigation to date. Further investigation may reveal other infringing Fuji products.

(2) Without knowing what basis Fuji believes exists for a change in venue, Honeywell cannot agree not to oppose a motion to transfer should Fuji decide to file one.

Sincerely yours,

Thomas C. Grimm

TCG
cc:    Denise S. Rahne, Esquire (by facsimile)

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

January 5, 2005

***VIA FACSIMILE AND U.S. MAIL***

Ms. Mamoni Bhattacharyya
*Weil, Gotshal & Manges LLP*
767 Fifth Avenue
New York, NY 10153-0119

    Re:   *Honeywell Inc. v. Apple Computer, Inc. et al.*
          Civil Action No. 04-1338
          Our File No.: 019896-0229

Dear Ms. Bhattacharyya:

    I write in response to your letter of December 21, 2004 regarding the above-referenced action.

    First, I want to reiterate that the specific MEI and MECA products that were identified in my letter of December 3 are not the only products that are accused of infringing the '371 patent. As I already stated, all products manufactured and/or sold by MEI and MECA that practice the claimed invention are accused products.

    As to your request for additional information regarding Honeywell's infringement allegations, there is no basis for Honeywell to provide a specific identification of how the products satisfy the claims of the '371 patent at this time.

20118597.1

Ms. Mamoni Bhattacharyya
January 5, 2005
Page 2

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

cc: Matthew L. Woods

20118597.1

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

May 2, 2005

*VIA FACSIMILE AND U.S. MAIL*

Mr. Paul A. Bradley
McCarter & English, LLP
919 N. Market Street
P.O. Box 111
Wilmington, DE 19899

Re:   *Honeywell Inc. v. Audiovox Corp. et al.*
      Civil Action No. 04-1338
      Our File No.: 019896-0229

Dear Mr. Bradley:

I write in response to your email of April 23 regarding the above-referenced action.

Pursuant to your request, Honeywell has confirmed that the following product that is manufactured by Audiovox Electronics Corporation infringes the '371 patent:

- DVD player, model no. D1210

This is by no means a comprehensive list of AEC's infringing products. Honeywell's infringement assertion against AEC relates to all products manufactured and sold by AEC which contain LCD modules which practice the claimed invention. Information regarding additional AEC products that infringe the '371 patent will be identified during the discovery phase of this litigation.

Our investigation has revealed that the model identified above contains a Sharp LCD module. Honeywell just recently entered into a licensing agreement with Sharp, and accordingly any devices using that module are now licensed. Regardless, Honeywell has information that AEC obtains LCD modules from other unlicensed suppliers and incorporates them into products sold by AEC. Please give me a call at your convenience so that we can discuss how to proceed.

20133211.1

Mr. Paul A. Bradley
May 2, 2005
Page 2

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

20133211.1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

May 2, 2004

Mr. Robert J. Benson
Hogan & Hartson LLP
500 South Grand Avenue, Suite 1900
Los Angeles, CA 90071

Re:   Honeywell International, Inc. v. Apple Computer, Inc., et al
      Our File No. 019896.0229

Dear Mr. Benson:

I write in response to your voicemail to Tom Grimm regarding the above-referenced action.

Pursuant to your request, Honeywell has confirmed that the following accused products contain LCD modules that are manufactured and sold by Seiko Epson which infringe the '371 patent:

- Kodak digital still camera, model no. DX 4530 (LCD model no. 2F0145P00)
- Kyocera cell phone, model no. 7135 (LCD model No. CV90-1216-01)
- Nokia cell phone, model no. 3650 (LCD model no. L2F50011 S5)
- Nokia cell phone, model no. 3600 (LCD Model no. L2F50011)
- Nokia cell phone, model no. 3620 (LCD model no. L2F50011)
- Nokia cell phone, model no. 3660 (LCD model no. L2F50011)

This list is by no means a comprehensive list of Seiko Epson's infringing LCD modules. Honeywell's infringement assertions relate to all products manufactured and sold by the named defendants which contain any Seiko Epson LCD modules which practice the claimed invention. Information regarding additional LCD modules that infringe the '371 patent will be identified during the discovery phase of this litigation.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

20133224.1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**STACIE E. OBERTS**
(612) 349-8235

May 2, 2005

Mr. Robert J. Benson
Hogan & Hartson LLP
500 South Grand Avenue, Suite 1900
Los Angeles, CA 90071

Re:   Honeywell International, Inc. v. Apple Computer, Inc., et al
      Our File No. 019896.0229

Dear Mr. Benson:

I write in response to your voicemail to Tom Grimm in the above-referenced matter.

Pursuant to your request, Honeywell has confirmed that the following products that are manufactured and sold by Kyocera infringe the '371 patent:

- Kyocera 7135
- KX 414
- SE47
- SL300R

This list is by no means a comprehensive list of Kyocera's infringing products. Honeywell's infringement assertion against Kyocera relates to all products manufactured and sold by Kyocera which contain LCD modules which practice the claimed invention. Information regarding additional Kyocera products that infringe the '371 patent will be identified during the discovery phase of this litigation.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

20131167.1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

May 6, 2005

*VIA FACSIMILE AND U.S. MAIL*

Mr. Nelson M. Kee
Howrey LLP
1299 Pennsylvania Avenue NW
Washington DC 20004-2401

Re:     Optrex America Inc. v. Honeywell
        Our File No. 019896-0229

Dear Kee:

As we discussed in our telephone conversation yesterday, enclosed please find correspondence which we provided to both Kyocera and Nokia regarding Honeywell's infringement allegations. As stated in those letters, this is not a comprehensive list of infringing products which are sold by Kyocera and Nokia. Honeywell reserves the right to identify additional infringing products sold by Kyocera and Nokia during the discovery phase of this litigation.

As we also discussed, Philips has filed a cross claim, alleging that LCD modules which it sells to Kyocera and Nokia do not infringe the '371 patent. To facilitate our investigation for purposes of responding to Philips' cross claim, please specify those LCD modules by description and model number which Philips provides to Kyocera and Nokia. We would also appreciate if Philips would provide samples of those LCD modules or documentation, including specifications, schematics and drawings regarding the modules as soon as possible. I understand that you must confer with your client in this regard, and that you will get back to me sometime next week.

Thank you in advance for your cooperation in this matter.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

Word 20134195.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

STACIE E. OBERTS
(612) 349-8235

May 2, 2005

Mr. Robert J. Benson
Hogan & Hartson LLP
500 South Grand Avenue, Suite 1900
Los Angeles, CA  90071

> Re:     Honeywell International, Inc. v. Apple Computer, Inc., et al
>         Our File No. 019896.0229

Dear Mr. Benson:

I write in response to your voicemail to Tom Grimm in the above-referenced matter.

Pursuant to your request, Honeywell has confirmed that the following products that are manufactured and sold by Kyocera infringe the '371 patent:

- Kyocera 7135
- KX 414
- SE47
- SL300R

This list is by no means a comprehensive list of Kyocera's infringing products. Honeywell's infringement assertion against Kyocera relates to all products manufactured and sold by Kyocera which contain LCD modules which practice the claimed invention. Information regarding additional Kyocera products that infringe the '371 patent will be identified during the discovery phase of this litigation.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stacie E. Oberts

SEO:jw

20131167.1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

**ATTORNEYS AT LAW**

STACIE E. OBERTS
(612) 349-8235

December 20, 2004

*VIA FACSIMILE AND U.S. MAIL*

Mr. Andrew R. Kopsidas
*Fish & Richardson P.C.*
1425 K Street, N.W.
11th Floor
Washington, DC 20005

Re:    *Honeywell Inc. v. Audiovox Corp.*
       Civil Action No. 04-1338
       Our File No.: 019896-0229

Dear Mr. Kopsidas:

    I write in response to your letter of December 16 to Martin R. Lueck regarding the above referenced action.

    Pursuant to your request, Honeywell has confirmed that the following products that are manufactured and sold by Nokia Corporation and Nokia Inc. (collectively "Nokia") infringe the '371 patent:

        3650
        3600
        3620
        3660
        NGage QD
        6600
        6620
        NGAGE

20117941.1

TLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Andrew R. Kopsidas
December 20, 2004
Page 2

      This list is by no means a comprehensive list of Nokia's infringing products. Honeywell's infringement assertion against Nokia relates to all products manufactured and sold by Nokia which contain LCD modules which practice the claimed invention. Information regarding additional Nokia products that infringe the '371 patent will be identified during the discovery phase of this litigation.

      Very truly yours,

      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

      Stacie E. Oberts

SEO:jw

cc: Matthew L. Woods

20117941.1