McCarter & English, LLP
Suite 1800
919 N. Market Street
P.O. Box 111
Wilmington, DE 19899
tel 302.984.6300
fax 302.984.6399
www.mccarter.com

Paul A. Bradley

Partner
302.984.6333
Fax 302.984.6399
pbradley@mccarter.com



**McCARTER
ENGLISH**
ATTORNEYS AT LAW

June 6, 2005

**VIA ELECTRONIC FILING & HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Lock Box 10
Wilmington, DE  19801

      Re:    **Honeywell International, Inc., et al. v. Audiovox Corporation, et al.
              C.A. No. 04-1337**

Dear Judge Jordan:

      We write on behalf of Audiovox Electronics Corp. ("AEC"), as well as on behalf of Audiovox Communications Corp. ("ACC") which is represented by Duane Morris LLP. AEC and ACC believe a response to Honeywell's June 1, 2005 letter to the Court is warranted because the letter contains misstatements of fact and intent.

      Honeywell could have, and should have, sued the manufacturers of LCDs that Honeywell believed infringed its LCD patent. To the extent that Honeywell professes not to know the identity of those manufacturers, the solution is eminently simple, i.e., Honeywell identifies a device that it believes infringes, the seller of that device identifies the supplier of such device, and Honeywell amends its complaint to include the identified supplier. Honeywell's attempt to require the defendants to urge their suppliers to voluntarily join the litigation is contrary to logic and to the procedure outlined by the Court.

      Honeywell was dissatisfied with the Court's Order and has attempted to negotiate its way around the Order. Anticipating failure in its attempt to negotiation an order more to its liking, Honeywell's letter is an utterly transparent attempt to obtain reconsideration by the Court of its Order.

      As is abundantly clear from the following, ACC and AEC have cooperated fully with Honeywell, and Honeywell's bald allegations with respect to the defendants collectively are not based on facts known to Honeywell as to at least some of the defendants.

Audiovox (Honeywell) - Letter to Judge Jordan 6_6_05.DOC

| HARTFORD | STAMFORD | NEW YORK CITY | NEWARK | PHILADELPHIA | WILMINGTON | BALTIMORE |
|---|---|---|---|---|---|---|
| 860.275.6700 | 203.324.1800 | 212.609.6800 | 973.622.4444 | 215.979.3800 | 302.984.6300 | 410.659.8500 |



The Honorable Kent A. Jordan
June 6, 2005
Page 2

**ACC:**   ACC does not make LCDs. ACC does not buy LCDs. ACC does not make devices containing LCDs. ACC purchases devices containing LCDs for resale. ACC has no knowledge as to the construction of, or manufacturer of, the LCDs in the devices that ACC purchases for resale.

Honeywell has recently identified a single device as infringing. ACC has filed a third party complaint against the only entity that supplies that device to ACC. ACC can provide Honeywell with no information not more readily available from ACC's device supplier and/or the unknown manufacturer of the LCDs in such devices.

**AEC:**   AEC does not make LCDs. AEC purchases devices having LCDs for resale but does not specify the LCD to be used in the devices AEC purchases. AEC also purchases a small number of LCDs from LCD manufacturers that AEC has shipped to the manufacturer of a LCD-containing device for inclusion therein. AEC has no knowledge as to the construction of, or manufacturer of, the LCDs in the devices that AEC purchases for resale or the LCDs it purchases for inclusion in a device.

Honeywell has identified only one AEC device as infringing. That device was purchased from Sharp, who has a license from Honeywell. If and when Honeywell identifies other specific devices as infringing, AEC will inform Honeywell of the identity of the supplier(s) of such devices.

Respectfully submitted,

Paul A. Bradley

PAB/ds

cc:   All counsel
      Clerk