# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 575 7273
302 425 4661 Fax
tgrimm@mnat.com

October 4, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
U.S. District Court, District of Delaware
844 N. King Street
Lockbox 10
Wilmington, DE 19801

    Re:    *Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.*
             C.A. 04-1337-KAJ
          *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
             C.A. No. 04-1338-KAJ
          *Optrex America, Inc. v. Honeywell International Inc., et al.*
             C.A. No. 04-1536-KAJ

Dear Judge Jordan:

        Honeywell requests respectfully an in-person conference to discuss the status of this case at the Court's earliest convenience.

        At the September 9, 2005, status conference, we understood Your Honor to direct the parties to work on a "sensible plan" for bringing the LCD module manufacturers into the case. (Tr. at 30). Such a plan was to include having the defendants respond to discovery from Honeywell that "incorporates [Honeywell's] specific allegations of infringement" (Tr. at 31) which Mr. Lueck, Honeywell's counsel, had specifically defined as "an LCD module with a light source and two lens arrays, one of which is misaligned." (Tr. at 31).

        Most (but not all) defendants deny that the Court directed such discovery and have taken a much narrower view of their obligations to develop a sensible, comprehensive plan. As a consequence, in an effort to break the log jam, Honeywell proposed an alternative means of transitioning this case in a letter to all defendants' counsel on September 22, 2005 – the salient new feature of which was that Honeywell would proceed to sue all known LCD module manufacturers without first having the benefit of this discovery. Defendants requested, and Honeywell did not object to, an extra week to file defendants' status report (due September 23) so that defendants would have sufficient time to formulate a response to Honeywell's alternative

The Honorable Kent A. Jordan
October 4, 2005
Page 2

proposal. Defendants in fact took the extra week and filed their status report with the Court on September 30, but the report does not substantively respond to Honeywell's alternative proposal. Optrex also submitted a separate letter to the Court, which mischaracterizes Honeywell's proposal as it relates to a comprehensive plan that would apply to all parties.

For these reasons, the parties continue to need the assistance of the Court in order to effectively and efficiently transition this case to a case against the LCD suppliers and to implement a stay as to the end product manufacturers. Because of the seriousness of these issues, and the history behind the parties' discussions of them, Honeywell respectfully requests that the Court hold an in-person conference to resolve the open issues.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
cc:    Dr. Peter T. Dalleo, Clerk of the Court (via hand delivery)
       All Counsel of Record (via e-filing)
       Steven J. Balick, Esq. (via e-mail)
       Martin R. Lueck, Esq. (via e-mail)
       Matthew L. Woods, Esq. (via e-mail)

486022