# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**MATTHEW L. WOODS**
(612) 349-8272

December 21, 2005

**Via E-Mail**

TO: ALL COUNSEL OF NEWLY NAMED DEFENDANTS

Re:   Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
      Court File No. C.A. 04-1337-KAJ
      Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
      Court File No. C.A. No. 04-1338-KAJ
      Optrex America, Inc. v. Honeywell International Inc., et al.
      Civil Action No. 04-1536 (KAJ)
      Our File No. 019896.0229

Dear Counsel:

As the deadline for the January 9th progress approaches, I want to summarize the issues Honeywell identified during our teleconference last Thursday, December 15th. This summary is intended to assist you in your collective discussions, especially insofar as there was little engagement on these topics during that conference.

The Court's October 7th Order requires us to "report on progress toward a establishing a schedule for bringing to trial claims against manufacturers." October 7 Order, ¶ 6. It is Honeywell's intent to provide the Court with a report that not merely explains the status of which defendants have waived service, but also identifies those issues which need to be addressed in order to develop an effective and orderly schedule. With that charge in mind, Honeywell raised the following issues at the teleconference:

**Impact of 35 U.S.C. § 271:**

At the outset, there is a threshold issue as to whether any of the defendants dispute that Honeywell's claims can be brought to trial against them because of any territorial limitations of 35 U.S.C. § 271. Honeywell believes this threshold issue must be resolved as soon as possible, in order to avoid wasteful or duplicative proceedings. Depending upon the extent that this becomes an issue, it is Honeywell's view that the "customer" defendants may need to become

TO: ALL COUNSEL OF NEWLY NAMED DEFENDANTS
December 21, 2005
Page 2

more actively involved in this first stage of the case. While Honeywell offered several concepts for addressing the situation, it clearly reserves all its rights until the defendants have weighed in on this issue, something which they were not prepared to do on the 15th.

**Progress of Discovery:**

We discussed a number of issues relating to the progress of discovery. Honeywell's basic position is that, as to any individual defendant, the discovery should not be burdensome. Honeywell's '371 patent is straightforward and, assuming defendants identify all modules using the Accused Structure (and produce documents regarding those modules), depositions could be accomplished under a set hourly approach (e.g., each defendant shall make its witness available for "x" hours of deposition). We envision that discovery of the defendants could proceed along essentially parallel tracks.

More fundamental questions concern coordination of discovery and logistics for depositions, given the number of defendants. For example, and without exclusion, some topics discussed during our teleconference include:

- Whether foreign defendants will make witnesses available in a mutually agreeable geographic location, thereby avoiding the need to resort to U.S. Embassies, which can substantially delay and complicate the taking of depositions?

- Whether defendants will desire to attend depositions of co-defendant competitors, and whether co-defendant competitors will object to such attendance, and the impact this dynamic has on scheduling of depositions?

- Whether the defendants will develop their legal positions and conduct their discovery of Honeywell under the "lead counsel" approach discussed in the Manual for Complex Litigation, so as to avoid duplicative briefing and duplicative discovery demands upon Honeywell?

- Methodology and timing for document production and privilege logs, especially as it may relate to any joint defense privilege asserted by defendants?

- One additional issue not discussed on the 15th is the extent to which parties anticipate needing third party discovery, which could impact the schedule. Honeywell expects this will largely be driven by the contours of any affirmative defenses raised by defendants.

TO:  ALL COUNSEL OF NEWLY NAMED DEFENDANTS
December 21, 2005
Page 3

**Protective Order:**

Honeywell is not an active participant in the market for portable consumer electronics. Although Honeywell agrees that a protective order should be in place, the competitive nature of one defendant *vis a vis* the other defendants will likely drive the details of a protective order. Back in April, we had circulated a draft protective order for defendants' consideration.  As we discussed, we have re-circulated that draft for your renewed consideration.

\* \* \*

If any of the defendants have views on these issues that they wish to communicate prior to January 9th, please forward them as soon as possible.  Given that the defendants have offered no meaningful engagement on these issues at this time, we think it likely that each side will file its own status report with the Court.  Moreover, until there has been a comprehensive exchange of ideas regarding establishing a schedule for bringing Honeywell's claims to trial, Honeywell reserves the right to raise all issues relevant to that subject.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/ms

c:      Thomas G. Grimm, Esq. (via e-mail)
        John G. Day, Esq. (via e-mail)
        Steven J. Balick, Esq. (via e-mail)
        Stacie E. Oberts, Esq. (via e-mail)