

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

December 30, 2005

**VIA FACSIMILE – (612) 339-4181**

Matthew L. Woods, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015

Re:    **Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
       C.A. No. 04-1337-KAJ;
       Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
       C.A. 04-1338-KAJ; and
       Optrex America, Inc. v. Honeywell International Inc., et al.
       Civil Action No. 04-1536-KAJ**

Dear Matt:

I am writing on behalf of a number of defendants/defendant groups[1] in response to your December 21, 2005 letter. As we have previously discussed in writing and during the December 15 conference call, these views are only preliminary, in view of the fact that many defendants have not yet appeared and participated in discussions either with you or with other defendants.

With respect to the issue you characterize as the "impact of 35 U.S.C. § 271," defendants do not believe this is a significant "threshold" issue that must be addressed now, before all parties have responded to the amended complaint. Based on our conversation during the conference call, we understand your question to be whether any LCD manufacturer will contend that all or some of its sales activities are not "within the United States" as required by, e.g., section 271(a). As was discussed during the call, this issue may affect different parties differently, and may vary for different products accused of infringement, so reaching a consensus on this issue is unrealistic, particularly at this early time.

Addressing the other specific issues raised in your December 21 letter, as a general matter foreign defendants will not agree to bring witnesses to the United States for depositions, although they will try to cooperate in setting particular deposition venues where witnesses are

---

[1] AUO, Casio, Citizens Systems America, Fuji, Hitachi, ID Tech, Matsushita, Optrex, Philips, Samsung SDI Co. Ltd. and Samsung SDI America, Inc., Seiko Epson, SEID, Sony Corp.and Wintek.

Matthew L. Woods, Esquire
December 30, 2005
Page 2

located, consistent with legal obligations in those countries. With respect to whether defendants might desire to attend depositions of other defendants, it is too early to tell whether there will be significant interest, but defendants do not think that issue should affect the timing or scheduling of depositions. The primary contact for scheduling depositions should be with counsel for the particular defendant.

Turning to the issue of the "lead counsel" approach, defendants are unwilling to waive any of their individual rights, but as in all multi-defendant cases in this District, defendants are aware that the Court will expect them to coordinate their efforts as appropriate, and to avoid duplicative work where possible.

On document production and privilege logs, defendants are willing to hear your views as to methods and timing of production. However, we do not expect the parties to have to log privileged documents generated after the commencement of this litigation, and we do not believe the resolution of these issues should affect a determination of the overall case schedule.

With respect to third party discovery, defendants are continuing to consider this issue, and note that although it is too early in the case to have a real feel for how much third party discovery may be necessary, defendants do not think third party discovery should be a significant factor is setting an overall case schedule.

Finally, with respect to a protective order, defendants are reviewing the draft protective order that you recently circulated and anticipate providing their comments thereon. Again, however, resolution of an appropriate form of protective order, either by stipulation or order, should not significantly affect the determination of an overall case schedule.

As stated during the December 15 call, we do not share your view that it is unlikely that the parties can submit a joint progress report to the Court on January 9 to "report on progress toward establishing a schedule for bringing to trial claims against manufacturers."[2]  To the contrary, since the Court has requested a progress report and not advocacy papers on how the case should ultimately go forward, we hope that you will reconsider your position. After you review this letter, we hope progress can be made to submit a joint report to the Court, in a way that will foster cooperation among the parties in this early phase and subsequent phases of the litigation.

Very truly yours,

Richard L. Horwitz

712650

---

[2] We would be happy to see an overall case schedule, in the form of a proposed Scheduling Order, if you have a specific proposal in mind at this time.