**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1337-KAJ |
| | ) | |
| AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON INC.; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; and SANYO EPSON IMAGING DEVICES CORPORATION, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SANYO EPSON IMAGING DEVICES' ANSWER**
**TO THE COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Sanyo Epson Imaging Devices ("SEID"), by its undersigned attorneys, hereby responds to the Third Amended Complaint ("Complaint") filed by Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. ("Plaintiffs" or "Honeywell"), with the following Answer, Affirmative Defenses, Counterclaims:

**GENERAL DENIAL**

Unless specifically admitted below, SEID denies each and every allegation contained in the Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

In answer to the separately numbered paragraphs of the Complaint, defendant SEID states the following:

**Nature of the Action**

1.      SEID admits that Plaintiffs have filed a Complaint that alleges willful infringement of a United States patent.  Except as specifically admitted, SEID denies the allegations of paragraph 1 of the Complaint.

**The Parties**

2.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies these allegations.

3.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies these allegations.

4.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis denies these allegations.

5.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis denies these allegations.

6.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies these allegations.

7.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies these allegations.

8.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies these allegations.

9.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies these allegations.

10.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies these allegations.

11.      SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies these allegations.

12.    SEID admits the allegations of paragraph 12 of the Complaint.

## Jurisdiction and Venue

13.    SEID admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

14.    SEID denies the allegations of paragraph 14 of the Complaint, to the extent they may relate to SEID.  SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

15.    SEID admits that venue is proper in this judicial district.  SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.  Except as specifically admitted, SEID denies the allegations of paragraph 15 of the Complaint.

## Background to the Action

16.    SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies these allegations.

17.    SEID admits that a document is attached to the Complaint as Exhibit A which purports to be a copy of United States Patent No. 5,280,371 (the "'371 patent"). Except as specifically admitted, SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies these allegations.

18.    SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies these allegations.

**Acts Giving Rise to the Action**

19.     SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies these allegations.

20.     SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies these allegations.

21.     SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis denies these allegations.

22.     SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies these allegations.

23.     SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies these allegations.

24.     SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies these allegations.

24.     SEID admits that LCD modules manufactured, sold, or offered for sale by SEID have been incorporated into "products which include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems and/or portable navigation aids."  Except as specifically admitted, SEID denies the allegations of paragraph 24 of the Complaint.

25.     SEID denies the allegations of paragraph 25 of the Complaint, to the extent they may relate to SEID.  SEID is without knowledge or information sufficient to form a belief as to

the truth of the allegations against any other defendants, and on that basis denies these allegations.

26.     SEID denies the allegations of paragraph 26 of the Complaint, to the extent they may relate to SEID. SEID is without knowledge or information sufficient to form a belief as to the truth of the allegations against any other defendants, and on that basis denies these allegations.

### Response to Plaintiffs' Prayer for Relief

27.     SEID denies that Plaintiffs are entitled to any relief whatsoever against SEID in this action, as prayed for in their Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Further answering Plaintiffs' Complaint, SEID alleges the following affirmative defenses:

### First Affirmative Defense

28.     SEID does not infringe and has not infringed any claim of the '371 patent, either literally or under the doctrine of equivalents, by direct, contributory, or inducing infringement.

### Second Affirmative Defense

29.     The claims of the '371 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

30.     At least a portion of Plaintiffs' claim for damages is barred by the doctrine of laches.

### Fourth Affirmative Defense

31.     Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### Fifth Affirmative Defense

32.     Upon information and belief, one or more of the parties who purchase, use or sell products accused to infringe the '371 patent are licensed and/or claims have been released pursuant to agreements with Plaintiffs.

**Sixth Affirmative Defense**

33.     Plaintiffs arguments are barred by the equitable doctrine of unclean hands.

**Seventh Affirmative Defense**

34.     Plaintiffs' claims are barred by the equitable doctrine of prosecution history laches.

**Eighth Affirmative Defense**

35.     At least a portion of Plaintiffs' claim for damages is barred by the time limitation on damages set forth in 35 U.S.C. §286.

**Ninth Affirmative Defense**

36.     At least a portion of Plaintiffs' claim for damages is barred by the failure of Plaintiffs or their licensees to comply with the notice and marking requirements of 35 U.S.C. §287.

**Tenth Affirmative Defense**

37.     The '371 patent is unenforceable as a result of inequitable conduct during the prosecution of the application that led to the issuance of the '371 patent. Specifically, on information and belief, the inventors of the '371 patent, the assignee of the '371 patent, and/or other persons associated with the filing and prosecution of the application that led to the issuance of the '371 patent, knowingly failed to appropriately disclose material information to the United States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO. Such material information includes, but is not limited to, an article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256-259 (hereinafter the "Noda article").

38.     Applicants for patents have a general duty of candor and good faith in their dealings with the USPTO. Pursuant to 37 C.F.R. § 1.56 ("Rule 56"), the inventors had an affirmative obligation to disclose to the USPTO all information that they knew was material to

the examination of their pending application.  The inventors' duty extended to their representatives, such as their attorneys, and all others who were substantively involved in the preparation or prosecution of the '371 patent.

39.    SEID is informed and believes that the inventors knew of their duty to cite material prior art references to the USPTO during the prosecution of the '371 patent.  SEID is further informed and believes that the inventors and their agents knowingly and willfully concealed and misrepresented material information during the prosecution of the '371 patent and that because of such inequitable conduct, the '371 patent is unenforceable against SEID.

40.    The Noda article was published in 1989, and is prior art to the '371 patent under 35 U.S.C. § 102.  The Noda article discloses removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch (see page 257, column 2).

41.    During the prosecution of the application that led to the issuance of the '371 patent, individuals who were subject to the duty of candor under Rule 56 were aware of the Noda article. Two of the named inventors of the '371 patent, R.I. McCartney and D. Syroid, authored an article entitled "Directional Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259-262 (hereinafter the "McCartney article"), in which the other named inventor of the '317 patent, Karen Jachimowicz, is acknowledged as a contributor. The McCartney article discloses technology similar to that disclosed in the '371 patent. The McCartney article cites the Noda article at page 261, column 2 and in footnote 4, for its teaching of removing a moiré pattern by using a lens array pitch that is a non-integral multiple of a display pitch.

42.    The Noda article is material under Rule 56 at least because it establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of one or more claims of the '371 patent, and/or a reasonable examiner would have considered this information

important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

43.     In comments made during the prosecution of the application that led to the issuance of the '371 patent, the applicants argued, in response to prior art rejections, that the applied references do not discuss eliminating moiré effects with appropriate selection of the relative pitch of lens arrays (page 3 of the Amendment filed on February 2, 1993). Further, the examiner indicated that dependent claims, which recited relative pitches of the lens arrays, contained allowable subject matter (page 4 of the Official Action mailed on May 6, 1993), and the applicants amended such claims to place them into independent form to obtain their allowance (Amendment filed on July 2, 1993). Accordingly, on information and belief, individuals subject to the duty of candor under Rule 56, including R.I. McCartney and D. Syroid, knew, or should have known, that the Noda article, which teaches removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch, was highly material to the patentability of the subject matter claimed in the '371 patent and should have been disclosed to the USPTO Examiner for his consideration in determining whether or not to allow and issue the claims in the '371 patent.

44.     The Noda article was never disclosed to the USPTO during the prosecution of the application that matured into the '371 patent, even though individuals subject to the duties of candor and disclosure were aware of the article. On information and belief, these individuals withheld the Noda article from the USPTO with an intent to mislead and deceive the USPTO.

45.     As a result of the foregoing inequitable conduct, the '371 patent is unenforceable.

## COUNTERCLAIMS

SEID, for its counterclaims against Plaintiffs, alleges as follows:

### General Allegations

46.     Counterclaimant Sanyo Epson Imaging Devices ("SEID") is a foreign corporation with offices at World Trade Center Building, 15F, 2-4-1 Hamamatsu-cho, Minato-ku, Tokyo, Japan.

47.     Plaintiff and counter-defendant Honeywell International Inc. ("Honeywell International") alleges in the Complaint that it is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

48.     Plaintiff and counter-defendant Honeywell Intellectual Properties Inc. ("HIPI") alleges in the Complaint that it is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona (Honeywell International and HIPI will be referred to collectively as "Honeywell").

49.     Honeywell alleges that it owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 5,280,371, entitled "Directional Diffuser for a Liquid Crystal Display," which issued January 18, 1994 ("the '371 patent").

50.     On or about November 7, 2005, Honeywell commenced this civil action for infringement of the '371 patent by filing its Complaint in this action against SEID and other defendants in this action.  Honeywell's Complaint alleges that LCD modules and/or LCD screen-containing products manufactured, imported, offered for sale, and/or sold by SEID infringe the '317 patent.

51.     As a consequence, there is an actual justiciable controversy between Honeywell and SEID concerning whether SEID and its products infringe any valid and enforceable claim of the '371 patent.

### Jurisdiction and Venue

52.     In its counterclaims, SEID seeks to obtain a judgment declaring that the '371 patent is invalid and not infringed by SEID or its products.  These counterclaims arise under the

Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, sections 2201 and 2202, and Title 35 of the United States Code.  Honeywell has subjected itself to the jurisdiction of this Court for purposes of the Counterclaims against it.  This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), 1367 and 2201 et seq.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

**First Counterclaim**

**(Declaration of Non-Infringement of the '371 Patent)**

53.    Paragraphs 1 through 52 are incorporated by reference as though fully pleaded herein.

54.    SEID does not directly, contributorily, or by inducement, infringe any claim of the '371 patent, either literally or under the doctrine of equivalents.

55.    The importation, use, sale, or offer for sale of LCD products manufactured, sold or provided by SEID in the United States does not infringe, contributorily infringe, or induce infringement of any claim of the '371 patent, either literally or under the doctrine of equivalents.

56.    There presently exists an actual and justiciable controversy between Honeywell and SEID concerning whether SEID or any of its LCD products infringe any of the claims of the '371 patent.  Absent a declaration of non-infringement, Honeywell will continue to wrongfully assert the '371 patent against SEID and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause SEID irreparable injury and damage.

**Second Counterclaim**

**(Declaration of Invalidity of the '371 Patent)**

57.    Paragraphs 53 through 56 are incorporated by reference as though fully pleaded herein.

58.     The '371 patent, and each claim thereof, is invalid because it fails to comply with the requirements of the Patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

59.     There presently exists an actual and justiciable controversy between Honeywell and SEID concerning the validity of the '371 patent.  Absent a declaration of invalidity, Honeywell will continue to wrongfully assert the '371 patent against SEID and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause SEID irreparable injury and damage.

## Third Counterclaim

## (Unenforceability of the '371 Patent)

60.     Paragraphs 53 through 59 are incorporated by reference as though fully pleaded herein.

61.     As set forth in detail in its Tenth Affirmative Defense, which is incorporated herein by reference, during the prosecution of the '371 patent before the PTO, the inventors and/or other individuals subject to the duty of candor under Rule 56 knowingly failed to disclose material prior art and/or other material facts to the USPTO, in violation of their duty of candor under Rule 56.

62.     The '371 patent inventors and their attorneys were aware of the undisclosed prior art and/or material facts during the prosecution of the '371 patent, were aware of the materiality of the information, and did not disclose it to the USPTO, with the intent to deceive the USPTO.

63.     The '371 patent is therefore unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE, SEID prays for judgment:**

**On Plaintiffs' Claims:**

A. Entering judgment against Plaintiffs and in favor of SEID with respect to Plaintiffs'

Complaint and SEID's affirmative defenses;

B. Denying all remedies and relief sought by Plaintiffs in their Complaint;

C. Dismissing the Complaint with prejudice;

D. Declaring that SEID and its customers, affiliates, and those in privity with SEID do not infringe and have not infringed any of the claims of the '371 patent;

E. Declaring that products manufactured, sold, offered for sale, imported or otherwise provided by SEID do not infringe and have not infringed any of the claims of the '371 patent;

F. Declaring that the '371 patent is invalid and/or unenforceable;

G. Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against SEID or its customers, affiliates, and all others in privity with SEID;

H. Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by SEID;

I. Declaring that this case is an exceptional case under 35 U.S.C. §285 and awarding SEID its costs, attorneys' fees, and expenses; and

J. Awarding SEID any other and further relief as the Court may deem just and proper.

**<u>On Defendant's Counterclaims:</u>**

K. Entering judgment against Plaintiffs and in favor of SEID with respect to SEID's counterclaims;

L. Declaring that the '371 patent is invalid and/or unenforceable;

M. Declaring that SEID and its customers, affiliates, and all others in privity with SEID do not infringe and have not infringed any of the claims of the '371 patent;

N. Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against or collecting damages from SEID or its customers, affiliates, and all others in privity with SEID;

O. Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by SEID;

P. Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against SEID or its customers, affiliates, and all others in privity with SEID;

Q. Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by SEID;

R. Declaring that this case is an exceptional case under 35 U.S.C. §285 and awarding SEID its costs, attorneys' fees, and expenses; and

S. Awarding SEID any other and further relief as the Court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Defendant requests a trial by jury for all issues triable to a jury.

Dated: February 10, 2006                    SMITH, KATZENSTEIN & FURLOW LLP

                                            /s/ Robert J. Katzenstein
                                            800 Delaware Avenue, 7th Floor
OF COUNSEL:                                 P.O. Box 410
Robert J. Benson                            Wilmington, DE 19899 [Courier 19801]
Hogan & Hartson LLP                         302-652-8400 - telephone
1999 Avenue of the Stars, Ste. 1400         302-652-8405 - fax
Los Angeles, CA 90067                       rjk@skfdelaware – e-mail