IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al. ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> AUDIOVOX COMMUNICATIONS CORP., et. al. ) <br> ) <br> Defendants. ) | C.A. No. 04-1337-KAJ |

**PLAINTIFFS' REPLY TO THE COUNTERCLAIMS OF DEFENDANT
SANYO EPSON IMAGING DEVICES AND DEMAND FOR JURY TRIAL**

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively "Honeywell") hereby reply to the Counterclaims alleged in paragraphs 47-64 of Defendant Sanyo Epson Imaging Devices' First Amended Answer to the Complaint, Affirmative Defenses, and Counterclaims ("Counterclaims") filed with this Court by Defendant Sanyo Epson Imaging Devices ("SEID") on or about February 24, 2006.

### COUNTERCLAIMS

#### General Allegations

1.  Honeywell admits the allegations set forth in paragraph 47 of SEID's Counterclaims.

2.  Honeywell admits the allegations set forth in paragraph 48 of SEID's Counterclaims.

3.  Honeywell admits the allegations set forth in paragraph 49 of SEID's Counterclaims.

4.   Honeywell admits the allegations set forth in paragraph 50 of SEID's Counterclaims.

5.   Honeywell assumes that the reference to the '317 patent is in error and intends to reference the '371 patent. In reliance upon this assumption, Honeywell admits the allegations set forth in paragraph 51 of SEID's Counterclaims.

6.   Honeywell admits that an actual and justiciable controversy exists between Honeywell and SEID with respect to the infringement of the patent in suit, its validity, and its enforceability, but denies all remaining allegations set forth therein.

## Jurisdiction and Venue

7.   Honeywell admits that jurisdiction and venue are proper. To the extent paragraph 53 of SEID's Counterclaims incorporates averments of noninfringement, invalidity, and unenforceability, Honeywell denies those allegations.

## First Counterclaim

## (Declaration of Non-infringement of the '371 Patent)

8.   Honeywell responds to the allegations set forth in paragraph 54 of SEID's Counterclaims by incorporating herein by reference paragraphs 1-7 of this Reply to the Counterclaims of Defendant Sanyo Epson Imaging Devices.

9.   Honeywell denies the allegations set forth in Paragraph 55 of SEID's Counterclaims.

10.   Honeywell denies the allegations set forth in Paragraph 56 of SEID's Counterclaims.

11.   As to the allegations set forth in paragraph 57 of SEID's Counterclaims, Honeywell admits that an actual and justiciable controversy exists between Honeywell and SEID

with respect to the infringement of the patent in suit, but denies all remaining allegations set forth therein.

## Second Counterclaim

### (Declaration of Invalidity of the '371 Patent)

12. Honeywell responds to the allegations set forth in paragraph 58 of SEID's Counterclaims by incorporating herein by reference paragraphs 1-11 of this Reply to the Counterclaims of Defendant Sanyo Epson Imaging Devices.

13. Honeywell denies the allegations set forth in Paragraph 59 of SEID's Counterclaims.

14. As to the allegations set forth in paragraph 60 of SEID's Counterclaims, Honeywell admits that an actual and justiciable controversy exists between Honeywell and SEID with respect to the validity of the patent in suit, but denies all remaining allegations set forth therein.

## Third Counterclaim

### (Unenforceability of the '371 Patent)

15. Honeywell responds to the allegations set forth in paragraph 61 of SEID's Counterclaims by incorporating herein by reference paragraphs 1-14 of this Reply to the Counterclaims of Defendant Sanyo Epson Imaging Devices.

16. Honeywell denies the allegations set forth in Paragraph 62 of SEID's Counterclaims.

17. Honeywell denies the allegations set forth in Paragraph 63 of SEID's Counterclaims.

18. Honeywell denies the allegations set forth in Paragraph 64 of SEID's Counterclaims.

## Demand for a Jury Trial

19. Honeywell demands a jury trial on all issues triable by a jury.

WHEREFORE, Honeywell respectfully requests that:

(a) the Court dismiss SEID's Counterclaims with prejudice;

(b) the Court grant the relief requested by Honeywell in its Third Amended Complaint;

(c) the Court award such other relief as the Court may find to be just and appropriate.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

*Of Counsel:*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199-7610
617-267-2300

Dated: March 2, 2006
167188.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2006, the attached **PLAINTIFFS' REPLY TO THE COUNTERCLAIMS OF DEFENDANT SANYO EPSON IMAGING DEVICES AND DEMAND FOR JURY TRIAL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Paul A. Bradley, Esquire<br>McCarter & English<br>919 North Market Street<br>P.O. Box 111<br>Wilmington, DE 19899 | HAND DELIVERY |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP.<br>1313 North Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | HAND DELIVERY |
| Timothy J. Vezeau, Esquire<br>Katten Muchin Zavis Rosenman<br>525 West Monroe Street<br>Chicago, IL 60661 | VIA FEDERAL EXPRESS |
| Barry W. Graham, Esquire<br>Finnegan, Henderson, Farabow,<br>    Garrett & Dunner, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413 | VIA FEDERAL EXPRESS |
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 North Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114 | HAND DELIVERY |
| Andrew R. Kopsidas, Esquire<br>Fish & Richardson, P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC 20005 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| Matt Neiderman, Esquire<br>Duane Morris LLP<br>1100 North Market Street, 12th Floor<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |
| D. Joseph English, Esquire<br>Duane Morris LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC  20006 | <u>VIA FEDERAL EXPRESS</u> |
| Robert J. Katzenstein, Esquire<br>Smith, Katzenstein & Furlow LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE  19899 | <u>HAND DELIVERY</u> |
| Stuart Lubitz, Esquire<br>Hogan & Hartson LLP<br>500 S. Grand Avenue, Suite 1900<br>Los Angeles, CA  90071 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ John G. Day*
_____
John G. Day