**SUMMARY OF PARTIES' CURRENT POSITIONS ON PROPOSED SCHEDULING ORDERS IN C.A. NO. 04-1337-KAJ, C.A. NO. 04-1338-KAJ, AND C.A. NO. 04-1536-KAJ**

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 MANUFACTURER DEFENDANTS' PROPOSAL | HONEYWELL |
|---|---|---|---|
| DATE OF SCHEDULING ORDER | March 15, 2006 | March 15, 2006 | March 15, 2006 |
| INITIAL DISCLOSURES | Unless otherwise agreed, 10 days after scheduling order | Unless otherwise agreed, 10 days after Scheduling Order | Unless otherwise agreed, 10 days after scheduling order |
| REGULAR DISCOVERY | Discovery shall commence upon entry of the Scheduling Order | Discovery shall commence upon entry of the Scheduling Order | Discovery shall commence upon entry of the Scheduling Order |
| JOINDER OF PARTIES | May 26, 2006 | May 26, 2006 | May 26, 2006 |
| AMENDMENT OF PLEADINGS | May 26, 2006 | May 26, 2006 | December 4, 2006 |

1

MP3 20170956.1

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 MANUFACTURER DEFENDANTS' PROPOSAL | HONEYWELL |
|---|---|---|---|
| DISCOVERY LIMITATIONS | Each defendant "family" will produce its witnesses to Honeywell for a total of 50 hours of testimony. Honeywell will produce its witnesses, including the named inventors of the McCartney patent, for a total of 150 hours of testimony on "common" issues. In addition, each defendant "family" will have the right to conduct 21 hours of deposition testimony of Honeywell representatives on "party specific" topics.<br><br>Third Party discovery limited to an additional 112 hours per side.<br><br>A party may apply to Court for additional time for good cause shown.<br><br>Limitations do not apply to expert discovery | 300 hours/side for fact depositions on common issues, each Manufacturer Defendant family may take 50 deposition hours of Plaintiffs for party specific issues and Plaintiffs may take 50 deposition hours per Manufacturer Defendant family for party specific issues, each party family may take an additional 50 deposition hours for party specific issues.<br><br>Manufacturer Defendants shall have an additional 150 hours of Third Party depositions. Honeywell shall have an additional 75 hours of Third Party depositions.<br><br>A party may apply to Court for additional time for good cause shown.<br><br>Limitations do not apply to expert discovery | Each defendant/defendant "family" will produce its witnesses to Honeywell for a total of 50 hours of testimony. Honeywell will produce its witnesses, including the named inventors of the McCartney patent, for a total of 100 hours of testimony on "common" issues. In addition, each defendant/defendant "family" will have the right to conduct 10 hours of deposition testimony of Honeywell representatives on "party specific" topics.<br><br>Each side shall have 75 hours to conduct third party discovery.<br><br>Limitations do not apply to expert discovery. |
| DISCOVERY CUTOFF | February 23, 2007 | May 30, 2007 (Includes Expert Discovery) | May 30, 2007 (Includes Expert Discovery) |
| EXPERT REPORTS | 90 days prior to discovery cut-off and rebuttal report 45 days before discovery cut-off | 90 days prior to discovery cut-off and rebuttal report 45 days before discovery cut-off | 90 days prior to discovery cut-off and rebuttal report 45 days before discovery cut-off |
| INTERIM STATUS REPORT | October 26, 2006 | October 26, 2006 | October 26, 2006 |
| INTERIM STATUS CONFERENCE | November 2, 2006 | November 2, 2006 | November 2, 2006 |

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 MANUFACTURER DEFENDANTS' PROPOSAL | HONEYWELL |
|---|---|---|---|
| TECHNOLOGY TUTORIAL | September 22, 2006 (Live presentation, possibly video) | December 22, 2006 (mentions only live, and no video presentation) Limited to one-half hour for each side. | December 22, 2006 (live presentation, but possibly other media) |
| DISPOSITIVE MOTIONS | Opening Briefs by March 23, 2007 Answering: + 30 days Reply: + 14 days | Opening Briefs by June 30, 2007 Answering: + 30 days Reply: + 14 days | Opening Briefs by June 30, 2007 Answering: + 30 days Reply: + 14 days |
| CLAIM CONSTRUCTION (CC) | -Exchange list of terms: August 25, 2006 -Create Joint Claim Charts for submission to Court on February 23, 2007 -Simultaneous Opening CC briefs: March 23, 2007 -Simultaneous Answering briefs 30 days from opening brief. | -Exchange list of terms: November 9, 2006 -Create Joint Claim Charts for submission to Court on May 30, 2007 -Simultaneous Opening CC briefs: June 29, 2007 -Simultaneous Answering briefs: July 27, 2007 | -Exchange list of terms: November 9, 2006 -Create Joint Claim Charts for submission to Court on May 30, 2007 -Simultaneous Opening CC briefs: June 29, 2007 -Simultaneous Answering briefs: July 27, 2007 |
| CC & SUMMARY JUDGMENT HEARING | May 25, 2007 | August 30, 2007 | August 30, 2007 |
| FINAL PRETRIAL FILINGS | June 29, 2007 | September 21, 2007 | September 21, 2007 |
| FINAL PRETRIAL CONFERENCE | July 13, 2007 | September 28, 2007 | September 28, 2007 |

MP3 20170956.1

| EVENTS | OPTREX (SINGLE PARTY) | 1337/1338 MANUFACTURER DEFENDANTS' PROPOSAL | HONEYWELL |
|---|---|---|---|
| TRIAL | A trial between Honeywell and Optrex on all issues, beginning as soon after July 13, 2007 as the Court's schedule permits, with each side having 22 hours to present their case. | A 10 day trial shall commence six (6) weeks after the Final Pretrial Conference with each side having 22 hours to present their case, limited to the issues of validity and enforceability of the patent-in-suit.<br><br>Trial of other issues (including infringement, laches, damages and willfulness) shall be scheduled at a time and in a manner to be determined in the future<br><br>Concerning Honeywell's proposal that the Customer Defendants "be bound by the infringement and validity determinations of the verdict of the first [manufacturer] phase": The Customer Defendants are currently stayed, did not participate in the preparation of this Proposed Scheduling Order, and are not subject to its provisions. Moreover, it is the Manufacturer Defendants' understanding that the Customer Defendants have not agreed to be bound by a judgment or determination against the Manufacturer Defendants and that the Court rejected this suggestion previously. The Manufacturer Defendants object to including Honeywell's proposed statements about the Customer Defendants and an injunction in the Scheduling Order. | As it remains unclear whether the Manufacturer Defendants will stand in for the accused activities of their customers, Honeywell proposes an initial trial phase beginning on October 22, 2007 and lasting approximately 18 days. Issues to be tried to verdict in this phase include whether modules using the Accused Structure manufactured by the Manufacturer Defendants practice any valid claims of the McCartney '371 patent. Each side would have 45 hours to present their case on these issues. Judgment can then be entered as against the "manufacturer" defendants, at least as to the issues of injunctive relief.<br><br>The issue of damages, if necessary, will be tried against the "customer" (stayed) defendants in a second phase, following a reasonable period of additional discovery to be determined later. The "customer" defendants will be bound by the infringement and validity determinations of the verdict of the first phase. Judgment will then be entered as against the "customer" defendants. |

4