IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC.; ALL AROUND CO., LTD., ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; ARIMA DISPLAY; AU OPTRONICS CORP.; AU OPTRONICS CORPORATION AMERICA; BOE TECHNOLOGY GROUP COMPANY, LTD.; BEIJING BOE OPTOELECTRONICS TECHNOLOGY CO., LTD.; BOE-HYDIS TECHNOLOGY CO., LTD.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CITIZEN SYSTEMS EUROPE; CITIZEN SYSTEMS AMERICA CORPORATION; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; HANNSTAR DISPLAY CORPORATION; HITACHI, LTD.;  HITACHI DISPLAYS, LTD.; HITACHI DISPLAY DEVICES, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; INNOLUX DISPLAY CORPORATION; INTERNATIONAL DISPLAY TECHNOLOGY; INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS CONSUMER ELECTRONICS NORTH AMERICA; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; PICVUE ELECTRONICS LIMITED; QUANTA DISPLAY INC.; SAMSUNG SDI CO., LTD; SAMSUNG SDI AMERICA, INC; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; ST LIQUID CRYSTAL DISPLAY CORP.; TOPPOLY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-1338-KAJ |

| | |
|---|---|
| OPTOELECTRONICS CORP.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; WINTEK CORP.; WINTEK ELECTRO-OPTICS CORPORATION; WISTRON CORPORATION; and M-DISPLAY OPTRONICS CORP., <br><br>            Defendants. | ) ) ) ) ) ) ) ) |
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br>            Plaintiffs, <br><br>    v. <br><br>AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON INC.; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; and SANYO EPSON IMAGING DEVICES CORPORATION, <br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 04-1337-KAJ |
| OPTREX AMERICA, INC. <br><br>            Plaintiff, <br><br>    v. <br><br>HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC. <br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 04-1536-KAJ |

**[PROPOSED] SCHEDULING ORDER**

- 2 -

This _____ day of March, 2006, the Court having conducted an initial Rule 16 scheduling and conference pursuant to Local Rule 16.2(a) on March 13, 2006, Plaintiffs and the Manufacturing Defendants (hereinafter referred to as "the parties") having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. **[Agreed]**

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at htt;://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference. Discovery shall commence upon entry of the Scheduling Order.

2. Joinder of Other Parties/Amendment of Pleadings. **[Partially Agreed/Partially Disagreed]**

All motions to join other parties shall be filed on or before May 26, 2006. Motions to amend or supplement the pleadings shall be filed on or before [*see below*].

| *Manufacturer Defendants' and Optrex's Proposal* | *Honeywell's Proposal* |
|---|---|
| May 26, 2006 | December 4, 2006 |

3.   <u>Discovery</u>.

   a.   <u>Limitation on Hours for Deposition Discovery</u>.  **[Disagreed]**

- *Honeywell's Proposal*:  *[Manufacturer Defendants and Optrex Oppose]*

Each defendant/defendant "family" will produce its witnesses to Honeywell for a total of 50 hours of testimony.  Honeywell will produce its witnesses, including the named inventors of the McCartney patent, for a total of 100 hours of testimony on "common" issues.  In addition, each defendant/defendant "family" will have the right to conduct 10 hours of deposition testimony of Honeywell representatives on "party specific" topics.

Each side shall have 75 hours to conduct third party discovery.

These limitations do not apply to expert discovery.

- *Manufacturer Defendants' Proposal*:  *[Honeywell and Optrex Oppose]*

300 hours/side for fact depositions on common issues, each Manufacturer Defendant family may take 50 deposition hours of Plaintiffs for party specific issues and Plaintiffs may take 50 deposition hours per manufacturer defendant family for party specific issues, and each party family may take an additional 50 hours for party specific issues. Manufacturer Defendants shall have an additional 150 hours of Third Party depositions. Honeywell shall have an additional 75 hours of Third Party depositions.  A party may apply to Court for additional time for good cause shown.  Limitations do not apply to expert discovery.

- *Optrex's Proposal*.  *[Honeywell and Manufacturer Defendants Oppose]*

Each defendant "family" will produce its witnesses to Honeywell for a total of 50 hours of testimony.  Honeywell will produce its witnesses, including the named inventors of the McCartney patent, for a total of 150 hours of testimony on "common" issues.  In addition, each defendant "family" will have the right to conduct 21 hours of deposition testimony of Honeywell

representatives on "party specific" topics. Each side shall have an additional 112 hours of Third Party depositions. A party may apply to Court for additional time for good cause shown. Limitations do not apply to expert discovery.

      b.      Location of Depositions. **[Agreed]**

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or the agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      c.      Discovery Cut Off. **[Disagreed]**

All discovery in this case shall be initiated so that it will be completed on or before [*see below*]. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

| *Manufacturer Defendants' and Honeywell's Proposal* | *Optrex's Proposal* |
| --- | --- |
| May 30, 2007 (includes Expert Discovery) | February 23, 2007 |

      d.      Disclosure of Expert Testimony. **[Agreed]**

Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of discovery, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party forty-five (45) days before the

date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

- *Honeywell's Additional Proposal:* *[Manufacturer Defendants and Optrex Oppose]*

    120 days prior to close of discovery, each side shall provide the other with an identification of each expert witness who intends to opine on issues for which that side bears the burden, along with a CV and a short description of the subject matter of such opinion.

    e.  Discovery Disputes. **[Partially Agreed/Partially Disagreed]**

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers (302) 573-6001 to schedule a telephone conference. Not less than [*see below*] prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than [*see below*] prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

|  | *Honeywell's Proposal* | *Manufacturer Defendants' and Optrex's Proposal* |
| :---: | :---: | :---: |
| Initial Letter | 48 Hours | Five Business Days |
| Opposing Letter | 24 Hours | One Business Day |

4. Application to Court for Protective Order. **[Agreed]**

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Any proposed order should include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

5. Papers Filed Under Seal. **[Agreed]**

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

- 7 -

6.      Settlement Conference. **[Agreed]**

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients.

7.      Interim Status Report. **[Agreed]**

On October 26, 2006, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.      Status Conference. **[Agreed]**

On November 2, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 10:30 a.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.      Tutorial Describing the Technology and Matters in Issue. **[Disagreed]**

On [*see below*] the parties shall appear live to provide the Court with a tutorial on the technology at issue. The tutorial should focus on the technology at issue and should not be used to argue the parties' claims construction contentions. No testimony, expert or lay, will be offered at the hearing. For the convenience of the Court, these live (in-Court) tutorials may be videotaped (or otherwise recorded) and submitted to the Court. The tutorial should be limited to no more than thirty (30) minutes per side.

| *Manufacturer Defendants' and Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|
| December 22, 2006 | September 22, 2006 |

- *Honeywell's and Optrex's Additional Proposal:* *[Manufacturer Defendants Oppose]*

In addition to the live presentation, the parties may submit a video tape of no more than 30 minutes at the hearing.

10. <u>Case Dispositive Motions</u>. **[Partially Agreed/Partially Disagreed]**

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [*see below*]. Answering briefs shall be served and filed within 30 days of the opening brief. Reply briefs shall be served and filed within 14 days of the answering briefs.

| *Manufacturer Defendants' and Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|
| June 30, 2007 | March 23, 2007 |

11. <u>Claim Construction Issue Identification</u>. **[Partially Agreed; Partially Disagreed]**

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on [*see below*] each side shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/Phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s)

in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

| *Manufacturer Defendants' and Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|
| November 9, 2006 | August 25, 2006 |

12. <u>Claim Construction</u>. **[Partially Agreed/Partially Disagreed]**

Issues of claim construction shall be submitted to the Court by way of the Joint Claim Construction Chart, no later than [*see below*] to be considered by the Court in conjunction with the parties' summary judgment motions. Simultaneous opening briefs on issues of claim construction shall be served and filed by each side on [*see below*]. Simultaneous reply briefs shall be served and filed by each side within thirty (30) days of the opening briefs or on claim construction.

|  | *Manufacturer Defendants' and Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|
| Submission of Joint Claim Construction Chart to Court | May 30, 2007 | February 23, 2007 |
| Simultaneous Opening Brief | June 29, 2007 | March 23, 2007 |
| Simultaneous Reply Briefs | July 27, 2007 | April 23, 2007 |

13. Hearing on Claim Construction. **[Disagreed]**

Beginning at 2:00 p.m. on [*see below*], the Court will hear evidence and argument on claim construction and summary judgment.

| *Manufacturer Defendants' and Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|
| August 30, 2007 | May 25, 2007 |

14. Applications by Motion. **[Agreed]**

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. Pretrial Conference. **[Partially Agreed/Partially Disagreed]**

On *[see below]* the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ __.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before [*see below*].

|  | *Manufacturer Defendants' and Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|
| Joint Proposed Final Pretrial Order | September 21, 2007 | June 29, 2007 |
| Final Pretrial Conference | September 28, 2007 | July 13, 2007 |

16. <u>Motions *in Limine*</u>. **[Partially Agreed/Partially Disagreed]**

- *Agreed Portion*:

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

- *Honeywell's Additional Proposal*:  *[Manufacturer Defendants and Optrex Oppose]*

If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. **[Agreed]**

Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.  Trial.  **[Disagreed]**

This matter is scheduled for a [*see below*] day jury trial beginning at 9:30 a.m. on [*see below*].  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of [*see below*] hours to present their case.

| *Manufacturer Defendants' Proposal* | *Honeywell's Proposal* | *Optrex's Proposal* |
|---|---|---|
| A 10 day trial shall commence six (6) weeks after the Final Pretrial Conference with each side having 22 hours to present their case, limited to the issues of validity and enforceability of the patent-in-suit.<br><br>Trial of other issues (including infringement, laches, damages and willfulness) shall be scheduled at a time and in a manner to be determined in the future.<br><br>Concerning Honeywell's proposal that the Customer Defendants "be bound by the infringement and validity determinations of the verdict of the first [manufacturer] phase": The Customer Defendants are currently stayed, did not participate in the preparation of this Proposed Scheduling Order, and are not subject to its provisions. Moreover, it is the Manufacturer Defendants' understanding that the Customer Defendants have not | As it remains unclear whether the Manufacturer Defendants will stand in for the accused activities of their customers, Honeywell proposes an initial trial phase beginning on October 22, 2007 and lasting approximately 18 days.  Issues to be tried to verdict in this phase include whether modules using the Accused Structure manufactured by the Manufacturer Defendants practice any valid claims of the McCartney '371 patent. Each side would have 45 hours to present their case on these issues.  Judgment can then be entered as against the "manufacturer" defendants, at least as to the issues of injunctive relief.<br><br>The issue of damages, if necessary, will be tried against the "customer" (stayed) defendants in a second phase, following a reasonable period of additional discovery to be determined later.  The "customer" defendants will be bound by the infringement and validity determinations of the | A trial between Honeywell and Optrex with each side having 22 hours to present its case on all issues. |

- 13 -

| | | |
|---|---|---|
| agreed to be bound by a judgment or determination against the Manufacturer Defendants and that the Court rejected this suggestion previously. The Manufacturer Defendants object to including Honeywell's proposed statements about the Customer Defendants and an injunction in the Scheduling Order. | verdict of the first phase. Judgment will then be entered as against the "customer" defendants. | |

Dated: _____, 2006.              _____
                                                                    UNITED STATES DISTRICT JUDGE

510291