

# Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Philip A. Rovner
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Fax

May 1, 2006

**BY E-FILE**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

     Re:    Honeywell International, Inc., et al., v. Apple Computer, Inc., et al.,
             D. Del., C.A. No. 04-1338-KAJ
             Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
             D. Del., C.A. No. 04-1337-KAJ
             Optrex America, Inc. v. Honeywell International Inc., et al.,
             D. Del., C.A. No. 04-1536-KAJ

Dear Judge Jordan:

        At the conclusion of the March 13, 2006 teleconference, Your Honor requested that the parties report to the Court regarding the defendant composition for the first trial on the issues of validity and enforceability of the patent-in-suit. Short of identifying which defendants would participate in the first trial, Your Honor requested the parties' proposals regarding the "appropriate way … to get this smaller group." Tr. at 50.

        On behalf of the Manufacturer Defendants, we write to inform Your Honor that the Manufacturer Defendants, consistent with Your Honor's proposal, are prepared to proceed to the first trial on validity and enforceability with a defense group of no more than five Manufacturer Defendants. According to the procedure outlined by this Court, the composition of the defense group to go to trial first will be decided in the first instance by the Manufacturer Defendants. As we have informed Honeywell, however, we are not in a position at this time to identify which specific defendants will participate in this first trial. After conferring on this issue, the Manufacturer Defendants have concluded that it is not feasible to select those "lead"

The Honorable Kent A. Jordan
May 1, 2006
Page 2

defendants at the present time because (1) it is anticipated that some of the current defendants may settle with Honeywell as the litigation progresses, particularly now that a case schedule is in place and discovery is underway; and (2) the Court's claim construction ruling after *Markman* could impact the interests of the Manufacturing Defendants differently, and alter both the settlement posture of the case and the desired composition of the lead defendant group. In fact, since the last conference, we have been advised that at least three additional defendant groups have settled.

We believe that the selection of the defense group must occur before the Joint Proposed First Pretrial Order can be prepared. Once claim construction has been decided, the Manufacturer Defendants will know which will likely still be an active party in the case and which will not. If claim construction proceeds as scheduled (briefing to begin on May 30, 2007; hearing on August 30, 2007), it is quite possible, if not likely, that, very close to trial, one or more of the five Manufacturer Defendants set to try the case will find itself no longer a defendant, a result which will inure to the detriment of all remaining Manufacturer Defendants.[1] Accordingly, we feel that it makes more sense to initiate claim construction briefing in February 2007, rather than in May 2007, in the hope that the Court's claim construction will be available before pre-trial order preparation will be required, and thus assist in the selection of which Manufacturer Defendants will participate in the first trial.

With the deadline in mind, and given the strong likelihood in this case that the results of the *Markman* process will result in a material reduction in the number of parties and a narrowing of the issues in dispute, the Manufacturer Defendants respectfully request that the *Markman* briefing schedule be moved forward about three months as set out in the annexed Proposed First Revised Scheduling Order.

Pursuant to the Court's instruction, I spoke with Honeywell's counsel on April 11 to advise them of the Manufacturer Defendants' position. On April 27, Honeywell's counsel rejected the proposal, based on their contention that the case may somehow be delayed as a result. The Manufacturer Defendants strongly disagree. We believe that the proposal described above is fair and equitable to all parties and that earlier claim construction will reduce, if not eliminate, any potential for delay in completing discovery and proceeding to trial in accordance with the March 28 Scheduling Order. We have agreed with counsel for Honeywell that the parties will submit short letters in support of their respective positions no later than May 1.

---

[1] The claim construction schedule contained in the Scheduling Order entered by this Court on March 28, 2006 (D.I. 376) was premised on all defendants participating at the first trial on the issues of validity and enforceability. The Manufacturer Defendants' proposal for an earlier claim construction, a recognized deviation from the Court's normal practice, stems from the fact that, as Your Honor recognized, this case, with such a large number of defendants, is itself a deviation from normal practice. Defendants' revised proposal reflects that fact.

The Honorable Kent A. Jordan
May 1, 2006
Page 3

        Should Your Honor have any questions, counsel are available at the Court's convenience.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/728094
Enc.
cc:    All Local Counsel of Record – By ECF