

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Fax

July 14, 2006

**BY E-FILE**

The Honorable Kent A. Jordan
United States District Court
  for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

    Re:    Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*,
           D. Del., C.A. No. 04-1338-KAJ
           Honeywell International Inc., *et al.* v. Audiovox Communications Corp., *et al.*
           D. Del., C.A. No. 04-1337-KAJ
           Optrex America, Inc. v. Honeywell International Inc., *et al.*,
           D. Del., C.A. No. 04-1536-KAJ

Dear Judge Jordan:

       I write on behalf of the Manufacturer Defendants regarding the defendant composition for the January 2008 trial on the validity and enforceability of the patent-in-suit. During the March 13, 2006 teleconference, Your Honor proposed that the Manufacturer Defendants select no more than five lead defendants to represent the parties at the January 2008 trial, leaving open how and when the five would be selected. Having considered the issue, it is respectfully submitted that the instant case qualifies as one where "earlier claim construction would be helpful in resolving the case," including the selection of lead defendants, as contemplated in Paragraph 11 of the Scheduling Order. The Manufacturer Defendants initially developed a proposal, including advancing claim construction of the single claim at issue in this case by three months, that adopted the Court's suggestion and, at the same time, gave all parties confidence that their positions would be presented adequately at the first trial. Based on further consideration, the objection of Honeywell that the previous proposal interfered with an important stage of discovery, and Honeywell's failure to respond to discovery on issues involving claim interpretation and the doctrine of equivalents on the ground that either the existing Schedule or the absence of a claim construction determination makes the discovery premature, the Manufacturer Defendants have developed a new proposal based on advancing claim construction by about six months.

The Honorable Kent A. Jordan
July 14, 2006
Page 2

**The Manufacturer Defendants' Proposal**

    The Manufacturer Defendants propose to identify a set of five lead defendants within two months following a claim construction order in this case. To preserve the date scheduled for the first trial, the Manufacturer Defendants propose to accelerate the timetable for briefing and hearing on claim construction issues. We propose to conduct a claim construction hearing at the Court's convenience sometime in February 2007 and to revise related milestone events as shown below:

| EVENT | REVISED DATE | DATE IN CURRENT SCHEDULING ORDER |
|---|---|---|
| Exchange of Initial Claim Terms: | October 6, 2006 | November 9, 2006 |
| Joint Chart on Claim Construction: | November 10, 2006 | May 30, 2007 |
| Opening Briefs on Claim Construction: | December 8, 2006 | June 29, 2007 |
| Technology Tutorial: | November __, 2006 (at the Court's convenience) | December 22, 2006[1] |
| Reply Briefs on Claim Construction: | January 12, 2007 | July 27, 2007 |
| Claim Construction Hearing: | February __, 2007 (at the Court's convenience) | August 30, 2007 |

Following the Claim Construction Hearing, we foresee that the Court will prepare its claim construction order in its own time. Even if a claim construction order becomes available as late as July 2007, the Manufacturer Defendants should have sufficient time to review the order and select lead defendants well in advance of preparation for the joint proposed final pretrial order, which is scheduled to be filed on November 16, 2007. We believe this approach is the best way to accommodate Your Honor's interest in having a limited set of lead defendants for the common issues trial.

**Evaluation of Competing Proposals**

    The Manufacturer Defendants considered the possibility of selecting a set of lead defendants immediately but we disfavor this approach. It is possible that the Court will announce a claim construction that affects different defendants differently. In light of the Court's claim construction, members of a pre-selected set of lead defendants may not have an acute interest in the outcome of a validity and unenforceability trial, favoring instead to emphasize their non-infringement defenses. Other defendants, however, may develop an acute interest in the outcome of a trial on validity and enforceability as discovery progresses and claim construction issues are resolved. Further, lead defendants selected immediately may settle before trial. There is too much uncertainty at this stage for the Manufacturer Defendants to have confidence that we can select lead defendants now who will remain the lead defendants come trial and ensure that all of us will have our day in court.

---

[1] Magistrate Judge Thynge has scheduled mediation sessions that overlap with this date.

The Honorable Kent A. Jordan
July 14, 2006
Page 3

The Manufacturer Defendants also considered Honeywell's proposal – to select lead defendants from among the set of parties that had served discovery requests on or before May 1, 2006 – but concluded that this proposal is arbitrary. It presumes, wrongly, that the parties who serve discovery requests first somehow are best suited to represent the interests of all other parties at trial. Honeywell's proposal also fails to ensure that all Manufacturer Defendants can have their day in court.

Honeywell resisted our first proposed change to the Scheduling Order on the ground that it does not hold the defendants' "feet to the fire." As explained below, Honeywell is incorrect. The present Scheduling Order obligates all active parties to conduct discovery on all issues and to ready themselves for trial. Selection of lead defendants does not operate as a stay on any other party. Moreover, given that Honeywell's discovery requests use language copied in part directly from its patent claims but Honeywell denies production of any discovery regarding its infringement theories or claim interpretations, this change to the Scheduling Order is likely to push discovery forward.[2]

Accordingly, the Manufacturer Defendants believe our proposal provides the best balance between Your Honor's interest in managing conduct of the first trial and the Manufacturer Defendants' interest in presenting the best possible case at that trial.

**The Role of a Lead Defendant**

The Manufacturer Defendants foresee that the lead defendants will coordinate the conduct of the validity and enforceability issues at trial and, therefore, should provide an effective trial management tool. Thus, we expect that the lead defendants will provide coordinated management of the pretrial and trial activities specified in paragraphs 15–18 of the current Scheduling Order, D.I. 376. Under the current Scheduling Order, a Final Pretrial Order is due November 16, 2007 and the Pretrial Conference will be held on December 17, 2007.

The Manufacturer Defendants see no need, however, to require any lead defendant to coordinate earlier aspects of the case, either on behalf of another defendant or on behalf of Honeywell. All active defendants will remain active in the case through claim construction briefing and through to the end of discovery. All active defendants bear responsibility to pursue their own interests throughout this period. Thus, there is no reason for the lead defendants to coordinate portions of this case beyond the pretrial and trial activities of paragraphs 15-18 of the Scheduling Order.

---

[2] Honeywell's discovery requests require identification and production of all products with "Accused Structure," a term that Honeywell defined solely on the basis of a portion, but not all, of the claim language. At the same time, Honeywell objects to production of its claim interpretations, to providing claim charts against accused products and to providing the bases for doctrine of equivalence allegations, notwithstanding clear requests to do so. Honeywell seems determined to contradict the Court's instruction that Honeywell must bear the burden to investigate new products before adding them to this case. The Manufacturer Defendants will raise at least some of these issues during the telephone conference with the Court Honeywell recently proposed.

The Honorable Kent A. Jordan
July 14, 2006
Page 4

      The undersigned has met and conferred with counsel for Honeywell on this issue and the parties remain far apart.

**Conclusion**

      Having considered all proposals before us, the Manufacturer Defendants conclude that the best way to accommodate the Court's request to proceed to trial with a limited set of defendants is to identify them after a claim construction order is available from the Court. Thereafter, the Manufacturer Defendants can review the claim construction order and identify a set of lead defendants appropriate for the situation after the Court's claim construction. Accordingly, the Manufacturer Defendants respectfully request the Court to revise the Scheduling Order as shown in the table above. For convenience, a proposed order is attached.

      Should Your Honor have any questions, counsel are available at the Court's convenience.

      Respectfully,

      Philip A. Rovner
      provner@potteranderson.com

PAR/mes/740731
Enc.
cc:    All Local Counsel of Record – By ECF