

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

July 20, 2006

**BY E-FILE**

The Honorable Kent A. Jordan
United States District Court
  for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

    Re:    Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*,
          D. Del., C.A. No. 04-1338-KAJ
          Honeywell International Inc. , *et al.* v. Audiovox Communications Corp., *et al.*
          D. Del., C.A. No. 04-1337-KAJ
          Optrex America, Inc. v. Honeywell International Inc., *et al.*,
          D. Del., C.A. No. 04-1536-KAJ

Dear Judge Jordan:

      We write on behalf of the Manufacturer Defendants in response to Honeywell's letter to the Court dated July 14, 2006.

      Honeywell's letter mischaracterizes both its discovery requests and this Court's prior rulings on the discovery to which Honeywell is entitled. Honeywell's discovery position attempts to shift its obligation to identify potentially infringing products from Honeywell to the Defendants, and largely ignores the case management guidelines that this Court has announced already in several status hearings with the parties. Indeed, many foreign Manufacturer Defendants waived challenges to personal jurisdiction based on those directives. The Manufacturer Defendants are willing to provide discovery based upon the Court's previously announced guidelines. We are not willing to serve as a pond for Honeywell's fishing expedition.

      This Court has plainly and repeatedly indicated that Honeywell has the burden of product identification and that it is improper for Honeywell to require the Defendants to hunt for allegedly infringing structure throughout their product lines.

> I am having a real problem with the fundamental premise with [Honeywell's] argument which is we think there is other stuff out there that infringes and we want to know everything you made in the last six years so we can decide whether we got a case against you or not. That just isn't how it works.
>
>     Transcript of September 9, 2005 Hearing at 21:19-22:2
>
> I am not trying to make the defendants say we've looked across our product line. Here is where we're guilty. I've tried to be emphatic about that from the start. I don't view that as the way cases work and I don't intend for this case to work that way.

The Honorable Kent A. Jordan
July 20, 2006
Page 2

Transcript of May 4, 2006 Hearing at 21:19-23

Honeywell nonetheless seeks to reopen the door by requesting discovery on all LCD products sold by the Manufacturer Defendants. Honeywell has not limited its requests to earlier or later versions of the products it or the non-Manufacturer Defendants have already identified as being accused. Nor has Honeywell limited its requests to products that come into the United States. Instead, Honeywell is doing specifically what the Court said it could not do – identify one or two potentially infringing products, then require the Manufacturer Defendants to guess whether any other products may infringe. As the Court stated before, "that is not what the law requires, and it's not what I'm going to require them to do." September 9, 2005 Transcript at 28.

Further, while Honeywell claims that its discovery requests are limited to "substantially the same structure" using "straightforward, objective criteria", a look at the actual discovery requests shows that Honeywell has done nothing more than parrot part of the claim language in claim 3 of the '371 patent, and omit limitations that would exclude certain devices. Below is a side-by-side comparison of the two.

| Honeywell's Definition: The Accused Structure shall mean | Claim 3 of the '371 patent |
|---|---|
| A liquid crystal display ("LCD") module that contains | A display apparatus comprising: |
| a light source | a light source; |
| an LCD panel | a liquid crystal panel mounted adjacent to said light source for receiving light from said light source; and |
| and two lens arrays | First and second lens arrays, each having a plurality of individual lenslets, disposed between said light source and said liquid crystal panel for providing a predetermined variation with viewing angle of light transmission from said light source through said lens arrays and said liquid crystal panel, |
| one of which is misaligned | wherein at least one of said first and second lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between said lenslets and said liquid crystal panel. |

In short, Honeywell wants to define "substantially the same structure" even broader than "anything that might be infringing." This is contrary to what the Court plainly told Honeywell before: "You identify what is infringing." September 9, 2005 Transcript at 30.

Honeywell's position is made all the more untenable by its refusal to produce its claim construction or infringement contentions at this stage of the proceeding. See my July 14, 2006 letter to the Court and exhibits thereto. Although Honeywell claims to have analyzed a number

The Honorable Kent A. Jordan
July 20, 2006
Page 3

of products of the Manufacturer Defendants and found some of them to be infringing, it refuses to clarify its basis for asserting infringement against any of those products. By contrast, Honeywell seeks to equate infringement with "Accused Structure" and require the Manufacturer Defendants to identify all such allegedly infringing products. For example, in response to Samsung's Interrogatory 1 (annexed to my July 14, 2006 letter) Honeywell answers, *inter alia*: "that all modules that are requested to be identified by SDI in response to Interrogatory No. 1 of Honeywell's First Set of Interrogatories to Samsung SDI are likely to infringe claim 1 of the '371 patent insofar as they use the "Accused Structure." This hardly conforms with the Court's suggestion to Honeywell to "frame your discovery in a manner that incorporates your specific allegations of infringement ...." (See July 14, 2006 letter from T. Grimm to the Court.) Honeywell's unwillingness to commit to an infringement position, or to explain how it selected the products it has identified, confirms that at least the terms "light source," "lens arrays," and "misalignment" are hardly straightforward and objective in this context.

While Honeywell makes much of the fact that the Manufacturer Defendants have more information about their products, that misstates the reason behind adding the Manufacturer Defendants to the litigation. The relevant fact is that the Manufacturer Defendants have more information about the LCD modules specifically identified by Honeywell (or used in products specifically identified by Honeywell). At no time did this Court suggest that, by adding the Manufacturer Defendants, Honeywell would be allowed to enlarge the scope of its infringement allegations beyond those products it had already identified, and for which it had a good faith basis to allege infringement.

Honeywell also mischaracterizes the Manufacturer Defendants position regarding the proper geographic scope of discovery. For those products that Honeywell purchased in the United States and specifically identified, Honeywell has evidence that they come into the United States (which is one of the prima facie elements of the tort of patent infringement). Honeywell has no evidence or basis for believing that any other LCD products sold overseas actually enter the United States. By requesting discovery on products other than those that have been identified, Honeywell is asking for discovery on products for which it could not possibly have a good faith basis for alleging infringement. Honeywell simply wants discovery first, and infringement allegations (maybe) later.

Defendants request that the Honeywell's discovery be limited to those LCD modules specifically identified by Honeywell and for which it has a good faith basis to allege infringement.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

cc:    All Local Counsel of Record – By ECF