# HOGAN & HARTSON

Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
+1.310.785.4600 Tel
+1.310.785.4601 Fax

www.hhlaw.com

July 20, 2006

**BY E-FILE**

The Honorable Kent A. Jordan
United States District Court
  for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

      Re:    Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*,
             D. Del., C.A. No. 04-1338-KAJ
             Honeywell International Inc. , *et al*. v. Audiovox Communications
             Corp., *et al*. D. Del., C.A. No. 04-1337-KAJ
             Optrex America, Inc. v. Honeywell International Inc., *et al.*,
             D. Del., C.A. No. 04-1536-KAJ

Dear Judge Jordan:

      We write on behalf of Defendants Seiko Epson Corp. and Sanyo Epson Imaging Devices (collectively referred to herein as "SEC"), in further response to Honeywell's letter to the Court dated July 14, 2006. SEC joins in the joint letter being filed today on behalf of the Manufacturer Defendants, but writes separately to further address a specific issue that has been raised concerning its foreign sales of LCD products.

      Based on Honeywell's recent responses to SEC's interrogatories and the parties' subsequent meet and confer, SEC has prepared a motion for partial summary judgment as to certain categories of LCD products which are sold exclusively outside the United States. SEC anticipates filing its motion within the next few days. Accordingly, just as Honeywell has requested "the opportunity to brief fully the legal and factual arguments," SEC similarly requests the opportunity to fully brief this issue prior to a final determination by the Court.

      Honeywell has not restricted the scope of its claims or its discovery requests to LCD products which even *arguably* could be considered infringing. This issue arises in several different contexts, one of which involves foreign sales. Honeywell seeks to extend this ever-expanding lawsuit to encompass *all* of SEC's sales *anywhere in the world,* regardless of whether those products ever reach the U.S. market, and irrespective of whether SEC induces the subsequent use or sale of those products in the United States.

The Honorable Kent A. Jordan
July 20, 2006
Page 2

SEC sells or ships a limited number of LCD products to customers in the U.S. (SEC's "U.S. sales"). However, a large percentage of SEC's LCDs are sold to customers outside the U.S. (SEC's "foreign sales"). These LCDs are manufactured in Asia; sold by SEC in Japan to customers in Asia, Europe, and elsewhere; and shipped directly from the manufacturer in Asia to the foreign customers. Those foreign customers then incorporate the LCDs in "end products" that may be sold anywhere in the world, in the customers' discretion.

SEC's foreign sales do not infringe Honeywell's patent. Those sales only give rise to liability if SEC induces its foreign customers to subsequently sell the LCD products in the United States. However, if those products never reach the U.S. market, there can be no claim for patent infringement, even by inducement. Accordingly, there is no legal basis for extending discovery to LCD products sold abroad unless Honeywell can articulate a good faith basis for asserting that certain products reach the U.S. market.

Even as to LCD products that reach the U.S., however, Honeywell cannot state a claim against SEC for inducing infringement. To prove inducement, Honeywell contends that SEC sells to its foreign customers "knowing" that some of those LCDs will be used in products sold in the U.S. However, such knowledge is insufficient to support a claim of inducement as a matter of law.

A claim of inducement must be supported by evidence that SEC *encouraged or promoted* the use or sale of its LCD products in the U.S. and that SEC *intended to induce* infringement in the U.S. In response to SEC's discovery, Honeywell failed to identify *even a single act* by which SEC encouraged any foreign customer to use or sell LCD products in the U.S. Nor has Honeywell alleged any facts which – even if true – would support a claim that SEC possessed the required intent to induce its foreign customers to use or sell LCDs in the U.S.

Honeywell will undoubtedly assert that it requires discovery to develop such evidence. However, this puts the proverbial cart before the horse. Unfettered discovery is not justified for the ostensible purpose of trying to develop a claim that has no existing basis and which cannot be asserted in good faith. This is the classic definition of a "fishing expedition." Where Honeywell's discovery responses demonstrate that Honeywell lacks a current, good faith basis for accusing SEC of infringement as to certain products, discovery should not be permitted.

A related issue is that SEC did not even *learn* of the '371 patent until May of 2004. It is well-settled that a defendant cannot possess the required intent to induce infringement by another unless the defendant has knowledge of the patent. For this independent reason, SEC cannot have induced infringement of the '371 patent prior to

The Honorable Kent A. Jordan
July 20, 2006
Page 3

May 2004 as a matter of law. Accordingly, SEC's foreign sales prior to that date cannot be the proper subject of discovery.

As mentioned previously, SEC does sell or ship a limited number of LCD products to U.S. customers. SEC is fully willing to provide discovery concerning those LCD products, if they have otherwise been properly accused of infringement, and subject to resolution of other objections that may apply. However, SEC should *not* be compelled to litigate infringement as to LCD products that it lawfully sells to foreign customers outside the U.S., when those sales are beyond the scope of U.S. patent law.

SEC intends to fully brief these issues in support of its upcoming motion for partial summary judgment as to its foreign sales. Accordingly, SEC respectfully suggests that final resolution of the scope of discovery as to foreign sales should await consideration of this briefing.

Respectfully,

Robert J. Benson
for Hogan & Hartson LLP

cc:     All Local Counsel of Record – by ECF