

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

July 14, 2006

**PUBLIC VERSION JULY 21, 2006**

**BY E-FILE**

CONFIDENTIAL
FILED UNDER SEAL PURSUANT
TO D. DEL. LR 26.2

The Honorable Kent A. Jordan
United States District Court
for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

Re: Honeywell International, Inc., *et al.*, v. Apple Computer, Inc., *et al.*,
D. Del., C.A. No. 04-1338-KAJ
Honeywell International Inc. , *et al.* v. Audiovox Communications Corp., *et al.*
D. Del., C.A. No. 04-1337-KAJ
Optrex America, Inc. v. Honeywell International Inc., *et al.*,
D. Del., C.A. No. 04-1536-KAJ

Dear Judge Jordan:

I write on behalf of the Manufacturer Defendants in anticipation of the telephone conference with the Court currently scheduled for July 21, 2006. The Manufacturer Defendants wish to alert the Court to several deficiencies in Plaintiff Honeywell's discovery responses to date, as well as other discovery-related issues, which we will be prepared to discuss in more detail during the teleconference.[1]

[1] Most, but not all, Manufacturer Defendants have served discovery on Honeywell and have received inadequate responses, as outlined herein. Not all Manufacturer Defendants have had the opportunity to meet and confer with Honeywell as of this date; however, it is presumed that Honeywell will take consistent positions with each Manufacturer Defendant. The issues outlined are therefore expected to be common to all Manufacturer Defendants. Honeywell's position is that, with respect to its own discovery deficiencies, the parties have yet to exhaust the meet and confer process and that it is premature for any Manufacturer Defendant to raise those issues with the Court. For the reasons stated herein, the Manufacturer Defendants strongly disagree.

(1) Honeywell has refused to provide a meaningful response to Defendants' interrogatories and document requests seeking information regarding Honeywell's claim construction. Instead, Honeywell has objected that such discovery is "premature" in light of the Court's claim construction procedure. See, e.g., Plaintiff's Answer to Interrogatory Nos. 1 and 10 of Defendant Samsung SDI Co., Ltd.'s First Set of Interrogatories (attached hereto as Exhibit "A"). Similarly, Honeywell refuses to respond meaningfully to discovery regarding the factual bases underlying its infringement contentions (whether literal or under the doctrine of equivalents), primarily on the grounds that this discovery is premature prior to the Court's *Markman* ruling and before receiving discovery from the defendants. See, e.g., Plaintiff's Answer to Interrogatory No. 3 of Defendant Seiko Epson Corporation's First Set of Interrogatories to Plaintiff (attached hereto as Exhibit "B").

Neither of Honeywell's objections has merit. As to the first point, this Court clearly encourages early contention interrogatories (see March 28, 2006 Scheduling Order, Par. 3(c)) such as those seeking Honeywell's claim interpretation. It is therefore readily apparent that Honeywell should be required to answer interrogatories and document requests directed at the meaning and scope of the claim at issue. In the same way, to satisfy its obligation to conduct an adequate pre-filing investigation, Honeywell must have reached factual conclusions regarding the products that it now accuses of infringement. Defendants are entitled to those factual conclusions. As a result, Honeywell should be instructed to fully respond to defendants' discovery regarding claim construction and the factual bases for Honeywell's infringement positions.

(2) Honeywell has refused to produce documents to several of the Manufacturer Defendants unless and until that defendant agrees not to share the documents with any other defendant and/or until it receives documents from the Manufacturer Defendant. Honeywell has explained that it does not want to lose "leverage" over a Manufacturer Defendant with which it is in discovery negotiations by having its document production shared among the defendants. This is not a legitimate basis for withholding discovery under the Federal Rules of Civil Procedure and, in fact, constitutes a violation of Fed. R. Civ. Pro. 26(d). The Manufacturer Defendants have crafted their discovery to Honeywell under the presumption that duplicative discovery was not necessary, and that the Manufacturer Defendants would be sharing with each other Honeywell's discovery responses and document production. In fact, some Manufacturer Defendants have withheld serving discovery on Honeywell entirely, in order to avoid unnecessary duplication. Moreover, it is inappropriate for Honeywell to withhold document production in response to document requests it does not dispute, simply because disputed issues related to Honeywell's own document requests have not yet been resolved. To proceed as Honeywell demands would violate the Federal Rules and be grossly inefficient.

(3) Honeywell has refused to provide complete responses to discovery requesting information regarding those products it has investigated for purposes of assessing infringement. Honeywell has limited its response to those products it has concluded infringe the '371 patent but will not provide any information regarding what other products of the Manufacturer Defendants it has investigated and how it concluded that such products do not infringe.

For many Manufacturer Defendants, Honeywell has not explained the parameters under which it assessed the rotation of the lens arrays, what angle its measurements revealed, or how this measurement compares to Honeywell's interpretation of the "slight misalignment" required by Claim 3 of the '371 patent. See, e.g., Plaintiff's Answer to Interrogatory Nos. 12 and 14 of Defendant Seiko Epson Corporation's First Set of Interrogatories to Plaintiff (Exhibit "B") (during the parties' meet and confer, Honeywell further declined to provide information as to the angle of rotation measured for the accused modules, nor would it provide any details of its analysis of modules not accused of infringement).

(4) Similarly, Honeywell has refused to provide any discovery on any Honeywell LCD products, requiring the Manufacturer Defendants to rely on Honeywell's unilateral determination that the LCD modules in those products are not covered by the '371 patent. Honeywell has taken this position even with respect to products from the period between reduction to practice in 1990 and filing in 1992, or later when a failure to mark with the patent number would be fatal to Honeywell's claim for damages. Moreover, Honeywell refuses to reveal the criteria for its determination that these products are not covered by the '371 patent.

The Manufacturer Defendants appreciate your consideration of these issues and believe that resolution of these points will materially advance discovery in this case. There may be additional disputed discovery issues unique to specific defendants, which may or may not be raised at a future date. In the meantime, however, we wanted to bring to your attention the universal difficulties the Manufacturer Defendants are experiencing.

Respectfully,

/s/ Richard L. Horwitz

Richard L. Horwitz
rhorwitz@potteranderson.com

RLH/msb/742172
Enc.
cc: All Local Counsel of Record – By hand delivery