# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | C.A. No. 04-1338 (KAJ) CONSOLIDATED |
| Plaintiffs, | ) ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| APPLE COMPUTER, INC. *et al*, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' ANSWERS TO SAMSUNG SDI CO., LTD.'S**
**FIRST SET OF INTERROGATORIES**

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") hereby serve the following Objections and Responses to Defendant Samsung SDI Co., Ltd.'s ("Samsung SDI") First Set of Interrogatories to Plaintiffs (No. 1-11).

**OBJECTIONS**

1.    Honeywell objects to each definition in Samsung SDI's First Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

2.    Honeywell objects to each Interrogatory in Samsung SDI's First Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

3.    Honeywell objects to each Interrogatory to the extent that it is unlimited in time or scope, overly broad, unduly burdensome, or not reasonably calculated to lead to discovery of admissible evidence.

4.    Honeywell objects to each Interrogatory to the extent it seeks discovery of information or production of documents or things protected by the attorney-client privilege, work product immunity, or any other privilege or immunity.

5.    Honeywell objects to each Interrogatory to the extent it seeks discovery or information or identification of documents that are a matter of public record, or otherwise equally accessible to all parties.

6.    Honeywell objects to each Interrogatory to the extent it seeks unrestricted access to information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, by order, or understanding binding on Honeywell.

7.    Honeywell reserves the right to modify, supplement, add to or amend the responses to these Interrogatories to the extent required or permitted by the Federal Rules of Civil Procedure or any local rule of this Court.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

For the '371 patent:

(a)    identify all claims that you contend have been, are currently being, or will be infringed by Samsung SDI and all subsections of 25 U.S.C. § 271 that you contend apply;

(b)    for each claim identified in response to subsection (a) above, identify each product or process that you contend infringes that claim of the '371 patent and the time period of such infringement, and describe in detail via a claim chart or equivalent that provides, in each instance, your proposed claim construction and an express comparison on an element-by-element basis of how each claim reads on each accused product or process, as well as an identification of all intrinsic and extrinsic evidence supporting your proposed claim construction; and

(c)    for each product or process identified in response to subsection (b) above, state whether you contend that Samsung SDI infringes literally or under the doctrine of equivalents, and if you contend that infringement is under the doctrine of equivalents, identify each claim limitation that is met under the doctrine of equivalents and explain how you contend that each

such limitation is met under the doctrine of equivalents, state in detail the basis for such contention.

**ANSWER:**

Honeywell objects to this Interrogatory to the extent it calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Honeywell further objects to this Interrogatory on the grounds that it is premature in that Honeywell has not yet received any discovery from Samsung SDI regarding Samsung SDI's products.

Subject to and without waiving Honeywell's general and specific objections, upon information and belief, based on Honeywell's unilateral investigation, Honeywell states that the following LCD modules manufactured by Samsung SDI infringe claim 3 of the '371 patent: LJ41-02032A and LJ41-01753A. Honeywell also states that all modules that are requested to be identified by Samsung SDI in response to Interrogatory No. 1 of Honeywell's First Set of Interrogatories to Samsung SDI are likely to infringe claim 3 of the '371 patent insofar as they use the "Accused Structure." Honeywell's investigation is ongoing and Honeywell reserves the right to supplement this response to assert infringement of additional products after receipt and review of further information, including documents and discovery responses from Samsung SDI as well as applicable Court Orders, including orders regarding claim construction.

Honeywell further states that it currently asserts infringement of claim 3 of the '371 patent literally, and if not literally, then by the doctrine of equivalents. Honeywell will be able to elaborate on its allegations under the doctrine of equivalents once the Court defines the literal scope of Honeywell's patent claim via its claim construction. Honeywell reserves the right to supplement this response after receipt and review of further information, including documents and discovery responses from Samsung SDI as well as applicable court orders, including orders regarding claim construction.

3

discovered in this case and in view of further anticipated expert opinions on the subject of

damages.

## INTERROGATORY NO. 10:

Identify the claim interpretation for "slight misalignment" used by Honeywell in its analysis pursuant to Fed. R. Civ. P. 11 prior to filing this lawsuit against Samsung SDI, and, if that claim interpretation has changed, please identify Honeywell's current interpretation of "slight misalignment."

## ANSWER:

In response to Interrogatory No. 10, Honeywell incorporates its Answer to Interrogatory

No. 1.

## INTERROGATORY NO. 11:

For each interrogatory propounded by Samsung SDI, identify by interrogatory number each person who participated in preparing Honeywell's response.

## ANSWER:

Honeywell objects to this Interrogatory as calling for information and documents that are

protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing general and specific objections, Honeywell states that persons with knowledge of the facts contained within Honeywell's discovery responses are listed in Honeywell's Initial Disclosures.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Thomas C. Grimm (#1098)
Leslie Polizoti (#4299)
Chase Manhattan Centre, 18th Floor
1201 N. Market Street
Wilmington, DE 19899-1347
302-658-9200
  *Attorneys for Plaintiffs*
  *Honeywell International Inc. and*
  *Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Ave., Suite 1300
Boston, MA 02199-7610
(617) 267-2300

June 12, 2006
524335

12

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) | C.A. No. 04-1338 (KAJ) |
| Plaintiffs, | ) ) ) | CONSOLIDATED |
| v. | ) ) ) | |
| APPLE COMPUTER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' ANSWERS TO DEFENDANT SEIKO EPSON
CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") hereby serve the following Objections and Responses to Defendant Seiko Epson Corporation's ("Seiko Epson") First Set of Interrogatories to Plaintiffs.

## OBJECTIONS

1.      Honeywell objects to each definition in Seiko Epson's First Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

2.      Honeywell objects to each Interrogatory in Seiko Epson's First Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

Communications AB, Sony/Ericsson Mobile Communications (USA), Toshiba Corporation, Toshiba America, Inc., Nokia Corporation, Sanyo Electric Co., Ltd, and Sanyo North America.

Information regarding other end products that utilize the LCD modules identified in response to Interrogatory No. 1 not in Honeywell's possession, custody and control is likely within the knowledge of the customer defendants that were named in Honeywell's original Complaints filed on October 6, 2004. The end products identified herein are based on Honeywell's unilateral investigation. Honeywell does not limit its infringement allegations to LCD modules that are incorporated into the specific end products identified above; it is highly likely that information currently known by the defendants but not Honeywell would lead to the identification of further infringing products. Honeywell's investigation is ongoing and Honeywell reserves the right to supplement this response to assert infringement of additional products after receipt and review of further information, including documents and discovery responses from Seiko Epson as well as applicable Court Orders, including orders regarding claim construction.

## INTERROGATORY NO. 3:

For each asserted claim of the patent-in-suit, if you assert infringement under the doctrine of equivalents, state in full the basis for your contention that each accused product performs substantially the same function in substantially the same way to obtain the same result as the subject matter claimed in the patent, describe the range of equivalents to which you contend the claimed invention is entitled, and state in full the basis for your contention that the claimed invention is entitled to such range of equivalents.

## ANSWER:

Honeywell objects to this Interrogatory to the extent it calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Honeywell further objects to this Interrogatory on the grounds that it is premature in that Honeywell has not

yet received any discovery from Seiko Epson or any of the other defendants regarding the accused products.

Subject to and without waiving Honeywell's general and specific objections, Honeywell states that it currently asserts infringement of claim 3 of the '371 patent literally, and if not literally, than by the doctrine of equivalents. Honeywell will be able to elaborate on its allegations under the doctrine of equivalents once the Court defines the literal scope of Honeywell's patent claim via its claim construction. Honeywell's investigation is ongoing and Honeywell reserves the right to supplement this response to assert infringement of additional products after receipt and review of further information, including documents and discovery responses from Seiko Epson as well as applicable Court Orders, including orders regarding claim construction.

**INTERROGATORY NO. 4:**

State in full the basis for your contention that SEC has induced infringement of the patent-in-suit, including without limitation, describing each act performed by SEC which you contend induced infringement, the direct infringement allegedly induced by each such act - (including the identity of the person committing the direct infringement), how each such act of inducement resulted in such direct infringement, and the basis for your contention that SEC intended to cause such infringement.

**ANSWER:**

Honeywell further objects to this Interrogatory on the grounds that it is premature in that Honeywell has not yet received any of the discovery requested from Seiko Epson that is relevant to the subject matter of this interrogatory.

Subject to and without waiving Honeywell's general and specific objections, Honeywell states that at least since the filing of this suit on October 6, 2004, Seiko Epson has been aware that Honeywell has asserted infringement against Seiko Epson's customers for direct infringement of claim 3 of the '371 patent, going so far as to intervene in this litigation in order

6

made, used, sold, offered for sale, or imported by SEC, including without limitation, an identification of the party providing the information, the information provided, and when you received the information.

**ANSWER:**

In response to Interrogatory No. 10, Honeywell incorporates its Answer to Interrogatory

No. 9.

**INTERROGATORY NO. 11:**

For any current or former party in this action that has identified SEC as a manufacturer or supplier of LCD products, state the identity of the party that identified SEC, the LCD modules identified as having been supplied or manufactured by SEC (the "SEC LCD modules"), and each product identified by the party or by Honeywell as using or having used the SEC LCD modules.

**ANSWER:**

In response to Interrogatory No. 11, Honeywell incorporates its Answers to Interrogatory

Nos. 9 and 10.

**INTERROGATORY NO. 12:**

Describe in full any analysis which you performed to determine whether any LCD modules made, used, offered for sale, or imported by SEC infringe any claim of the patent-in-suit by stating, without limitation, a description of the analysis performed, the conclusions of the analysis, what LCD modules were analyzed, and the identity of each person who participated in the analysis.

**ANSWER:**

Honeywell objects to this Interrogatory to the extent it calls for information protected by

the attorney-client privilege and/or work product doctrine.

Subject to and without waiving Honeywell's general and specific objections, Honeywell

states that in determining that the LCD modules identified in response to Interrogatory No. 1

infringe claim 3 of the '371 patent, Honeywell disassembled the LCD module to first determine

whether the product contains two or more lens arrays. If so, Honeywell then determined whether

12

one or more of the lens arrays was rotated, and if so, measured the angle of rotation. The person

most knowledgeable about Honeywell's LCD module analysis is Ted Wood.

**INTERROGATORY NO. 13:**

State what you contend to be the proper construction of each claim of the patent-in-suit and state in full the basis for each such contention by, without limitation, stating the substance of the proposed construction, identifying any special or uncommon meanings of words or phrases in the claim, and identifying all intrinsic and extrinsic evidence you contend support your proposed construction.

**ANSWER:**

Honeywell objects to this Interrogatory as premature. The Court has ordered a specific

procedure for identifying claim terms that need construction and exchanging proposed

constructions of those terms and that order would be vitiated by this request. Regarding the

portion of this interrogatory that requests the identification of particular evidence, discovery has

just begun, and Honeywell does not yet know what intrinsic and extrinsic evidence it intends to

submit to the Court in support of its proposed claim construction.

**INTERROGATORY NO. 14:**

State what you contend to be the proper construction of the claim terms "to provide a slight misalignment" in claim 3 of the patent-in-suit by, without limitation, stating the substance of the proposed construction, identifying any special or uncommon meaning of the terms, and identifying all intrinsic and extrinsic evidence you contend support your proposed construction.

**ANSWER:**

In response to Interrogatory No. 14, Honeywell incorporates its Answer to Interrogatory

No. 13.

**INTERROGATORY NO. 15:**

Separately for each asserted claim of the patent-in-suit, define the relevant field of art and describe the level of ordinary skill in the art which you contend is applicable, including the date against which you contend the level of ordinary skill in the art is measured.

13

**ANSWER:**

Honeywell objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving Honeywell's general and specific objections, Honeywell relies on Federal Rule of Civil Procedure 33(d) and will produce documents related to this request.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Thomas C. Grimm (#1098)
Leslie Polizoti (#4299)
Chase Manhattan Centre, 18th Floor
1201 N. Market Street
Wilmington, DE 19899-1347
302-658-9200
   *Attorneys for Plaintiffs*
   *Honeywell International Inc. and*
   *Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Robins, Kaplan, Miller & Ciresi L.L.P.
111 Huntington Ave., Suite 1300
Boston, MA 02199-7610
(617) 267-2300

May 22, 2006
521473

17

# EXHIBIT C

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT D

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY