IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON INC.; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; and SANYO EPSON IMAGING DEVICES CORPORATION, <br><br> Defendants. | C.A. No. 04-1337-KAJ |

**PLAINTIFFS' MOTION**
**FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell") move for leave to file the attached Fourth Amended Complaint. Pursuant to D. Del. LR 15.1, attached as Exhibit A is a redlined version comparing Honeywell's Third Amended Complaint to the proposed Fourth Amended Complaint, and attached as Exhibits B and C are two copies of the proposed Fourth Amended Complaint.

Honeywell seeks to amend its Third Amended Complaint (D.I. 141) to add affiliates and related entities of Sanyo Epson Imaging Devices Corporation ("SEID") as parties and to clarify language regarding Honeywell's intent to seek an accounting. During discovery, many defendants in this and the related actions (including SEID) have identified related entities that are involved in

some way with the infringing activity that is the subject of this action. Consequently, each entity that Honeywell proposes to add as a party to this action is: (1) related to SEID; and (2) identified by SEID as a related entity involved in the manufacture, sale, and/or distribution of LCD modules that are the subject of this litigation. None of these amendments represent an expansion of this litigation, and Honeywell has sought to avoid naming these parties in the Fourth Amended Complaint by working with defendants to secure adequate assurances that Honeywell's interests in having the appropriate parties in the case and having access to necessary discovery would be protected. While Honeywell received such assurances from many defendants, SEID has refused, necessitating the present motion and Fourth Amended Complaint.

Specifically, Suzhou Epson Co., Ltd., Sanyo Epson Imaging Devices (Hong Kong) Ltd., and Sanyo Epson Imaging Devices (Philippines) Inc., are affiliated entities of SEID that manufacture modules.

The amended language regarding an accounting is merely a clarification of language already included in Honeywell's original complaint. Honeywell believes that with the language regarding "account for", we have sufficiently pled a request for an accounting, but in order to make sure there is not confusion, we have clarified the language to ensure notice to all defendants.

Rule 15 provides, in pertinent part, that after a responsive pleading has been filed, a party may amend its pleadings "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Unless the opposing party can show undue delay, bad faith or dilatory motive on the part of the movant, or undue prejudice to the opposing party, a court should freely grant leave to file the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mylan Pharm., Inc. v. Kremers Urban Dev.*, No. 02-1628 (GMS), 2003 U.S. Dist. LEXIS 20665, at *6 (D. Del. Nov. 14, 2003); *France Telecom S.A. v. Novell, Inc.*, No.

02-437-GMS, 2002 U.S. Dist. LEXIS 19967, at *2-*3 (D. Del. Oct. 17, 2002).[1]

Honeywell's motion to amend its Third Amended Complaint is timely, brought in good faith, and will not delay the proceedings or unfairly prejudice SEID.  By stipulation of the parties and with the approval of the Court, the Scheduling Order governing the proceedings in this matter was amended to set July 28, 2006, as the deadline to add parties and to amend the pleadings (D.I. 194).  Thus, there is no question that Honeywell's present motion is timely.

In addition, Honeywell's Fourth Amended Complaint is brought in good faith and without any dilatory motive.  Each of the proposed additional entities has been identified by SEID as a related entity that is involved in the manufacture, sale and/or distribution of the LCD modules accused of infringement.  In order to avoid adding new parties and yet ensure both that the right parties are in the case and that Honeywell would be able to secure appropriate discovery, Honeywell endeavored to obtain assurances from SEID as to its willingness to stand in for the related entities.  Because SEID refused to provide these assurances as to its respective related entities, the Fourth Amended Complaint is the only way that Honeywell can be sure that the right parties are in the case and that discovery regarding infringing modules can proceed expeditiously.

Moreover, the addition of these related entities as parties will not unduly delay the present proceedings.  As each entity is a related party of SEID, and in fact identified by SEID, knowledge of Honeywell's allegations cannot possibly be a surprise.  As well, while SEID presumably has access to the discovery required in the present litigation, the addition of these specific entities acts as important insurance that the discovery will be had efficiently and without technical obstacles.

Lastly, Honeywell's Fourth Amended complaint does not unfairly prejudice SEID.  As stated above, SEID is related to the proposed additional entities that, according to SEID's own discovery responses, are involved in the manufacture, sale and/or distribution of LCD modules

---

[1]   All unreported opinions are attached hereto as Exhibit C.

that Honeywell has accused of infringement. Due to these entities' involvement in the acts accused of infringing Honeywell's patent claims, and SEID's unwillingness to provide assurances that they will stand in for these entities, the additional entities are appropriate and predictable parties to the action. Therefore, SEID cannot seriously contend that they would be unfairly prejudiced by the addition of its related entities as parties.

Similarly, SEID cannot contend that the clarifying language regarding an accounting would prejudice it in any way. Honeywell's original complaint laid claim to an accounting and the propose amendment merely clarifies this in light of Delaware's pleading conventions.

## CONCLUSION

In light of the foregoing, Honeywell submits that the Court should grant leave for Honeywell to file its Fourth Amended Complaint and respectfully requests that the Court ask SEID to accept service of the Fourth Amended Complaint on behalf of its related entities.

ASHBY & GEDDES

*/s/ John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*

*Of Counsel:*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denice S. Rahne
ROBINS, KAPLAN, MILLER
    & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated  July 28, 2006
171687.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2006, the attached **PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Paul A. Bradley, Esquire<br>McCarter & English<br>919 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP.<br>1313 North Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Timothy J. Vezeau, Esquire<br>Katten Muchin Zavis Rosenman<br>525 West Monroe Street<br>Chicago, IL 60661 | VIA FEDERAL EXPRESS |
| Barry W. Graham, Esquire<br>Finnegan, Henderson, Farabow,<br>   Garrett & Dunner, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413 | VIA FEDERAL EXPRESS |
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 North Market Street, Suite 1100<br>Wilmington, DE 19801 | HAND DELIVERY |
| Andrew R. Kopsidas, Esquire<br>Fish & Richardson, P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC 20005 | VIA FEDERAL EXPRESS |
| Matt Neiderman, Esquire<br>Duane Morris LLP<br>1100 North Market Street, 12th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |

D. Joseph English, Esquire                                          VIA FEDERAL EXPRESS
Duane Morris LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006

Robert J. Katzenstein, Esquire                                      HAND DELIVERY
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899

Stuart Lubitz, Esquire                                              VIA FEDERAL EXPRESS
Hogan & Hartson LLP
500 S. Grand Avenue, Suite 1900
Los Angeles, CA  90071


/s/ John G. Day
_____
John G. Day