# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1337-KAJ |
| v. | ) ) | |
| AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON INC.; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; SANYO EPSON IMAGING DEVICES CORPORATION, SUZHOU EPSON CO., LTD., SANYO EPSON IMAGING DEVICES (HONG KONG) LTD., and SANYO EPSON IMAGING DEVICES (PHILIPPINES) INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to the Court's October 7, 2005 Memorandum Order (D.I. 140), Plaintiffs, for their Fourth Amended Complaint against Defendants, hereby allege as follows:

**Nature of the Action**

1. This is an action for the willful infringement of a United States patent.

**The Parties**

2. Plaintiff Honeywell International Inc. ("Honeywell International") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

3. Plaintiff Honeywell Intellectual Properties Inc. ("HIPI") is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will be referred to collectively as "Honeywell.")

4. Upon information and belief, Defendant Audiovox Communications Corp. ("ACC") is a Delaware corporation having its principal place of business in Hauppauge, New York.

5. Upon information and belief, Defendant Audiovox Electronics Corporation ("AEC") is a Delaware corporation having its principal place of business in Hauppauge, New York.

6. Upon information and belief, Defendant Nikon Corporation ("Nikon Japan") is a Japan corporation having its principal place of business in Tokyo, Japan.

7. Upon information and belief, Defendant Nikon Inc. ("Nikon America") is a New York corporation having its principal place of business in Melville, New York. (Nikon Japan and Nikon America will be referred to collectively as "Nikon.")

8. Upon information and belief, Defendant Nokia Corporation ("Nokia Finland") is a Finland corporation having its principal place of business in Finland.

9. Upon information and belief, Defendant Nokia Inc. ("Nokia Americas") is a Delaware corporation having its principal place of business in Irvine, Texas. (Nokia Finland and Nokia Inc. will be referred to collectively as "Nokia.")

10. Upon information and belief, Defendant Sanyo Electric Co., Ltd. ("Sanyo Japan") is a Japan corporation having its principal place of business in Osaka, Japan.

11. Upon information and belief, Defendant Sanyo North America Corporation ("Sanyo N.A.") is a Delaware corporation having its principal place of business in San Diego, California. (Sanyo Japan and Sanyo N.A. will be referred to collectively as "Sanyo.")

12. Upon information and belief, Defendant Suzhou Epson Co., Ltd ("Suzhou Epson") is a China corporation having its principal place of business in Jiangsu, China. Suzhou Epson is an affiliated entity to Sanyo Epson Imaging Devices Corporation that manufactures LCD modules.

13. Upon information and belief, Defendant Sanyo Epson Imaging Devices (Hong Kong) Ltd. ("Sanyo Epson Hong Kong") is a Hong Kong corporation having its principal place of business in Wanchai, Hong Kong. Sanyo Epson Hong Kong is an affiliated entity to Sanyo Epson Imaging Devices Corporation that manufactures LCD modules.

14. Upon information and belief, Defendant Sanyo Epson Imaging Devices (Philippines) Inc. ("Sanyo Epson Philippines") is a Philippines corporation having its principal place of business at Binan, Lagna 4024, Philippines. Sanyo Epson Philippines is an affiliated entity to Sanyo Epson Imaging Devices Corporation that manufactures LCD modules.

15. Upon information and belief, Defendant Sanyo Epson Imaging Devices Corporation ("SEID") is a Japan corporation having its principal place of business in Tokyo, Japan. (Suzhou Epson, Sanyo Epson Hong Kong, Sanyo Epson Philippines, and SEID will be referred to collectively as "SEID.")

### Jurisdiction and Venue

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

17. Personal jurisdiction over defendants comports with the United States Constitution and § 3104 of Title 10 of the Delaware Code because defendants have committed

and continue to commit, have contributed and continue to contribute to, and have induced and continue to induce acts of patent infringement in this district as alleged in this Third Amended Complaint.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Background to the Action**

19. In the 1980s, years before LCD screen-containing products such as cellular phones, digital cameras, PDAs, and portable DVD players became ubiquitous in the consumer electronics market, the aviation and aerospace industry became interested in replacing traditional cockpit displays with LCD displays. Honeywell invested heavily in developing the technology necessary to provide LCD displays that would meet this need.

20. Among Honeywell's LCD display inventions was technology that enables a display to produce a brighter image (making the screen easier to see) without requiring additional power, while helping to reduce the appearance of an undesirable interference pattern called the "Moire effect" on the screen. Honeywell protected this invention by obtaining United States Patent No. 5,280,371, (the "'371 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 18, 1994. A copy of the '371 Patent is attached hereto as Exhibit A.

21. Honeywell possesses the right to sue infringers of the '371 Patent.

**Acts Giving Rise to the Action**

22. ACC has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following:

laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

23. AEC has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

24. Nikon has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

25. Nokia has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

26. Sanyo has been and is engaged in the manufacture, importation, offer for sale, and/or sale of products that include a liquid crystal display (LCD) in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the

United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

27.  SEID has been and is engaged in the manufacture, importation, offer for sale, and/or sale of liquid crystal display (LCD) modules that are incorporated into products that are sold in the United States with the knowledge and intention that such LCD screen-containing products would be sold throughout the United States, including this judicial district. Such products include at least one of the following: laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, portable entertainment systems, and/or portable navigation aids.

28.  At least some of the LCD modules and/or LCD screen-containing products manufactured, imported, offered for sale, and/or sold by ACC, AEC, Nikon, Nokia, Sanyo, and SEID infringe the '371 patent literally and/or under the doctrine of equivalents, making ACC, AEC, Nikon, Nokia, Sanyo, and SEID liable for direct and/or indirect infringement wider 35 U.S.C. § 271.

29.  The manufacture, importation, offer for sale, or sale of these infringing products, and/or the continued such manufacture, importation, offer for sale, or sale of them in the future by ACC, AEC, Nikon, Nokia, Sanyo, and SEID is and/or will be willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to an award of treble damages and attorneys' fees.

**Prayer For Relief**

WHEREFORE, Plaintiffs respectfully request the following relief:

a.  The entry of judgment that Defendants have infringed the '371 patent;

b.     That Defendants, and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be preliminary and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '371 patent;

c.     The entry of judgment that the Defendants must account for and pay to Plaintiffs damages adequate to compensate them for Defendants' infringement, including an accounting, in the amount proven at trial, together with interest and costs as fixed by the Court;

d.     The entry of judgment finding that the Defendants' infringement has been willful and trebling the award of damages;

e.     The entry of judgment declaring that this case is exceptional and awarding Plaintiffs their costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

f.     That Plaintiffs be awarded such other and further relief as the Court deems just and equitable.

## Jury Demand

Plaintiffs hereby respectfully request a trial by jury on all issues so triable.

ASHBY & GEDDES

/s/ *John G. Day*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*

*Of Counsel:*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denice S. Rahne
ROBINS, KAPLAN, MILLER
      & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated  July 28, 2006
171684.2