IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ (Consolidated) |
| v. | ) ) | **PUBLIC VERSION** |
| APPLE COMPUTER, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1337-KAJ |
| v. | ) ) | **PUBLIC VERSION** |
| AUDIOVOX COMMUNICATIONS CORP., et al., | ) ) ) ) | |
| Defendants. | ) | |

**THE HONEYWELL PLAINTIFFS' REPLY TO
WINTEK CORPORATION, WINTEK ELECTRO-OPTICS CORPORATION,
TPO DISPLAY CORPORATION, SEIKO EPSON CORP., AND SANYO EPSON
IMAGING DEVICES' BRIEFS IN OPPOSITION TO HONEYWELL'S
<u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS</u>**

**<u>OVERVIEW</u>**

Honeywell has no desire to expand the scope of the present litigation, but it is compelled to take measures to ensure that the proper entities are named in the complaint.[1]

---

[1] In addition, since the filing of Honeywell's Motion for Leave to File Amended Complaints, entities who have been dismissed have approached Honeywell regarding the fact that those entities remain in the current complaints. If the present motion is granted,

Each entity included in the proposed amended complaint is related to a presently-named defendant. Moreover, in each instance the objecting defendant *specifically identified the related entity during discovery as involved in the manufacture, sale, or distribution of accused structures*. Honeywell's Motion for Leave to File Amended Complaints is, therefore, a necessary procedure that will ensure: (1) that it has named the correct entities pursuant to the Court's Order of October 7, 2005; and (2) that Honeywell will not encounter any technical obstacles to appropriate discovery based on corporate formalities. In apparent appreciation of this objective, the vast majority of defendants have either worked with Honeywell to provide assurances that naming the related entities is unnecessary or opted to allow Honeywell's motion to proceed without opposition. Three defendants – the Epson entities ("Epson"), the Wintek entities ("Wintek"), and TPO Display Corporation ("Toppoly") have opposed the present motion, despite the fact that these defendants themselves identified the manufacturing or distributing entities that Honeywell is now compelled to include in the present litigation.

## ARGUMENT

On October 7, 2005, this Court stayed the case against Honeywell's originally-named defendants and requested that Honeywell take discovery to identify and name as parties the manufacturers of the modules contained in the products upon which Honeywell had originally sued. October 7, 2005 Order at page 3. (C.A. No. 04-1338, D.I. 237.) Since that time, Honeywell has endeavored to do just that. Such efforts have, however, met with several obstacles. First, the originally-named defendants came forward with incomplete and ambiguous information with regard to which entities manufactured the LCD modules for the accused end

---

Honeywell proposes to remove two BOE-Hydis entities and three Hitachi entities that have been dismissed since the most recent complaints were filed.

products.  *See, e.g.*, Exh. A (letters between Hartford Computer and Honeywell regarding Argus's accused end products).  Then, the newly-named defendants attempted to block discovery as to their manufacturing activity, arguing that the sales of their products occur overseas, thus immunizing them from suit.

Epson raises this same issue to object to the present motion.  Specifically, Epson argues that it is improper to add the new entities – their subsidiaries – to this suit since the subsidiaries sell modules overseas.  Epson's opposition is practically and legally unjustifiable.  Honeywell was asked by this Court to first proceed against the LCD module manufacturers.  *See* C.A. No. 04-1338, D.I. 523, Epson Response at page 3.  That is precisely the basis for this motion.  As Epson admits, the entities Honeywell proposes to add manufacture and/or distribute the accused modules.  *See* Epson Response, Exh. A at 7.  Once Epson identified these subsidiaries in discovery, Honeywell contacted Epson to seek a stipulation that would make the proposed amendment unnecessary.  *See* Exh. B.  Epson did not acknowledge Honeywell's effort and instead file an opposition.  If Honeywell is to proceed with the technical aspects of infringement as to those accused structures, and secure information as to the supply chain for those modules that are incorporated in end products sold in the United States, either the parent entity needs to provide assurances that it will stand in for the manufacturers and distributors, or these affiliated entities need to be included in the suit.

Epson has admitted that the proposed additional entities manufacture and/or distribute the accused structures.  Still, they seek to put Honeywell between a proverbial rock and a hard place, at once admitting that Honeywell is supposed to sue the manufacturing entities before it seeks any recovery from the end product manufacturers, while at the same time claiming that Honeywell cannot proceed since the module sales do not occur in the United States.

The present objection that these entities cannot be included because they are foreign entities seeks to undermine the prior Orders of this Court. Moreover, the argument that because these subsidiaries are foreign entities their products are legally immune from suit is a red-herring. Whether most or all of the sales of these modules occur oversees remains an open question, and one that, as to the Epson subsidiaries, has not been informed by any discovery or voluntary disclosures.[2] If all sales do in fact occur overseas, that fact would relate to the issue of damages for which the Epson subsidiaries would otherwise be liable. Status as a foreign entity does not, however, mean that these LCD manufacturers and distributors are not obligated to participate in the litigation as it is currently structured.

The Wintek and Toppoly defendants have objected that the present motion is unfair because it asks Wintek and Toppoly, who are the parent entities of the subsidiaries Honeywell is now compelled to name, to accept service on behalf of the manufacturing subsidiaries that they themselves identified. Specifically, Wintek and Toppoly claim that if the parent entities accept service on behalf of their wholly owned subsidiaries, it will strain relationships within the Wintek and Toppoly families. Honeywell respectfully suggests that such internal politics are not appropriate concerns for either Honeywell or the Court. Having identified these entities as the manufacturers of the accused LCD modules, Wintek and Toppoly should be required to accept service on behalf of those entities — their subsidiaries.

## CONCLUSION

Honeywell sought to avoid the proposed amendment to the complaints by seeking assurances from the currently-named defendants that they would stand in for their subsidiaries'

---

[2] As indicated above, a number of defendants who have disclosed LCD manufacturing entities provided stipulations or other formal assurances that indicated that they would stand in for their manufacturing entities, thus avoiding any amendment to the pleadings vis-à-vis their corporate structure.

activities and provide appropriate discovery with regard to the accused structures. With the exception of Epson, Wintek, and Toppoly, the defendants either provided such assurances or acceded to the proposed amended complaint. The objections of these three defendants cannot stand. Each objection represents a technical shell game that seeks to shield the activities of an admitted manufacturer or distributor of accused structures – those entities that this Court directed Honeywell to name — from the present litigation. Without other assurances from Epson, Wintek, and Toppoly, the proposed subsidiaries must be officially added to the case if the litigation is to proceed as it is currently configured. Otherwise, Honeywell will be denied that which it was asked to pursue — information and a defense from the manufacturers of the LCD modules that are incorporated into the end products that it originally sued for infringement. Consequently, Honeywell respectfully requests that the present motion be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
  *Attorneys for Honeywell International Inc.*
  *and Honeywell Intellectual Properties Inc.*
  *in C.A. No. 04-1338-KAJ*

|  |  |
|---|---|
|  | ASHBY & GEDDES, P.A. |
|  |  |
|  | /s/ Steven J. Balick |
|  | _____ |
|  | Steven J. Balick (#2114) |
|  | John G. Day (#2403) |
|  | 222 Delaware Avenue |
|  | P.O. Box 1150 |
|  | Wilmington, DE  19899 |
|  | (302) 654-1888 |
|  | sbalick@ashby-geddes.com |
|  | jday@ashby-geddes.com |
| OF COUNSEL: | *Attorneys for Honeywell International Inc.* |
|  | *and Honeywell Intellectual Properties Inc.* |
| Martin R. Lueck | *in C.A. No. 04-1337-KAJ* |
| Matthew L. Woods |  |
| Stacie E. Oberts |  |
| Michael D. Okerlund |  |
| Denise S. Rahne |  |
| Peter N. Surdo |  |
| Marta M. Chou |  |
| ROBINS, KAPLAN, MILLER |  |
|   & CIRESI L.L.P. |  |
| 2800 LaSalle Plaza |  |
| 800 LaSalle Avenue |  |
| Minneapolis, MN  55402-2015 |  |
| (612) 349-8500 |  |

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Jeremy C. McDiarmid
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA  02199
(617) 267-2300

Redacted Filing Date: August 18, 2006
Original Filing Date: August 18, 2006
533482

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Paul A. Bradley, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Jay C. Chiu, Arthur G. Connolly, III, Frederick L. Cottrell, III, Sang N. Dang, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Tara D. Elliott, Amy Elizabeth Evans, York M. Faulkner, Maxwell A. Fox, Terry D. Garnett, Christopher J. Gaspar, Alexander E. Gasser, Barry W. Graham, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, Darren M. Jiron, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Hamilton Loeb, Robert Maier, William J. Marsden, Jr., David J. Margules, David Ellis Moore, Carolyn E. Morris, Matt Neiderman, Arthur I. Neustadt, Elizabeth A. Niemeyer, Kevin M. O'Brien, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, Timothy J. Vezeau, William J. Wade, Peter J. Wied, Roderick B. Williams, Vincent K. Yip, Edward R. Yoches.

I also certify that on August 18, 2006, I caused to be served true and correct copies of the foregoing on the following by hand and by e-mail:

| | |
|---|---|
| John W. Shaw<br>Monte T. Squire<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, ST Liquid Crystal Display and Quanta Display Inc.* | William J. Wade<br>RICHARDS LAYTON & FINGER<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE  19899-0551<br><br>*Attorneys for Arima Display Corporation, Matsushita Electrical Industrial Co., and Matsushita Electrical Corporation of America* |
| Karen L. Pascale<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR, LLP<br>The Brandywine Building, 17th floor<br>1000 West Street<br>Wilmington, DE  19801<br><br>*Attorney for Optrex America, Inc.* | Philip A. Rovner<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Thomas L. Halkowski<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899-1114<br><br>*Attorneys for Casio Computer Co., Ltd.* | David Margules<br>John M. Seaman<br>BOUCHARD MARGULES<br>  & FRIEDLANDER, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington DE 19801<br><br>*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |

| | |
|---|---|
| Robert J. Katzenstein<br>Robert Karl Beste, III<br>SMITH, KATZENSTEIN<br>  & FURLOW LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE  19899<br><br>*Attorneys for Seiko Epson Corporation* | William J. Marsden, Jr.<br>Raymond N. Scott, Jr.<br>FISH & RICHARDSON, P.C.<br>919 North Market Street, Suite 1100<br>Wilmington DE 19899-1114<br><br>*Attorney for International Display Technology and International Display Technology USA, Inc.* |
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899<br><br>*Attorneys for BOE Hydis Technology Co., Ltd., Hitachi Displays, Ltd., Toppoly Optoelectronics Corp., Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Wintek Corp., Wintek Electro-Optics Corporation, Samsung SDI America, Inc.  and Samsung SDI Co., Ltd.* | Paul A. Bradley<br>MCCARTER & ENGLISH<br>919 North Market Street<br>Wilmington, DE  19801<br>_____<br><br>Matt Neiderman<br>DUANE MORRIS LLP<br>1100 North Market Street, 12th Floor<br>Wilmington, DE  19801 |

I further certify that on August 18, 2006, I caused to be served true and correct copies of the foregoing on the following by e-mail:

| | |
|---|---|
| Robert C. Scheinfeld<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY  10112<br>robert.scheinfeld@bakerbotts.com<br><br>*Attorneys for Hitachi Displays, Ltd.* | Andrew M. Ollis<br>OBLON, SPIVAK, McCLELLAND,<br>  MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314<br>aollis@oblon.com<br><br>*Attorneys for Optrex America, Inc.* |

| | |
|---|---|
| Elizabeth A. Niemeyer<br>FINNEGAN, HENDERSON,<br>　FARABOW, GARRETT<br>　& DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC  20001<br>elizabeth.niemeyer@finnegan.com<br><br>York M. Faulkner<br>FINNEGAN, HENDERSON,<br>　FARABOW, GARRETT<br>　& DUNNER, L.L.P.<br>11955 Freedom Drive<br>Reston, VA  20190<br>york.faulkner@finnegan.com<br><br>*Attorneys for Toppoly Optoelectronics, Wintek Corp. and Wintek Electro-Optics Corporation* | Stephen S. Korniczky<br>PAUL, HASTINGS, JANOFSKY<br>　& WALKER LLP<br>3579 Valley Centre Drive<br>San Diego, CA  92130<br>stephen korniczky@paulhastings.com<br><br>Hamilton Loeb<br>PAUL, HASTINGS, JANOFSKY<br>　& WALKER LLP<br>875 15th Street, N.W.<br>Washington, DC  20005<br>hamiltonloeb@paulhastings.com<br><br>*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.* |
| John T. Johnson<br>FISH & RICHARDSON P.C.<br>Citigroup Center - 52nd Floor<br>153 East 53rd Street<br>New York, NY  10022-4611<br>HONEYWELL-FR@fr.com<br><br>*Attorneys for Casio Computer Co., Ltd.* | Alan M. Grimaldi<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2401<br>grimaldia@howrey.com<br><br>*Attorneys for Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation* |
| John Flock<br>KENYON & KENYON<br>One Broadway<br>New York, NY  10004-1050<br>jflock@kenyon.com<br><br>*Attorneys for Sony Corporation, Sony Corporation of America, and ST Liquid Crystal Display Corporation* | Kevin M. O'Brien<br>BAKER & McKENZIE LLP<br>815 Connecticut Avenue, N.W.<br>Washington, DC  20006<br>kevin.m.o'brien@bakernet.com<br><br>*Attorneys for BOE Hydis Technology Co., Ltd.* |

| | |
|---|---|
| Steven J. Rizzi<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153<br>steven.rizzi@weil.com<br><br>*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America* | Stuart Lubitz<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA  90067<br>slubitz@hhlaw.com<br><br>*Attorneys for Seiko Epson Corporation, Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.* |
| Peter J. Wied<br>PAUL, HASTINGS, JANOFSKY<br>  & WALKER, LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, CA  90071<br>peterwied@paulhastings.com<br><br>*Attorney for Quanta Display Inc.* | Matthew W. Siegal<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>msiegal@stroock.com<br><br>*Attorneys for Fuji Photo Film Co., Ltd. and Fuji Photo Film U.S.A., Inc.* |
| Dan C. Hu<br>TROP PRUNER & HU, P.C.<br>1616 South Voss Road<br>Suite 750<br>Houston, TX  77057-2631<br>hu@tphm.com<br><br>*Attorney for Arima Display Corporation* | Timothy J. Vezeau<br>KATTEN MUCHIN ZAVIS ROSENMAN<br>525 West Monroe Street<br>Chicago, IL  60661 |
| Barry W. Graham<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413 | Andrew R. Kopsidas<br>FISH & RICHARDSON, P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC  20005 |
| D. Joseph English<br>DUANE MORRIS LLP<br>1667 K Street, N.W., Suite 700<br>Washington, DC  20006 | |

*/s/ Leslie A. Polizoti*

Leslie A. Polizoti (#4299)

533482