# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 13, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re: *Honeywell International Inc., et al v. Apple Computer Inc., et al.*
          C.A. Nos. 04-1337, -1338, and -1536-KAJ

Dear Judge Jordan:

      Optrex America, Inc. ("OAI") responds to the September 7th letter from the Honeywell Plaintiffs ("Honeywell") (D.I. 549 in 04-1338-KAJ) regarding three discovery issues scheduled for a teleconference at 11:00 a.m. on September 14th. While Honeywell's letter is allegedly directed to "a majority of" or "most of the defendants," it appears none of these discovery issues involve OAI.

      Regarding Honeywell's foremost issue of document production, OAI already produced to Honeywell on September 1st detailed drawings, as well as sales and profit information regarding each and every one of the OAI modules specifically accused of infringement by Honeywell or discussed within OAI's interrogatory responses. OAI also produced marketing, prior art documents and communications regarding the accused modules. OAI has already informed Honeywell that OAI intends to produce additional marketing and prior art documents by this coming Friday, September 15th. Accordingly, the document production issue mentioned in Honeywell's September 7th letter does not appear directed at OAI.

      Honeywell's second discovery issue regards defendants' responses to contention interrogatories, and how Honeywell allegedly "still has not received any meaningful information regarding most defendants' affirmative defenses...." Although OAI had provided the bases for its affirmative defenses in great detail in its original interrogatory responses, OAI elaborated still further in its supplemental responses dated September 1st. For example, OAI provided <u>four pages</u> of detailed support for its invalidity defense, including pin-point citations to figures, columns, and lines in the prior art. While Honeywell's September 7th letter to the Court complains that defendants' responses are not in claim chart form, Honeywell's own interrogatory did not require the response to be in claim chart form. OAI's supplementation also addressed its laches and other affirmative defenses, providing greater detail, and informing Honeywell of the

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
September 13, 2006
Page 2

bases behind OAI's contentions. Accordingly, the contention interrogatory issue mentioned in Honeywell's September 7th letter does not appear directed at OAI.

Honeywell's third and final issue is the identification of "other versions" of the modules Honeywell specifically accused of infringement. OAI followed the Court's guidance provided on July 21, 2006:

> If we're one letter off or one number off in the alphanumeric sequence in the model number, they could say, well, you didn't ask about that and that's not fair, and I was agreeing well that isn't fair. You know, if you've got a next generation of the very thing you've produced, the fact that you can't name it with precision <u>using the alphanumeric sequence attached to that make or model number</u> shouldn't prevent you from getting discovery on that.

July 21st Hearing Transcript (D.I. 506 in 04-1338-KAJ), page 19 lines 1-9 (emphasis added). Honeywell specifically identified three Optrex module numbers, namely: F-51719GNCJ, F-51629, and F51719AA. The first and third modules appear to designate a single module, namely F-51719GNCJ-MLW-AA. OAI already identified in its interrogatory responses other "versions" of this specifically identified module, which differ in their alphanumeric sequence only by the -AA, -AB, and -AC suffix of their module numbers. The "F-51629" module only had one version associated with it, and so there was nothing further to disclose. Thus, OAI has already met Honeywell's request and "provide[d] identification of other versions of the modules Honeywell has specifically identified." This "module version" issue mentioned in Honeywell's September 7th letter therefore does not appear directed at OAI.

For all of the above reasons, OAI submits that none of the issues raised in Honeywell's letter of September 7th involve or are directed to OAI. Consequently, OAI should not be ordered to further produce additional documents or further supplement its discovery responses.

Respectfully,

*Karen L. Pascale*

Karen L. Pascale
Delaware Bar No. 2903

cc: Dr. Peter T. Dalleo, Clerk (by hand)
    CM/ECF list (by e-filing)