# EXHIBIT A

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

JEREMY C. MCDIARMID
617-859-2723

November 9, 2006

**VIA FACSIMILE & ELECTRONIC MAIL**

Alexander E. Gasser, Esq.
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

    Re:   *Optrex America, Inc. v. Honeywell International Inc., et. al.*
          C.A. No.: 04-1536
          Our File No. 019896-0299

Dear Alex:

    I write to address several issues you raised in your letter dated November 7, 2006.

    First, as Honeywell has informed Optrex and the Court, it is aware of its obligations under the Federal Rules of Civil Procedure regarding the production of licensing agreements, yet is also aware of an outstanding objection from a party to one of those agreements – an objection which Honeywell is contractually bound to honor without further instruction from the Court. (See McKenna letter to Presper, September 29, 2006, p. 3; Grimm and Balick letter to Judge Jordan, October 24, 2006, p. 11). For this reason, we were surprised that Optrex did not raise this issue with the Court at the October 31, 2006 status teleconference, especially given that both sides identified it as ripe for resolution.

    As you know, Honeywell has produced almost all of the license agreements it has reached to date, pursuant to it first having secured the consent of the other parties to the agreements. LG Philips has not provided its consent. As a consequence, Honeywell is contractually bound by the terms of the LG Philips agreement and, absent consent or a court order, Honeywell is not legally authorized to produce the agreement without breaching this obligation. As we have informed you, Honeywell does not anticipate opposing a motion to compel production of the agreement between Honeywell and LG Philips, although we cannot speak for LG Philips.

Alexander E. Gasser, Esq.
November 9, 2006
Page 2

  Second, we have considered your proposal regarding an October 4, 2006 cut-off date for logging privileged documents, but believe that an approach tailored to the circumstances of the individual party is more appropriate. In keeping with the Court's guidance that parties be treated based on their individual situation, Honeywell believes that the cut-off date for privilege logs should be the date that the party entered the present litigation. Thus, Honeywell intends to log all privileged documents up to October 6, 2004—the date it initially filed complaints against the end product maker defendants. Due to its ongoing licensing program, Honeywell also intends to log privileged documents related to licensing negotiations dated after October 6, 2004. While we agree that there is no need to log every piece of correspondence between attorney and client after a party has become involved in a case, it is Honeywell's position that Optrex entered the litigation when it filed its declaratory judgment action on December 20, 2004. Accordingly, Honeywell proposes that, with the exception of the carve-outs identified with respect to Honeywell licensing agreements, the privilege log cut-off be October 6, 2004 for Honeywell and December 20, 2004 for Optrex. Please let me know if this is acceptable to Optrex.

  Finally, Optrex's refusal to agree to either of Honeywell's proposals concerning a bi-lateral exchange of privilege logs is not acceptable. From our recent discussions, it is apparent that Optrex seeks a mutual exchange of privilege logs between itself and Honeywell. We agree that such an exchange is fair and reasonable. What stretches well beyond the realm of reasonableness is Optrex's insistence that it be permitted to disseminate Honeywell's privilege log to all other defendants in the absence of a mutual exchange like the one Honeywell is currently proposing. As you note in your letter, the court has urged Honeywell to treat defendants individually, and this is precisely what Honeywell has proposed: treating Optrex as an individual defendant with the expectation that Optrex will act as an individual defendant and not as a vehicle by which all other defendants can gain access to Honeywell's privilege log while avoiding producing their own logs. Accordingly, Honeywell is not inclined to agree to a privilege log exchange that would result in a widespread dissemination of its privilege log without receiving privilege logs from each defendant. Should Optrex reconsider conditioning a mutual exchange of privilege logs on a prohibition of dissemination to other defendants, Honeywell will work to find a mutually acceptable date for a bi-lateral exchange. Additionally, in order to effect a mutual exchange of privilege logs for all parties in the consolidated cases, Honeywell intends to contact all defendants to propose a mutual exchange of privilege logs on November 30, 2006.

BN1 35035377.1

Alexander E. Gasser, Esq.
November 9, 2006
Page 3

      I look forward to hearing from you on these issues.

                        Very truly yours,

                        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                        Jeremy C. McDiarmid

JCM/gpf

cc:    Thomas C. Grimm, Esq.
       Matthew L. Woods, Esq.
       Alan E. McKenna, Esq.

# EXHIBIT B

**OBLON**
**SPIVAK**
**McCLELLAND**
**MAIER**
**&**
**NEUSTADT**
P.C.

November 7, 2006
VIA FACSIMILE AND EMAIL

ATTORNEYS AT LAW

RICHARD D. KELLY
(703) 412-6241
RKELLY@OBLON.COM

Jeremy C. McDiarmid, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, Massachusetts 02199

ALEXANDER E. GASSER
(703) 412-6006
AGASSER@OBLON.COM
*BAR OTHER THAN VIRGINIA

Re:   *Honeywell Litigation*
      C.A. Nos. 04-1337, -1338, and 01536-KAJ
      Our Ref.: 260613-261775US

Dear Jeremy,

This letter addresses two discovery matters that you and I addressed in our meet and confer last Monday, October 30th.

First, we will contact the court shortly to set a date to address the remaining license agreements that have not yet been produced to us. This particularly regards the LG license, which you indicated Honeywell would not produce absent a court order. We will inform you of the proposed date with the court shortly.

Second, we further address the conditions you propose for the exchange of privilege logs. My colleague John Presper informs me that you telephoned him confirming your proposal that (1) Honeywell withhold production of its privilege log to Optrex until all defendants simultaneously exchange their respective privilege logs, or (2) Honeywell would exchange logs with Optrex, provided that Optrex agrees not to share Honeywell's log with other defendants.

Neither of your proposals is acceptable. We request that Honeywell and Optrex exchange their privilege logs in the next 1-2 weeks, with no conditions regarding disclosure to other defendants.

Your first proposal (that privilege logs are not exchanged until all defendants are ready to exchange them) is unacceptable because, as Honeywell has already pointed out in numerous letters to the Court, the discovery deadlines are appearing closer on the horizon, and discovery therefore cannot and should not be delayed due to the potential delay of one or more defendants. More importantly, the Court has already spoken against Honeywell treating defendants as a group, rather than individually. (See September 14, 2006 transcript pp. 20-21, wherein the Court stated: "When you say to me, respectfully, judge, it's not about an individual defendant's response, it's a global problem,

Jeremy C. McDiarmid, Esq.
ROBINS, KAPLAN, MILLER & CIRESI LLP
November 7, 2006
Page 2



here is the problem I have. I have a fundamental disagreement with you on that point. This is about individual defendants.") Holding the production of Honeywell's privilege log hostage to the behavior of other defendants goes directly against the Court's instruction. The privilege logs play an important role in determining the sufficiency of document production, and the existence of potentially relevant documents, both of which are vital to Optrex's case against Honeywell. Since potential motion practice may be required to address these issues, it is additionally inappropriate to further delay the mutual exchange of privilege logs.

Your second proposal similarly does not follow the Court's instruction, and is not feasible at any rate, given upcoming discovery events and depositions. Withholding Honeywell's privilege log from other defendants until they produce their logs is precisely the sort of "You first" arrangement that was expressly rejected by the Court on several occasions. (See, e.g., July 21, 2006 transcript, wherein the court stated on page 15: "I'll tell you right now, I'm rejecting the notion that the defense response to discovery depends upon how you respond to their discovery. I'm not going to have any more of this you go first stuff. I tried to say that to you folks repeatedly.") Your second proposal is also similar to Honeywell's position earlier in this case when it suggested that it would only produce documents to certain defendants who likewise were producing documents to Honeywell, and those defendants were not to disclose such documents to other defendants who were not producing documents to Honeywell's satisfaction. Honeywell wisely abandoned that position as the parties approached the Court to address discovery issues. We recommend Honeywell does the same in this particular instance. Finally, selectively withholding the privilege log may interfere with the upcoming laches depositions. Optrex may need to address issues relating to the privilege log during those depositions. Obviously, our co-defendants have a right to participate in the entirety of these depositions and therefore view such logs during these depositions regardless whether they have produced their own privilege logs to Honeywell.

Accordingly, for all of the above reasons, we again request that we exchange privilege logs within the next 1-2 weeks, without any conditions regarding disclosure to other defendants. As per the Court's instruction, if you have disagreements with other defendants regarding the production of their privilege logs, such disagreements should be raised directly with those defendants. If Honeywell insists on imposing conditions, we propose a final meet and confer tomorrow before contacting the Court.



Jeremy C. McDiarmid, Esq.
ROBINS, KAPLAN, MILLER & CIRESI LLP
November 7, 2006
Page 3

    Finally, we again request your confirmation whether Honeywell agrees that it is not necessary to log privileged documents dated on or after October 6, 2004.

        Sincerely,

        OBLON, SPIVAK, McCLELLAND,
        MAIER & NEUSTADT, P.C.

        Alexander E. Gasser

AEG:aw