# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 21, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE 19801

      Re:  *Honeywell International Inc., et al v. Apple Computer Inc., et al.*
           C.A. Nos. 04-1337, -1338, and -1536-***

Dear Judge Thynge:

    I write on behalf of Optrex America, Inc. ("Optrex") in advance of tomorrow afternoon's telephone conference scheduled at 3:30 p.m. EDT (*see* D.I. 736), and in response to Thomas C. Grimm, Esquire's March 19 letter brief (D.I. 739).

    Optrex respectfully requests that the Court deny Plaintiffs Honeywell International Inc.'s, and Honeywell Intellectual Properties Inc.'s ("Honeywell") request that Optrex produce discovery identifying "all" worldwide sales of its accused modules. *See* D.I. 739. For the reasons set forth below, Honeywell's request should be denied because it is not reasonably calculated to lead to admissible evidence that is not already of record, and the scope of the request would unduly burden Optrex.

    Before addressing the reasons for denying Honeywell's requested relief, it is important to clearly set forth the scope of the discovery sought. Honeywell asks for worldwide sales information relating to thirty-two[1] modules accused of infringement, including an identification of *every* customer (not just Customer Defendants) who has purchased an accused module anywhere in the world. Moreover, Honeywell further requests that a witness be made available to testify on such sales, requiring a witness from to be brought from Japan to the United States.

    Neither of Honeywell's asserted reasons for requesting production of Optrex's worldwide sales can withstand careful scrutiny. First, Optrex has already provided detailed information about the extensive U.S. sales of its accused modules, including modules sold to both Customer Defendants and non-Customer Defendants. To the extent Honeywell wishes to allege commercial success based on the quantity of Optrex's accused module sales (and ignoring the lack of the required nexus between those sales and the claimed subject matter),[2] Honeywell

---

[1] Optrex expects that Honeywell will accuse additional modules of infringing the '371 patent in the future.

[2] *See* Customer Defendants' and Manufacturing Defendants' letters opposing commercial success discovery of Customer Defendants. D.I. 732 and 733.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
March 21, 2007
Page 2

already possesses ample information. Moreover, despite taking extensive discovery from Optrex, Honeywell has not suggested in its letter that it has any evidence that accused Optrex modules sold outside of the U.S. subsequently enter this country. Stated differently, Honeywell has not alleged any facts sufficient to hint at, let alone support, an inducement to infringe claim and thus the requested discovery amounts to a classic fishing expedition.

    A.    Extensive Evidence Regarding the *Quantity* of Optrex's Accused Modules Is Already of Record and Worldwide Sales Information Has No Bearing on the Missing Nexus Between the Accused Sales and the Claimed Invention

    Honeywell argues that it is "faced with opposing Optrex's obviousness arguments without *any* information relating to commercial success of Optrex's products." Grimm 3/19/07 Letter at 2. This premise is simply incorrect. Honeywell ignores the fact that it possesses an extraordinary amount of information from Optrex, from other defendants, and from its licensees about the sales of accused modules. Despite Honeywell's protestations that it lacks "*any*" information about commercial success of Optrex products, Optrex has in fact produced hundreds of pages of summary level sales data identifying every transaction associated with the accused modules sold through Optrex America (e.g., OAI0018049 – OAI0018226 and OAI0053232 – OAI0053261) and tens of thousands of pages relating to the sales and marketing of those modules. Thus, the only fact even potentially relating to commercial success encompassed in the requested discovery (that large quantities of accused module sales have occurred) is already clearly established by the existing evidence. What Honeywell cannot prove in its effort to allege commercial success is the existence of a nexus between the large quantity of accused module sales and the subject matter of claim 3 of the '371 patent. *See, e.g., Ormco Corp. v. Align Tech, Inc.* 463 F.3d 1299, 1311-12 (Fed. Cir. 2006). Whether accused module sales have occurred abroad has no bearing on the nexus requirement and is thus not likely to lead to the discovery of admissible evidence.

    While Honeywell's requested discovery has marginal relevance at best, it would unduly burden Optrex. Honeywell has requested that Optrex provide sales information identifying every customer of any accused Optrex module purchased anywhere in the world. Honeywell has further requested that Optrex provide a witness to testify about such sales. Such a witness would need to be brought to the United States from Japan for deposition. The substantial burden of providing this confidential information to simply repeat a point made time and again by evidence already of record (large quantities of accused Optrex module sales have occurred) and which is irrelevant to commercial success evidence absent from the record (nexus between the accused sales and the patented subject matter) strongly supports a denial of Honeywell's request. *See* Fed. R. Civ. P. 26(b)(2)(c) (limiting discovery where the court determines that the discovery sought is unreasonably cumulative or duplicative, or the burden or expense of the proposed discovery outweighs its likely benefit).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
March 21, 2007
Page 3

      B.      Honeywell Has Provided No Basis for Alleging that Optrex Induced Infringement of the '371 Patent by Making Non-U.S. Module Sales

Drawing on its vaguely asserted inducement of infringement claim against Optrex, Honeywell cites *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) as allegedly supporting its need for evidence of Optrex's worldwide sales of accused modules. *DSU* addresses the requisite intent needed to prove induced infringement. It does not address the more fundamental question at issue here. Unless Optrex's modules sold abroad reach the U.S., there can be no claim for induced infringement. Therefore, there is no legal basis for extending discovery to Optrex's modules sold abroad unless Honeywell can articulate a good faith basis that modules sold abroad reach the U.S. market. *DSU* does not overrule the well settled proposition that parties should not be permitted to engage in fishing expeditions.

Honeywell exhaustively deposed Optrex witnesses for three days about the structure, manufacturing, sales, and marketing of the accused modules. Honeywell has reviewed tens of thousands of Optrex documents relating to the accused modules. Despite this thorough examination, Honeywell has cited to no evidence in its letter of March 19, 2007 supporting its hope of showing that accused modules sold outside the United States later enter into the United States. As such, Honeywell's second basis for the requested discovery is not likely to lead to the discovery of admissible evidence.[3]

For these reasons, Optrex respectfully requests that Honeywell's requested relief be denied.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale
Delaware Bar No. 2903

cc:    Dr. Peter T. Dalleo, Clerk (by hand)
        CM/ECF list (by e-filing)
        Thomas C. Grimm, Esquire (by hand)
        Matthew L. Woods, Esquire (by e-mail)
        Andrew M. Ollis, Esquire (by e-mail)

---

[3] If the Court should nonetheless deem it necessary to order limited discovery of Optrex's worldwide sales, Optrex requests that (1) such discovery be tightly confined to sales of accused modules *sold to Customer Defendants* and (2) any Fed. R. Civ. P. 30(b)(6) deposition testimony provided by Optrex regarding those sales be made by Optrex employees already present in the United States who have made a reasonable effort to educate themselves concerning this topic. *See* Honeywell's more limited assertion that it "seeks to determine whether those sales are made to a Customer Defendant who incorporates the modules into end products that are then imported into the United States." Grimm 3/19/07 Letter at 3.