IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC. and                    )
HONEYWELL INTELLECTUAL PROPERTIES INC.,             )
                                                     )
                      Plaintiffs,                    )
                                                     )
         v.                                          )
                                                     )
APPLE COMPUTER, INC.; ALL AROUND CO., LTD.,         )
ARGUS A/K/A HARTFORD COMPUTER GROUP,                )
INC.; ARIMA DISPLAY; AU OPTRONICS CORP.; AU         )
OPTRONICS CORPORATION AMERICA; BOE                   )    C.A. No. 04-1338-***
TECHNOLOGY GROUP COMPANY, LTD.; BEIJING             )
BOE OPTOELECTRONICS TECHNOLOGY CO., LTD.;           )
BOE-HYDIS TECHNOLOGY CO., LTD.; CASIO               )
COMPUTER CO., LTD.; CASIO, INC.; CITIZEN            )
SYSTEMS EUROPE; CITIZEN SYSTEMS AMERICA             )
CORPORATION; CONCORD CAMERAS; DELL INC.;            )
EASTMAN KODAK COMPANY; FUJI PHOTO FILM              )
CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU    )
LIMITED; FUJITSU AMERICA, INC.; FUJITSU             )
COMPUTER PRODUCTS OF AMERICA, INC.;                 )
HANNSTAR DISPLAY CORPORATION; HITACHI,              )
LTD.; HITACHI DISPLAYS, LTD.; HITACHI               )
DISPLAY DEVICES, LTD.; HITACHI ELECTRONIC           )
DEVICES (USA), INC.; INNOLUX DISPLAY                )
CORPORATION; INTERNATIONAL DISPLAY                  )
TECHNOLOGY; INTERNATIONAL DISPLAY                   )
TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS           )
ELECTRONICS N.V.; PHILIPS CONSUMER                  )
ELECTRONICS NORTH AMERICA; PHILIPS                  )
ELECTRONICS NORTH AMERICA CORPORATION;              )
KYOCERA WIRELESS CORP.; MATSUSHITA                  )
ELECTRICAL INDUSTRIAL CO.; MATSUSHITA               )
ELECTRICAL CORPORATION OF AMERICA;                  )
NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.;              )
OLYMPUS CORPORATION; OLYMPUS AMERICA,               )
INC.; PENTAX CORPORATION; PENTAX U.S.A.,            )
INC.; PICVUE ELECTRONICS LIMITED; QUANTA            )
DISPLAY INC.; SAMSUNG SDI CO., LTD; SAMSUNG         )
SDI AMERICA, INC; SONY CORPORATION; SONY            )
CORPORATION OF AMERICA; SONY ERICSSON               )
MOBILE COMMUNICATIONS AB; SONY ERICSSON             )
MOBILE COMMUNICATIONS (USA) INC.; ST                )
LIQUID CRYSTAL DISPLAY CORP.; TOPPOLY               )

OPTOELECTRONICS CORP.; TOSHIBA                    )
CORPORATION; TOSHIBA AMERICA, INC.; WINTEK        )
CORP.; WINTEK ELECTRO-OPTICS CORPORATION;         )
WISTRON CORPORATION; and M-DISPLAY                )
OPTRONICS CORP.,                                  )
                                                  )
                    Defendants.                   )
_____   )
                                                  )
HONEYWELL INTERNATIONAL INC. and                  )
HONEYWELL INTELLECTUAL PROPERTIES INC.,           )
                                                  )
                    Plaintiffs,                   )
                                                  )   C.A. No. 04-1337-***
          v.                                      )
                                                  )
AUDIOVOX COMMUNICATIONS CORP.;                    )
AUDIOVOX ELECTRONICS CORPORATION; NIKON           )
CORPORATION; NIKON INC.; NOKIA                     )
CORPORATION; NOKIA INC.; SANYO ELECTRIC           )
CO., LTD.; SANYO NORTH AMERICA                     )
CORPORATION; and SANYO EPSON IMAGING              )
DEVICES CORPORATION,                              )
                                                  )
                    Defendants.                   )


_____

OPTREX AMERICA, INC.                              )
                                                  )
                    Plaintiff,                    )   C.A. No. 04-1536-***
                                                  )
          v.                                      )
                                                  )
HONEYWELL INTERNATIONAL INC.                      )
and HONEYWELL INTELLECTUAL                         )
PROPERTIES INC.                                   )
                                                  )
                    Defendants.                   )
                                                  )
                                                  )
                                                  )
                                                  )
                                                  )

**SCHEDULING ORDER NO. 2**

2

Whereas this _11th_ day of June, 2007, the Court having conducted scheduling and planning conferences, Plaintiffs and the Manufacturing Defendants (hereinafter referred to as "the parties") having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

Whereas during the May 17, 2007 teleconference the Court extended fact discovery for a period of six months;

Whereas the time for filing Rule 26(a)(1) Initial Disclosures and for Joinder of Other Parties/Amendment of Pleadings has passed;

Whereas the Scheduling Order filed on March 29, 2006 has been amended by stipulation or other action of the Court on July 10, 2006 and November 30, 2006;

Whereas the matter has been referred to the United States Magistrate for the purpose of exploring the possibility of a settlement and the Magistrate Judge has scheduled various settlement conferences with counsel and their clients;

Whereas by Standing Order of Chief Judge Sue L. Robinson dated December 15, 2006, this matter has been referred to the United States Magistrate Judge to conduct pre-trial proceedings, pursuant to 28 U.S.C. 636(b);

IT IS ORDERED that the Scheduling Order for the present matter be as follows:

1.     Discovery.

     a.     Limitation on Hours for Deposition Discovery.

     Each side is limited to a total of 300 hours for fact depositions on common issues, each Manufacturer Defendant family may take 50 deposition hours of Plaintiffs for party specific issues and Plaintiffs may take 50 deposition hours per Manufacturer Defendant family for party specific issues, and each party family may take an additional 50 hours for party specific issues.

Manufacturer Defendants shall have an additional 150 hours of Third Party depositions. Honeywell shall have an additional 75 hours of Third Party depositions. A party may apply to Court for additional time for good cause shown. Limitations do not apply to expert discovery.

      b.    Location of Depositions.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or the agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      c.    Discovery Cut Off.

All discovery in this case shall be initiated so that it will be completed on or before November 30, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      d.    Disclosure of Expert Testimony.

With the exception of expert reports regarding infringement and damages (which will be deferred pending the outcome of the first trial), the parties shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of discovery, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party forty-five (45) days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579

(1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

       e.   Discovery Disputes.

       Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at 302-573-6173 to schedule a telephone conference. Not less than five business days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than one business day prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

       2.   Application to Court for Protective Order.

       Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

       Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclosure another party's information designated "confidential"

[the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 1e above.

3.    Papers Filed Under Seal.

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

4.    Tutorial Describing the Technology and Matters in Issue.

On a date and time to be determined by the new trial judge, the parties shall appear live to provide the Court with a tutorial on the technology at issue. The tutorial should focus on the technology at issue and should not be used to argue the parties' claims construction contentions. No testimony, expert or lay, will be offered at the hearing. For the convenience of the Court, these live (in-Court) tutorials may be videotaped (or otherwise recorded) and submitted to the Court. The tutorial should be limited to no more than thirty (30) minutes per side. In addition to the live presentation, the parties may submit a video tape of no more than 30 minutes at the hearing.

5.    Case Dispositive Motions.

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 18, 2008. Answering briefs shall be served and filed within 30 days of the opening brief. Reply briefs shall be served and filed within 14 days of the answering briefs.

6.    Claim Construction.

The parties exchanged a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) on November 9, 2006. This document was not filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to the direction set forth below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/Phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

Issues of claim construction shall be submitted to the Court by way of the Joint Claim Construction Chart, no later than November 30, 2007 to be considered by the Court in conjunction with the parties' summary judgment motions. Simultaneous opening briefs on issues of claim construction shall be served and filed by each side on January 18, 2008. Simultaneous reply briefs shall be served and filed by each side on February 15, 2008.

7.    Hearing on Claim Construction.

On a date and time to be determined by the new trial judge, the Court will hear evidence and argument on claim construction and summary judgment.

8.    Applications by Motion.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not

deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.   Pretrial Conference.

On a date and time to be determined by the new trial judge, the Court will hold a Final Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before May 16, 2008.

10.   Motions *in Limine*.

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. However, if a party does not believe that its position is being adequately represented by the combined submission, the party may seek leave from the Court to increase the page limitations for the combined submission.

11.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.

Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories on or before three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

12.    <u>Trial</u>.

This matter is scheduled for a ten (10) day jury trial beginning on a date and time to be determined by the new trial judge. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case. Issues to be tried in this phase shall be limited to validity and enforceability of U.S. Patent No. 5,280,371.

Dated: _June 11_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John R. Alison, Parker H. Bagley, Robert J. Benson, Robert Karl Beste, III, Elizabeth L. Brann, Christopher E. Chalsen, Hua Chen, Arthur G. Connolly, III, Frederick L. Cottrell, III, Francis DiGiovanni, Thomas M. Dunham, Kevin C. Ecker, Amy Elizabeth Evans, York M. Faulkner, Maria Granovsky, Christopher J. Gaspar, Alexander E. Gasser, Alan M. Grimaldi, Thomas C. Grimm, Thomas Lee Halkowski, Angie Hankins, Richard L. Horwitz, Dan C. Hu, John T. Johnson, Robert J. Katzenstein, Nelson M. Kee, Richard D. Kelly, Matthew W. King, Stephen S. Korniczky, Gary William Lipkin, Hamilton Loeb, Robert L. Maier, David J. Margules, David Ellis Moore, Carolyn E. Morris, Arthur I. Neustadt, Elizabeth A. Niemeyer, Andrew M. Ollis, Karen L. Pascale, Adam Wyatt Poff, Leslie A. Polizoti, John F. Presper, Alana A. Prills, Steven J. Rizzi, Lawrence Rosenthal, Avelyn M. Ross, Philip A. Rovner, Diana M. Sangelli, Robert C. Scheinfeld, Carl E. Schlier, Chad Michael Shandler, John W. Shaw, Matthew W. Siegal, Neil P. Sirota, Monte Terrell Squire, William J. Wade, Roderick B. Williams, Edward R. Yoches.

I also certify that on June 8, 2007, I caused to be served true and correct copies of

the foregoing on the following as indicated below:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com

*Attorneys for Sony Corporation*


Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
provner@potteranderson.com

*Attorneys for Fuji Photo Film Co., Ltd.
and Fuji Photo Film U.S.A., Inc.*


Gary W. Lipkin
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246
GWLipkin@duanemorris.com

*Attorneys for InnoLux Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801
kpascale@ycst.com

*Attorneys for Optrex America, Inc.*


David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
dmargules@BMF-law.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*


Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com

*Attorneys for Hitachi Displays, Ltd., Wintek
Corp., Wintek Electro-Optics Corporation,
Samsung SDI America, Inc.  and Samsung
SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
 FARABOW, GARRETT
 & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
 FARABOW, GARRETT
 & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek
Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephenkorniczky@paulhastings.com
elizabethbrann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for Fuji Photo Film Co., Ltd.*
*and Fuji Photo Film U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*


**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea


*/s/ Leslie A. Polizoti*

Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com