# YOUNG CONAWAY STARGATT & TAYLOR, LLP

|  | THE BRANDYWINE BUILDING | |
|---|---|---|
| KAREN L. PASCALE | 1000 WEST STREET, 17TH FLOOR | (302) 571-6600 |
| DIRECT DIAL: (302) 571-5001 | WILMINGTON, DELAWARE 19801 | (302) 571-1253 FAX |
| DIRECT FAX: (302) 576-3516 | P.O. BOX 391 | (800) 253-2234 (DE ONLY) |
| kpascale@ycst.com | WILMINGTON, DELAWARE 19899-0391 | www.youngconaway.com |

November 1, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE 19801

   Re: *Honeywell International Inc., et al v. Apple Computer Inc., et al.*
    C.A. Nos. 04-1337, -1338, and -1536-\*\*\* (Consolidated)

Dear Judge Thynge:

  In advance of the teleconference scheduled for Thursday, November 8, 2007 at 9:00 a.m. EST, I write on behalf of Optrex America, Inc. ("Optrex") regarding a discovery matter that Optrex addressed with Honeywell in a meet and confer on October 1, 2007, and in prior correspondence.

  Optrex respectfully requests from the Court the following relief:

1. That Honeywell be ordered to supplement its responses, and admit or deny Optrex's Second Set of Requests for Admission, Nos. 30 and 130-191; and

2. That Honeywell be ordered to supplement its response to Optrex's Fourth Set of Interrogatories, No. 12.

1. <u>Optrex's Second Set of Requests for Admission</u>

  Optrex's Request Nos. 30 and 130-191 ask Honeywell to admit or deny whether Optrex modules having the structure shown in identified engineering drawings infringe the '371 patent. (*See* Optrex's Second Set of Requests for Admission, Ex. A.) Those drawings show modules having two BEF films that are <u>not</u> rotated relative to the LCD panel. In contrast, claim 3 of the '371 patent requires lens arrays to be rotated relative to the LCD panel. These are simple and straightforward requests that seek to streamline the litigation by establishing facts over which there should be no dispute.

  The requested admissions relate directly to the fact that Optrex has now (and had in the past) a non-infringing alternative to the design claimed in the '371 patent. Optrex is entitled to know whether Honeywell considers Optrex's non-rotated BEF design to infringe the '371 patent. Among other issues, these facts are essential to Optrex's laches defense and the calculation of damages in this case. Moreover, Honeywell's responses to these requests impact the effect of

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
November 1, 2007
Page 2

certain prior art to the '371 patent having the same design (the Abileah '041 patent), as well as Optrex's defense that claim 3 of the '371 patent is indefinite.

Honeywell, however, refuses to admit or deny Optrex's requests for admission on the grounds, inter alia, that (1) Optrex has purportedly asserted that only modules specifically accused of infringement are relevant to this litigation, (2) Optrex has provided insufficient discovery regarding the modules in question, and (3) Optrex modules have a manufacturing tolerance of +/- 1 degree.[1] (See Honeywell's Responses to Optrex's Second Set of Requests for Admission, Ex. B.)

Honeywell alleges that information regarding non-rotated modules is irrelevant "based on Optrex's ongoing assertion in this matter that the only modules relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent." (Ex. B at 2; and *in passim*). This objection grossly overstates Optrex's reliance on this Court's prior rulings.[2] Neither Optrex nor the Court have ever suggested that the modules at issue in Optrex's laches defense are limited to those Optrex modules specifically identified by Honeywell. For example, Optrex's first responses in May 9, 2006, to Honeywell's first interrogatories identified many modules other than those identified by Honeywell in support of Optrex's laches defense.

Honeywell attempts once again to improperly shift the burden of identifying infringing products, this time by holding responses relating to Optrex's alternative design hostage in return for the disclosure of additional rotated two-BEF Optrex modules that Honeywell has not specifically accused of infringement (*see* letter of August 13, 2007 from Alan McKenna to John Presper, Ex. D at 2), in direct contravention with the Court's rulings. Honeywell has made these arguments before, and the Court has repeatedly decided against Honeywell. (*See, e.g.*, Transcript of September 9, 2005 Teleconference at 27-29 (not docketed) (Ex. E); Transcript of July 21, 2006 Teleconference at 18-21 (D.I. 506 in C.A. No. 04-1338-***) (Ex. F).)

Honeywell further objects that the discovery Optrex provided for the modules in question is "limited and selective" such that Honeywell cannot "respond more fully than it already has" nor "make determinations as to the technical aspects of each of these modules" (Ex. D at 1). This argument is not credible. Optrex seeks very narrow, focused discovery. Optrex provided Honeywell with interrogatory responses specifically identifying these modules, as well as extensive and substantive technical and sales documentation regarding these modules (including backlight drawings for each module in question). Optrex also provided witnesses to testify about

---

[1] Honeywell also refuses to admit or deny these requests on the grounds of attorney-client and work product privilege, and because two modules made available for Honeywell's analysis with the same module number had lens arrays with inconsistent degrees of rotation. As stated in the letter of August 3, 2007 from John Presper to Alan McKenna, the attorney-client and work product privileges are not valid reasons for Honeywell to withhold its position on whether a particular module infringes, and each request is specifically limited to modules having the particular structure shown in the engineering drawing cited in Optrex's document production. (*See* Ex. C at 2).

[2] Those rulings confirmed that Honeywell bears the burden of specifically identifying allegedly infringing products.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
November 1, 2007
Page 3

these modules (including Mr. Kobayashi, Optrex's technical witness, from whom Honeywell took five days of testimony on these and other modules). (*See* letter of September 13, 2007 from John Presper to Alan McKenna, Ex. G at 1.) Furthermore, Honeywell has given no guidance as to why it requires additional discovery for these modules, nor has Honeywell explained why the lens sheet drawings Optrex provided are insufficient to allow Honeywell to "make determinations as to the technical aspects of each of these modules." (*Id.*) Refusing to provide responses to Optrex's valid discovery requests is simply improper.

Honeywell also refuses to admit or deny the requests by relying upon Mr. Kobayashi's testimony that Optrex accepts up to 1 degree of rotation of the lens sheets as a natural and necessary manufacturing tolerance (*see* Ex. D at 1). This is despite the fact that these requests are specifically limited to modules having the structure shown in specified engineering drawings, and these lens sheet drawings show no rotation of the lens sheets. (*See, e.g.*, Request to Admit no. 182: "Admit that Optrex LCD module no F-51963GD035J-MLW-AIN, *having the structure shown in engineering drawing No. LEDBL51963B-W-1*, found at Bates number OAI 0126531, does not infringe claim 3 of the '371 Patent."(italics added).) Accordingly, tolerances involving rotation of these lens sheets are irrelevant to the precisely drafted requests. Even if a drawing referred to manufacturing tolerances, this still would not permit Honeywell to avoid admitting or denying the request. Optrex deserves a substantive response from Honeywell on whether any such tolerance in rotation does or does not infringe the '371 patent.

2.  Optrex's Fourth Set of Interrogatories

Optrex's Interrogatory No. 12 asks Honeywell to state whether certain modules identified by Optrex that contain non-rotated lens arrays infringe the '371 patent, and if so, to identify all facts and documents Honeywell relies on in support thereof. Honeywell relies upon the three objections discussed above to refuse substantively responding to this interrogatory. (*See* Ex. H at pp. 4-6.) For the aforementioned reasons, these objections are likewise without merit. Optrex is entitled to a response from Honeywell that explains whether such modules are accused of infringement, and if so, the facts and documents that support this contention..

Respectfully,

*Karen L. Pascale*

Karen L. Pascale
Delaware Bar No. 2903

cc: Dr. Peter T. Dalleo, Clerk (by hand)
CM/ECF list (by e-filing)
Thomas C. Grimm, Esquire (by hand)
Matthew L. Woods, Esquire (by e-mail)
Andrew M. Ollis, Esquire (by e-mail)

DB02:6342610.1                                                                065004.1001