# EXHIBIT D

# ROBINS, KAPLAN, MILLER & CIRESI LLP

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7080
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

**ATTORNEYS AT LAW**

**FROM:    Alan E. McKenna**

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

DATE:       August 13, 2007

TO:    NAME:                    **FACSIMILE NO.:**         TELEPHONE NO.:

John F. Presper, Esq.          **(703) 413-2220**
Oblon, Spivak, McClelland, Maier
& Neustad, P.C.

FILE NO.:    019896.0229

NUMBER OF PAGES INCLUDING COVER SHEET:    3

**If transmission problems occur, or you are not the intended recipient, please call 617-267-2300 or contact Lorraine Scally at (617) 859-2707.**

MESSAGE:

Please see attached letter.

Original Will Follow By Regular Mail



RECEIVED

AUG 13 2007

OBLON, SPIVAK, McCLELLAND
MAIER & NEUSTADT, P.C.

Tony 9
cc J. Presper

ATLANTA    BOSTON    LOS ANGELES    MINNEAPOLIS    NAPLES    SAINT PAUL    WASHINGTON, D.C.

# ROBINS, KAPLAN, MILLER & CIRESI LLP

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

ALAN E. McKENNA
617-859-2719

August 13, 2007

**VIA FACSIMILE AND U.S. MAIL**

John F. Presper, Esq.
Oblon, Spivak, McClelland, Maier & Neustad, P.C.
1940 Duke Street
Alexandria, VA 22314

Re:     *Honeywell International, Inc. et al. v. Apple Computer, Inc., et al.*
        **Civil Action No. 04-1338 (KAJ) (consolidated)**

Dear John:

I write in response to your letter of August 3, 2007, wherein you ask that Honeywell supplement its responses to Optrex's Second Set of Requests for Admissions as well as to Optrex's Fourth Set of Interrogatories.

We disagree with the assertion in your letter that Honeywell's responses are inadequate. Honeywell stands by its objections and responses. As you know, the discovery requests at issue seek admissions from Honeywell that specific Optrex modules do not infringe the '371 patent. Honeywell's responses to these discovery requests are based upon the limited and selective discovery that Optrex has provided for these modules. As you will recall, Optrex identified these modules and produced one to two pages of lens sheet drawings for each module in question. Based upon these limited technical documents, Optrex expects Honeywell to admit that these modules do not infringe the '371. Such limited information does not allow Honeywell to respond more fully than it already has, and certainly does not allow Honeywell to make determinations as to the technical aspects of each of these modules.

In addition, it appears that Optrex's requests are based on its assertion that these modules do not contain rotated lens sheets (which assertion is based, apparently, on the one or two lens sheet drawings produced by Optrex). The value of the limited discovery provided by Optrex regarding these modules, however, is further diluted by the testimony of Optrex's own technical witness, Mr. Kobayashi, who testified that Optrex employs a tolerance level of +/- 1° of rotation in its lens sheet/BEF films. (*See* Kobayashi, Vol. 3, at 269:19-270:272:1.). Moreover, Mr. Kobayashi's testimony highlights the impropriety of the discovery requests at issue. If Optrex believes Honeywell's responses require supplementation, we request that you provide complete discovery for each of the modules referenced in your Request for Admissions nd Interrogatories. Please let us know whether Optrex is willing to provide complete discovery on these modules.

BN1 35040580.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

John F. Presper
August 13, 2007
Page 2

   In addition, your letter and the underlying discovery requests from Optrex raise the question as to how Optrex was able to identify the modules for which it chose to seek an admission of non-infringement. Did Optrex undertake a review of all of its LCD modules and then "cherry pick" from that list? Is Optrex willing to provide discovery for all of its modules, or at least for all modules that it examined in coming up with the list of modules contained in these discovery requests? If Optrex reviewed all of its modules, did it identify any additional modules that it has not yet disclosed to Honeywell? As you are well aware, Honeywell has long sought a consistent approach to the scope of discovery in this case. Optrex and the other defendants, however, have continually sought to narrow the case. Given this history, it is improper for Optrex to "cherry pick" those modules of interest from its portfolio when it is unwilling to inform Honeywell what else is out there that would act as a counterweight to Optrex's "cherry picking."

   I look forward to hearing from you.

                              Very truly yours,

                              ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                              Alan E. McKenna

cc:    Thomas C. Grimm, Esq.

BNI 35040580.1