# EXHIBIT E

SHEET 1

1

```
 1              THE UNITED STATES DISTRICT COURT

 2             IN AND FOR THE DISTRICT OF DELAWARE

 3                          -  -  -

 4   HONEYWELL INTERNATIONAL, INC.    :    CIVIL ACTIONS
     et al.                           :
 5                                     :
             Plaintiffs,              :
 6                                     :
            v.                        :
 7                                     :
     AUDIOVOX COMMUNICATIONS CORP.,    :
 8   et al.                            :
                                       :    NO. 04-1337 (KAJ)
 9             Defendants.             :
     -----------------------------------
10   HONEYWELL INTERNATIONAL, INC.     :
     et al.                            :
11                                     :
             Plaintiffs,              :
12                                     :
            v.                        :
13                                     :
     APPLE COMPUTER, INC.,  et al.,    :
14                                     :    NO. 04-1338 (KAJ)
               Defendants.
15                          -  -  -

16                  Wilmington, Delaware
            Friday, September 9, 2005 at 10:40 a.m.
17                  TELEPHONE CONFERENCE

18                          -  -  -

19   BEFORE:      HONORABLE KENT A. JORDAN, U.S.D.C.J.

20                          -  -  -
     APPEARANCES:
21

22         ASHBY & GEDDES
           BY:  STEVEN J. BALICK, ESQ.
23
                    and
24

25                            Brian P. Gaffigan
                              Registered Merit Reporter
```

SHEET 2

---

**2**

```
 1   APPEARANCES: (Continued)
 2
 3   MORRIS NICHOLS ARSHT & TUNNELL
     BY:  THOMAS C. GRIMM, ESQ.,
 4
            and
 5
     ROBINS KAPLAN MILLER & CIRESI, L.L.P
 6   BY:  MARTIN R. LUECK, ESQ.,
            MATTHEW L. WOODS, ESQ., and
 7          STACIE E. OBERTS, ESQ.
            (Minneapolis, Minnesota)
 8
            and
 9
     HONEYWELL INTERNATIONAL
10   BY:  J. DAVID BRAFMAN, ESQ.
11            Counsel on behalf of Honeywell
                International, Inc., and Honeywell
12              Intellectual Properties, Inc.
13   SMITH KATZENSTEIN & FURLOW
     BY:  ROBERT J. KATZENSTEIN, ESQ.
14
            and
15
     HOGAN & HARTSON, LLP
16   BY:  ROBERT J. BENSON, ESQ.
            (Los Angeles, California)
17
              Counsel for Seiko Epson Corp.,
18              Kyocera Wireless Corp.
19
     YOUNG CONAWAY STARGATT & TAYLOR
20   BY:  JOHN W. SHAW, ESQ.
21            Counsel for Olympus Corporation,
                Olympus America, Inc., Sony Corporation,
22              And Sony Corporation of America
23            and
24
25
```

---

**3**

```
 1   APPEARANCES: (Continued)
 2
 3   KENYON & KENYON
     BY:  ROBERT L. HAILS, ESQ.
 4          (Washington, District of Columbia)
 5            and
     KENYON & KENYON
 6   BY:  JOHN FLOCK, ESQ.
            (New York, New York)
 7
              Counsel for Sony Corporation, and Sony
 8              Corporation of America
 9            and
10   KENYON & KENYON
     BY:  RICHARD M. ROSATI, ESQ.
11          (New York, New York)
12            Counsel for Olympus Corporation, and
                Olympus America, Inc.
13
14   RICHARDS LAYTON & FINGER
     BY:  WILLIAM J. WADE, ESQ.
15
            and
16
     WEIL GOTSHAL & MANGES
17   BY:  STEPHEN J. RIZZI, ESQ.
            (New York, New York)
18
              Counsel for Matsushita Electrical
19              Industrial Co. And Matsushita
                Electical Corporation of America
20
21
22
23
24
25
```

---

**4**

```
 1   APPEARANCES:  (Continued)
 2
 3   FISH & RICHARDSON, P.C.
     BY:  THOMAS L. HALKOWSKI, ESQ.
 4
              Counsel for Nokia, Inc., Casio, Inc., Casio
 5              Computer and Apple Computer Inc.
 6
     FISH & RICHARDSON, P.C.
 7   BY:  JOHN T. JOHNSON, ESQ., and
            LEWIS E. HUDNELL, III, ESQ.
 8          (New York, New York)
 9            Counsel for Casio, Inc., Casio Computer
10            and
11   FISH & RICHARDSON, P.C.
     BY:  KELLY C. HUNSAKER, ESQ.
12          (Redwood City, California)
13            Counsel for Apple Computer Inc.
14
            and
15
     FISH & RICHARDSON, P.C.
16   BY:  LAUREN A. DEGNAN, ESQ.
            (Washington, District of Columbia)
17
              Counsel for Nokia, Inc.
18
     RICHARDS LAYTON & FINGER
19   BY:  CHAD M. SHANDLER, ESQ.
20            and
21   HARRIS BEACH, LLP
     BY:  NEAL L. SLIFKIN, ESQ.
22          (Pittsford, New York)
23            Counsel for Eastman Kodak
24
25
```

---

**5**

```
 1   APPEARANCES:  (Continued)
 2
 3   POTTER ANDERSON & CORROON, LLP
     BY:  RICHARD L. HORWITZ, ESQ.
 4
              Counsel for Concord Cameras, Dell, Inc.
 5              Fujitsu Limited, Fujitsu America, Inc.,
                Fujitsu Computer Products of America, Inc.,
 6              Toshiba Corporation, Toshiba America, Inc.,
                Wintek Electro-Optics Corporation, Sanyo
 7              Electric Co. Ltd. and Sanyo North America,
                Philips Electronics North America Corp.
 8              and Samsung SDI
 9            and
10   FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
     BY:  BARRY W. GRAHAM, ESQ.
11          (Washington, District of Columbia)
12            Counsel for Nikon Corporation, Nikon Inc.
13            and
14   KATTEN MUCHIN ROSENMAN
     BY:  MICHAEL A. DORFMAN, ESQ.
15          (Chicago, Illinois)
16            Counsel for Sanyo Electric Co. Ltd.
                and Sanyo North America
17
18
     OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.
19   BY:  CARL E. SCHLIER, ESQ.
            (Alexandria, Virginia)
20
              Counsel for Toshiba America
21
22
     VINSON & ELKINS
23   BY:  RODERICK B. WILLIAMS, ESQ.
            (Austin, Texas)
24
              Counsel for Dell, Inc.
25            and
```

---

United States District Court for the District of Delaware
Before the Honorable Kent A. Jordan

SHEET 3

6

1    APPEARANCES:  (Continued)

2

3        MILBANK TWEEK HADLEY & McCLOY, LLP
4        BY:  CHRISTOPHER E. CHALSEN, ESQ.
             (New York, New York)

5               Counsel for Fujitsu Limited, Fujitsu
6               America, Inc., Fujitsu Computer Products
                of America, Inc.

7               and

8        FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
9        BY:  YORK FAULKNER, ESQ.
             (Reston, Virginia)

10              Counsel for Wintek Electro-Optics
                Corporation

11

12              and

13       HOWREY SIMON ARNOLD & WHITE, LLP
         BY:  ALAN M. GRIMALDI, and
14            NELSON M. KEE, ESQ.
             (Washington, District of Columbia)

15              Counsel for Philips Electronics
16              North America Corp.

17              and

18       PAUL HASTINGS JANOFSKY & WALKER, LLP
         BY:  STEPHEN S. KORNICZKY, ESQ.
19           (San Diego, California)

20              Counsel for Samsung SDI

21              and

22       CONCORD CAMERA CORP.
         BY:  SCOTT L. LAMPERT, ESQ.
23           (Hollywood, Florida)

24              Counsel for Concord Camera

25

---

7

1    APPEARANCES:  (Continued)

2

3        SACHNOFF & WEAVER
4        BY:  BRIAN D. ROCHE, ESQ.
             (Chicago, Illinois)

5               Counsel for Argus a/k/a Hartford
                Computer Group, Inc.

6

7        POTTER ANDERSON & CORROON, LLP
8        BY:  PHILIP A. ROVNER, ESQ.

9               and

10       STROOCK & STROOCK & LAVAN LLP
         BY:  LAWRENCE ROSENTHAL, ESQ.
11           (New York, New York)

12              Counsel for Fuji Photo Film Co., Ltd.
                And Fuji Photo Film U.S.A. Inc.

13

14       DUANE MORRIS
         BY:  D. JOSEPH ENGLISH, ESQ.
15           (Washington, District of Columbia)

16              Counsel for Audiovox Communications Corp.

17       YOUNG CONAWAY STARGATT & TAYLOR
18       BY:  ADAM WYATT POFF, ESQ.

19              and

20       GREENBLUM and BERNSTEIN, PLC
         BY:  MICHAEL J. FINK, ESQ.
21           (Reston, Virginia)

22              Counsel for Pentax Corporation,
                Pentax U.S.A., Inc.

23

24

25

---

8

1    APPEARANCES:  (Continued)

2

3        BOUCHARD MARGULES & FRIEDLANDER
4        BY:  KAREN L. PASCALE, ESQ.

5               and

6        OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.
         BY:  ANDREW M. OLLIS, ESQ.
7            (Alexandria, Virginia)

8               Counsel for Optrex America, Inc.

9        McCARTER & ENGLISH
10       BY:  THOMAS D. WALSH, ESQ.

11              Counsel on behalf of Optrex America

12       CONNOLLY BOVE LODGE & HUTZ
         BY:  JAMES MICHAEL OLSEN, ESQ.
13

14              Counsel on behalf of Sony Ericsson AB
                and Sony Ericsson, Inc.

15

16

17

18

19

20

21

22                      - oOo -

23              P R O C E E D I N G S

24       REPORTER'S NOTE:  The following proceedings were

25   held in open court, beginning at 10:40 a.m.)

---

9

1        THE COURT:  Counsel, this is Judge Jordan. I
2    apologize keeping you waiting.  The folks who were in the
3    queue ahead of you exceeded their allotted time but we were
4    able to work some things out and I appreciate your patience.
5        Why don't we go ahead and I'll get a roll call
6    from you folks of who is on the line and who you represent.
7    Okay?  Let's start with the plaintiff.
8        MR. GRIMM:  Good morning, Your Honor.  It's Tom
9    Grimm at Morris Nichols for Honeywell.  On the line with me
10   today; first, Your Honor may recall Honeywell filed two
11   separate actions so on the line with me also is John Day of
12   the Ashby & Geddes firm.
13       Our co-counsel on the line with us this morning
14   are Martin Lueck, Matt Woods and Stacie Roberts at the
15   Robins Kaplan Miller & Ciresi firm.  And also on the line
16   this morning with us is David Brafman, Intellectual Property
17   counsel for Honeywell.  And that's for all plaintiff
18   Honeywell.
19       THE COURT:  All right.  Let's just start down
20   the list of defendants.  Go ahead.
21       MR. HORWITZ:  Your Honor, this is Rich Horwitz
22   at Potter Anderson on behalf of a number of defendants.  And
23   with me on the line, I'll go through the list.
24       THE COURT:  Well, you need to tell me which
25   defendants you are here for.  I know this is --

SHEET 4

**10**

1  MR. HORWITZ: That's fine. I'm on the line for
2  Dell, Fujitsu, Concord Camera, Toshiba, Nikon, Samsung SDI,
3  Sanyo, Wintek and Philips.
4  And with me on the line for Dell, Rick Williams;
5  for Philips, Alan Grimaldi and Nelson Kee; for Fujitsu,
6  Christopher Chalsen; for Sanyo, Michael Dorfman; for
7  Toshiba, Carl Schlier; for Nikon, Barry Graham; for Wintek,
8  York Faulkner. We are on alone for Concord Camera. And for
9  Samsung SDI, Stephen Korniczky.
10  MR. LAMPERT: One correction. This is Scott
11  Lampert for Concord Camera.
12  MR. HORWITZ: I'm sorry, Scott. I didn't
13  realize you were on.
14  THE COURT: All right. Thanks.
15  Is there anybody else on?
16  MR. WADE: Your Honor, it's Bill Wade at
17  Richards Layton & Finger, and I'm on for the Matsushita
18  defendants along with Steve Rizzi and perhaps David Lender
19  from Weil, Gotshal & Manges.
20  MR. BENSON: Your Honor, this is Robert Benson
21  of Hogan & Hartson on for Seiko Epson and Kyocera Wireless.
22  MR. KATZENSTEIN: Your Honor, this is Robert
23  Katzenstein. I'm Mr. Benson's local counsel.
24  MR. HALKOWSKI: Your Honor, this is Tom
25  Halkowski on behalf of Nokia, Apple and Casio. And with me

**11**

1  on the line on behalf of Nokia is Lauren Degnan; and on
2  behalf of Apple, Kelly Hunsaker; and on behalf of Casio,
3  John Johnson and Lewis Hudnell. Thank you.
4  THE COURT: All right.
5  MR. ROVNER: Your Honor, this is Phil Rovner for
6  the Fuji Photo Film defendant. With me on the line is Larry
7  Rosenthal from Stroock Stroock & Lavan in New York.
8  THE COURT: Okay.
9  MR. ROCHE: Your Honor, Brian Roche in Chicago
10  for Hartford Computer Group.
11  THE COURT: And is somebody on with you, sir, as
12  local counsel?
13  MR. ROCHE: No.
14  THE COURT: Have you arranged for local counsel?
15  MR. ROCHE: Yes, we have local counsel from
16  Cross & Simon.
17  THE COURT: All right. Typically, we look for
18  those folks to be on those calls too unless excused. But
19  thanks for identifying yourself.
20  Who else is on?
21  MR. SHANDLER: Your Honor, Chad Shandler for
22  Richard Layton for Eastman Kodak. With me on the line is
23  Neal Slifkin from Harris Beach.
24  THE COURT: Anybody else?
25  MR. WALSH: Your Honor, Tom Walsh with McCarter

**12**

1  & English on behalf of Audiovox Electronics Corporation.
2  MR. POFF: Your Honor, Adam Poff from Young
3  Conaway on behalf of the Pentax defendants. And also
4  Michael Fink from Greenblum and Bernstein on behalf of
5  Pentax.
6  MR. SHAW: Your Honor, John Shaw for the Olympus
7  and Sony defendants, and I believe Richard Rosati and Bob
8  Hails is for Olympus.
9  MR. ROSATI: Rich Rosati for Olympus.
10  MR. SHAW: And Bob Hails is for the Sony
11  defendants.
12  THE COURT: Okay.
13  MR. OLSEN: Your Honor, James Olsen from
14  Connolly Bove for the Sony Ericsson defendants.
15  MR. ENGLISH: Your Honor, this is Joe English
16  from Duane Morris on behalf of Audiovox Communications Corp.
17  THE COURT: And do we have anybody else on?
18  MR. FLOCK: Your Honor, this is John Flock from
19  Kenyon & Kenyon, also on for Sony corporation.
20  THE COURT: Thank you.
21  MS. PASCALE: Your Honor, this is Karen Pascale
22  from Bouchard Margules & Friedlander for Optrex America
23  which is the named plaintiffs in the 04-1536 action; and on
24  the line with me is Andrew Ollis from the Oblong Spivack
25  firm.

**13**

1  THE COURT: Okay. Do I have anybody else?
2  (Pause.)
3  THE COURT: All right. Well, thanks for
4  assembling. I'm glad the telephone company has got enough
5  lines to handle this call.
6  We are together because in spite of what I
7  thought was pretty clear direction a few months ago, we
8  still haven't been able to get plaintiffs and defendants
9  moving forward on this case, and I received a letter on
10  August 22nd from Mr. Grimm saying, "hey, since our
11  correspondence to you in June, we're still at odds."
12  So, I've taken a look at the correspondence but
13  why don't I give you a chance to tell me what you think the
14  points in dispute are that can't be resolved without my
15  intervention so we can get a scheduling order in place,
16  short of me just imposing one.
17  Who is speaking on behalf of the plaintiffs on
18  this?
19  MR. GRIMM: Your Honor, this is Tom Grimm.
20  Marty Lueck of the Robins Kaplan Miller & Ciresi firm will
21  speak.
22  THE COURT: Mr. Lueck.
23  MR. LUECK: Good morning, Your Honor. I think I
24  can give you a snapshot here of where we've made progress,
25  where we haven't and I think give the Court an idea of how

Friday, September 9, 2005

14

1 we might be able to resolve the logjam so we can transition
2 this case from the customer defendants to the module maker
3 defendants.
4        Basically, what we have asked for in discovery
5 from the customer defendants is a list of all products sold
6 in the United States in the categories that are set forth
7 in the complaint going back from October 6th, 1998 to the
8 present. And we've asked for the identity of a module maker
9 for each of those products and the LCD module model number.
10 And the reason we've asked for that information is so that
11 we can match up the LCD modules that were manufactured
12 overseas to the end products that were actually imported
13 into the United States and sold because those are the ones
14 that are going to be at issue for both liability and
15 ultimately, down the road, damage.
16        THE COURT: All right. I'm sorry to interrupt,
17 Mr. Lueck. Give it to me one more time. What is it that
18 you specifically asked for in discovery?
19        MR. LUECK: What we're asking for is a list of
20 all -- and let me just back up. This is for the customer
21 defendants. A list of all products sold in the United
22 States in the categories set forth in the complaint from
23 October 6th, 1998 to the present. And that's consistent
24 with the patent statute of limitations, six years back from
25 the date of filings of the complaint. The products.

15

1        THE COURT: All right. Now, before you go
2 further, let me ask you what I took it to be the other
3 side's position and just have you respond to it directly.
4        I think they were saying to saying to me, these
5 guys should be identifying the products they think infringe
6 in the first instance. Am I right that that is a point of
7 contention or am I wrong about that?
8        MR. LUECK: You are correct, Your Honor, as to
9 some of the defendants.
10        THE COURT: What is your response?
11        MR. LUECK: Our response to that is we have
12 identified all of the products that we have purchased and
13 torn down and found specific instances of infringement.
14 We're unable to buy every product that is out there, and in
15 fact for the products that are in the past, we have no idea
16 whether we would have all of those or not have all of them.
17 And we don't believe on a going-forward basis, it should be
18 our burden to buy every single product of every single
19 company, tear it down and then make an individual charge of
20 infringement.
21        We have given them all the information we have
22 to date. And, in addition, we have offered to tear down
23 any products they want to send us and we will give them a
24 response on the results of that tear-down. And that really
25 is the logjam right there. We have resolved that issue with

16

1 three of the defendants, Nikon, Concord Camera and Fuji. I
2 believe we're close to resolving it with Nokia and Olympus
3 but were unable to make progress with the others.
4        THE COURT: All right. And what is the basis of
5 your agreement with the ones you have resolved it with?
6        MR. LUECK: In essence, Your Honor, they have
7 agreed to provide us that information: A historical list of
8 products going back to 1998, the identity of the module
9 maker for each product and the LCD module number that is in
10 the product.
11        THE COURT: All right. And is that really the
12 heart of the dispute? Is there some other thing going on
13 that I need to know about or is this really a kind of an
14 Alphonse-and-Gaston thing about who goes through the door
15 first?
16        MR. LUECK: Yes, I think that is correctly
17 summarized, Your Honor. I believe if we can resolve this
18 issue, we can make a lot of progress to resolving everything
19 else.
20        THE COURT: Okay. Who wants to take this up in
21 the first instance for the defendants?
22        MR. HORWITZ: Your Honor, this is Rich Horwitz.
23        I think that you have captured what the main
24 dispute is and, really, it boils down to who should go
25 first. Based on what Your Honor told us when we were in

17

1 front of you, I think we quoted the language from the
2 transcript where we think it's their obligation to come
3 first as the plaintiff charging infringement.
4        There may be some defendants who want to speak
5 specifically because the burdens on defendants are different
6 depending on how many products fall within the eight
7 categories that were mentioned in the complaint for the time
8 period that we're talking about here, to reach back and grab
9 things for plaintiff with no firm charge of infringement.
10 And I think that is the nub of the controversy.
11        There are some other issues that haven't been
12 discussed yet today that plaintiff raised in its submissions
13 and we responded to that we thought were outside the scope
14 of what the Court ordered, but that is kind of a collateral
15 matter to the main issue which is the one that you have been
16 focusing on so far.
17        So if there are individual defendants, I think
18 that they should be able to jump in at this point, if they
19 want to add argument on their specific circumstances.
20        THE COURT: Okay. Who wants to speak? Don't be
21 shy.
22        MR. GRAHAM: Your Honor, this is Barry Graham
23 for the Nikon defendants. And I hope everyone can hear me
24 well. I had to be on a cell phone today.
25        As Mr. Lueck acknowledged, which I appreciate,

18

1  that Nikon has resolved, has given Honeywell what it asked
2  for. We gave them specific information in July, and the way
3  I read the Court's May 18th order, Nikon and other customer
4  defendants were under basically a conditional stay. And I
5  would like, at least for Nikon, and there may be others, to
6  ask the Court to change the conditional stay into a real
7  stay while the other parties resolve their differences with
8  the plaintiff.
9           THE COURT: All right. Does anybody else want
10  to speak?
11          MR. ROSENTHAL: Your Honor, this is Lawrence
12  Rosenthal for Fuji.
13          In fairness to the other defendants who still
14  have this dispute, as you may recall, Fuji asked the Court
15  to limit the case to the eight categories. Honeywell has
16  now conceded that is what the case is limited to. And if
17  the case is limited to eight categories, this case becomes a
18  single product case for Fuji and Fuji became finite
19  and easy to satisfy. I think you will hear from other
20  defendants that that is not the case.
21          THE COURT: Is there anybody else?
22          MR. RIZZI: Your Honor, this is Stephen Rizzi of
23  Weil Gotshal for the Matsushita defendants.
24          Just to give you a sense of an example where
25  we're not similarly situated to some of these defendants

19

1  like Nikon and Fuji, Matsushita is a very diverse
2  electronics company and has products that span many of the
3  categories. And if you literately consider going back six
4  years, all LCD-containing products in those categories,
5  there are hundreds, if not perhaps more than a thousand
6  products in this action.
7           Honeywell has identified three products of
8  Matsushita that are accused of infringement. We, months
9  ago, told Honeywell who the LCD suppliers are for those
10  products: two cell phones and one laptop. And just as sort
11  of a fundamental matter of discovery and burden shifting,
12  we don't believe that identification of three products
13  justifies discovery of hundreds, if not perhaps a thousand
14  products that may or may not be accused of infringement.
15  The burden is squarely on Honeywell to identify which
16  products they believe infringe and the case should be framed
17  around those products. And we do not believe that merely
18  identifying three products justifies essentially a fishing
19  expedition into all products going backs six years which
20  could number well into the hundreds, if not more.
21          THE COURT: Okay. I got you.
22          Does anybody else feel like they want to say
23  something?
24          (Pause.)
25          THE COURT: All right. Hearing nothing,

20

1  Mr. Lueck, back to you. I'll give you a chance to rebut.
2           MR. LUECK: Thank you, Your Honor. Basically
3  it's hard for me to understand how the burden could be
4  greater on the defendants to provide this information than
5  on Honeywell to go out and try to uncover every product that
6  each of these defendants have sold in the past.
7           THE COURT: Well, wait. I've got to wrestle
8  with you on that premise because at the start, I moved from
9  the baseline understanding that the way our adversary system
10  works is you learn of something that tells you you've been
11  wronged and then you go and you draft a complaint that
12  identifies that wrong and you come to court and you bring
13  somebody in to answer for that wrong. So when you start by
14  saying, gee, let's look at who has got the greater burden
15  here, why is it the burden of defendants in the first
16  instance to tell you everything they ever made with an LCD
17  module in it when there's apparently a reluctance or
18  unwillingness or inability on your part in the first
19  instance to make a case that a product actually does
20  infringe?
21          I'm probably giving away the way I'm thinking
22  right now, aren't I? I'm having a real problem with the
23  fundamental premise with your argument which is we think
24  there is other stuff out there that infringes and we want to
25  know everything you made in the last six years so we can

21

1  decide whether we got a case against you or not. That just
2  isn't how it works.
3           MR. LUECK: Well, Your Honor, I believe we have
4  made that showing. And what we have done is we've gone out
5  and bought a large number of products from a wide range of
6  customers or end manufacturing defendants. We've torn them
7  down. We've given the defendants detailed information on
8  what we believe is the infringement. We identified the
9  eight product ranges where we found it.
10          The modules come from module makers overseas.
11  We have no access to those individuals. And I think we've
12  satisfied our Rule 11 burden, we satisfied the pleading
13  burden on it, and then it becomes an issue of whether or
14  not this is reasonably calculated to lead to admissible
15  information, which we believe it is, and then it is an issue
16  of looking at the relative burdens. And in our view on
17  burden, we have a right to recover for damages going six
18  years back from the date of the complaint. These models
19  change rapidly and often. And we simply have no access to
20  records that would show us what those models have been.
21          THE COURT: Well, let me ask this, because
22  maybe we're talking past each other. When you say you have
23  satisfied your initial burden, is the assertion that you are
24  making that we have identified products, we've told them the
25  products that infringe and the only question is whether,

SHEET 7

**22**

1 through various generations of different models of this
2 product, somehow there is some difference? Or is there
3 something else going on that I'm not getting.
4     MR. LUECK: No, I think you have captured it.
5 We've identified what the products are that have infringed
6 and we've specified what those types of products are and
7 we've given them specific model numbers as to ones we've
8 been able to purchase and tear down, but that doesn't mean
9 that we know all of the generations of those products that
10 they have introduced in the past.
11     THE COURT: All right. I'm going to ask the
12 gentleman who spoke on behalf of Matsushita, the Weil
13 Gotshal attorney if he will speak up at this point and
14 answer that point, which is: Hey, we're not just on some
15 wholesale fishing expedition. We've identified a product
16 and a product line and we just need to know the different
17 model numbers in that product line so that we're sure that
18 we've had a chance to investigate this product thoroughly,
19 which is what I understand Mr. Lueck to be saying. What is
20 your response to that?
21     MR. BRAFMAN: Your Honor, this is David Brafman
22 from Honeywell.
23     I'd just like to add one further point which is
24 our tear-down rate, on average it's about a 50 percent hit
25 rate under our belief of infringement across all these

**23**

1 products. So it's not a wild fishing expedition as it is
2 made to sound. It is that we found products, a large
3 percentage of them do hit and we just don't have access to
4 the models that change every six months.
5     THE COURT: All right. Mr. -- I'm sorry, I've
6 forgotten your name, sir.
7     MR. RIZZI: It's Steve Rizzi from Weil Gotshal.
8     THE COURT: Mr. Rizzi, I apologize for not
9 holding on to that name. Go ahead.
10     MR. RIZZI: That's okay. I think along those
11 lines, Your Honor, there is room to meet in the middle here
12 from our perspective and, in fact, one of the cases that
13 Honeywell cited in its correspondence I believe is
14 instructive -- the IP Innovation case out of the Northern
15 District of Illinois -- I think is somewhat similar in the
16 sense that case involved certain chips that were found
17 in various models of televisions that were accused of
18 infringement, the basis for infringement being this specific
19 chip. And what the plaintiff did originally was identify
20 specific television models that they believe included the
21 chip and were infringing. And there, the Court allowed
22 discovery of other models of televisions that included that
23 same chip. So discovery in the case were structured
24 around other future generations or products but only those
25 products that included the same chip as the specific models

**24**

1 of televisions that were identified by plaintiff.
2     We think structuring it along those lines is
3 reasonable and does provide a framework that does allow
4 for a manageable case as well. And that we believe it is
5 possible to identify, for example, other products that
6 utilize the same LCD modules incorporated in these specific
7 products that are alleged to infringe and that we don't
8 believe that that would present an unreasonable burden,
9 and we don't dispute that plaintiffs would be entitled to
10 that type of information.
11     THE COURT: All right. Mr. Lueck.
12     MR. LUECK: Yes. What we asked for, Your Honor,
13 is the modules that were identified in the infringing
14 products and similar modules. And the problem we have is if
15 you were to go to these module makers, some of the modules
16 infringe, some of the modules don't. The module makers do
17 not know what products they go into for the customers.
18 Literally, the only way for anyone to find that out is to
19 ask them for the historical products. And we've offered to
20 take anything that they have and look at it and tell them
21 whether it infringes.
22     I don't believe the burden is as great as the
23 defendants are saying. We've narrowed it down to specific
24 products we've torn down. We don't know all of the
25 historical model numbers. That's the information we're

**25**

1 asking for.
2     THE COURT: All right.
3     MR. WILLIAMS: Your Honor, this is Rick Williams
4 for Dell.
5     THE COURT: Yes.
6     MR. WILLIAMS: I'd like to weigh in on this. In
7 the complaint, the products they're looking for include
8 cellular phones, digital cameras, PDAs, portable DVD
9 players, laptop computers. In the case of Dell, they
10 identified six models of Dell laptop computers out of a
11 total current 17 models.
12     The first thing, all of Dell's laptops are
13 readily available to purchase over the Internet and they can
14 get them within a week's time and evaluate them.
15     They have not identified any PDAs, which Dell
16 also sells.
17     Dell resells digital cameras and digital video
18 cameras. They have not identified any of those as being
19 accused against Dell.
20     So we're faced with the dilemma, out of all
21 these categories, they say they'd like information on --
22     THE COURT: We'll, we're not --
23     MR. WILLIAMS: -- them going down the list and
24 giving them information.
25     THE COURT: Hold on. Because I get the feeling

SHEET 8

**26**

1  we're still talking past one another here. Maybe positions
2  have shifted as a result of the conversation we're having,
3  but what I hear what Mr. Lueck is saying is not I want
4  information about broad categories of products. I want
5  information about a specific product identified and
6  different generations of that same identified product. That
7  is, has a model changed? And if it has changed, would you
8  please identify what the newer different model is of that
9  identified product? Not category of products but a
10  specified product.
11        Mr. Lueck, have I misunderstood you?
12        MR. LUECK: Well, I think that is narrower than
13  we seek, Your Honor. I mean if it's going to be tied to
14  specific model numbers, we don't know what the past model
15  numbers these devices are marketed under. Basically what
16  we're asking for is which of your products had the modules
17  that had the infringing technology or the similar technology
18  in them so we can tie them back to the module makers and
19  know what modules were imported into the United States.
20        THE COURT: All right. I interrupted.
21        MR. LUECK: That could be a different model
22  number than what we have, we just don't know that, and we
23  have no other way of finding out.
24        THE COURT: The gentleman from Dell, I
25  interrupted you, sir. Go ahead.

**27**

1        MR. WILLIAMS: No, Your Honor. Again, they
2  identified six models out of 16-17. They could certainly
3  get the other models. Through the tear-down, they could
4  purchase them as easily as Dell could absorb the expense and
5  tell us the modules in fact they're accusing of infringement
6  rather than asking us to go back and conduct a unilateral
7  analysis of our products and say, well, maybe this module
8  infringes or maybe this one doesn't. And I think the burden
9  should be on them in the first instance to say a particular
10  LCD module in a particular computer model we contend meets
11  the elements of the claims in our patent instead of
12  vice-versa.
13        THE COURT: All right. And I am going to have
14  to get into a criminal proceeding here in a few minutes, so
15  I won't have an opportunity to resolve other issues that you
16  may have besides this one.
17        My understanding of what is being asked for has
18  shifted a little bit in the course of this conversation.
19  So instead of trying to speak in terms of what it is you
20  are asking for, let me tell you what I think you can
21  legitimately ask for and we can get this thing moving
22  forward.
23        I said in the order that I put out last May that
24  Honeywell was required to specifically identify accused
25  products. And that's what I meant. Not that Honeywell was

**28**

1  entitled to say, you know, we think all your cellular phones
2  infringe so we want you to tell us everything about all your
3  cellular phones. What I mean is if you've got a basis for
4  believing that a manufacturer's cellular phones are
5  infringing, and I mean you can say we've done this tear-down
6  on these specific products and these things appear to us to
7  infringe, well, then you are absolutely entitled to conduct
8  additional discovery with respect to those products, that
9  is, were earlier generations than the one you tore down.
10  Also, have they come out with subsequent generations of that
11  same model which could also be infringing?
12        But what you are not entitled to do is to say
13  you manufacture 15 different kinds of cell phones. We tore
14  down three. Tell us about your other 12. Because I agree
15  with the defendants that now what you are doing is you are
16  telling manufacturers, you know what? You got one or two
17  things that are bad. We want to you do an analysis of
18  everything you make and tell us whether you are guilty on
19  those fronts, too; and that is not what the law requires,
20  and it's not what I'm going to require them to do.
21        If you want to go out, you want to buy them, you
22  want to do the tear-downs, you want to get information that
23  prompts you to be able to say "now I know that this specific
24  model also infringes," then you can certainly do that. And
25  then you would be in an area where you could be requiring

**29**

1  additional discovery from them. But to ask them to come
2  forward in the first instance, which is what it really comes
3  down to, is not right.
4        So I hope this straightens out where my thinking
5  is on it and gives you guidance about what I'm expecting the
6  parties to be willing to do. To the extent manufacturers
7  are prepared to say, you know what? For us, it's not such a
8  burden as to make it impossible to give you something more
9  broad than what the judge has ordered happen, that is fine
10  with me. But what I do expect to happen at this juncture is
11  for you guys to come together with a specific set now of
12  identified products and manufacturers of the models of LCD
13  modules that go into those products so that we can go about
14  having the proper defendants in the suit.
15        To the extent there was any thought that I was
16  putting the burden exclusively on the defendant retailers or
17  intermediate sellers, to third-party people in, that is not
18  necessarily the case. I'm not going to get to that issue
19  today, though, because we don't have time to fully explore
20  it, but I expect Honeywell to be active in finding out who
21  those manufacturers are and that is one of the reasons why
22  I gave only a conditional stay, because one of the pieces
23  of information Honeywell is entitled to get as to those
24  identified products and product lines is who is the maker of
25  the LCD that is going in to that product, that generation of

SHEET 9

**30**

1  product and maybe, I don't know, the generations before and
2  after that model.
3       So you guys absolutely on the defense side have
4  to give that information up. And then if we can't have some
5  sensible plan that the parties agree to on how to try to
6  bring those folks in, I'll get into the mix on that, too. I
7  would think that overseas marketers of LCD modules who have
8  big clients in the United States incorporating those things
9  into their products are not going to want to upset their
10 clientele by playing games with jurisdiction. And
11 particularly in the aftermath of the Federal Circuit's
12 CEA decision, which I remember well, I would think people
13 would be thinking hard about how they're going to play
14 the personal jurisdiction defenses here. But that is a
15 discussion for another day.
16      For now, I want you to get off of the
17 who-goes-first issue because Honeywell you guys are going
18 first. You identify what is infringing. Let's get those
19 manufacturers on notice and let's get the case going
20 forward.
21      When can I expect to hear back from you about a
22 plan for getting that done, Mr. Lueck?
23      MR. LUECK: Within a week, Your Honor. If I
24 could ask for just one clarification, recognizing you have
25 something else going.

**31**

1       The issue that we've had is just identifying who
2  the manufacturers of the modules are that are coming into
3  the U.S. And hearing what Your Honor has said regarding
4  those modules, can we ask about historical products that
5  have those modules or similar modules in them?
6       THE COURT: Well, when you say the "same" or
7  "similar," you know, the "same," absolutely. When you say
8  "similar," that is a big door, because, what do you mean
9  when you say "similar?"
10      MR. LUECK: Right. Here is what I mean when I
11 say "similar," Your Honor. A light source, an LCD panel,
12 two lens arrays, one of which is misaligned.
13      THE COURT: If you want to say, if you want to
14 frame your discovery in a manner that incorporates your
15 specific allegations of infringement, fine.
16      MR. LUECK: That is exactly what we're asking
17 for. And that we would frame it exactly that way.
18      THE COURT: All right. Does everybody
19 understand the discovery I'm telling them they're entitled
20 to?
21      (Pause.)
22      THE COURT: I'm not hearing anybody say no.
23      MR. HORWITZ: Your Honor?
24      THE COURT: Yes, go ahead.
25      MR. HORWITZ: This is Rich Horwitz. And I'll

**32**

1  defer to others if I'm missing something here, but I think
2  the problem with what Mr. Lueck just said is he may be
3  asking for things that led us to the stay motion in the
4  first instance.
5       THE COURT: No. What led to the stay motion in
6  the first place is I'm not going to have the folks who are
7  reselling things, reselling the LCD module as a part of
8  their own product defending in the first instance.
9       MR. HORWITZ: I'm sorry. I understand that,
10 Your Honor. What I meant was that some of the people that
11 are the resellers may not have the information that would
12 respond to the broad question that Mr. Lueck just posed.
13      THE COURT: Well, and if you don't have it, you
14 don't have it.
15      MR. HORWITZ: Okay.
16      THE COURT: I mean I'm not saying anybody has to
17 make anything up, but if you've got the information, you
18 need to give it up because they're entitled to get behind
19 your products and get it to people who are making them if
20 they can get jurisdiction over them. And that's all.
21      Like I said, the personal jurisdiction issue,
22 that's for another day. But finding out who the
23 manufacturers are, that's something that is supposed to have
24 been happening over the course the last four months and it's
25 distressing to hear that we've been not moving forward on

**33**

1  that front because we should be. We should be finding out
2  who this case is going to run against in the first instance.
3  So I'll ask the parties to move forward with that forthwith;
4  all right?
5       And, Mr. Lueck, I'll look forward to hearing
6  from you some time in the next few days in a fashion that
7  includes discussions to the extent you need to have it with
8  all defense counsel on how you folks intend to proceed so
9  that I can get a scheduling order in place.
10      I'm going to set a deadline on you folks
11 reporting back to me for two weeks from today; all right?
12 And hopefully that can be a joint submission. But if it
13 can't given, the number of parties involved, it may be
14 impracticable, I'll expect though to hear from everybody
15 with a position on scheduling because what you can expect
16 from me is I'm ready to put an order in place. I want to
17 get a schedule in place. So you should be talking about how
18 to make that happen.
19      All right. Is there any other matter which is
20 of such urgency we ought to address it right now while we're
21 all on the phone right now, Mr. Lueck?
22      MR. LUECK: No, Your Honor.
23      THE COURT: From the defense side, anything?
24      MR. HORWITZ: No, Your Honor.
25      THE COURT: Okay. I'm hearing --

SHEET 10

Friday, September 9, 2005

34

1    MR. GRIMM:  Your Honor?
2    THE COURT:  Yes.
3    MR. GRIMM:  Your Honor, this is Tom Grimm.
4    I do have a concern of letting this go on and on
5    because we've had such a hard time in the last three or four
6    months.  And this has been very helpful to us but I'm
7    wondering if we could bother the Court for your permission
8    that in two weeks after we report, if there is still
9    differences, can we contact your clerk and ask for another
10   telephone conference?
11   THE COURT:  Well, that is something you are
12   always free to do.  If there is a problem in the case that I
13   can help you work out, I'm ready to help you work it out.
14   But I'm fully expecting on the basis of the discussion we
15   just had, for you to be able to take the next step, which is
16   set a schedule for getting this case transitioned to an
17   infringement suit against the manufacturers.  All right?
18   MR. GRIMM:  All right.
19   MR. GRAHAM:  Your Honor, this is Barry Graham
20   for Nikon.
21   Nikon would like to be able to step aside.  Do
22   we need to participate since we already provided the
23   information to Honeywell?
24   THE COURT:  The short answer is if Honeywell
25   and you agree that you don't have anything else to say with

35

1    respect to the case, I'm not going to default you.  And at a
2    certain point in time, there will be a transition from a
3    conditional stay to a full stay but I don't want to handle
4    that on a defendant-by-defendant basis if I can help it, so
5    I'm not moving on that request that you made earlier in this
6    call at this time.
7    MR. GRAHAM:  All right.  Thank you, Your Honor.
8    I'll speak with plaintiffs' counsel.
9    THE COURT:  All right.  Well, thanks for your
10   time this morning.  Good-bye.
11   (The attorneys respond, "Thank you, Your
12   Honor.")
13   (Telephone conference ends at 11:18 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25

United States District Court for the District of Delaware
Before the Honorable Kent A. Jordan

1

**0**

04-1337 [1] - 1:8
04-1338 [1] - 1:14
04-1536 [1] - 12:23

**1**

10:40 [2] - 1:16, 8:20
11 [1] - 21:12
11:18 [1] - 35:13
12 [1] - 28:14
15 [1] - 28:13
16-17 [1] - 27:2
17 [1] - 25:11
18th [1] - 18:3
1998 [3] - 14:7, 14:23, 16:8

**2**

2005 [1] - 1:16
22nd [1] - 13:10

**5**

50 [1] - 22:24

**6**

6th [2] - 14:7, 14:23

**9**

9 [1] - 1:16

**A**

a/k/a [1] - 7:5
Ab [1] - 8:13
able [8] - 9:4, 13:8, 14:1, 17:18, 22:8, 28:23, 34:15, 34:21
absolutely [3] - 28:7, 30:3, 31:7
absorb [1] - 27:4
access [3] - 21:11, 21:19, 23:3
accused [5] - 19:8, 19:14, 23:17, 25:19, 27:24
accusing [1] - 27:5
acknowledged [1] - 17:25
action [2] - 12:23, 19:6
Actions [1] - 1:4
actions [1] - 9:11
active [1] - 29:20

Adam [2] - 7:17, 12:2
add [2] - 17:19, 22:23
addition [1] - 15:22
additional [2] - 28:8, 29:1
address [1] - 33:20
admissible [1] - 21:14
adversary [1] - 20:9
aftermath [1] - 30:11
ago [2] - 13:7, 19:9
agree [3] - 28:14, 30:5, 34:25
agreed [1] - 16:7
agreement [1] - 16:5
ahead [6] - 9:3, 9:5, 9:20, 23:9, 26:25, 31:24
al [4] - 1:4, 1:8, 1:10, 1:13
Alan [2] - 6:13, 10:5
Alexandria [2] - 5:19, 8:6
allegations [1] - 31:15
alleged [1] - 24:7
allotted [1] - 9:3
allow [1] - 24:3
allowed [1] - 23:21
alone [1] - 10:8
Alphonse [1] - 16:14
Alphonse-and-
gaston [1] - 16:14
America [18] - 2:21, 2:22, 3:8, 3:12, 3:19, 5:5, 5:5, 5:6, 5:7, 5:7, 5:16, 5:20, 6:5, 6:6, 6:15, 8:7, 8:10, 12:22
analysis [2] - 27:7, 28:17
Anderson [3] - 5:3, 7:7, 9:22
Andrew [2] - 8:6, 12:24
Angeles [1] - 2:16
answer [2] - 20:13, 22:14, 34:24
apologize [2] - 9:2, 23:8
appear [1] - 28:6
Appearances [8] - 1:20, 2:1, 3:1, 4:1, 5:1, 6:1, 7:1, 8:1
Apple [5] - 1:13, 4:4, 4:13, 10:25, 11:2
appreciate [2] - 9:4, 17:25
area [1] - 28:25
argument [2] - 17:19, 20:23
Argus [1] - 7:5

Arnold [1] - 6:12
arranged [1] - 11:14
arrays [1] - 31:12
Arsht [1] - 2:2
Ashby [2] - 1:22, 9:12
assembling [1] - 13:4
assertion [1] - 21:23
attorney [1] - 22:13
attorneys [1] - 35:11
Audiovox [4] - 1:7, 7:15, 12:1, 12:16
August [1] - 13:10
Austin [1] - 5:23
available [1] - 25:13
average [1] - 22:24

**B**

backs [1] - 24:11
bad [1] - 28:17
Balick [1] - 1:22
Barry [4] - 5:10, 10:7, 17:22, 34:19
Based [1] - 16:25
baseline [1] - 20:9
basis [6] - 15:17, 16:4, 23:18, 28:3, 34:14, 35:4
Beach [2] - 4:21, 11:23
became [1] - 18:18
becomes [2] - 18:17, 21:13
beginning [1] - 8:19
behalf [14] - 2:10, 8:10, 8:13, 9:22, 10:25, 11:1, 11:2, 12:1, 12:3, 12:4, 12:16, 13:17, 22:12
behind [1] - 32:18
belief [1] - 22:25
Benson [2] - 2:16, 10:20
Benson's [1] - 10:23
Bernstein [2] - 7:19, 12:4
big [2] - 30:8, 31:8
Bill [1] - 10:16
bit [1] - 27:18
Bob [2] - 12:7, 12:10
boils [1] - 16:24
bother [1] - 34:7
Bouchard [2] - 8:3, 12:22
bought [1] - 21:5
Bove [2] - 8:12, 12:14
Brafman [2] - 2:9, 9:16, 22:21
Brian [3] - 1:25, 7:3,

11:9
bring [2] - 20:12, 30:6
broad [3] - 26:4, 29:9, 32:12
burden [16] - 15:18, 18:18, 19:11, 19:15, 20:3, 20:14, 20:15, 21:12, 21:13, 21:17, 21:23, 24:8, 24:22, 27:8, 29:8, 29:16
burdens [2] - 17:5, 21:16
buy [3] - 15:14, 15:18, 28:21
bye [1] - 35:10

**C**

calculated [1] - 21:14
California [3] - 2:16, 4:12, 6:18
Camera [6] - 6:21, 6:23, 10:2, 10:8, 10:11, 16:1
cameras [2] - 25:8, 25:17, 25:18
Cameras [1] - 5:4
captured [2] - 16:23, 22:4
Carl [2] - 5:19, 10:7
case [22] - 13:9, 14:2, 18:15, 18:16, 18:17, 18:18, 18:20, 19:16, 20:19, 21:1, 23:14, 23:16, 23:23, 24:4, 25:9, 29:18, 30:19, 33:2, 34:12, 34:16, 35:1
cases [1] - 23:12
Casio [6] - 4:4, 4:9, 10:25, 11:2
categories [9] - 14:6, 14:22, 17:7, 18:15, 18:17, 19:3, 19:4, 25:21, 26:4
category [1] - 26:9
Cea [1] - 30:12
cell [3] - 17:24, 19:10, 28:13
cellular [4] - 25:8, 28:1, 28:3, 28:4
certain [2] - 23:16, 35:2
certainly [2] - 27:2, 28:24
Chad [2] - 4:19, 11:21
Chalsen [2] - 6:3, 10:6
chance [3] - 13:13, 20:1, 22:18
change [3] - 18:6,

21:19, 23:4
changed [2] - 26:7
charge [2] - 15:19, 17:9
charging [1] - 17:3
Chicago [3] - 5:15, 7:4, 11:9
chip [4] - 23:19, 23:21, 23:23, 23:25
chips [1] - 23:16
Christopher [2] - 6:3, 10:6
Circuits [1] - 30:11
circumstances [1] - 17:19
Ciresi [3] - 2:5, 9:15, 13:20
cited [1] - 23:13
City [1] - 4:12
Civil [1] - 1:4
claims [1] - 27:11
clarification [1] - 30:24
clear [1] - 13:7
clerk [1] - 34:9
clientele [1] - 30:10
clients [1] - 30:8
close [1] - 16:2
co [1] - 9:13
Co [4] - 3:19, 5:7, 5:16, 7:11
co-counsel [1] - 9:13
collateral [1] - 17:14
Columbia [5] - 3:3, 4:16, 5:11, 6:14, 7:14
coming [1] - 31:2
Communications [3] - 1:7, 7:15, 12:16
company [3] - 13:4, 15:19, 19:2
complaint [7] - 14:7, 14:22, 14:25, 17:7, 20:11, 21:18, 25:7
computer [1] - 27:10
Computer [9] - 1:13, 4:4, 4:9, 4:13, 5:5, 6:5, 7:5, 11:10
computers [2] - 25:9, 25:10
Conaway [3] - 2:19, 7:17, 12:3
conceded [1] - 18:16
concern [1] - 34:4
Concord [7] - 5:4, 6:21, 6:23, 10:2, 10:8, 10:11, 16:1
conditional [4] - 18:4, 18:6, 29:22, 35:3
conduct [2] - 27:6,

28:7
Conference[1] - 1:17
conference [2] -
34:10, 35:13
Connolly[2] - 8:12,
12:14
consider [1] - 19:3
consistent [1] - 14:23
contact [1] - 34:9
containing [1] - 19:4
contend [1] - 27:10
contention [1] - 15:7
Continued[7] - 2:1,
3:1, 4:1, 5:1, 6:1,
7:1, 8:1
controversy [1] -
17:10
conversation [2] -
26:2, 27:18
Corp[8] - 1:7, 2:17,
2:18, 5:7, 6:15, 6:21,
7:15, 12:16
Corporation[13] -
2:21, 2:21, 2:22, 3:7,
3:8, 3:12, 3:19, 5:6,
5:6, 5:12, 6:10, 7:21,
12:1
corporation [1] -
12:19
correct [1] - 15:8
correction [1] - 10:10
correctly [1] - 16:16
correspondence [3] -
13:11, 13:12, 23:13
Corroon[2] - 5:3, 7:7
Counsel[29] - 2:10,
2:17, 2:21, 3:7, 3:12,
3:18, 4:4, 4:9, 4:13,
4:17, 4:23, 5:4, 5:12,
5:16, 5:20, 5:24, 6:5,
6:10, 6:15, 6:19,
6:23, 7:5, 7:11, 7:15,
7:21, 8:7, 8:10, 8:13,
9:1
counsel [8] - 9:13,
9:17, 10:23, 11:12,
11:14, 11:15, 33:8,
35:8
course [2] - 27:18,
32:24
Court[61] - 1:1, 9:1,
9:19, 9:24, 10:14,
11:4, 11:8, 11:11,
11:14, 11:17, 11:24,
12:12, 12:17, 12:20,
13:1, 13:3, 13:22,
13:25, 14:16, 15:1,
15:10, 16:4, 16:11,
16:20, 17:14, 17:20,
18:6, 18:9, 18:14,

18:21, 19:21, 19:25,
20:7, 21:21, 22:11,
23:5, 23:8, 23:21,
24:11, 25:2, 25:5,
25:22, 25:25, 26:20,
26:24, 27:13, 31:6,
31:13, 31:18, 31:22,
31:24, 32:5, 32:13,
32:16, 33:23, 33:25,
34:2, 34:7, 34:11,
34:24, 35:9
court [2] - 8:25, 20:12
Courts [1] - 18:3
criminal [1] - 27:14
Cross[1] - 11:16
current [1] - 25:11
customer [4] - 14:2,
14:5, 14:20, 18:3
customers [2] - 21:6,
24:17

D

damage [1] - 14:15
damages [1] - 21:17
date [3] - 14:25, 15:22,
21:18
David[4] - 2:9, 9:16,
10:18, 22:21
days [1] - 33:6
deadline [1] - 33:10
decide [1] - 21:1
decision [1] - 30:12
default [1] - 35:1
defendant [4] - 11:6,
29:16, 35:4
defendant-by-
defendant [1] - 35:4
defendants [33] -
9:20, 9:22, 9:25,
10:18, 12:3, 12:7,
12:11, 12:14, 13:8,
14:2, 14:3, 14:5,
14:21, 15:9, 16:1,
16:21, 17:4, 17:5,
17:17, 17:23, 18:4,
18:13, 18:20, 18:23,
18:25, 20:4, 20:6,
20:15, 21:6, 21:7,
24:23, 28:15, 29:14
Defendants [2] - 1:9,
1:14
defending [1] - 32:8
defense [3] - 30:3,
33:8, 33:23
defenses [1] - 30:14
defer [1] - 32:1
Degnan[2] - 4:15,
11:1
Delaware[2] - 1:2,

1:16
Dell[12] - 5:4, 5:24,
10:2, 10:4, 25:4,
25:9, 25:10, 25:15,
25:17, 25:19, 26:24,
27:4
Delfs [1] - 25:12
detailed [1] - 21:7
devices [1] - 26:15
Diego[1] - 6:18
difference [1] - 22:2
differences [2] - 18:7,
34:9
different [7] - 17:5,
22:1, 22:16, 26:6,
26:8, 26:21, 28:13
digital [3] - 25:8,
25:17
dilemma [1] - 25:20
direction [1] - 13:7
directly [1] - 15:3
discovery [10] - 14:4,
14:18, 19:11, 19:13,
23:22, 23:23, 28:6,
29:1, 31:14, 31:19
discussed [1] - 17:12
discussion [2] -
30:15, 34:14
discussions [1] - 33:7
dispute [5] - 13:14,
16:12, 16:24, 18:14,
24:9
distressing [1] - 32:25
District[8] - 1:1, 1:2,
3:3, 4:16, 5:11, 6:14,
7:14, 23:15
diverse [1] - 19:1
done [3] - 21:4, 28:5,
30:22
door [2] - 16:14, 31:8
Dorfman[2] - 5:14,
10:6
down [18] - 9:19,
14:15, 15:13, 15:19,
15:22, 15:24, 16:24,
21:7, 22:8, 22:24,
24:23, 24:24, 25:23,
27:3, 28:5, 28:9,
28:14, 29:3
downs [1] - 28:22
draft [1] - 20:11
Duane[2] - 7:13,
12:16
Dunner[2] - 5:10, 6:8
Dvd [1] - 25:8

E

easily [1] - 27:4
Eastman[2] - 4:23,

11:22
easy [1] - 18:19
eight [4] - 17:6, 18:15,
18:17, 21:9
Electical[1] - 3:19
Electric[2] - 5:7, 5:16
Electrical [1] - 3:18
Electro[2] - 5:6, 6:10
Electro-optics [2] -
5:6, 6:10
electronics [1] - 29:9
Electronics[3] - 5:7,
6:15, 12:1
elements [1] - 27:11
Elkins[1] - 5:22
end [2] - 14:12, 21:6
ends [1] - 35:13
English[5] - 7:14, 8:9,
12:1, 12:15
entitled [7] - 24:9,
28:1, 28:7, 28:12,
29:23, 31:19, 32:18
Epson[2] - 2:17,
10:21
Ericsson[3] - 8:13,
8:14, 12:14
Esq[41] - 1:22, 2:3,
2:5, 2:6, 2:6, 2:9,
2:13, 2:16, 2:20, 3:3,
3:6, 3:10, 3:14, 3:17,
4:3, 4:7, 4:7, 4:11,
4:15, 4:19, 4:21, 5:3,
5:10, 5:14, 5:19,
5:23, 6:3, 6:8, 6:13,
6:18, 6:22, 7:3, 7:7,
7:10, 7:14, 7:17,
7:20, 8:3, 8:6, 8:9,
8:12
essence [1] - 16:6
essentially [1] - 19:18
et [4] - 1:4, 1:8, 1:10,
1:13
evaluate [1] - 25:14
exactly [2] - 31:16,
31:17
example [2] - 18:24,
24:5
exceeded [1] - 9:3
exclusively [1] - 29:16
excused [1] - 11:18
expect [5] - 29:10,
29:20, 30:21, 33:14,
33:15
expecting [2] - 29:5,
34:14
expedition [3] - 19:19,
22:15, 23:1
expense [1] - 27:4
explore [1] - 29:19
extent [3] - 29:6,

29:15, 33:7

F

faced [1] - 25:20
fact [3] - 15:15, 23:12,
27:5
fairness [1] - 18:13
fall [1] - 17:6
far [1] - 17:16
Farabow[2] - 5:10, 6:8
fashion [1] - 33:6
Faulkner[2] - 6:8, 10:8
Federal [1] - 30:11
few [3] - 13:7, 27:14,
33:6
filed [1] - 9:10
filings [1] - 14:25
Film[3] - 7:11, 7:12,
11:6
fine [3] - 10:1, 29:9,
31:15
Finger[3] - 3:14, 4:18,
10:17
finite [1] - 18:18
Fink[2] - 7:20, 12:4
Finnegan[2] - 5:10,
6:8
firm [5] - 9:12, 9:15,
12:25, 13:20, 17:9
first [17] - 9:10, 15:6,
16:15, 16:21, 16:25,
17:3, 20:15, 20:18,
25:12, 27:9, 29:2,
30:17, 30:18, 32:4,
32:6, 32:8, 33:2
Fish[4] - 4:2, 4:6, 4:11,
4:15
fishing [3] - 19:18,
22:15, 23:1
Flock[3] - 3:6, 12:18
Florida [1] - 6:22
focusing [1] - 17:16
folks [7] - 9:2, 9:6,
11:18, 30:6, 32:6,
33:8, 33:10
following [1] - 8:24
forgotten [1] - 23:6
forth [2] - 14:6, 14:22
forthwith [1] - 33:3
forward [8] - 13:9,
15:17, 27:22, 29:2,
30:20, 32:25, 33:3,
33:5
four [2] - 32:24, 34:5
frame [2] - 31:14,
31:17
framed [1] - 19:16
framework [1] - 24:3

3

free [1] - 34:12
Friday[1] - 1:16
Friedlander[2] - 8:3, 12:22
front[2] - 17:1, 33:1
fronts [1] - 28:19
Fujl[8] - 7:11, 7:12, 11:6, 16:1, 18:12, 18:14, 18:18, 19:1
Fujitsu[4] - 5:5, 5:5, 6:5, 6:5, 10:2, 10:5
full [1] - 35:3
fully [2] - 29:19, 34:14
fundamental [2] - 19:11, 20:23
Furlow[1] - 2:13
future [1] - 23:24

## G

Gaffigan[1] - 1:25
games [1] - 30:10
Garrett[2] - 5:10, 6:8
gaston [1] - 16:14
Geddes[2] - 1:22, 9:12
gee [1] - 20:14
generation [1] - 29:25
generations [7] - 22:1, 22:9, 23:24, 26:6, 28:9, 28:10, 30:1
gentleman [2] - 22:12, 26:24
given [5] - 15:21, 18:1, 21:7, 22:7, 33:13
glad [1] - 13:4
going-forward [1] - 15:17
Good-bye [1] - 35:10
Gotshal[5] - 3:16, 10:19, 18:23, 22:13, 23:7
grab [1] - 17:8
Graham[7] - 5:10, 10:7, 17:22, 34:19, 35:7
great [1] - 24:22
greater [2] - 20:4, 20:14
Greenblum[2] - 7:19, 12:4
Grimaldi[2] - 6:13, 10:5
Grimm[10] - 2:3, 9:8, 9:9, 13:10, 13:19, 34:1, 34:3, 34:18
Group[2] - 7:5, 11:10
guidance [1] - 29:5
guilty [1] - 28:18

guys [4] - 15:5, 29:11, 30:3, 30:17

## H

Hadley[1] - 6:3
Halls[3] - 3:3, 12:8, 12:10
Halkowski[3] - 4:3, 10:24, 10:25
handle [2] - 13:5, 35:3
hard [3] - 20:3, 30:13, 34:5
Harris[2] - 4:21, 11:23
Hartford[2] - 7:5, 11:10
Hartson[2] - 2:15, 10:21
Hastings[1] - 6:17
hear[6] - 17:23, 18:19, 26:3, 30:21, 32:25, 33:14
hearing [4] - 31:3, 31:22, 33:5, 33:25
Hearing[1] - 19:25
heart [1] - 16:12
held [1] - 8:25
help [3] - 34:13, 35:4
helpful [1] - 34:6
Henderson[2] - 5:10, 6:8
historical [4] - 16:7, 24:19, 24:25, 31:4
hit [2] - 22:24, 23:3
Hogan[2] - 2:15, 10:21
Hold[1] - 25:25
holding [1] - 23:9
Hollywood[1] - 6:22
Honeywell[24] - 1:4, 1:10, 2:9, 2:10, 2:11, 9:9, 9:10, 9:17, 9:18, 18:1, 18:15, 19:7, 19:9, 19:15, 20:5, 22:22, 23:13, 27:24, 27:25, 29:20, 29:23, 30:17, 34:23, 34:24
Honor[47] - 9:8, 9:10, 9:21, 10:16, 10:20, 10:22, 10:24, 11:5, 11:9, 11:21, 11:25, 12:2, 12:6, 12:13, 12:15, 12:18, 12:21, 13:19, 13:23, 15:8, 16:6, 16:17, 16:22, 16:25, 17:22, 18:11, 18:22, 20:2, 21:3, 22:21, 23:11, 24:12, 25:3, 26:13, 27:1, 30:23, 31:3, 31:11,

31:23, 32:10, 33:22, 33:24, 34:1, 34:3, 34:19, 35:7, 35:12
Honorable[1] - 1:19
hope [2] - 17:23, 29:4
hopefully [1] - 33:12
Horwitz[13] - 5:3, 9:21, 10:1, 10:12, 16:22, 31:23, 31:25, 32:9, 32:15, 33:24
Howrey[1] - 6:12
Hudnell[2] - 4:7, 11:3
hundreds [3] - 19:5, 19:13, 19:20
Hunsaker[2] - 4:11, 11:2
Hutz[1] - 8:12

## I

Idea [2] - 13:25, 15:15
Identification [1] - 19:12
identified [17] - 15:12, 19:7, 21:8, 21:24, 22:5, 22:15, 24:1, 24:13, 25:10, 25:15, 25:18, 26:5, 26:6, 26:9, 27:2, 29:12, 29:24
identifies [1] - 20:12
Identify [6] - 19:15, 23:19, 24:5, 26:8, 27:24, 30:18
Identifying [4] - 11:19, 15:5, 19:18, 31:1
identity [2] - 14:8, 16:8
lii [1] - 4:7
Illinois [3] - 5:15, 7:4, 23:15
imported [2] - 14:12, 26:19
imposing [1] - 13:16
impossible [1] - 29:8
impracticable [1] - 33:14
inability [1] - 20:18
Inc [26] - 1:4, 1:10, 1:13, 2:11, 2:11, 2:21, 3:12, 4:4, 4:4, 4:9, 4:13, 4:17, 5:4, 5:5, 5:5, 5:6, 5:12, 5:24, 6:5, 6:6, 7:5, 7:12, 7:22, 8:7, 8:14
include [1] - 25:7
included [3] - 23:20, 23:22, 23:25
Includes [1] - 33:7
incorporated [1] -

24:6
incorporates [1] - 31:14
incorporating [1] - 30:8
individual [2] - 15:19, 17:17
individuals [1] - 21:11
Industrial [1] - 3:19
information [19] - 14:10, 15:21, 16:7, 18:2, 20:4, 21:7, 21:15, 24:10, 24:25, 25:21, 25:24, 26:4, 26:5, 28:22, 29:23, 30:4, 32:11, 32:17, 34:23
infringe [8] - 15:5, 19:16, 20:20, 21:25, 24:7, 24:16, 28:2, 28:7
infringed [1] - 22:5
infringement [13] - 15:13, 15:20, 17:3, 17:9, 19:8, 19:14, 21:8, 22:25, 23:18, 27:5, 31:15, 34:17
infringes [4] - 20:24, 24:21, 27:8, 28:24
infringing [6] - 23:21, 24:13, 26:17, 28:5, 28:11, 30:18
initial [1] - 21:23
Innovation [1] - 23:14
instance [9] - 15:6, 16:21, 20:16, 20:19, 27:9, 29:2, 32:4, 32:8, 33:2
instances [1] - 15:13
instead [2] - 27:11, 27:19
instructive [1] - 23:14
Intellectual [2] - 2:11, 9:16
intend [1] - 33:8
intermediate [1] - 29:17
International [4] - 1:4, 1:10, 2:9, 2:11
Internet [1] - 25:13
interrupt [1] - 14:16
interrupted [2] - 26:20, 26:25
intervention [1] - 13:15
introduced [1] - 22:10
investigate [1] - 22:18
involved [2] - 23:16, 33:13
lp [1] - 23:14

issue [10] - 14:14, 15:25, 16:18, 17:15, 21:13, 21:15, 29:18, 30:17, 31:1, 32:21
issues [2] - 17:11, 27:15

## J

James[2] - 8:12, 12:13
Janofsky[1] - 6:17
Joe[1] - 12:15
John[7] - 2:20, 3:6, 4:7, 9:11, 11:3, 12:6, 12:18
Johnson[2] - 4:7, 11:3
joint [1] - 33:12
Jordan[2] - 1:19, 9:1
Joseph[1] - 7:14
judge [1] - 29:9
Judge[1] - 9:1
July[1] - 18:2
jump [1] - 17:18
juncture [1] - 29:10
June[1] - 13:11
jurisdiction [4] - 30:10, 30:14, 32:20, 32:21
justifies [2] - 19:13, 19:18

## K

Kaj[2] - 1:8, 1:14
Kaplan[3] - 2:5, 9:15, 13:20
Karen[2] - 8:3, 12:21
Katten[1] - 5:14
Katzenstein[4] - 2:13, 2:13, 10:22, 10:23
Kee[2] - 6:13, 10:5
keeping [1] - 9:2
Kelly[2] - 4:11, 11:2
Kent[1] - 1:19
Kenyon[8] - 3:2, 3:5, 3:10, 12:19
kind [2] - 16:13, 17:14
kinds [1] - 28:13
Kodak[2] - 4:23, 11:22
Kornlczky[2] - 6:18, 10:9
Kyocera[2] - 2:18, 10:21

## L

Lampert[3] - 6:22, 10:10, 10:11
language [1] - 17:1

4

laptop [3] - 19:10, 25:9, 25:10
laptops [1] - 25:12
large [2] - 21:5, 25:12
Larry [1] - 11:6
last [4] - 20:25, 27:23, 32:24, 34:5
Lauren [2] - 4:15, 11:1
Lavar [2] - 7:9, 11:7
law [1] - 28:19
Lawrence [2] - 7:10, 18:11
Layton [4] - 3:14, 4:18, 10:17, 11:22
Lcd [13] - 14:9, 14:11, 16:9, 19:4, 19:9, 20:16, 24:6, 27:10, 29:12, 29:25, 30:7, 31:11, 32:7
Lcdcontaining [1] - 19:4
lead [1] - 21:14
learn [1] - 20:10
least [1] - 18:5
led [2] - 32:3, 32:5
legitimately [1] - 27:21
Lender [1] - 10:18
lens [1] - 31:12
letter [1] - 13:9
letting [1] - 34:4
Lewis [2] - 4:7, 11:3
liability [1] - 14:14
light [1] - 31:11
limit [1] - 18:15
limitations [1] - 14:24
Limited [2] - 5:5, 6:5
limited [2] - 18:16, 18:17
line [14] - 9:6, 9:9, 9:11, 9:13, 9:15, 9:23, 10:1, 10:4, 11:1, 11:6, 11:22, 12:24, 22:16, 22:17
lines [4] - 13:5, 23:11, 24:2, 29:24
list [7] - 9:20, 9:23, 14:5, 14:19, 14:21, 16:7, 25:23
Literally [1] - 24:18
literately [1] - 19:3
Llp [11] - 2:5, 2:15, 4:21, 5:3, 5:10, 6:3, 6:8, 6:12, 6:17, 7:7, 7:9
local [4] - 10:23, 11:12, 11:14, 11:15
Lodge [1] - 8:12
logjam [2] - 14:1, 15:25

look [5] - 11:17, 13:12, 20:14, 24:20, 33:5
looking [2] - 21:16, 25:7
Los [1] - 2:16
Ltd [3] - 5:7, 5:16, 7:11
Lueck [32] - 2:5, 9:14, 13:20, 13:22, 13:23, 14:17, 14:19, 15:8, 15:11, 16:6, 16:16, 17:25, 20:1, 20:2, 21:3, 22:4, 22:19, 24:11, 24:12, 26:3, 26:11, 26:12, 26:21, 30:22, 30:23, 31:10, 31:16, 32:2, 32:12, 33:5, 33:21, 33:22

## M

Maier [2] - 5:18, 8:5
main [2] - 16:23, 17:15
maker [4] - 14:2, 14:8, 16:9, 29:24
makers [4] - 21:10, 24:15, 24:16, 26:18
manageable [1] - 24:4
Manges [2] - 3:16, 10:19
manner [1] - 31:14
manufacture [1] - 28:13
manufactured [1] - 14:11
manufacturer's [1] - 28:4
manufacturers [8] - 28:16, 29:6, 29:12, 29:21, 30:19, 31:2, 32:23, 34:17
manufacturing [1] - 21:6
Margules [2] - 8:3, 12:22
marketed [1] - 26:15
marketers [1] - 30:7
Martin [2] - 2:5, 9:14
Marty [1] - 13:20
match [1] - 14:11
Matsushita [7] - 3:18, 3:19, 10:17, 18:23, 19:1, 19:8, 22:12
Matt [1] - 9:14
matter [3] - 17:15, 19:11, 33:19
Matthew [1] - 2:6
Mccarter [2] - 8:9, 11:25
Mcclelland [2] - 5:18, 8:5

Mccloy [1] - 6:3
mean [7] - 22:8, 26:13, 28:3, 28:5, 31:8, 31:10, 32:16
meant [2] - 27:25, 32:10
meet [1] - 23:11
meets [1] - 27:10
mentioned [1] - 17:7
merely [1] - 19:17
Merit [1] - 1:25
Michael [5] - 5:14, 7:20, 8:12, 10:6, 12:4
middle [1] - 23:11
might [1] - 14:1
Milbank [1] - 6:3
Miller [3] - 2:5, 9:15, 13:20
Minneapolis [1] - 2:7
Minnesota [1] - 2:7
minutes [1] - 27:14
misaligned [1] - 31:12
missing [1] - 32:1
misunderstood [1] - 26:11
mix [1] - 30:6
model [13] - 14:9, 22:7, 22:17, 24:25, 26:7, 26:8, 26:14, 26:21, 27:10, 28:11, 28:24, 30:2
models [13] - 21:18, 21:20, 22:1, 23:4, 23:17, 23:20, 23:22, 23:25, 25:10, 25:11, 27:2, 27:3, 29:12
module [13] - 14:2, 14:8, 14:9, 16:8, 16:9, 20:17, 21:10, 24:15, 24:16, 26:18, 27:7, 27:10, 32:7
modules [16] - 14:11, 21:10, 24:6, 24:13, 24:14, 24:15, 24:16, 26:16, 26:19, 27:5, 29:13, 30:7, 31:2, 31:4, 31:5
months [5] - 13:7, 19:8, 23:4, 32:24, 34:6
morning [5] - 9:8, 9:13, 9:16, 13:23, 35:10
Morris [4] - 2:2, 7:13, 9:9, 12:16
motion [2] - 32:3, 32:5
move [1] - 33:3
moved [1] - 20:8
moving [4] - 13:9,

27:21, 32:25, 35:5
Muchin [1] - 5:14

## N

name [2] - 23:6, 23:9
named [1] - 12:23
narrowed [1] - 24:23
narrower [1] - 26:12
Neal [2] - 4:21, 11:23
necessarily [1] - 29:18
need [6] - 9:24, 16:13, 22:16, 32:18, 33:7, 34:22
Nelson [2] - 6:13, 10:5
Neustadt [2] - 5:18, 8:5
New [14] - 3:6, 3:11, 3:17, 4:8, 4:22, 6:4, 7:10, 11:7
newer [1] - 26:8
next [2] - 33:6, 34:15
Nichols [2] - 2:2, 9:9
Nikon [12] - 5:12, 10:2, 10:7, 16:1, 17:23, 18:1, 18:3, 18:5, 19:1, 34:20, 34:21
Nokia [5] - 4:4, 4:17, 10:25, 11:1, 16:2
North [4] - 5:7, 5:7, 5:16, 6:15
Northern [1] - 23:14
Note [1] - 8:24
nothing [1] - 19:25
notice [1] - 30:19
nub [1] - 17:10
number [7] - 9:22, 14:9, 16:9, 19:20, 21:5, 26:22, 33:13
numbers [2] - 22:7, 22:17, 24:25, 26:14, 26:15

## O

Oberts [1] - 2:6
obligation [1] - 17:2
Oblon [2] - 5:18, 8:5
Oblong [1] - 12:24
October [2] - 14:7, 14:23
odds [1] - 13:11
offered [2] - 15:22, 24:19
often [1] - 21:19
Ollis [2] - 8:6, 12:24
Olsen [3] - 8:12, 12:13
Olympus [3] - 2:21, 2:21, 3:12, 3:12,

12:6, 12:8, 12:9, 16:2
One [1] - 10:10
one [15] - 13:16, 14:17, 17:15, 19:10, 22:23, 23:12, 26:1, 27:8, 27:16, 28:9, 28:16, 29:21, 29:22, 30:24, 31:12
ones [3] - 14:13, 16:5, 22:7
ooo [1] - 8:22
open [1] - 8:25
opportunity [1] - 27:15
optics [2] - 5:6, 6:10
Optrex [3] - 8:7, 8:10, 12:22
order [5] - 13:15, 18:3, 27:23, 33:9, 33:16
ordered [2] - 17:14, 29:9
originally [1] - 23:19
ought [1] - 33:20
outside [1] - 17:13
overseas [1] - 34:12, 21:10, 30:7
own [1] - 32:8

## P

panel [1] - 31:11
part [2] - 20:18, 32:7
participate [1] - 34:22
particular [2] - 27:9, 27:10
particularly [1] - 30:11
parties [5] - 18:7, 29:6, 30:5, 33:3, 33:13
party [1] - 29:17
Pascale [3] - 8:3, 12:21
past [6] - 15:15, 20:6, 21:22, 22:10, 26:1, 26:14
patent [2] - 14:24, 27:11
patience [1] - 9:4
Paul [1] - 6:17
Pause [3] - 13:2, 19:24, 31:21
Pc [6] - 4:2, 4:6, 4:11, 4:15, 5:18, 8:9
Pdas [2] - 25:8, 25:15
Pentax [4] - 7:21, 7:22, 12:3, 12:5
people [4] - 29:17, 30:12, 32:10, 32:19
percent [1] - 22:24

percentage [1] - 23:3
perhaps [3] - 10:18, 19:5, 19:13
period [1] - 17:8
permission [1] - 34:7
personal [2] - 30:14, 32:21
perspective [1] - 23:12
Phil [1] - 11:5
Philip [1] - 7:7
Philips [4] - 5:7, 6:15, 10:3, 10:5
phone [2] - 17:24, 33:21
phones [6] - 19:10, 25:8, 28:1, 28:3, 28:4, 28:13
Photo [3] - 7:11, 7:12, 11:6
pieces [1] - 29:22
Pittsford [1] - 4:22
place [5] - 13:15, 32:6, 33:9, 33:16, 33:17
plaintiff [8] - 9:7, 9:17, 17:3, 17:9, 17:12, 18:8, 23:19, 24:1
plaintiffs [4] - 12:23, 13:8, 13:17, 24:9
Plaintiffs [2] - 1:5, 1:11
plaintiffs' [1] - 35:8
plan [2] - 30:5, 30:22
play [1] - 30:13
players [1] - 25:9
playing [1] - 30:10
Plc [1] - 7:19
pleading [1] - 21:12
Poff [3] - 7:17, 12:2
point [6] - 15:6, 17:18, 22:13, 22:14, 22:23, 35:2
points [1] - 13:14
portable [1] - 25:8
posed [1] - 32:12
position [2] - 15:3, 33:15
positions [1] - 26:1
possible [1] - 24:5
Potter [3] - 5:3, 7:7, 9:22
premise [2] - 20:8, 20:23
prepared [1] - 29:7
present [3] - 14:8, 14:23, 24:8
pretty [1] - 13:7
problem [4] - 20:22, 24:14, 32:2, 34:12
proceed [1] - 33:8

proceeding [1] - 27:14
proceedings [1] - 8:24
product [21] - 15:14, 15:18, 16:9, 16:10, 18:18, 20:5, 20:19, 21:9, 22:2, 22:15, 22:16, 22:17, 22:18, 26:5, 26:6, 26:9, 26:10, 29:24, 29:25, 30:1, 32:8
Products [2] - 5:5, 6:5
products [52] - 14:5, 14:9, 14:12, 14:21, 14:25, 15:5, 15:12, 15:15, 15:23, 16:8, 17:6, 19:2, 19:4, 19:6, 19:7, 19:10, 19:12, 19:14, 19:16, 19:17, 19:18, 19:19, 21:5, 21:24, 21:25, 22:5, 22:6, 22:9, 23:1, 23:2, 23:24, 23:25, 24:5, 24:7, 24:14, 24:17, 24:19, 24:24, 25:7, 26:4, 26:9, 26:16, 27:7, 27:25, 28:6, 28:8, 29:12, 29:13, 29:24, 30:9, 31:4, 32:19
progress [3] - 13:24, 16:3, 16:18
prompts [1] - 28:23
proper [1] - 29:14
Properties [1] - 2:11
Property [1] - 9:16
provide [3] - 16:7, 20:4, 24:3
provided [1] - 34:22
purchase [3] - 22:8, 25:13, 27:4
purchased [1] - 15:12
put [2] - 27:23, 33:16
putting [1] - 29:16

## Q

queue [1] - 9:3
quoted [1] - 17:1

## R

raised [1] - 17:12
range [1] - 21:5
ranges [1] - 21:9
rapidly [1] - 21:19
rate [2] - 22:24, 22:25
rather [1] - 27:6
reach [1] - 17:8
read [1] - 18:3
readily [1] - 25:13

ready [2] - 33:16, 34:13
real [2] - 18:6, 20:22
realize [1] - 10:13
really [5] - 15:24, 16:11, 16:13, 16:24, 29:2
reason [1] - 14:10
reasonable [1] - 24:3
reasonably [1] - 21:14
reasons [1] - 29:21
rebut [1] - 20:1
received [1] - 13:9
recognizing [1] - 30:24
records [1] - 21:20
recover [1] - 21:17
Redwood [1] - 4:12
regarding [1] - 31:3
Registered [1] - 1:25
relative [1] - 21:16
reluctance [1] - 20:17
remember [1] - 30:12
report [1] - 34:8
Reporter [1] - 1:25
Reporters [1] - 8:24
reporting [1] - 33:11
represent [1] - 9:6
request [1] - 35:5
require [1] - 28:20
required [1] - 27:24
requires [1] - 28:19
requiring [1] - 28:25
resellers [1] - 32:11
reselling [2] - 32:7
resells [1] - 25:17
resolve [4] - 14:1, 16:17, 18:7, 27:15
resolved [4] - 13:14, 15:25, 16:5, 18:1
resolving [2] - 16:2, 16:18
respect [2] - 28:8, 35:1
respond [3] - 15:3, 32:12, 35:11
responded [1] - 17:13
response [5] - 15:10, 15:11, 15:24, 22:20
Restor [2] - 6:9, 7:20
result [1] - 26:2
results [1] - 15:24
retailers [1] - 29:16
Rich [4] - 9:21, 12:9, 16:22, 31:25
Richard [4] - 3:10, 5:3, 11:22, 12:7
Richards [3] - 3:14, 4:18, 10:17

Richardson [4] - 4:2, 4:6, 4:11, 4:15
Rick [2] - 10:4, 25:3
Rizzi [8] - 3:17, 10:18, 18:22, 23:7, 23:8, 23:10
road [1] - 14:15
Robert [5] - 2:13, 2:16, 3:3, 10:20, 10:22
Roberts [1] - 9:14
Robins [2] - 2:5, 9:15, 13:20
Roche [5] - 7:3, 11:9, 11:13, 11:15
Roderick [1] - 5:23
roll [1] - 9:5
room [1] - 23:11
Rosat [4] - 3:10, 12:7, 12:9
Rosenman [1] - 5:14
Rosenthal [4] - 7:10, 11:7, 18:11, 18:12
Rovner [2] - 7:7, 11:5
Rule [1] - 21:12
run [1] - 33:2

## S

Sachnoff [1] - 7:3
Samsung [4] - 5:8, 6:19, 10:2, 10:9
San [1] - 6:18
Sanyo [6] - 5:6, 5:7, 5:16, 5:16, 10:3, 10:6
satisfied [3] - 21:12, 21:23
satisfy [1] - 18:19
schedule [2] - 33:17, 34:16
scheduling [3] - 13:15, 33:9, 33:15
Schlier [2] - 5:19, 10:7
scope [1] - 17:13
Scott [3] - 6:22, 10:10, 10:12
Sdi [4] - 5:8, 6:19, 10:2, 10:9
seek [1] - 26:13
Seiko [2] - 2:17, 10:21
sellers [1] - 29:17
sells [1] - 25:16
send [1] - 15:23
sense [2] - 18:24, 23:16
sensible [1] - 30:5
separate [1] - 9:11
September [1] - 1:16
set [5] - 14:6, 14:22,

29:11, 33:10, 34:16
Shandler [3] - 4:19, 11:21
Shaw [4] - 2:20, 12:6, 12:10
shifted [2] - 26:2, 27:18
shifting [1] - 19:11
short [2] - 13:16, 34:24
show [1] - 21:20
showing [1] - 21:4
shy [1] - 17:21
side [2] - 30:3, 33:23
side's [1] - 15:3
similar [8] - 23:15, 24:14, 26:17, 31:5, 31:7, 31:8, 31:9, 31:11
similarly [1] - 18:25
Simon [2] - 6:12, 11:16
simply [1] - 21:19
single [3] - 15:18, 18:18
situated [1] - 18:25
six [8] - 14:24, 19:3, 19:19, 20:25, 21:17, 23:4, 25:10, 27:2
Slifkin [2] - 4:21, 11:23
Smith [1] - 2:13
snapshot [1] - 13:24
sold [4] - 14:5, 14:13, 14:21, 20:6
somewhat [1] - 23:15
Sony [10] - 2:21, 2:22, 3:7, 8:13, 8:14, 12:7, 12:10, 12:14, 12:19
sorry [4] - 10:12, 14:16, 23:5, 32:9
sort [1] - 19:10
sound [1] - 23:2
source [1] - 31:11
span [1] - 19:2
speaking [1] - 13:17
specific [15] - 15:13, 17:19, 18:2, 22:7, 23:18, 23:20, 23:25, 24:6, 24:23, 26:5, 26:14, 28:6, 28:23, 29:11, 31:15
specifically [3] - 14:18, 17:5, 27:24
specified [2] - 22:6, 26:10
spite [1] - 13:6
Spivack [1] - 12:24
Spivak [2] - 5:18, 8:5
squarely [1] - 19:15
Stacie [2] - 2:6, 9:14

6

Stargatt[2] - 2:19, 7:17
start[4] - 9:7, 9:19, 20:8, 20:13
States[6] - 1:1, 14:6, 14:13, 14:22, 26:19, 30:8
statute[1] - 14:24
stay[8] - 18:4, 18:6, 18:7, 29:22, 32:3, 32:5, 35:3
step[2] - 34:15, 34:21
Stephen[4] - 3:17, 6:18, 10:9, 18:22
Steve[2] - 10:18, 23:7
Steven[1] - 1:22
still[5] - 13:8, 13:11, 18:13, 26:1, 34:8
straightens[1] - 29:4
Stroock[4] - 7:9, 11:7
structured[1] - 23:23
structuring[1] - 24:2
stuff[1] - 20:24
submission[1] - 33:12
submissions[1] - 17:12
subsequent[1] - 28:10
suit[2] - 29:14, 34:17
summarized[1] - 16:17
suppliers[1] - 19:9
supposed[1] - 32:23
system[1] - 20:9

**T**

Taylor[2] - 2:19, 7:17
tear[8] - 15:19, 15:22, 15:24, 22:8, 22:24, 27:3, 28:5, 28:22
tear-down[4] - 15:24, 22:24, 27:3, 28:5
tear-downs[1] - 28:22
technology[2] - 26:17
telephone[2] - 13:4, 34:10
Telephone[2] - 1:17, 35:13
television[1] - 23:20
televisions[3] - 23:17, 23:22, 24:1
terms[1] - 27:19
Texas[1] - 5:23
thinking[3] - 20:21, 29:4, 30:13
third[1] - 29:17
third-party[1] - 29:17

Thomas[3] - 2:3, 4:3, 8:9
thoroughly[1] - 22:18
thousand[2] - 19:5, 19:13
three[6] - 16:1, 19:7, 19:12, 19:18, 28:14, 34:5
tie[1] - 26:18
tied[1] - 26:13
today[5] - 9:10, 17:12, 17:24, 29:19, 33:11
together[2] - 13:6, 29:11
Tom[5] - 9:8, 10:24, 11:25, 13:19, 34:3
took[1] - 15:2
tore[2] - 28:9, 28:13
torn[3] - 15:13, 21:6, 24:24
Toshiba[5] - 5:6, 5:20, 10:2, 10:7
total[1] - 25:11
transcript[1] - 17:2
transition[2] - 14:1, 35:2
transitioned[1] - 34:16
try[2] - 20:5, 30:5
trying[1] - 27:19
Tunnell[1] - 2:2
Tweek[1] - 6:3
two[6] - 9:10, 19:10, 28:16, 31:12, 33:11, 34:8
type[1] - 24:10
types[1] - 22:6
Typically[1] - 11:17

**U**

ultimately[1] - 14:15
unable[2] - 15:14, 16:3
uncover[1] - 20:5
under[3] - 18:4, 22:25, 26:15
unilateral[1] - 27:6
United[6] - 1:1, 14:6, 14:13, 14:21, 26:19, 30:8
unless[1] - 11:18
unreasonable[1] - 24:8
unwillingness[1] - 20:18
up[7] - 14:11, 14:20, 16:20, 22:13, 30:4, 32:17, 32:18

upset[1] - 30:9
urgency[1] - 33:20
Usa[2] - 7:12, 7:22
Usdcj[1] - 1:19
utilize[1] - 24:6

**V**

various[2] - 22:1, 23:17
versa[1] - 27:12
vice[1] - 27:12
vice-versa[1] - 27:12
video[1] - 25:17
view[1] - 21:16
Vinson[1] - 5:22
Virginia[4] - 5:19, 6:9, 7:20, 8:6

**W**

Wade[3] - 3:14, 10:16
wait[1] - 20:7
waiting[1] - 9:2
Walker[1] - 6:17
Walsh[3] - 8:9, 11:25
wants[2] - 16:20, 17:20
Washington[5] - 3:3, 4:16, 5:11, 6:14, 7:14
Weaver[1] - 7:3
week[1] - 30:23
week's[1] - 25:14
weeks[2] - 33:11, 34:8
weigh[1] - 25:6
Weil[5] - 3:16, 10:19, 18:23, 22:12, 23:7
White[1] - 6:12
who-goes-first[1] - 30:17
wholesale[1] - 22:15
wide[1] - 21:5
wild[1] - 23:1
William[1] - 3:14
Williams[7] - 5:23, 10:4, 25:3, 25:6, 25:23, 27:1
willing[1] - 29:6
Wilmington[1] - 1:16
Wintek[4] - 5:6, 6:10, 10:3, 10:7
Wireless[2] - 2:18, 10:21
wondering[1] - 34:7
Woods[2] - 2:6, 9:14
works[2] - 20:10, 21:2
wrestle[1] - 20:7

wronged[1] - 20:11
Wyatt[1] - 7:17

**Y**

years[5] - 14:24, 19:4, 19:19, 20:25, 21:18
York[16] - 3:6, 3:11, 3:17, 4:8, 4:22, 6:4, 6:8, 7:10, 10:8, 11:7
Young[3] - 2:19, 7:17, 12:2
yourself[1] - 11:19