# EXHIBIT G

|  |
|--|
| **OBLON** |
| **SPIVAK** |
| **MCCLELLAND** |
| **MAIER** &  |
| **NEUSTADT** |
| P.C. |

ATTORNEYS AT LAW

JOHN F. PRESPER
(703) 412-3536
JPRESPER@OBLON.COM
*BAR OTHER THAN VIRGINIA

September 13, 2007
*Via Email*

Alan E. McKenna, Esq.
ROBINS, KAPLAN, MILLER & CIRESI LLP
800 Boylston Street, 25th Floor
Boston, MA 02199

Re:  *Honeywell Litigations*
     C.A. Nos. 04-1337, -1338, and -1536-KAJ
     Our Ref: 260613-261775US

Dear Alan:

I write in response to your letter of August 13, 2007, wherein you conveyed Honeywell's unwillingness to supplement its responses to Optrex's Second Set of Requests for Admissions and Fourth Set of Interrogatories.

Your letter characterizes the discovery Optrex provided for the modules in question as "limited and selective" such that Honeywell cannot "respond more fully than it already has" nor "make determinations as to the technical aspects of each of these modules." Unfortunately, your letter provides no guidance as to what additional discovery Honeywell believes it needs on these modules. As stated in my letter of August 3, 2007, Optrex provided Honeywell with interrogatory responses specifically identifying these modules, as well as extensive and substantive technical and sales documentation regarding these modules. As your letter acknowledges, Optrex produced lens sheet drawings for each module in question. Optrex seeks an explanation – which your letter fails to provide – as to why the lens sheet drawings Optrex provided are insufficient to allow Honeywell to "make determinations as to the technical aspects of each of these modules," such as whether or not they infringe the '371 patent. Moreover, Optrex made witnesses available to testify about these modules, and Honeywell took significant testimony on these modules, including five days of testimony from Mr. Kobayashi, Optrex's technical witness. Thus, we are still puzzled as to what "complete discovery" requested by Honeywell on these modules remains.

Furthermore, Honeywell asserts that it cannot make a determination as to whether the modules in question do not in fact contain rotated lens sheets (and thus, do not infringe), despite the aforementioned lens sheet drawings showing no such rotation in their design, because Mr. Kobayashi testified that Optrex accepts up to 1° of rotation in its BEF sheets as a natural and necessary tolerance for manufacturing purposes, even though the design of these modules calls for no rotation of the BEF sheets. (*See* Kobayashi, Vol. 3, at 269:9-272:1). In fact, your letter

Alan E. McKenna, Esq.
September 13, 2007
Page 2

OBLON
SPIVAK
McCLELLAND
MAIER
&
NEUSTADT
P.C.

goes so far as to state that "Mr. Kobayashi's testimony highlights the impropriety of the discovery requests at issue." Optrex requests confirmation that it is Honeywell's position that modules with up to 1° of rotation resulting from necessary manufacturing tolerances infringe the '371 patent despite no rotation being called for in their design, as Honeywell's position has significant impact on the prior art to the '371 patent, as well as Optrex's §112 defense.

Finally, your concern regarding potentially "cherry picking" modules to include in these discovery requests misses the point of these discovery requests. Optrex wishes to establish (1) whether Honeywell still regards Optrex's redesigned versions of previously accused products as infringing (even though they now are specified not to include rotated lens sheets), and (2) whether similarly designed (i.e., non-rotated) Optrex modules sold years prior to this litigation would have been deemed by Honeywell as not infringing. Both of these principles are vital to calculating damages in this case, as well as to Optrex's laches defense.

Whether the modules identified in Optrex's discovery are a representative or an exhaustive list of modules designed to include non-rotated lens sheets is irrelevant to Honeywell's obligation to properly respond to the discovery. Furthermore, Honeywell is without any right to hold its obligated responses hostage in return for the potential disclosure of additional rotated two-sheet Optrex modules that Honeywell has not specifically accused of infringement, in direct contravention with the Court's rulings. The existence of an additional Optrex module that Honeywell could potentially accuse neither changes Honeywell's obligation to properly respond to Optrex's discovery requests, nor impacts the vital importance of this discovery to Optrex's damages case and laches defense.

Unless Honeywell is willing to properly supplement its discovery responses, we request to conduct a meet and confer on Monday, September 17th, or Tuesday, September 18th, so that we can promptly resolve this matter, and if necessary, bring it before the Court for resolution.

Sincerely,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

John F. Presper