# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1338-***-MPT |
| APPLE COMPUTER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1337-***-MPT |
| AUDIOVOX COMMUNICATIONS CORP., et al., | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| OPTREX AMERICA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1536-***-MPT |
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF 30(b)(6) DEPOSITION AND SUBPOENA**
**DIRECTED TO NON-PARTY REFLEXITE DISPLAY OPTICS**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and pursuant to District of Delaware Local Rules 30.1 through 30.5, Optrex America, Inc. ("Optrex") will take the deposition upon oral examination of non-party Reflexite Display Optics ("Reflexite"), and specifically the witness or witnesses designated by Reflexite as officers, managing agents, directors, agents, employees or other person(s) who are most knowledgeable and can testify on its behalf with respect to the deposition topics set forth in Schedule A to the subpoena referenced below, commencing at 9:00 a.m. on January 28, 2008, before a notary public or other officer duly authorized to administer oaths, at the law offices of Nixon Peabody LLP, 1300 Clinton Square, Rochester, NY 14604-1792, or such other time and location as mutually agreed upon by counsel. The deposition will also be videotaped. You are invited to attend and cross-examine.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Optrex is serving a subpoena *ad testificandum and duces tecum* upon Reflexite in the form appended hereto, for the deposition described above and for the production on January 21, 2008 of the documents described in Schedule B to the subpoena.

                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: January 4, 2008

/s/ *Andrew A. Lundgren*
Karen L. Pascale (#2903) [kpascale@ycst.com]
Andrew A. Lundgren (#4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and -

        Richard D. Kelly
        Andrew M. Ollis
        Alexander E. Gasser
        John F. Presper
        O<small>BLON</small>, S<small>PIVAK</small>, M<small>C</small>C<small>LELLAND</small>,
          M<small>AIER</small> & N<small>EUSTADT</small>, P.C.
        1940 Duke Street
        Alexandria, VA 22314
        (703) 413-3000
         *Attorneys for Optrex America, Inc.*

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| WESTERN | DISTRICT OF | NEW YORK |
|---|---|---|

| HONEYWELL INTERNATIONAL INC., et al. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| APPLE COMPUTER, INC., et al., | Case Number:[1] 04-1536 (***)/04-1338 (***)/ 04-1337 (***) (Consolidated) PENDING IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE |

TO: Reflexite Display Optics
500 Lee Road
Rochester, NY 14606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to produce a witness having personal knowledge of the matters set forth in attached "Schedule A" to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Law offices of Nixon Peabody LLP, 1300 Clinton Square Rochester, NY 14604-1792 | DATE AND TIME 1/28/2008 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Schedule B."

| PLACE Law offices of Oblon Spivak, 1940 Duke Street Alexandria, VA 22310 | DATE AND TIME 1/21/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* | DATE 1/4/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander E. Gasser  (Attorney for Plaintiff Optrex America, Inc.)
Oblon Spivak, 1940 Duke Street, Alexandria, VA 22310  703-412-6006

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                           DATE                                              SIGNATURE OF SERVER

                                                                             _____
                                                                             ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS

As used in this Subpoena, including Schedules A and B, the terms listed below are defined as follows:

1. The terms "anyone," "person," or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any past or present employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

2. The terms "Reflexite", "you" or "your" refer to Reflexite Display Optics, including all predecessors in interest, divisions and business units, subsidiaries and affiliates, as well as anyone working with or at the direction of any of the foregoing, which includes Cecil Ursprung and Bill Rowland.

3. The term "Fresnel Optics" refers to Fresnel Optics, Inc., including all predecessors and successors in interest, divisions and business units, subsidiaries and affiliates, as well as anyone working with or at the direction of any of the foregoing, which includes Andrea Plain, John Eggers, Eric Minier, and John Lytle.

4. The term "Compaq Computer" refers to Compaq Computer Corporation, including all predecessors and successors in interest, divisions and business units, subsidiaries and affiliates, as well as anyone working with or at the direction of any of the foregoing, which includes Rick Knox, Richard Murphy, Doug Arego, Gaylon Kornfuehrer and/or Tim Solomon

5. The term "Display Engineering" refers to Display Engineering, Inc., located at 14672 Stoneridge Drive, Saratoga, CA 95070, and includes as anyone working with or at the direction of Display Engineering, such as Kevin Hathaway.

1

6. The terms "thing" and "things" refer to any material object, such as samples, prototypes, packaging samples, models, illustrations of physical and chemical phenomena, and photographs, montages, movies or videotapes of physical objects, and electronic representations of any of the above.

7. Unless otherwise specified herein, "relating," "relate to" and "refer to" shall be used interchangeably to mean concerning, comprising, involving, directed to, created by, sent to, received by, copied to, responsible for, or in any way logically or factually connected to the subject of the request or topic.

8. The words "document" or "documents" shall be used in their broadest sense and shall include, but are not limited to, any tangible thing capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner of any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or constructive possession, custody, or control of any agent, employee, consultant, or any other person acting or purporting to act on behalf of you, including drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to:

1. all letters or other forms of correspondence or communication, including envelopes, notes, telefaxes, telegrams, cables, electronic mail messages, telex messages, and telephone messages (including reports, notes, notations and memoranda of or relating to any telephone conversations or conferences or personal interviews);

2. all memoranda, laboratory notebooks, research reports, speeches, reports, financial statements or reports, appraisals, estimates, sales proposals, RFQ or RFP responses, notes, transcripts, tabulations, ledgers, studies, analyses, evaluations, projections, work papers of any type, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps, diagrams, summaries, tables, indexes, extracts, statistical records, compilations, reports and/or summaries of investigations, testing or analyses, marginal notations, all desk calendars, appointment books, diaries;

   3. all books, manuscripts (whether submitted for publication or not), press releases, magazines, newspapers, booklets, brochures, sales support materials, training materials, pamphlets, circulars, bulletins, notices, speeches, instructions, manuals, and articles;

   4. all minutes, transcripts, notes, presentation material, and memoranda of meetings;

   5. all photographs, drawings, microfilms, tapes or other recordings, punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever; and

   6. all Contracts.

9. The words "and", "and/or", and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings. The words "all" and "any" shall mean "each and every" as well as "any one". The masculine gender shall be deemed to include the feminine and the neuter where appropriate, the singular, the plural, and vice versa.

## DEPOSITION TOPICS

1. Work done by Fresnel Optics and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

2. Communications between Fresnel Optics and/or Reflexite and Display Engineering in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

3. Communications between Fresnel Optics and/or Reflexite and Compaq in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

4. The dates or approximate dates operational prismatic reflectors and light pipes (wedges) (including prototypes) were made by Fresnel Optics and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

5. The dates or approximate dates prismatic reflectors and light pipes (wedges) were designed in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

6. The dates or approximate dates prismatic reflectors and light pipes (wedges) (including prototypes) were shipped by Fresnel Optics or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

7. The dates or approximate dates, attendees, and subject matter of meetings (including demonstrations of prototypes) involving anyone from Compaq, Display Engineering, Fresnel Optics, and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

8. The date or approximate date a prototype known as the "gull wing" was demonstrated.

9. Testing of prismatic reflectors and light pipes (wedges) individually or in combination (including 3.5" x 3.5" and 7" x 10" samples) in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

10. The dates or approximate dates on which the subject matter of U.S. Patent No. 5,050,946 were conceived or reduced to practice.

11. The reasons the prismatic reflectors made by Fresnel Optics and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq were cut at an angle relative to the edges of the prismatic reflectors.

12. The identification of sample prismatic reflectors and light pipes (including 3.5" x 3.5" and 7" x 10") made in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

13. The location or destruction of all documents, samples, or prototypes relating to work done by Fresnel Optics, and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

## **SCHEDULE B**

## **DOCUMENT CATEGORIES**

1. All documents and things relating to work done by Fresnel Optics and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

2. All documents and things relating to communications between Fresnel Optics and/or Reflexite and Display Engineering in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

3. All documents and things relating to communications between Fresnel Optics and/or Reflexite and Compaq in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

4. All documents and things relating to the dates or approximate dates operational prismatic reflectors and light pipes (wedges) (including prototypes) were made by Fresnel Optics and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

5. All documents and things relating to the dates or approximate dates prismatic reflectors and light pipes (wedges) were designed in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

6. All documents and things relating to the dates or approximate dates prismatic reflectors and light pipes (wedges) (including prototypes) were shipped by Fresnel Optics or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

7. All documents and things relating to the dates or approximate dates, attendees, and subject matter of meetings (including demonstrations of prototypes) involving anyone from Compaq, Display Engineering, Fresnel Optics, and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

8. All documents and things relating to the date or approximate date a prototype known as the "gull wing" was demonstrated.

9. All documents and things relating to testing of prismatic reflectors and light pipes (wedges) individually or in combination (including 3.5" x 3.5" and 7" x 10" samples) in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

10. All documents and things relating to the dates or approximate dates on which the subject matter of U.S. Patent No. 5,050,946 were conceived or reduced to practice.

11. All documents and things relating to the reasons the prismatic reflectors made by Fresnel Optics and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq were cut at an angle relative to the edges of the prismatic reflectors.

12. All documents and things relating to the identification of sample prismatic reflectors and light pipes (including 3.5" x 3.5" and 7" x 10") made in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

13. All documents and things relating to the location or destruction of all documents, samples, or prototypes relating to work done by Fresnel Optics, and/or Reflexite in the 1989-1990 time frame relating to the development of a backlight for a liquid crystal display for Compaq Computer.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on January 4, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| John R. Alison | john.alison@finnegan.com |
| Parker H. Bagley | pbagley@milbank.com |
| Steven J. Balick | sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com |
| Robert J. Benson | rjbenson@hhlaw.com |
| Robert Karl Beste, III | rkb@skfdelaware.com, vkm@skfdelaware.com |
| Elizabeth L. Brann | elizabethbrann@paulhastings.com |
| Christopher E. Chalsen | cchalsen@milbank.com |
| Hua Chen | huachen@paulhastings.com |
| Arthur G. Connolly, III | aconnollyIII@cblh.com, dkt@cblh.com, telwell@cblh.com |
| Frederick L. Cottrell, III | cottrell@rlf.com, garvey@rlf.com |
| John G. Day | jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com |
| Francis DiGiovanni | fdigiovanni@cblh.com, dkt@cblh.com, ljarrell@cblh.com, nwashington@cblh.com |
| Kevin C. Ecker | kecker@stroock.com |
| Amy Elizabeth Evans | aevans@crosslaw.com |
| York M. Faulkner | york.faulkner@finnegan.com |
| Christopher J. Gaspar | cgaspar@milbank.com |
| Alexander E. Gasser | agasser@oblon.com |
| Anne Shea Gaza | gaza@rlf.com, garvey@rlf.com |
| Barry M. Graham | barry.graham@finnegan.com |
| Maria Granovsky | mgranovsky@mnat.com |
| Thomas C. Grimm | tcgefiling@mnat.com |
| Thomas Lee Halkowski | halkowski@fr.com, dob@fr.com, jrm@fr.com, kxk@fr.com, sub@fr.com |
| Angie Hankins | ahankins@stroock.com |

| | |
|---|---|
| Richard L. Horwitz | rhorwitz@potteranderson.com, iplitigation@potteranderson.com, iplitigation2@potteranderson.com, mbaker@potteranderson.com, nmcmenamin@potteranderson.com |
| Darren M. Jiron | darren.jiron@finnegan.com |
| John T. Johnson | jjohnson@fr.com, autuoro@fr.com, lperez@fr.com |
| Robert J. Katzenstein | rjk@skfdelaware.com, eys@skfdelaware.com |
| Richard D. Kelly | rkelly@oblon.com |
| Stephen S. Korniczky | stephenkorniczky@paulhastings.com |
| Hamilton Loeb | hamiltonloeb@paulhastings.com |
| David J. Margules | dmargules@BMF-law.com, lheritage@bmf-law.com |
| William J. Marsden , Jr | marsden@fr.com, dob@fr.com, kilby@fr.com, manis@fr.com, sub@fr.com |
| Donald R. McPhail | drmcphail@duanemorris.com |
| David Ellis Moore | dmoore@potteranderson.com, ntarantino@potteranderson.com |
| Carolyn E. Morris | carolynmorris@paulhastings.com |
| Matt Neiderman | mneiderman@duanemorris.com |
| Arthur I. Neustadt | aneustadt@oblon.com |
| Elizabeth A. Niemeyer | elizabeth.niemeyer@finnegan.com |
| Andrew M. Ollis | aollis@oblon.com |
| Karen L. Pascale | kpascale@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| Adam Wyatt Poff | apoff@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| Leslie A. Polizoti | lpolizoti@mnat.com |
| John F. Presper | jpresper@oblon.com |
| Alana A. Prills | alanaprills@paulhastings.com |
| Steven J Rizzi | steven.rizzi@weil.com |
| Lawrence Rosenthal | lrosenthal@stroock.com |
| Avelyn M. Ross | aross@velaw.com |
| Philip A. Rovner | provner@potteranderson.com, iplitigation@potteranderson.com, mstackel@potteranderson.com, nmcmenamin@potteranderson.com |
| Carl E. Schlier | cschlier@oblon.com |
| John M. Seaman | jseaman@bmf-law.com, jfielder@bmf-law.com |
| Chad Michael Shandler | shandler@rlf.com, pstewart@rlf.com |
| John W. Shaw | jshaw@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| Matthew W. Siegal | msiegal@stroock.com |

| | |
|---|---|
| Monte Terrell Squire | msquire@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| William F. Taylor , Jr | wtaylor@mccarter.com |
| William J. Wade | wade@rlf.com, casper@rlf.com |
| Roderick B. Williams | rickwilliams@velaw.com, smendoza@velaw.com |
| Edward R. Yoches | bob.yoches@finnegan.com |

    I further certify that on January 4, 2008, I caused a copy of the foregoing document to be served upon the following counsel of record as indicated below:

### *By Hand Delivery and E-Mail*

Thomas C. Grimm [tgrimm@mnat.com]
Benjamin J. Schladweiler [bschladweiler@ mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899-1347
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Steven J. Balick [sbalick@ashby-geddes.com]
John G. Day [jday@ashby-geddes.com]
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

### *By E-Mail*

Martin R. Lueck [MRLueck@rkmc.com]
Matthew L. Woods [MLWoods@rkmc.com]
Jacob S. Zimmerman [JSZimmerman@rkmc.com]
Marta M. Chou [MMChou@rkmc.com]
Stacie E. Oberts, Esquire [SEOoberts@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Alan E. McKenna [AEMckenna@rkmc.com]
Anthony A. Froio [AAFroio@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Philip A. Rovner [provner@potteranderson.com]
POTTER, ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
*Attorneys for FUJIFILM Corporation and FUJIFILM U.S.A. Inc.*

Ian G. DiBernardo [idibernardo@stroock.com]
Kevin C. Ecker [kecker@stroock.com]
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
*Attorneys for FUJIFILM Corporation and FUJIFILM U.S.A. Inc.*

Richard L. Horwitz [rhorwitz@potteranderson.com]
David E. Moore [dmoore@potteranderson.com]
POTTER ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box. 951
Wilmington, DE 19801
*Attorneys for Samsung SDI America, Inc., and Samsung SDI Co., Ltd.*

Elizabeth L. Brann [elizabethbrann@paulhastings.com]
PAUL, HASTINGS, JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
*Attorneys for Samsung SDI America, Inc., and Samsung SDI Co., Ltd.*

Matt Neiderman [MNeiderman@duanemorris.com]
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Attorneys for InnoLux Display Corporation*

Donald R. McPhail [DRMcPhail@duanemorris.com]
DUANE MORRIS LLP
1667 K Street, N.W.
Washington, DC 20006-1608
*Attorneys for InnoLux Display Corporation*

David J. Margules [dmargules@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
*Attorneys for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

David H. Ben-Meir [dhben-meir@hhlaw.com]
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
*Attorneys for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

January 4, 2008

*/s/ Andrew A. Lundgren*
Andrew A. Lundgren (#4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
   *Attorneys for Optrex America, Inc.*

## SUPPLEMENTAL SERVICE LIST

I hereby certify that on January 4, 2008, I caused a copy of the foregoing document – *Notice of 30(b)(6) Deposition and Subpoena Directed to Non-Party Reflexite Display Optics* – to be served on the following additional persons in the manner indicated:

### *By E-Mail*

Gunnar G. Leinberg, Esquire
Nixon Peabody LLP
1300 Clinton Square
Rochester, NY 14604-1792
*gleinberg@nixonpeabody.com*

Raymond N. Scott Jr.
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
*rscott@fr.com*

/s/ Andrew A. Lundgren
Andrew A. Lundgren (#4429)