# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

August 27, 2008

**BY E-FILING, E-MAIL, AND HAND DELIVERY**

Special Master Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

      Re:  *Honeywell International Inc., et al v. Apple Computer Inc., et al.*
           C.A. Nos. 04-1337-JJF, 04-1338-JJF, 04-1536-JJF, 05-874-JJF

Dear Special Master Poppiti:

      I write on behalf of my client, Optrex, as well as FUJIFILM, Samsung SDI, Citizen, and Innolux (hereinafter the "Manufacturer Defendants").  Pursuant to your letter of August 18, 2008, counsel for the Manufacturer Defendants met and conferred with counsel for Honeywell on August 25 regarding the scheduling and scope of these consolidated litigations.  Those parties have prepared a chart (which we understand Honeywell will be submitting) that sets forth their respective proposed amendments to the December 6, 2007 Scheduling Order [D.I. 937].

      The Manufacturer Defendants provide the following supplement to their prior correspondence of May 30, 2008 (D.I. 1043 and 1044).  Innolux is submitting a separate letter addressing an issue specific to Innolux.

      In general, the Manufacturer Defendants desire a trial at the Court's earliest convenience.  They share the strong belief that Honeywell's '371 patent is invalid and unenforceable, especially in view of the recent Supreme Court decision greatly expanding the test for obviousness previously used by the Federal Circuit. (*KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007)).  The Manufacturer Defendants remain very concerned that Honeywell will delay this litigation indefinitely if the Court permits it to do so.  This concern was confirmed by Honeywell's schedule, which, by its unnecessary serial treatment of certain steps (e.g., expert reports), long periods allocated to many steps and many indeterminate triggers (such as completion of commercial success discovery), is calculated to lead to an initial trial in late 2009, if then.  Although various discovery motions remain pending, such as Honeywell's motion against the customer defendants for cumulative discovery regarding commercial success, none of these motions should significantly delay the litigation.  Moreover, for the reasons set forth in

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Special Master Vincent J. Poppiti
August 27, 2008
Page 2

Optrex and FUJIFILM's August 7, 2008 submissions (D.I. 1131 and D.I. 1128), Honeywell's commercial success motion should be denied. If Honeywell's commercial success motion is granted, such discovery should conclude no later than November 14, 2008, and the Manufacturer Defendants should simultaneously receive discovery from Honeywell to further rebut any claim of a nexus between alleged commercial success and the '371 patent, as set forth in Optrex's August 7, 2008 letter (D.I. 1131).

   All of the Manufacturer Defendants agree that Honeywell's initial proposal of a single trial on all issues against all five Manufacturer Defendants and their current proposal of two trials against two separate groups of unrelated Manufacturer Defendants, are unworkable, given the different infringement defenses and equitable defenses of each defendant. Since each of the defendants have different products, different periods of alleged infringement, different defenses (e.g., laches, non-infringement, and no inducement), and different facts relevant to Honeywell's willfulness claim, each defendant must have their own separate trial on at least their own individualized defenses. A consolidated trial would hopelessly confuse the jury and would seriously prejudice each defendant's right to a fair trial, particularly as each defendant will likely advance its own, individual defenses and may present conflicting arguments and/or evidence in support thereof.

   While the Manufacturer Defendants agree on many aspects of the draft schedule, they present two different proposals for handling trial, each of which differ from Honeywell's proposal. Innolux has joined Optrex's position, set forth in Optrex's May 30, 2008 letter (D.I. 1044) requesting separate trials on all issues (invalidity, non-infringement, inequitable conduct and damages) for each defendant. Optrex now proposes a first six day trial between Optrex and Honeywell. If such trial against Optrex does not resolve all matters, then trials would continue in serial fashion, against the remaining Manufacturer Defendants, one at a time.

   FUJIFILM, Samsung SDI, and Citizen, for the reasons set forth in their letter of May 30, 2008 (D.I. 1043) request that the Court maintain the current case structure of a first trial against all Manufacturer Defendants on the issues of invalidity and unenforceability only. However, FUJIFILM, Samsung SDI, and Citizen agree with Optrex and Innolux that to the extent that a trial on all issues is ordered, a separate trial for each Defendant family should be ordered.

   Contrary to Honeywell's statement in the scheduling chart, FUJIFILM, Samsung SDI, and Citizen believe that the Manufacturer Defendants' proposed pre-trial schedule constitutes a restructuring of the case as contemplated by Judge Farnan's August 1, 2008 order referring this matter to Your Honor. Indeed, Judge Farnan's oral order states only that "Upon further review of the Honeywell cases . . . and discussions with the Special master, the Court concludes that a procedural restructuring of this case is warranted." The order does not indicate that the Court considered any of the parties' prior briefing on the proper trial structure, nor does it affirm prior positions advocated by Honeywell. Yet, Honeywell maintains that restructuring necessarily requires a trial structure substantially different from that ordered by Judge Jordan. As detailed in

Young Conaway Stargatt & Taylor, LLP
Special Master Vincent J. Poppiti
August 27, 2008
Page 3

the submitted chart, however, Defendants' proposed schedule reflects a shift to Judge Farnan's preference for an early Markman determination followed by any necessary expert discovery and case dispositive submissions. Defendants' proposal also reflects Judge Farnan's preferred procedure for dealing with in limine and Daubert motions. All of these modifications represent substantial departures from Judge Jordan's preferred procedure, yet Honeywell's insistence that Defendants have not proposed a restructuring ignores these changes.

Finally, the Manufacturer Defendants respectfully request that Judge Farnan's August 1, 2008 Oral Order be amended to provide for the division of costs and fees, as provided by Fed. R. Civ. P. 52(b). Defendants respectfully request that such fees and costs be divided equally between the two sides, with Honeywell paying half and Defendants collectively paying the other half.

The Manufacturer Defendants will be pleased to address the above issues in greater detail at the September 4th hearing.

Respectfully,

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)

cc:  CM/ECF list (by e-filing)
    Tara L. Laster, Esquire (by e-mail) [Laster@BlankRome.com]
    Elizabeth A. Sloan, Esquire (by e-mail) [Sloan@BlankRome.com]
    Carrie David (by e-mail) [David-C@BlankRome.com]
    Mary C. LeVan (by e-mail) [LeVan@Blankrome.com]
    Clerk of Court (by hand)
    Thomas C. Grimm, Esquire (by hand)
    Matthew L. Woods, Esquire (by e-mail) [MLWoods@rkmc.com]