# Duane Morris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

AIMEE CZACHOROWSKI
DIRECT DIAL: 302.657.4930
PERSONAL FAX: 302.397.2455
E-MAIL: amczachorowski@duanemorris.com

www.duanemorris.com

September 12, 2008

**VIA HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801

Re: *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
C.A. No. 04-1338-JJF (consolidated)

Dear Judge Poppiti:

In connection with the submission of the Joint Scheduling Proposal, InnoLux Display Corporation provides this letter addressing issues specific to InnoLux.

First, InnoLux has agreed to Honeywell's request for additional time in which to complete jurisdictional discovery. The proposed deadline in the Joint Scheduling Proposal reflects this extension, and the dates for renewal of InnoLux's motion to dismiss and related briefing have been moved accordingly.

Second, InnoLux reiterates its position that Honeywell is not entitled to additional fact discovery at this time. The time for discovery in this matter closed on January 31, 2008. To the extent that Honeywell now believes it should have taken additional fact discovery from InnoLux, the failure to do so is its own.

At the hearing on September 4, 2008, counsel for Honeywell asserted to Your Honor that InnoLux had "refused" in its Reply Brief (D.I. 598) to provide jurisdictional discovery to Honeywell. This is simply not correct. Rather, InnoLux argued that jurisdictional discovery was <u>unnecessary</u>, because even if Honeywell proved the facts alleged in its opposition (D.I. 570), these facts would still not be sufficient grounds for the Court to exercise personal jurisdiction over InnoLux. InnoLux therefore argued that the Court should reject Honeywell's request that InnoLux's motion be tabled until jurisdictional discovery was completed and should proceed to decide the motion on the existing record. This is a far cry from "refusing" to provide jurisdictional discovery.

Since appearing, at no time has InnoLux ever asked the Court for a stay or a protective order to excuse it from discovery. There is no rule of Federal Civil Procedure or case precedent that

DuaneMorris

Honorable Vincent J. Poppiti
September 12, 2008
Page 2

provides that a defendant such as InnoLux is excused from discovery merely because of a pending motion to dismiss. To the contrary, it is axiomatic that a plaintiff has the obligation to actively prosecute his or her case before a court – the burden was therefore on Honeywell to seek discovery if Honeywell thought such discovery was necessary. Magistrate Judge Thynge was always available to resolve any dispute over discovery should one have arisen and, indeed, did so on a number of occassions prior to Judge Farnan assuming responsibility for this matter. InnoLux, however, never refused to provide Honeywell with fact discovery during the appropriate time period. Honeywell is not entitled to a second bite at the apple.

Moreover, if additional discovery is now granted at this late date, it is highly unlikely that such additional discovery could be completed by Honeywell's proposed November 26, 2008 deadline. InnoLux notes that Honeywell and the other Manufacturer Defendants engaged in discovery for over one and a half years. To date, however, Honeywell has produced no documents to InnoLux and neither party has taken a single deposition of the other. The vast majority of InnoLux's documents are in Mandarin Chinese, and so will require translation, and all of InnoLux's potential witness are foreign nationals who will require a visa to enter the United States. Consequently, re-opening discovery at this time would make the proposed July 13, 2009 trial date extremely unlikely.

InnoLux therefore respectfully submits that no change should be made to this aspect of Your Honor's proposal of September 4 and that no time be provided for additional non-jurisdicitonal discovery between Honeywell and InnoLux.

Very truly yours,

/s/ Aimee Czachorowski
Aimee Czachorowski (Del. I.D. No. 4670)

AMC/jrt
cc:    Counsel of Record (via e-mail and CM/ECF)