# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6743
DIRECT FAX: 302-576-3517
alundgren@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
   (PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MICHAEL P. STAFFORD
RICHARD J. THOMAS
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

September 12, 2008

**\*\*REDACTED – PUBLIC VERSION\*\***

<u>**BY E-FILE, E-MAIL, AND HAND DELIVERY**</u>

The Honorable Vincent J. Poppiti, Special Master
Blank Rome
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801

      Re:    *Honeywell International Inc., et al. v. Apple Computer et al.*, C.A. No. 04-1337-JJF et al.

Dear Judge Poppiti:

    We write on behalf of Sony Corporation ("Sony") with respect to the Proposed Amended Scheduling Order under discussion from the September 4, 2008 hearing to raise issues that are specific to Sony.

    By way of background, Sony's role in this litigation is as a customer defendant. Sony believes that it should be dismissed from this litigation because Honeywell ignored Judge Jordan's case management directives to reconfigure this case to pursue Sony's suppliers. Following Sony's identification of its module suppliers, Honeywell was ordered to file an amended complaint and pursue any supplier against whom it wanted to claim infringement. (Memorandum Order, p. 5 [D.I. 237].) Sony identified [REDACTED] to Honeywell, none of whom ever were pursued. Honeywell deliberately chose not to sue them, presumably because they are licensed. Sony thereafter was stayed in its capacity as a customer defendant and did not participate further in the litigation.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Vincent J. Poppiti
September 12, 2008
Page 2

   It appears from the Proposed Amended Scheduling Order that Your Honor intends to lift the stay with respect to any customer defendant who remains in the litigation, and has indicated that any remaining customer defendant would be part of a second wave trial. Sony is concerned with the implications of such a change to the case schedule. To the extent Sony is not dismissed from the current proceedings, it would be difficult for Sony to meaningfully participate in the Supplemental Markman Briefing process and/or to proceed to trial when Honeywell chose not to include the real parties in interest – Sony's LCD module suppliers – in these proceedings. Because the manufacturers are the real party in interest and have an obligation to their customers, courts have recognized that in order to prevent the possibility of abuse, patentees must first proceed against the manufacturers. *See, e.g., Katz v. Lear Siegler Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Here, Honeywell has refused to dismiss Sony even though it will not/can not sue Sony's suppliers. Forcing Sony to actively participate in this litigation will permit Honeywell to circumvent conventional procedures by seeking a finding of infringement as to LCD modules whose manufacturers are not present to defend them. Honeywell's letter dated September 11, 2008 argues that the Supplemental Markman Briefing process should be kept in place so that there can finality in the first trial against the manufacturers, however, Honeywell's contention is undermined by its own actions. By not including Sony's suppliers in the case, there can be no finality at least with respect to Sony's suppliers, because they would not be bound by any rulings, *e.g.*, claim constructions, issued in this case.

   In addition to not having its suppliers in the litigation, the Proposed Amended Scheduling Order would require Sony to review extensive discovery developed during the four years this case has been pending, analyze products that it did not design or build for possible infringement risks and decide within seven days after its motion to dismiss is denied or when the court issues a preliminary Markman ruling (whichever is later). ██████████████████████████ ██████████████████████████████ and does not know the specifics as to the structure of those modules.[1] Sony would absolutely need to involve its suppliers if it were to actively participate in this litigation, and that would take time. Moreover, Sony does not even have produce specific infringement contentions from Honeywell.[2] In sum, it is nearly impossible for Sony to make an informed decision as to whether it wishes to engage in the Supplemental Markman Briefing process.

   In view of the above, and assuming Sony is not dismissed from this action and a stay is no longer an option, Sony respectfully requests that Your Honor exercise the Court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants," and dismiss Sony without prejudice from the present

---

[1] Honeywell's suggestion that the customer defendants simply stipulate to Judge Farnan's ruling does not solve the problem, because Sony's suppliers are not part of the case and Sony can not bind them.

[2] During the meet and confer between the parties, Honeywell agreed to consider the customer defendants' request for infringement contentions/claim charts with respect Sony's specific accused modules. Honeywell's letter dated September 11, 2008 does not address this point and only agrees to provide customer defendants "with discovery responses served to date regarding its infringement contentions." Honeywell's infringement contentions to date likely do not address the Sony accused products.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Vincent J. Poppiti
September 12, 2008
Page 3

litigation. *See, e.g., L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) and affirming district court's dismissal without prejudice as an alternative to staying case after the patentee's reissue application had been pending for seventeen months). The present case against Sony has been pending for 4 years and the real parties in interest are not even involved despite Honeywell being ordered to amend the complaint to include them. The mere fact that Sony remains named in this case is prejudicial to Sony. *Id.* Even if Sony goes to trial in the present proceedings, it does not preclude a second proceeding against or by the manufacturers. No efficiency is obtained by having Sony proceed as a customer defendant in this case, and, in fact, it would be a waste of the parties' and the Court's resources to do so. Therefore, Sony respectfully submits that dismissal without prejudice is the fairest way to handle Sony's particular predicament.

Respectfully submitted,

Andrew A. Lundgren (No. 4429)

AAL
cc:  CM/ECF list (by e-filing)
     Tara L. Laster, Esquire (by e-mail) [Laster@BlankRome.com]
     Elizabeth A. Sloan, Esquire (by e-mail) [Sloan@BlankRome.com]
     Carrie David (by e-mail) [David-C@BlankRome.com]
     Mary C. LeVan (by e-mail) [LeVan@Blankrome.com]
     Clerk of Court (by hand)
     Thomas C. Grimm, Esquire (by hand)
     Matthew L. Woods, Esquire (by e-mail) [MLWoods@rkmc.com]

Redacted Version by e-filing and e-mail on counsel only