# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

———————————————————————

HONEYWELL INTERNATIONAL INC. and )
HONEYWELL INTELLECTUAL PROPERTIES INC., )
                                       )
                Plaintiffs, )
                                        )
                v. )      C.A. No.  04-1338-KAJ
                                        )
APPLE COMPUTER, INC; et al., )
                                        )
                Defendants )

———————————————————————

## INNOLUX DISPLAY CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**DUANE MORRIS LLP**
Daniel V. Folt (Del. I.D. No. 3143)
Gary W. Lipkin (Del. I.D. No. 4044)
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246
(302) 657-4900

Donald R. McPhail
1667 K Street, NW
Suite 700
Washington, DC 20006
(202) 776-7800
*Attorneys for Defendant InnoLux Display Corp.*

October 6, 2006

## **TABLE OF CONTENTS**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    The relationship with "Hon Hai" alleged by Honeywell does not provide
            a basis for exercising personal jurisdiction over IDC. . . . . . . . . . . . . . . . . . . . . . . 2

            1.    Any parent-subsidiary relationship between IDC and Hon Hai,
                  to the extent one may exist, does not provide a basis for
                  exercising personal jurisdiction over IDC in Delaware. . . . . . . . . . . . . . . .2

            2.    "Hon Hai" did not purchase any LCD components or products
                  from IDC in 2004 or 2005  . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . 4

      B.    The stream of commerce alleged by Honeywell does not provide a basis
            for exercising personal jurisdiction over IDC. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.    Honeywell identified only non-infringing products as entering
                  Delaware through the stream of commerce . . . . . . . . . . . . . . . . . . . . . . . . . 6

            2.    All of the cases cited by Honeywell require the presence of
                  the allegedly infringing products in the forum state to support
                  personal jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            3.    The Audiovox portable DVD player does not provide a basis for
                  exercising personal jurisdiction over IDC in Delaware . . . . . . . . . . . . . . 9

      C.    Honeywell has failed even to assert that the exercise of jurisdiction over
            IDC in Delaware would be both fair and just. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      D.    Honeywell has not made a prima facie case of jurisdiction and is therefore
            not entitled to jurisdictional discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      E.    Honeywell's desire to litigate its case in Delaware does not trump IDC's
            right to individual justice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

*American Bio Medica Corp. v. Peninsula Drug Analysis Co.*, 1999 WL 615175
(D. Del. Aug. 3, 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 722 F. Supp. 1458 (D. Del. 1991) . . . . . . . . . . . . 3

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987). . . . . . . . . .11

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir.),
*cert. dismissed*, 512 U.S. 1273 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 7, 9, 11

*Boone v. OyPartek Ab*, 724 A.2d 1150 (Del. Super. Ct. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Chaplake Holdings, Ltd. v. Chrysler Corp.*, 1995 Del. Super. LEXIS 463
(Del. Super. Ct. Aug. 11, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

*Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
395 F.3d 1315  (Fed. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 8

*Gear, Inc. v. L.A. Gear California, Inc.*, 637 F. Supp. 1323 (S.D.N.Y. 1986). . . . . . . . . . . . . . 14

*Hansen v. Neumueller GmbH*, 163 F.R.D. 471 (D. Del. 1995) . . . . . . . . . . . . . . . . . . . . 13, 14, 15

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322 (Fed. Cir. 2003) . . . . . . . 13

*Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690 (D. Del. 1998). . . . . . . . . . . . . . . 5

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). . . . . . . . . . . . . . . . . . . . . . . . 11

*Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Massachusetts School of Law at Andover, Inc. v. American Bar Association*,
107 F.3d 1026 (3d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992). . . . . . . . . . . .12

*Merck & Co., Inc. v. Barr Laboratories, Inc.*, 179 F. Supp. 2d 368 (D. Del. 2002) . . . . . . 6, 7, 10

*Outokumpu Eng'g Enter. v. Kvaerner Enviropower, Inc.*, 685 A.2d 724
(Del. Super. Ct. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Padcom, Inc. v. NetMotion Wireless, Inc.*, 2004 U.S. Dist. LEXIS 9658
(D. Del. May 24, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

*Philips Electronics N. Am. Corp. v. Contec Corp.*, 2004 U.S. Dist. LEXIS 3940
    (D. Del. Mar. 11, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

*Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423 (D. Del. 1990) . . . . 5

*Rose v. Granite City Police Dep't*, 813 F. Supp. 319 (E.D. Pa. 1993) . . . . . . . . . . . . . . . . . . . . .14

*Savage & Assoc., P.C. v. Banda 26 (In re Teligent Inc.)*, 2004 Bankr. LEXIS 337
    (Bankr. S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Sears, Roebuck & Co. v. Sears, plc*, 744 F. Supp. 1297 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . 3

*Societe Nationale Industrielle Aerospatiale v. United States District Court for*
    *Southern Dist. Iowa*, 482 U.S. 522 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*Stairmaster Sports/Med. Prods., Inc. v. Pacific Fitness Corp.*, 916 F. Supp. 1049
    (W.D. Wash. 1995), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Telcordia Technologies, Inc. v. Alcatel S.A.*, 2005 U.S. Dist. LEXIS 10194
    (D. Del. May 27, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . .12

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) . . . . . . . . . . . . . . . . . . . . . . . 11

## I.    INTRODUCTION

In opposing InnoLux Display Corporation's ("IDC") motion to dismiss, plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") admitted that there are presently insufficient grounds for this Court to exercise personal jurisdiction over IDC.   Honeywell asked only that IDC's motion be tabled until jurisdictional discovery can be completed.   For the reasons set forth below, however, Honeywell failed to present even a *prima facie* case of personal jurisdiction over IDC under the Delaware long-arm statute or federal Due Process clause.

Honeywell alleged that a parent-subsidiary relationship exists between "Hon Hai Corporation" and IDC.   There is, however, no parent-subsidiary relationship between "Hon Hai Corporation" and IDC.   Moreover, even if true, such a relationship is irrelevant to the question of whether this Court may exercise personal jurisdiction over IDC in Delaware.

Honeywell built its case of personal jurisdiction on an alleged stream of commerce involving certain products that contain IDC LCD modules.   Honeywell failed to mention, however, that these particular products have <u>not</u> been alleged by Honeywell to infringe any claim of the patent-in-suit.   These products therefore cannot give rise to personal jurisdiction over IDC under Honeywell's stream of commerce theory.   The controlling precedent is clear that the exercise of personal jurisdiction based on a stream of commerce theory cannot be premised on activities that involved only <u>non-infringing</u> products.

Honeywell also failed to provide any basis, factual or legal, to support its assertion that dismissing IDC from this litigation would somehow prejudice Honeywell.

Honeywell has multiple options available to it for pursuing its alleged cause of action. Dismissal of IDC from this Delaware matter would not change or eliminate those options in any way. Any inconvenience to Honeywell that may arise from having to pursue this action in another forum hardly constitutes substantial prejudice to Honeywell.

Furthermore, Honeywell failed to cite any factual or legal basis to support its demand that IDC's relief be conditioned on IDC providing substantial information to Honeywell. IDC's motion to dismiss should be decided on its own merits, not on whether IDC satisfies Honeywell's demands for information. Under the controlling law, IDC does not have to provide <u>anything</u> to Honeywell in order to be entitled to relief. Moreover, Honeywell's demands are unreasonable, unduly burdensome and far beyond the scope of what might be relevant to Honeywell's cause of action. Grant of IDC's motion to dismiss should therefore not be conditioned on IDC providing certain information to Honeywell.

Accordingly, Honeywell failed to present even a *prima facie* case of jurisdiction over IDC in Delaware. Jurisdictional discovery in this case would therefore be inappropriate. Consequently, IDC's motion to dismiss should be granted at this time and Honeywell's request for jurisdictional discovery should be denied.

## II.    ARGUMENT

### A.    The relationship with "Hon Hai" alleged by Honeywell does not provide a basis for exercising personal jurisdiction over IDC

#### 1.    Any parent-subsidiary relationship, to the extent one may exist, does not provide a basis for exercising personal jurisdiction over IDC in Delaware

With respect to the alleged parent-subsidiary relationship involving IDC, such a relationship, even if true, would not permit this Court to exercise jurisdiction over IDC

under the provisions of the Delaware long-arm statute or the federal Due Process clause. A parent-subsidiary relationship does not, in and of itself, confer personal jurisdiction over the alleged subsidiary under § 3104(c)(4).  *See Chaplake Holdings, Ltd. v. Chrysler Corp.*, 1995 Del. Super. LEXIS 463 at *8 (Aug. 11, 1995) ("[T]he Court rejects the notion that a nonresident corporation engages in a persistent course of conduct in Delaware merely because its parent is a Delaware corporation.").

Moreover, as to any possible alter ego theory of jurisdiction under § 3104(c)(4), Honeywell has not alleged that there has been any fraud or inequity in the use of the corporate form by IDC or the Hon Hai group.  *See Sears, Roebuck & Co. v. Sears, plc*, 744 F. Supp. 1297, 1304 (D. Del. 1990); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 722 F. Supp. 1458, 1463 (D. Del. 1991).  As to any possible agency theory of jurisdiction under § 3104(c)(4), Honeywell has not alleged that the Hon Hai group, or a member thereof, engaged in one of the activities delineated in § 3104(c)(4) as IDC's general agent in Delaware.  *See Sears*, 744 F. Supp. at 1305; *Chaplake Holdings*, 1995 Del. Super. LEXIS 463 at *13-*14.

The parent-subsidiary relationship also does not confer jurisdiction over the alleged subsidiary under § 3104(c)(1)-(2), unless the cause of action is based on the alleged corporate structure or Delaware corporate law.  *See Outokumpu Eng'g Enter. v. Kvaerner Enviropower, Inc.*, 685 A.2d 724, 728 (Del. Super. 1996).  In this case, Honeywell's cause of action is based on the federal patent laws, and not on Delaware corporate law.  Accordingly, any parent-subsidiary relationship between the Hon Hai group (or an entity thereof) and IDC, as alleged by Honeywell, does not give rise to

specific jurisdiction in this action under § 3104(c)(1)-(2) of the Delaware long-arm statute.

Honeywell also alleged that "Hon Hai (also known by its trade name, Foxconn) is registered as a corporation in Delaware." *See* D.I. 570 at p. 3. This statement is erroneous. As shown in Exhibit D attached to Honeywell's opposition, the only entity incorporated in Delaware is Foxconn Technology Corp. Foxconn Technology Corp. is neither a parent nor a subsidiary of IDC. *See* Declaration of Gary W. Lipkin, Ex. "A" (printout of http://www.fih-foxconn.com/about/affiliates.aspx). Consequently, the incorporation of Foxconn Technology Corp. in Delaware is <u>irrelevant</u> to resolution of the issue of personal jurisdiction over IDC in Delaware.

Honeywell therefore has shown not even a *prima facie* case of personal jurisdiction, general or specific, based on its alleged parent-subsidiary relationship between "Hon Hai" and IDC. Indeed, any purported parent-subsidiary relationship between the Hon Hai group (or a member thereof) and IDC is utterly irrelevant to the question of whether this Court may exercise personal jurisdiction over IDC under § 3104(c) of the Delaware code.

### 2. "Hon Hai" did not purchase any LCD components or products from IDC in 2004 or 2005

Hon Hai Precision Industry Co. Ltd. ("HHPI") is a member of the Hon Hai group, and is headquartered in Taiwan. The structure of the Hon Hai group (including its entities) is publicly available and, as of the filing of this reply, all of this information is still publicly available on the website of Foxconn International Holdings. *See* Declaration of Gary W. Lipkin, Ex. "A" (printout of http://www.fih-foxconn.com/about/affiliates.aspx).

-4-

According to HHPI's latest Annual Financial Report for 2005 (which is publicly available at the Taiwan Stock Exchange (www.tse.com.tw), HHPI did not purchase <u>any</u> LCD components or products from IDC in either 2004 or 2005.  *See* Declaration of Gary W. Lipkin, Ex. "B" (HHPI 2005 Financial Annual Report) at p. 78 (*i.e.*, p. 32 of the appendix).  This is particularly significant because Honeywell first initiated this suit in 2004, and then renewed it against IDC and others 2005.  *See* D.I. 1 (Complaint) and D.I. 39 (First Amended Complaint).

Because HHPI did not purchase any LCD components or products from IDC <u>prior</u> to the filing of Honeywell's complaints, any sales to HHPI now cannot be used to establish that jurisdiction was proper over IDC as of the filing of the complaint.  *See Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1990); *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998).

### B.    The stream of commerce alleged by Honeywell does not provide a basis for exercising personal jurisdiction over IDC

Honeywell <u>never</u> alleged that LCD computer monitors infringe any claim of the patent-in-suit, whether manufactured by IDC or containing a module manufactured by IDC.  *See* D.I. 239 (First Amended Complaint) at ¶ 82.  Rather, Honeywell alleged only that the following products may infringe: laptop computers; cellular phones; PDAs; digital still cameras; video cameras; portable DVD players; portable televisions; portable entertainment systems; and/or portable navigation aids.  *See id.*  Consequently, the sale of LCD computer monitors in Delaware cannot form the basis for establishing personal jurisdiction over IDC under a stream of commerce theory.

### 1. Honeywell identified only non-infringing products as entering Delaware through the stream of commerce

Honeywell's opposition alleged that "InnoLux knowingly benefits from its customers' well-known distribution throughout the United States, including Delaware. HP, Acer and LG all have LCD monitor products available in Circuit City's Wilmington store. ViewSonic's LCD monitor products are available . . . through Circuit City's website. Dell LCD monitors are available . . . through Dell's website." D.I. 570 at p. 10 (citations omitted). Honeywell's stream of commerce theory relies on IDC's manufacturing of certain LCD computer monitors for HP, Dell and others under an OEM relationship.

The relationships described by Honeywell, however, <u>do not</u> involve any accused LCD module (or any device containing one). These relationships are therefore completely and utterly <u>irrelevant</u> to the question of whether this Court can exercise personal jurisdiction over IDC under a stream of commerce theory.

While purporting to rely on the stream of commerce theory, Honeywell ignored a very crucial element – the product in the stream of commerce <u>must be an infringing product</u>. *See Merck & Co., Inc. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 374 (D. Del. 2002) ("[i]n the instant case, [defendant] is not alleged to have placed a product that causes [plaintiff] injury into a stream of commerce, a fact which distinguishes this case from those that have applied a stream of commerce theory under § 3104(c)(4)."); *Stairmaster Sports/Med. Prods., Inc. v. Pacific Fitness Corp.*, 916 F. Supp. 1049, 1052-53 (W.D. Wash. 1995), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996) (no jurisdiction under stream of commerce when the only products shipped into the forum were unrelated to the suit); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir.), *cert.*

*dismissed*, 512 U.S. 1273 (1994) (jurisdiction found when "defendants purposefully shipped the <u>accused [product]</u> into [the forum State] through an established distribution channel.") (emphasis added).

In patent infringement cases, Delaware courts have consistently interpreted "transacting business" in § 3104(c)(1) to require a link between the cause of action and the conduct used as a basis for jurisdiction. *See Philips Electronics N. Am. Corp. v. Contec Corp.*, 2004 U.S. Dist. LEXIS 3940 at *12 (D. Del. Mar. 11, 2004). Likewise, Delaware courts have also consistently applied the stream of commerce test under 3104(c)(4) as requiring evidence of some intent or purpose to serve the Delaware market <u>with the allegedly infringing product</u>. *See Merck*, 179 F. Supp. 2d at 374; *Padcom, Inc. v. NetMotion Wireless, Inc.*, 2004 U.S. Dist. LEXIS 9658 at *16-17 (D. Del. May 24, 2004).

Honeywell therefore failed to demonstrate that <u>any allegedly infringing product was placed in a stream of commerce and subsequently entered Delaware</u>. Absent such a showing, there is no basis for this Court to exercise personal jurisdiction over IDC under the stream of commerce theory. *See Merck*, 179 F. Supp. 2d at 374; *Beverly Hills Fan*, 21 F.3d at 1565; *Boone v. Oy Partek AB*, 724 A.2d 1150, 1157 (Del. Super. Ct. 1997), *aff'd*, 707 A.2d 765 (Del. 1998) ("[o]nly when the manufacturer's product enters [Delaware] and injures a consumer therein is it acceptable to exercise jurisdiction over the manufacturer under this [stream of commerce] theory.").

2.    **All of the cases cited by Honeywell require the presence of the allegedly infringing products in the forum state to support personal jurisdiction**

The cases cited on page 9 of Honeywell's opposition do not support its effort to assert jurisdiction over IDC in Delaware under a stream of commerce theory. All of these cases stand for the proposition that personal jurisdiction may be found under the stream of commerce theory <u>only</u> where the defendant has placed <u>the allegedly infringing product</u> into the stream of commerce and that product then ends up in the forum state.

Indeed, the very language from *Padcom* quoted by Honeywell actually supports IDC's position here, *i.e.*, personal jurisdiction may be found only where a defendant "purposefully shipped <u>the accused [product]</u> into [the forum state] through an established distribution channel." *Padcom*, 2004 U.S. Dist. LEXIS 9658 at *12-*17 (emphasis added). The same theme can be found in the other cases on which Honeywell relied. *See*, *e.g.*, *Philips*, 2004 U.S. Dist. LEXIS 3940 at *14 (jurisdiction found where "an established distribution channel .  .  . caused the accused [products] to be sold and distributed in Delaware"); *Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1320 (Fed. Cir. 2005) (jurisdiction found where "[defendant] sells a very large volume of [the accused product] to companies which incorporate [them] into their final product and that these products are likely sold in Delaware in substantial quantities.").

Similarly, in *Beverly Hills Fan*, a seminal case on personal jurisdiction over foreign defendants, the Federal Circuit found jurisdiction under a stream of commerce theory only because "defendants purposefully shipped <u>the accused [product]</u> into [the

forum State] through an established distribution channel." *See Beverly Hills Fan*, 21 F.3d at 1565.

Honeywell's cited cases therefore do not support Honeywell's assertion of personal jurisdiction over IDC under a stream of commerce theory.

### 3. The Audiovox portable DVD player does not provide a basis for exercising personal jurisdiction over IDC in Delaware

Honeywell has not offered any evidence of an electronics product containing an IDC LCD module ever being sold in the state of Delaware, either by Audiovox or by anyone else. Although Honeywell states that "an Audiovox DVD player with an identically-sized screen (10.2") is currently available" at the Wilmington, DE Circuit City store (*see* D.I. 570 at p. 10), Honeywell has not alleged or shown that this particular DVD player actually contains an IDC LCD module. As noted above, under its stream of commerce theory, Honeywell must show the presence of an IDC LCD module <u>in Delaware</u>.[1] The Audiovox DVD players discussed by Honeywell therefore does not provide a basis for exercising personal jurisdiction over IDC in Delaware.

Even if Honeywell could show an Audiovox device in Delaware that contained an IDC LCD module, this would not be sufficient to support a finding of personal jurisdiction over IDC under Delaware law. Delaware courts have found "that § 3104(c)(4), the general jurisdiction provision of the long-arm statute, does not anticipate

---

[1] With respect to the Audiovox DVD player Honeywell alleges was purchased in New Mexico, such does not provide a basis for exercising personal jurisdiction over IDC in Delaware under. § 3104(c)(4). *See Chaplake Holdings, Ltd. v. Chrysler Corp.*, 1995 Del. Super. LEXIS 463 at *11 (Aug. 11, 1995) ("the nonresident's contacts must be with Delaware, not the United States generally, in order to be subject to general jurisdiction in [Delaware]. Personal jurisdiction may not be based on a nonresident's aggregated contacts with the United States as a whole.").

that [merely] placing a product into the stream of commerce would give rise to jurisdiction." *Merck*, 179 F. Supp. 2d at 373-74.

Rather, the Delaware long-arm statute "requires that there be evidence of some intent or purpose on behalf of the manufacturer to serve the Delaware market . . . ." *Boone*, 724 A.2d at 1156; *see also Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 282 (3d Cir. 1994) ("the mere knowledge or awareness that one's products will end up in the forum state without some regularity of shipment would not be enough.  The contact must be purposeful, rather than incidental, because the stream of commerce does not refer to 'unpredictable currents or eddies.'").  Honeywell has not proffered any evidence of such intent on the part of IDC with respect to any Audiovox DVD player.  Indeed, Audiovox is not even a customer of IDC.  *See* D.I. 536, Ex.  1 (Yang dec.) at ¶10.

Moreover, the activities of an alleged distributor such as Audiovox, even if directed at Delaware, cannot be imputed to IDC.  *See American Bio Medica Corp. v. Peninsula Drug Analysis Co.*, 1999 WL 615175 (D. Del. Aug. 3, 1999) (Although distributors of alleged infringing products directed efforts at Delaware, defendant manufacturer did not direct the distributors towards Delaware, and there was no ongoing relationships between defendant manufacturer and Delaware residents – therefore, no jurisdiction over defendant manufacturer).  Honeywell proffered no evidence that IDC intended to service the Delaware market specifically.

Honeywell therefore failed to establish a *prima facie* case of personal jurisdiction over IDC based on an Audiovox DVD player that may contain an IDC LCD module. Honeywell presented no evidence that any such player has even been shipped to or sold in Delaware.

C.    **Honeywell failed to even assert that the exercise of jurisdiction over IDC in Delaware would be both fair and just**

As shown above, Honeywell failed to satisfy the "minimum contacts" requirement of the Due Process clause with its stream of commerce theory. In addition, Honeywell failed to show how the exercise of jurisdiction over IDC would not "offend 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). It is axiomatic that this Court may not exercise jurisdiction over a non-resident defendant such as IDC if all the facts and circumstances show that this result would be unreasonable. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 114 (1987).

The exercise of jurisdiction over a non-resident defendant is unreasonable if "the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan*, 21 F.3d at 1568; *see also Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985). Moreover, in the case of a foreign defendant like IDC, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national border." *Asahi*, 480 U.S. at 114.

Honeywell and the state of Delaware have no demonstrable interests in adjudicating this lawsuit in Delaware. The issues of fact and law in this case have no connection to the state of Delaware. No allegedly infringing IDC component has been shipped into or sold in Delaware and Delaware has no particular interest in adjudicating cases that arise under the U.S. patent laws. None of IDC's alleged infringing activities

take place in Delaware, none of IDC's or Honeywell's potential witnesses or documents are in Delaware and none of IDC's accused infringing modules have been shipped into or sold in Delaware.

Conversely, the burden on IDC will be considerable if IDC is forced to litigate this case in Delaware. As noted above, none of IDC's activities at issue occur in Delaware, and none of IDC's potential witnesses or documents is present in Delaware. Moreover, IDC is a foreign corporation, having no past experience or familiarity with the U.S. legal system or the Delaware courts. IDC would therefore face significant impediments to presenting an effective defense if subjected to personal jurisdiction in Delaware.

### D.     Honeywell has not made a *prima facie* case of jurisdiction and is therefore not entitled to jurisdictional discovery

To be entitled to jurisdictional discovery, Honeywell must set forth at least a *prima facie* case of personal jurisdiction over IDC under the Delaware long-arm statute and federal Due Process clause. Such a burden may be satisfied if Honeywell offers "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the defendant] and the forum state." *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

None of the relationships alleged by Honeywell, even if they were shown to be true, would be sufficient to support the exercise of personal jurisdiction over IDC. Honeywell therefore failed to present even a *prima facie* case of jurisdiction over IDC.

Delaware courts have made clear that it is inappropriate to allow a plaintiff to undertake a "fishing expedition" in an effort to show some basis for jurisdiction. *See*

-12-

*Telcordia Technologies, Inc. v. Alcatel S.A.*, 2005 U.S. Dist. LEXIS 10194 at \*29-\*30 (D. Del. May 27, 2005). A court "cannot permit discovery as a matter of course simply because a plaintiff has named a particular party as a defendant. The court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995).

Because Honeywell failed to set forth grounds on which IDC could be subject to this Court's jurisdiction, there is no reason for Honeywell to undertake any jurisdictional discovery in this case. *See Hansen*, 163 F.R.D. at 475 (D. Del. 1995) ("there must be *some* competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed.") (emphasis in original); *Massachusetts School of Law at Andover, Inc. v. American Bar Association*, 107 F.3d 1026, 1042 (3d Cir. 1997) (denial of jurisdictional discovery is appropriate where plaintiff fails to allege any credible threshold minimum contacts between the defendant and the forum state); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, 338 (Fed. Cir. 2003) (unpublished) ("when the lack of jurisdiction is clear . . . further discovery serves no purpose and should be denied.").

A plaintiff such as Honeywell "is not entitled to jurisdictional discovery to enable [it] to bolster an inadequate pleading if the defendant merely challenges the legal sufficiency of the jurisdictional allegations, and does not place the factual basis for jurisdiction in issue." *See*, *e.g.*, *Savage & Assoc., P.C. v. Banda 26 (In re Teligent Inc.)*, 2004 Bankr. LEXIS 337 (Bankr. S.D.N.Y. 2004).

Here, for purposes of this motion, IDC does not need to dispute the factual basis for jurisdiction. Even if Honeywell proved its allegations, there would still not be

-13-

sufficient grounds for this Court to exercise personal jurisdiction over IDC.  The sale of non-infringing devices simply cannot form the basis for the exercise of personal jurisdiction under a stream of commerce theory, and neither can a parent-subsidiary relationship.  Accordingly, there is no reason for Honeywell to undertake any jurisdictional discovery.

Moreover, as a general rule a court should be "wary of allowing discovery absent *some* showing of personal jurisdictional facts if a defendant has challenged plaintiff's allegation of personal jurisdiction over him, because basic fact-finding should precede discovery." *Hansen*, 163 F.R.D. at 474 (emphasis in original); *see also Rose v. Granite City Police Dep't*, 813 F. Supp. 319, 321 (E.D. Pa. 1993) ("The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold *prima facie* showing that the Court has jurisdiction over the persons of Defendants.").  Discovery should not be granted "to allow [a] plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *See Gear, Inc. v. L.A. Gear California, Inc.*, 637 F. Supp. 1323, 1328 (S.D.N.Y.  1986).

Additionally, in the case of a foreign corporation such as IDC, the Supreme Court has cautioned the district courts to "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern Dist. Iowa*, 482 U.S. 522, 546 (1987).  Indeed, if vague jurisdictional allegations could force a foreign defendant into discovery, the federal courts would be required "to conduct substantial jurisdictional discovery over foreign

corporations – a practice in which they have not hitherto engaged." *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d. Cir. 1998).

Because Honeywell has been unable to establish a *prima facie* case of jurisdiction over IDC, even under its alleged jurisdictional facts, Honeywell's request for jurisdictional discovery should be denied.

> **E**.    **Honeywell's desire to litigate its case in Delaware does not override IDC's right to individual justice**

Honeywell alleged that "granting jurisdictional discovery does not in and of itself run afoul of the Due Process guarantee." Honeywell, however, cited no authority whatsoever for this proposition. Moreover, IDC submits that jurisdictional discovery would run afoul of the Due Process guarantee where, as here, the plaintiff has failed to assert sufficient grounds to establish even a *prima facie* case of jurisdiction. *See Hansen*, 163 F.R.D. at 475 ("there must be *some* competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed.") (emphasis in original).

Honeywell ended its opposition by asserting that it "has a meritorious claim for the infringement of its patent rights . . . . Releasing [IDC] from this Court's jurisdiction, without replacing [IDC] with the companies that incorporate its infringing LCD modules, will therefore prejudice Honeywell . . . ." D.I. 570 at p. 12. Relief in this case should not be conditioned on IDC, or anyone else for that matter, helping Honeywell maintain its single, all-encompassing lawsuit in Delaware. Honeywell is entitled to sue anyone it wants, but it needs to choose the correct defendant(s) and the correct forum on its own. Honeywell is the party that chose to initiate this lawsuit against a large number of defendants in Delaware collectively, rather than individually. This cannot override the

rights of each of those defendants to have its case decided on its own merits, within the legal limits of Delaware's long-arm statute and the federal Due Process clause.

Honeywell failed to cite any judicial authority to support its demand that IDC's relief somehow be conditioned on IDC providing certain information to Honeywell. IDC's motion to dismiss should be decided on its own merits, not on whether IDC satisfies Honeywell's demands for information. Controlling precedent requires nothing further from IDC.

Moreover, Honeywell's demands that IDC identify all variations of certain LCD modules and the purchasers of those LCD modules are unreasonable, unduly burdensome and far beyond the scope of what might be relevant to Honeywell's cause of action. For example, Honeywell cannot assert that it is entitled to know the identity of Asian purchasers of these LCD modules that incorporated them into consumer electronics devices sold in Europe or Asia. There is no reasonable basis for Honeywell to contend that such information is in any way relevant to its patent infringement suit in Delaware.

## III.    CONCLUSION

Honeywell has conceded that there are presently insufficient grounds to establish personal jurisdiction over IDC in Delaware. Honeywell also failed to proffer any additional facts which would establish even a *prima facie* case for this Court to exercise personal jurisdiction over IDC under the Delaware long-arm statute or the federal Due Process clause. Even if IDC does not contest Honeywell's alleged (but erroneous) jurisdictional facts, those facts fail to provide any basis for this Court to exercise personal jurisdiction over IDC under Honeywell's stream of commerce theory. Accordingly,

IDC's motion to dismiss should be granted and Honeywell's request for jurisdictional discovery should be denied.

DATED: October 6, 2006                    **DUANE MORRIS LLP**


                                          /s/ Daniel V. Folt
                                          Daniel V. Folt (Del. I.D. No. 3143)
                                          Gary W. Lipkin (Del. I.D. No. 4044)
                                          1100 North Market Street, 12th Floor
                                          Wilmington, Delaware 19801
                                          Tel:    302.657.4900
                                          Fax:    302.657.4901
                                          E-Mail:   dfolt@duanemorris.com
**OF COUNSEL:**                                     gwlipkin@duanemorris.com

Donald R. McPhail
**DUANE MORRIS LLP**
1667 K Street, NW
Suite 700
Washington, DC 20006
(202) 776-7800                            Attorneys for Defendant InnoLux Display
E-Mail:  drmcphail@duanemorris.com        Corp.

## <u>CERTIFICATE OF SERVICE</u>

I, Gary W. Lipkin, hereby certify that on October 6, 2006, I filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following counsel of record:

John W. Shaw
Monte T. Squire
Young, Conaway, Stargatt
  & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

Karen L. Pascale
Young, Conaway, Stargatt & Taylor
The Brandywine Building, 17th Fl.
1000 West Street
Wilmington, Delaware  19801

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, Delaware  19899

Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware  19899

William J. Marsden, Jr.
Raymond N. Scott, Jr.
Fish & Richardson, P.C.
919 North Market Street, Ste. 1100
Wilmington, DE  19899

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

Philip A. Rovner
Potter, Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware  19899

David Margules
John M. Seaman
Bouchard, Margules &
Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

Robert J. Katzenstein
Robert Karl Beste, III
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Fl.
Wilmington, DE  19899

Richard L. Horwitz
David E. Moore
Potter, Anderson & Corroon LLP
Hercules Plaza, 6th Fl.
1313 N. Market Street
Wilmington, DE  19899

<u>/s/ Gary W. Lipkin (Del. I.D. No. 4044)</u>