IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1337- JJF |
| v. | ) ) | (Consolidated) |
| NIKON CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING THE RESTRUCTURING OF PENDING HONEYWELL CASES  (04-1337, 04-1338, 04-1536, 05-874)

Having considered the written submissions of all interested parties and having conducted multiple hearings, the Special Master recommends: (1) consolidating the four pending actions under C.A. No. 04-1337;[1] (2) joining all of the Manufacturer Defendants in a  single trial; (3) creating two alternative scheduling tracks through trial of the Manufacturer Defendants; and (4) entering a scheduling order for Customer Defendants.

## I.    Single Trial – All Issues Against All Manufacturer Defendants

Given the complex procedural history related to the Honeywell cases as outlined in the August 13, 2008 Report and Recommendation, and with only five Manufacturer Defendants remaining, the Special Master concludes that proceeding with a single trial against all Manufacturer Defendants is the most efficient and least complicated path for the Court. Additionally, the Special Master notes that only a single claim (claim 3 of U.S. Patent No. 5,280,371) and a limited number of claim terms are in dispute, and that given the nature of the relevant technology, it is expected that proof of infringement, invalidity, etc. can be relatively

---

[1]  All future filings shall be docketed in Consolidated C.A. No. 04-1337 as captioned above.

straightforward. The Special Master, therefore, disagrees with those Manufacturer Defendants which suggest that multiple trials are necessary because a jury would be confused by multiple accused LCD modules of different Manufacturer Defendants.

The Special Master is aware that during a March 13, 2006 teleconference, Judge Jordan directed that the invalidity and unenforceability phase would precede the infringement phase. The Special Master concludes, however, that it would be prejudicial to Plaintiff Honeywell not to structure the trial in the traditional manner. The Special Master sees no compelling reason to forestall the presentation of Honeywell's infringement claims in favor of first determining invalidity or unenforceability.

## II.   Single Trial Against All Customer Defendants

Similarly, the Special Master concludes that proceeding with a single trial against all remaining Customer Defendants is the most efficient and least complicated path for the Court. While eleven Customer Defendants remain stayed in this case, the Special Master has established a procedure for both voluntary dismissals as well as motion practice for dismissal.[2] The single trial against the Customer Defendants would also proceed in the traditional manner, similar to the trial against the Manufacturer Defendants.

## III.   Scheduling Through Trial

### A.   Alternative TRACKS 1 and 2

To accommodate the interests of all defendants in an efficient manner, the Special Master proposes 2 alternative scheduling tracks for this case. Attachment 1 provides the TRACK 1 schedule, and Attachment 2 provides the TRACK 2 schedule.[3] The tracks diverge once the *Markman* decision issues. By providing two scheduling tracks, remaining Customer Defendants

---

[2] See schedule concluding in the December 4, 2008 hearing for motions to dismiss. (D.I. 1201 in C.A. No. 04-1338)
[3] The Special Master also attaches the chart prepared by Honeywell, which reflects the parties' proposed schedules.

are given the opportunity to weigh in on *Markman*.[4]  TRACK 1 is the faster path providing for a

July 2009 trial date.  TRACK 2 provides for a November 2009 trial date.

Both tracks give the Customer Defendants time to evaluate *Markman* related discovery,

the claim construction briefing, and the *Markman* decision.   In this regard, Honeywell has

agreed to provide *Markman* related discovery including infringement contentions to all Customer

Defendants by October 1, 2008.  Also, both tracks give the Customer Defendants 7 days after the

*Markman* decision issues to either stipulate to *Markman* or request supplementation of the claim

construction briefing.  By stipulating to the *Markman* decision, the case may proceed on TRACK

1 and the earlier July trial date.  If any one Customer Defendant, however, does not stipulate and

instead requests supplementation of the claim construction briefing, the case proceeds on

TRACK 2 and the later November trial date.

The Special Master's reasoning for the remaining issues on the scheduling tracks, such as

discovery motions, expert discovery, case dispositive motions, etc., are evident from the TRACK

1 and TRACK 2 charts.  For convenience, the Special Master provides reasons for each

scheduling event in both the TRACK 1 and TRACK 2 charts.

## B.    Second Wave Customer Defendants

Once those Customer Defendants that will remain in the case have been identified, the

Special Master will conduct a status hearing with those Customer Defendants and Honeywell to

establish a schedule through trial.

## IV.   Conclusion

For the reasons set forth above, the conclusions reached, the guidelines provided, and the

schedule established constitute the Special Master's Report and Recommendations to the Court.

---

[4]  Because the Customer Defendants have been stayed since late 2005/early 2006, those defendants did not have the
opportunity to participate in Markman.

- 3 -

THE SPECIAL MASTER'S REPORT WILL BECOME A FINAL ORDER OF THE

COURT, UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ANTICIPATED

ORDER BY THE COURT WHICH SHORTENS THE TIME WITHIN WHICH AN

APPLICATION MAY BE FILED PURSUANT TO FEDERAL RULE OF CIVIL

PROCEDURE 53(f)(2).

ENTERED this 24th day of September, 2008.

Vincent J. Poppiti, Esq. (DE ID # 100614)
Special Master

062038.00619/35879566v.1

TRACK 1

| Citizen's Motion for Summary Judgment | | |
|---|---|---|
| **Event** | **Special Master Proposal** | **Reason** |
| Oral Argument and Ruling on Citizen's Motion Re: Disputed Facts (if necessary) | October 2, 2008 | Oral argument and associated briefing only if Special Master cannot determine on the briefs no genuine issues of material fact |
| Honeywell's Legal Brief (if necessary) | November 3, 2008 | |
| Citizen's Reply Brief (if necessary) | November 21, 2008 | |
| Oral Argument and Ruling on Citizen's Motion (if necessary) | TBD | |
| Exceptions to Ruling (limited to 7 pages) | 7 days after ruling | |
| Replies to Exceptions (limited to 5 pages) | 5 days after exceptions | |

**Proposed Schedule for Trial of Manufacturer Defendants**

| Discovery Matters Unrelated to *Markman* | | |
|---|---|---|
| **Event** | **Special Master Proposal** | **Reason** |
| Opening Briefs Regarding Parties' Exchange of All Communications with Customer Defendants Regarding Accused Products (limited to 4 pages per August 13, 2008 Order) | September 26, 2008 | These dates fit with the Oct. 22 hearing |
| Responsive Briefs re: same (limited to 4 pages per August 13, 2008 Order) | October 10, 2008 | |
| Honeywell to produce all communications with customer defendants regarding accused products, to the extent not already done | October 15, 2008 | Agreed to by parties |
| Hearing on parties' exchange of all communications with customer defendants—decision at hearing | October 22, 2008 | The Special Master believes that in the interest of efficiency the following can be heard on the same day and that decisions are likely to be rendered at hearing |

0620.38.00619/35878509v.1

TRACK 1

## Discovery Matters Unrelated to *Markman*

| Event | Special Master Proposal | Reason |
|---|---|---|
| Hearing on Honeywell's pending motion for discovery regarding commercial success from Customer Defendants—decision at hearing | October 22, 2008 | the hearing on Oct. 22, 2008: <br>• Honeywell's motion regarding commercial success, associated discovery schedule and Manufacturer Defendants' associated motions |
| Hearing on FUJIFILM's pending motion to compel Honeywell's production of its teardown information on modules it found to infringe but omitted from the chart produced in response to Magistrate Judge Thynge's May 17, 2007 oral order (D.I. 848; 851) (contingent on grant of Honeywell's motion for commercial success discovery) | October 22, 2008 | • Manufacturer Defendants refusal to produce all communications with Customer Defendants |
| Hearing on Manufacturer Defendants' request for Discovery from Honeywell regarding modules Honeywell dismantled but found not to infringe '371 patent (contingent on grant of Honeywell's motion for commercial success discovery) | October 22, 2008 | • Enforcement of Magistrate's Thynge's May 17, 2007 Order |
| Hearing on enforcement of Magistrate Thynge's Order of May 17, 2007 granting further deposition of Ted Wood re 50% hit rate (if necessary) | October 22, 2008 | • Samsung SDI motion regarding Honeywell's assertion of common interest privilege |
| Hearing on Samsung SDI's pending motion to compel discovery previously withheld by Honeywell as common interest privilege | October 22, 2008 | |
| Discovery schedule regarding commercial success – Honeywell to show why it needs more than 45 days to complete discovery | TBD at October 22, 2008 hearing | |
| Exceptions to rulings at October 22, 2008 hearing (limited to 7 pages) | October 29, 2008 | |
| Replies to Exceptions (limited to 5 pages) | November 5, 2008 | |

- 2 -

TRACK 1

## Stipulation To *Markman*

| Event | Special Master Proposal | Reason |
|---|---|---|
| Honeywell to provide *Markman* related discovery including infringement contentions to all Customer Defendants | October 1, 2008 | Date agreed to by the parties by which the Customer Defendants will decide whether they will stipulate to Markman |
| Customer Defendants to file stipulation to Judge Farnan's *Markman* decision | 7 days after *Markman* ruling | All Customer Defendants must agree to stipulate to Markman for the case to stay on track 1 |

## Post-*Markman* Matters

| Event | Special Master Proposal | Reason |
|---|---|---|
| Parties to supplement interrogatory responses, responses to requests for admission, and document requests | 14 days after Judge Farnan's *Markman* ruling | Agreed to by parties |
| Parties to make election regarding willfulness, including opinions of counsel, and production thereof. | 14 days after Judge Farnan's *Markman* ruling | Agreed to by parties |

## Expert Discovery

| Event | Special Master Proposal | Reason |
|---|---|---|
| Parties to report to each other whether they will supplement their expert reports on invalidity and unenforceability | 10 days after the latter of the *Markman* Ruling or completion of discovery related to commercial success | Parties agreed to 90 day period for expert discovery and allocation of deposition time.  This agreement supplements the initial proposal reflected in the Parties' Proposed Schedules Chart. |
| Service of Reports on Which Each Party Has Burden | Expert reports on issues where each party has the burden 30 days after the latter of the *Markman* ruling or completion of discovery related to commercial success | |

062038.00619/35878509v.1

062038.00619/35878509v.1

## TRACK 1

### Expert Discovery

| Event | Special Master Proposal | Reason |
|---|---|---|
| Service of Expert Reports Responding to those where Each Party has Burden | Service of expert reports in response to opening reports 30 days after service of opening reports | |
| Conclusion of Expert Discovery | 21 days after responsive expert reports<br><br>• Invalidity depositions limited to new opinions relating to *Markman* Ruling and commercial success discovery, and limited to 4.0 hours per expert;<br><br>• Infringement expert depositions limited to 4.0 hours, per expert, per party; and<br><br>Total deposition hours of Honeywell's damages expert: 3.5 hours plus 4 hours for each defendant participating in the deposition.<br><br>Total deposition hours of manufacturer defendants' damages expert: 7.0 hours per expert, or if an expert is shared, 3.5 hours plus 4 times the number of defendants sponsoring the shared expert. | |

TRACK 1

## Case Dispositive Motions

| Event | Special Master Proposal | Reason |
|---|---|---|
| Opening Briefs (limited to 20 pages) | 21 days after close of expert discovery | • Parties agreed to eliminate Statements and Counter-Statements regarding genuine issues of material fact<br>• Triggered by close of expert discovery<br>• Would overlap only preliminary stages of motions in limine schedule |
| Oppositions to Opening Briefs (limited to 20 pages) | 14 days after filing opening briefs | |
| Reply Briefs (limited to 10 pages) | 10 days after filing opposition briefs | |
| Hearing on Case Dispositive Motions | TBD after Markman ruling | Ensures hearing is after Markman |
| Rulings on Case Dispositive Motions | TBD after Markman ruling | Written decision to issue TBD number of days after hearing |
| Exceptions to Rulings on Case Dispositive Motions (limited to 7 pages) | 7 days after the Rulings on the Case Dispositive motions | Provides 7 day period |
| Replies to Exceptions to Rulings on Case Dispositive Motions (limited to 5 pages) | 5 days after the Exceptions to Rulings | Provides 5 day period |

- 5 -

062038.00619/35878509v.1

TRACK 1

| Motions in *Limine* and Trial-Readiness | | | |
|---|---|---|---|
| | **Honeywell's Proposal** | **Defendants' Proposal** | **Special Master Proposal** |
| Parties exchange Preliminary Versions of their parts of the Pretrial Order | May 7, 2009 | April 27, 2009 | TBD by Judge Farnan |
| Parties exchange objections and supplementation to Preliminary Versions of the Pretrial Order | May 14, 2009 | May 4, 2009 | TBD by Judge Farnan |
| Parties Meet-and-Confer Regarding Pretrial Order issues | May 18, 2009 | May 6, 2009 | TBD by Judge Farnan |
| Status Conference Regarding Remaining Schedule | May 21, 2009 | | TBD by Judge Farnan |
| Motions in *Limine/Daubert* Motions | June 4, 2009 | May 15, 2009 | TBD by Judge Farnan |
| Responses to Motions in *Limine/Daubert* Motions | June 11, 2009 | May 22, 2009 | TBD by Judge Farnan |
| Hearings on Motions in *Limine/Daubert* Motions | June 18, 2009 | June 3, 2009 | TBD by Judge Farnan |
| Rulings on Motions in *Limine/Daubert* Motions | TBD | Provided on a rolling basis no later than June 12, 2009 | TBD by Judge Farnan |

| Pretrial Conference | | | |
|---|---|---|---|
| | **Honeywell's Proposal** | **Defendants' Proposal** | **Special Master Proposal** |
| Honeywell Provides its Parts of the Pretrial Order | June 25, 2009 | June 8, 2009 | TBD by Judge Farnan |
| Defendants Provide their Parts of the Pretrial Order | July 1, 2009 | June 15, 2009 | TBD by Judge Farnan |
| Final Pretrial Order | July 8, 2009 | June 22, 2009 | TBD by Judge Farnan |
| Pretrial Conference | July 10, 2009 | Week of June 29, 2009 | TBD by Judge Farnan |
| Commence Trial on all Issues Against all Manufacturer Defendants | July 13-30, 2009 | July 13-30, 2009 | July 13-30, 2009 |

- 6 -

TRACK 1

| Innolux | | |
|---|---|---|
| **Event** | **Special Master Proposal** | **Reason** |
| Deadline for Honeywell to Conclude Jurisdictional Discovery | November 26, 2008 | Agreed to by parties |
| InnoLux to Renew its Motion to Dismiss | November 28, 2008 | Agreed to by parties |
| Honeywell's Opposition to InnoLux's Renewed Motion to Dismiss (limited to 20 pages) | December 9, 2008 | Agreed to by parties |
| InnoLux's Reply (limited to 10 pages) | December 16, 2008 | Agreed to by parties |
| Hearing | December 19, 2008 | Agreed to by parties |
| Ruling | TBD | Provide some flexibility in Special Master's schedule |
| Substantive Fact Discovery | Being considered | The Special Master is considering whether Innolux's motion to dismiss based on lack of jurisdiction prevented Honeywell from conducting fact discovery |
| Exceptions to Ruling (limited to 7 pages) | 7 days from Ruling | Provides 7 day time period |
| Replies to Exceptions (limited to 5 pages) | 5 days from Exceptions | Provides 5 day time period |
| Expert Discovery | Same Schedule as All Manufacturer Defendants | Merge with other Manufacturer Defendants |
| Dispositive Briefing and Trial | Same Schedule as All Manufacturer Defendants | Merge with other Manufacturer Defendants |

062038.00619/35878509v.1

TRACK 2

## Citizen's Motion for Summary Judgment

| Event | Special Master Proposal | Reason |
|---|---|---|
| Oral Argument and Ruling on Citizen's Motion Re: Disputed Facts (if necessary) | October 2, 2008 | Oral argument and associated briefing only if Special Master cannot determine on the briefs no genuine issues of material fact |
| Honeywell's Legal Brief (if necessary) | November 3, 2008 | |
| Citizen's Reply Brief (if necessary) | November 21, 2008 | |
| Oral Argument and Ruling on Citizen's Motion (if necessary) | TBD | |
| Exceptions to Ruling (limited to 7 pages) | 7 days after ruling | |
| Replies to Exceptions (limited to 5 pages) | 5 days after exceptions | |

## Proposed Schedule for Trial of Manufacturer Defendants

### Discovery Matters Unrelated to *Markman*

| Event | Special Master Proposal | Reason |
|---|---|---|
| Opening Briefs Regarding Parties' Exchange of All Communications with Customer Defendants Regarding Accused Products (limited to 4 pages per August 13, 2008 Order) | September 26, 2008 | These dates fit with the Oct. 22 hearing |
| Responsive Briefs re: same (limited to 4 pages per August 13, 2008 Order) | October 10, 2008 | |
| Honeywell to produce all communications with customer defendants regarding accused products, to the extent not already done | October 15, 2008 | Agreed to by parties |
| Hearing on parties' exchange of all communications with customer defendants—decision at hearing | October 22, 2008 | The Special Master believes that in the interest of efficiency the following can be heard on the same day and that decisions are likely to be rendered at |

- 1 -

TRACK 2

**Discovery Matters Unrelated to *Markman***

| Event | Special Master Proposal | Reason |
|---|---|---|
| Hearing on Honeywell's pending motion for discovery regarding commercial success from Customer Defendants—decision at hearing | October 22, 2008 | the hearing on Oct. 22, 2008: |
| Hearing on FUJIFILM's pending motion to compel Honeywell's production of its teardown information on modules it found to infringe but omitted from the chart produced in response to Magistrate Judge Thygne's May 17, 2007 oral order (D.I. 848; 851) (contingent on grant of Honeywell's motion for commercial success discovery) | October 22, 2008 | • Honeywell's motion regarding commercial success, associated discovery schedule and Manufacturer Defendants' associated motions<br>• Manufacturer Defendants refusal to produce all communications with Customer Defendants<br>• Enforcement of Magistrate's Thygne's May 17, 2007 Order<br>• Samsung SDI motion regarding Honeywell's assertion of common interest privilege |
| Hearing on Manufacturer Defendants' request for Discovery from Honeywell regarding modules Honeywell dismantled but found not to infringe '371 patent (contingent on grant of Honeywell's motion for commercial success discovery) | October 22, 2008 | |
| Hearing on enforcement of Magistrate Thygne's Order of May 17, 2007 granting further deposition of Ted Wood re 50% hit rate (if necessary) | October 22, 2008 | |
| Hearing on Samsung SDI's pending motion to compel discovery previously withheld by Honeywell as common interest privilege | October 22, 2008 | |
| Discovery schedule regarding commercial success – Honeywell to show why it needs more than 45 days to complete discovery | TBD at October 22, 2008 hearing | |
| Exceptions to rulings at October 22, 2008 hearing (limited to 7 pages) | October 29, 2008 | |
| Replies to Exceptions (limited to 5 pages) | November 5, 2008 | |

062038.00619/35878497v.1

TRACK 2

## Supplemental *Markman* Briefing and Final *Markman* Ruling

| Event | Special Master Proposal | Reason |
|---|---|---|
| Honeywell to provide *Markman* related discovery including infringement contentions to all Customer Defendants | October 1, 2008 | Date agreed to by the parties by which the Customer Defendants will decide whether they will stipulate to Markman |
| Customer Defendants may request supplemental claim construction briefing regarding Preliminary *Markman* ruling; Customer Defendants must make showing of what discovery is needed not already of record | The latter of 7 days after final ruling on Customer Defendants Motions to Dismiss or 7 days after the Preliminary Markman ruling. | Allows those Customer Defendants remaining in the case to weigh in on the Preliminary Markman hearing |
| Hearing on Customer Defendants' request for consideration of supplemental claim construction briefing and additional discovery related to claim construction – decision at hearing | The latter of 9 days after final ruling on Customer Defendants Motions to Dismiss or 9 days after Preliminary Markman ruling | Customer Defendants must show why they need additional discovery related to claim construction |
| Completion of Customer Defendants' discovery regarding claim construction | 30 days from hearing on Customer Defendant's request for consideration of supplemental claim construction briefing | Limits Customer Defendants to 30 days for discovery regarding claim construction |
| Filing of supplemental claim construction brief (same page limits as that for opening claim construction brief) | 15 days from completion of Customer Defendants' discovery regarding claim construction | Provides 15 day period from close of discovery to file supplemental claim construction brief(s) |
| Honeywell to file opposition claim construction brief (same page limits as that for opposition claim construction brief) | 10 days from Customer Defendants supplemental claim construction brief | Provides 10 day period for Honeywell to file opposition brief(s) |
| Final *Markman* Ruling | TBD by Judge Farnan | |

062038.00619/35878497v.1

TRACK 2

### Post-*Markman* Matters

| Event | Special Master Proposal | Reason |
|---|---|---|
| Parties to supplement interrogatory responses, responses to requests for admission, and document requests | 14 days after Judge Farnan's *Markman* ruling | Agreed to by parties |
| Parties to make election regarding willfulness, including opinions of counsel, and production thereof. | 14 days after Judge Farnan's *Markman* ruling | Agreed to by parties |

### Expert Discovery

| Event | Special Master Proposal | Reason |
|---|---|---|
| Parties to report to each other whether they will supplement their expert reports on invalidity and unenforceability | 10 days after the latter of the *Markman* Ruling or completion of discovery related to commercial success | Parties agreed to 90 day period for expert discovery and allocation of deposition time. This agreement supplements the initial proposal reflected in the Parties' Proposed Schedules Chart. |
| Service of Reports on Which Each Party Has Burden | Expert reports on issues where each party has the burden 30 days after the latter of the *Markman* ruling or completion of discovery related to commercial success | |
| Service of Expert Reports Responding to those where Each Party has Burden | Service of expert reports in response to opening reports 30 days after service of opening reports | |

062038.00619/35878497v.1

062038.00619/35878497v.1

## TRACK 2

### Expert Discovery

| Event | Special Master Proposal | Reason |
|---|---|---|
| Conclusion of Expert Discovery | 21 days after responsive expert reports<br><br>• Invalidity depositions limited to new opinions relating to *Markman* Ruling and commercial success discovery, and limited to 4.0 hours per expert;<br><br>• Infringement expert depositions limited to 4.0 hours, per expert, per party; and<br><br>Total deposition hours of Honeywell's damages expert: 3.5 hours plus 4 hours for each defendant participating in the deposition.<br><br>Total deposition hours of manufacturer defendants' damages expert: 7.0 hours per expert, or if an expert is shared, 3.5 hours plus 4 times the number of defendants sponsoring the shared expert. | |

TRACK 2

**Case Dispositive Motions**

| Event | Special Master Proposal | Reason |
|---|---|---|
| Opening Briefs (limited to 20 pages) | 21 days after close of expert discovery | • Parties agreed to eliminate Statements and Counter-Statements regarding genuine issues of material fact<br>• Triggered by close of expert discovery<br>• Would overlap only preliminary stages of motions in limine schedule |
| Oppositions to Opening Briefs (limited to 20 pages) | 14 days after filing opening briefs | |
| Reply Briefs (limited to 10 pages) | 10 days after filing opposition briefs | |
| Hearing on Case Dispositive Motions | TBD after Markman ruling | Ensures hearing is after Markman |
| Rulings on Case Dispositive Motions | TBD after Markman ruling | Written decision to issue TBD number of days after hearing |
| Exceptions to Rulings on Case Dispositive Motions (limited to 7 pages) | 7 days after the Rulings on the Case Dispositive motions | Provides 7 day period |
| Replies to Exceptions to Rulings on Case Dispositive Motions (limited to 5 pages) | 5 days after the Exceptions to Rulings | Provides 5 day period |

- 6 -

TRACK 2

## Motions in *Limine* and Trial-Readiness

| Event | Special Master Proposal |
|---|---|
| Parties exchange Preliminary Versions of their parts of the Pretrial Order | TBD by Judge Farnan |
| Parties exchange objections and supplementation to Preliminary Versions of the Pretrial Order | TBD by Judge Farnan |
| Parties Meet-and-Confer Regarding Pretrial Order issues | TBD by Judge Farnan |
| Status Conference Regarding Remaining Schedule | TBD by Judge Farnan |
| Motions in *Limine/Daubert* Motions | TBD by Judge Farnan |
| Responses to Motions in *Limine/Daubert* Motions | TBD by Judge Farnan |
| Hearings on Motions in *Limine/Daubert* Motions | TBD by Judge Farnan |
| Rulings on Motions in *Limine/Daubert* Motions | TBD by Judge Farnan |

| Event | Pretrial Conference Special Master Proposal |
|---|---|
| Honeywell Provides its Parts of the Pretrial Order | TBD by Judge Farnan |
| Defendants Provide their Parts of the Pretrial Order | TBD by Judge Farnan |
| Final Pretrial Order | TBD by Judge Farnan |
| Pretrial Conference | TBD by Judge Farnan |
| Commence Trial on all Issues Against all Manufacturer Defendants | November 2009 |

TRACK 2

**InnoLux**

| Event | Special Master Proposal | Reason |
|---|---|---|
| Deadline for Honeywell to Conclude Jurisdictional Discovery | November 26, 2008 | Agreed to by parties |
| InnoLux to Renew its Motion to Dismiss | November 28, 2008 | Agreed to by parties |
| Honeywell's Opposition to InnoLux's Renewed Motion to Dismiss (limited to 20 pages) | December 9, 2008 | Agreed to by parties |
| InnoLux's Reply (limited to 10 pages) | December 16, 2008 | Agreed to by parties |
| Hearing | December 19, 2008 | Agreed to by parties |
| Ruling | TBD | Provide some flexibility in Special Master's schedule |
| Substantive Fact Discovery | Being considered | The Special Master is considering whether InnoLux's motion to dismiss based on lack of jurisdiction prevented Honeywell from conducting fact discovery |
| Exceptions to Ruling (limited to 7 pages) | 7 days from Ruling | Provides 7 day time period |
| Replies to Exceptions (limited to 5 pages) | 5 days from Exceptions | Provides 5 day time period |
| Expert Discovery | Same Schedule as All Manufacturer Defendants | Merge with other Manufacturer Defendants |
| Dispositive Briefing and Trial | Same Schedule as All Manufacturer Defendants | Merge with other Manufacturer Defendants |

062038.00619/35878497v.1

# THE PARTIES' PROPOSED SCHEDULES

## Citizen's Motion for Summary Judgment

|  | Honeywell's Proposal | Citizen's Proposal |
|---|---|---|
| Parties to Reassess Potential for Mediation | As soon as possible | As soon as possible |
| Oral Argument and Ruling on Citizen's Motion Re: Disputed Facts | October 2, 2008 | October 2, 2008 |
| Honeywell's Legal Brief (if necessary) | November 3, 2008 | November 3, 2008 |
| Citizen's Reply Brief (if necessary) | November 21, 2008 | November 21, 2008 |
| Oral Argument and Ruling on Citizen's Motion (if necessary) | TBD | TBD |

## Proposed Schedule for Trial of Manufacturer Defendants

| Pre-*Markman* Matters | Honeywell's Proposal | Defendants' Proposal |
|---|---|---|
| Honeywell and Manufacturer Defendants to serve all outside counsel for customer defendants with confidential versions of their respective Markman papers, expert reports, expert deposition transcripts, and Markman demonstratives | Already done | September 16, 2008 |
| Honeywell to serve all Customer Defendants with the following:<br><br>(a) Honeywell's detailed infringement contentions (i.e., a limitation-by-limitation chart comparing the asserted claims against the accused products); | (a) Honeywell has agreed to provide its infringement contention responses produced during discovery to Manufacturer-Defendants. | September 23, 2008 |

- 1 -

0620B.00619/11825399v.1

062038.00619/11825399v.1

# THE PARTIES' PROPOSED SCHEDULES

| Pre-*Markman* Matters | Honeywell's Proposal | Defendants' Proposal |
| --- | --- | --- |
| (b) All discovery materials produced by Honeywell in this case (written responses and documents produced), all inventor deposition transcripts; | (b) Honeywell has already sent all of its *Markman*-related materials and validity expert discovery to the customer defendants. Additional materials are unnecessary to evaluating the claim construction record. | |
| (c) Detailed description as to why Honeywell believes each Customer Defendant having one or more licensed suppliers does not have a license (or other ground for non-liability) due to the license. | (c) Such descriptions have already been provided as part of the meet-and-confer and informal process currently in place. In addition, part (c) is irrelevant to claim construction. | |
| Opening Briefs Regarding Parties' Exchange of All Communications with Customer Defendants Regarding Accused Products (limited to 4 pages per August 13, 2008 Order) | September 18, 2008 | September 26, 2008 |
| Responsive Briefs re: same | September 25, 2008 | October 10, 2008 |
| Hearing on parties' exchange of all communications with customer defendants—decision at hearing | October 2, 2008 | October 22, 2008 |
| Hearing on Honeywell's pending motion for discovery regarding commercial success from Customer Defendants—decision at hearing | Honeywell has proposed alternative procedures for alleviating the need to conduct commercial success discovery. *See* § II of Honeywell's Cover Letter. | October 2, 2008 |

THE PARTIES' PROPOSED SCHEDULES

| Pre-*Markman* Matters | Honeywell's Proposal | Defendants' Proposal |
|---|---|---|
| Hearing on FUJIFILM's pending motion to compel Honeywell's production of its teardown information on modules it found to infringe but omitted from the chart produced in response to Magistrate Judge Thygne's May 17, 2007 oral order (D.I. 848; 851) (contingent on grant of Honeywell's motion for commercial success discovery) | Hearing, if necessary, on October 2, 2009, and production of same to be consistent with Honeywell's production date (October 15, 2008) | October 2, 2008 |
| Hearing on Manufacturer Defendants' request for Discovery from Honeywell regarding modules Honeywell dismantled but found not to infringe '371 patent (contingent on grant of Honeywell's motion for commercial success discovery) | This event was not part of Special Master's Proposal. If heard, then October 2, 2008 | October 2, 2008 |
| Hearing on enforcement of Magistrate Thygne's Order of May 17, 2007 granting further deposition of Ted Wood re 50% hit rate (if necessary) | This event was not part of Special Master's Proposal. If heard, then October 2, 2008 | October 2, 2008 |

- 3 -

**THE PARTIES' PROPOSED SCHEDULES**

| Pre-*Markman* Matters | Honeywell's Proposal | Defendants' Proposal |
|---|---|---|
| Hearing on Samsung SDI's pending motion to compel discovery previously withheld by Honeywell as common interest privilege | October 2, 2008 | October 22, 2008 |
| Discovery schedule regarding commercial success | TBD at October 2, 2008 hearing. *See* §§ II, IV, of Honeywell's Cover Letter. | TBD at October 2, 2008 hearing (if necessary, but no more than 45 days) |
| Honeywell to produce all communications with customer defendants regarding accused products, to the extent not already done | October 15, 2008 | October 15, 2008 |

- 4 -

# THE PARTIES' PROPOSED SCHEDULES

| Supplemental *Markman* Briefing and Final *Markman* Ruling | | |
|---|---|---|
| | Honeywell's Proposal[1] | Defendants' Proposal |
| Customer Defendants may request supplemental claim construction briefing regarding Preliminary *Markman* ruling; Customer Defendants must make showing of what discovery is needed not already of record | October 1, 2008 | The latter of 7 days after final ruling on Customer Defendants Motions to Dismiss or 7 days after the Preliminary Markman ruling[2] |
| Hearing on Customer Defendants' request for consideration of supplemental claim construction briefing and additional discovery related to claim construction – decision at hearing | October 2, 2008 | The latter of 9 days after final ruling on Customer Defendants Motions to Dismiss or 9 days after Preliminary Markman ruling[3] |
| Customer Defendants to conduct discovery regarding claim construction and filing of supplemental claim construction brief (same page limits as that for opening claim construction brief). | October 23, 2008 | 30 days from hearing on Customer Defendants' request for consideration of supplemental claim construction briefing |
| Honeywell to file opposition claim construction brief (same page limits as that for opposition claim construction brief). | November 4, 2008 | 10 days from Customer Defendants' supplemental claim construction brief |
| Final *Markman* Ruling | TBD by Judge Farnan | TBD by Judge Farnan |

---

[1] For the purpose of setting proposed dates, Honeywell's proposal assumes a Preliminary *Markman* Ruling date of September 29, 2008
[2] All references to days are calendar days.
[3] Defendants propose that the Preliminary *Markman* ruling automatically becomes the Final *Markman* ruling if (a) the Customer Defendants do not request supplemental claim construction briefing or (b) the Customer Defendant's request for supplemental claim construction briefing is denied. As stated at the hearing on September 4, 2008, depending upon the date that such contingencies become a reality, Honeywell submits that it may be necessary to set a reasonable date certain for the triggering of the expert phase.

- 5 -

# THE PARTIES' PROPOSED SCHEDULES

| Post-Final-*Markman* Matters | | |
|---|---|---|
| Parties to supplement interrogatory responses, responses to requests for admission, and document requests | November 26, 2008 | 14 days after Judge Farnan's Final Markman ruling |
| Parties to make election regarding willfulness, including opinions of counsel, and production thereof. | November 26, 2008 | 14 days after Judge Farnan's Final Markman ruling |

| Expert Discovery | | |
|---|---|---|
| | **Honeywell's Proposal** | **Defendants' Proposal** |
| Parties to report to each other whether they will supplement their expert reports on invalidity and unenforceability | November 13, 2008 (limited to invalidity)[4] | 10 days after the latter of the final Markman Ruling or completion of discovery related to commercial success |
| Service of Reports on Which Each Party Has Burden | December 15, 2008<br><br>*See* §§ II, IV, of Honeywell's Cover Letter. | Expert Reports on issues where each party has the burden 30 days after the latter of the final Markman Ruling or completion of discovery related to commercial success |
| Service of Expert Reports Responding to those where Each Party | January 20, 2009<br><br>*See* §§ II, IV, of Honeywell's Cover Letter. | Service of expert reports in response to opening reports 30 days after service of opening |

---

[4] Honeywell does not believe that there is any basis in the Court's pending *Markman* ruling to supplement unenforceability opinions, given that this defense is based upon claims not before the Court.

062038.00619/11825599v.1

# THE PARTIES' PROPOSED SCHEDULES

| Expert Discovery | Honeywell's Proposal | Defendants' Proposal |
| --- | --- | --- |
| has Burden | Letter. | reports |
| Conclusion of Expert Discovery | February 10, 2009 | 21 days after responsive expert reports<br><br>• Invalidity depositions limited to new opinions relating to Markman Ruling and commercial success discovery, and limited to 7.0 hours per expert.<br>• Infringement expert depositions limited to 4.0 hours, per expert, per party; and<br>Damages expert depositions limited to 7.0 hours per expert, per party |
| | For infringement, depositions to last 4 hours per defendant. *E.g.*, Honeywell takes the Defendants' infringement experts for 4 hours for each defendant that an expert opines about. Defendants will take the corresponding amount of time with Honeywell's infringement experts.<br><br>For damages, 4 hours per defendant on Defendant-specific issues, an additional joint 3.5 hours on common issues (*e.g.*, expert's understanding of *Georgia Pacific* factors).<br><br>For supplemental invalidity, depositions to be limited to 4 hours per expert. | |

| Case Dispositive Motions | Honeywell's Proposal | Defendants' Proposal |
| --- | --- | --- |
| Opening Briefs and Certifications on a Limited Number of Issues | February 26, 2009 | 21 days after close of expert discovery |
| Counter-Statements and Certifications | March 6, 2009 | 14 days after filing opening briefs |

## THE PARTIES' PROPOSED SCHEDULES

| Case Dispositive Motions | | |
|---|---|---|
| | **Honeywell's Proposal** | **Defendants' Proposal** |
| Responses to Counter-Statements | March 10, 2009 | 7 days after filing counter-statement |
| Special Master's Determination Whether Disputed Facts Exist | March 12, 2009 | TBD |
| If Special Master decides that there are no factual disputes, then the parties shall file Responses to Case Dispositive motions | March 20, 2009 | 14 days after Special Master decides there are no material factual disputes |
| Reply Briefs | March 26, 2009 | 10 days after Responses are filed |
| Hearing on Case Dispositive Motions | April 1, 2009 | TBD |
| Rulings on Case Dispositive Motions | April 8, 2009 | TBD |
| Exceptions to Rulings on Case Dispositive Motions | April 13, 2009 | 10 days after the Rulings on the Dispositive Motions (including a determination that factual disputes exist) |
| Replies to Exceptions to Rulings on Case Dispositive Motions | April 17, 2009 | 5 days after the Exceptions to Rulings |

- 8 -

062038.00619/11825399v.1

## THE PARTIES' PROPOSED SCHEDULES

| Motions in *Limine* and Trial-Readiness | Honeywell's Proposal | Defendants' Proposal |
|---|---|---|
| Parties exchange Preliminary Versions of their parts of the Pretrial Order | May 7, 2009 | April 27, 2009 |
| Parties exchange objections and supplementation to Preliminary Versions of the Pretrial Order | *See* § VI of Honeywell's Cover Letter. | |
| Status Conference Regarding Remaining Order issues | May 14, 2009 | May 4, 2009 |
| Parties Meet-and-Confer Regarding Pretrial Schedule | May 18, 2009 | May 6, 2009 |
| Motions in *Limine/Daubert* Motions | May 21, 2009 | |
| Responses to Motions in *Limine/Daubert* Motions | June 4, 2009 | May 15, 2009 |
| Hearings on Motions in *Limine/Daubert* Motions | June 11, 2009 | May 22, 2009 |
| Rulings on Motions in *Limine/Daubert* Motions | June 18, 2009 | June 3, 2009 |
| Exceptions to Rulings on Motions in *Limine/Daubert* Motions | TBD | Provided on a rolling basis no later than June 12, 2009 |
| Responses to Exceptions to Rulings on Motions in *Limine/Daubert* Motions | TBD | On a rolling basis, no later than 3 days after the ruling comes in, but no later than June 15, 2009 |
| | TBD | On a rolling basis, three days after the corresponding Exception, but no later than June 18, 2009 |

062038.00619/11825399v.1

# THE PARTIES' PROPOSED SCHEDULES

| Pretrial Conference | Honeywell's Proposal | Defendants' Proposal |
|---|---|---|
| Honeywell Provides its Parts of the Pretrial Order | June 25, 2009 | June 8, 2009 |
| Defendants Provide their Parts of the Pretrial Order | July 1, 2009 | June 15, 2009 |
| Final Pretrial Order | July 8, 2009 | June 22, 2009 |
| Pretrial Conference | July 10, 2009 | Week of June 29, 2009 |
| Commence Trial on all Issues Against all Manufacturer Defendants | July 13-30, 2009 | July 13-30, 2009 |

| InnoLux | Honeywell's Proposal | InnoLux's Proposal |
|---|---|---|
| Deadline for Honeywell to Conclude Jurisdictional Discovery | November 26, 2008 | |
| InnoLux to Renew its Motion to Dismiss | November 28, 2008 | |
| Honeywell's Opposition to InnoLux's Renewed Motion to Dismiss | December 9, 2008 | |
| InnoLux's Reply | December 16, 2008 | |
| Hearing | December 19, 2008 | |
| Ruling | TBD | |
| Substantive Fact Discovery | November 26, 2008 | |
| Expert Discovery | Same Schedule as All Manufacturer Defendants | |
| Dispositive Briefing and Trial | Same Schedule as All Manufacturer Defendants | |

- 10 -