IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 04-1337-JJF (CONSOLIDATED) |
| NIKON CORPORATION, et al., | : : : | |
| Defendants. | : | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is an Objection (D.I. 549)[1] to the Special Master's Report And Recommendation On Manufacturer Defendants' Motion In Limine Regarding Admissibility of Honeywell License Agreements (D.I. 527) filed by Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. (collectively "Honeywell").

Briefly, the Special Master considered whether a series of 21 license agreements that Honeywell negotiated with a number of defendants and third parties should be admissible as evidence of commercial success to rebut Defendants' invalidity defense. In addition, "in the interest of judicial economy," the Special Master considered whether the licenses should be admissible as evidence of reasonable royalty. (D.I. 527 at 13.)

As to whether the licenses should be admissible on the issue of

---

[1] Unless otherwise noted, all D.I. numbers in this Memorandum Order are D.I. numbers in Civil Action 04-1337-JJF.

1

commercial success, the Special Master, relying on Federal Circuit and district court authority, concluded that the license agreements "have little, if any, probative value not only because they were garnered in a litigation context, but also because Honeywell has not presented any evidence demonstrating a 'negotiation history' to conclude otherwise." (Id. at 7.) Noting the complexity of the licenses, including that they often cover multiple patents and a range of licensee activity, the Special Master further concluded that the licenses lacked a sufficient nexus to the asserted patent claim and, if admitted, could lead to juror confusion. (Id. at 10-12.) Accordingly, the Special Master concluded that the licenses Should be excluded as evidence of commercial success under Fed. R. Evid. 403.

With regard to whether the licenses should be admissible as evidence of reasonable royalty, the Special Master, relying largely on this Court's decision in PharmaStem Theraputics v. Viacell, 2003 WL 22387038, at *2 (D. Del. Oct. 7, 2003), concluded that the licenses were inadmissible under Fed. R. Evid. 408 mainly because they arose out of litigation or a threat of litigation. (Id. at 14-15.)

Pursuant to Federal Rule of Civil Procedure 53(f), the Court "may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." Fed. R. Civ. P. 53(g)(1). The Court reviews the Special Master's conclusions of law de novo. Fed. R. Civ. P. 53(f)(4). Findings of fact rendered by the Special Master are also reviewed de novo absent the parties' stipulation to

2

the contrary. Fed. R. Civ. P. 53(f)(3). The Special Master's rulings on procedural matters are reviewed under the abuse of discretion standard. Fed. R. Civ. P. 53(f)(5).

Reviewing the Special Master's decision in light of the parties' submissions and the relevant standard of review, the Court concludes that the Special Master correctly concluded that the licenses should not be admitted as evidence of either commercial success or reasonable royalty. As the Special Master noted, to the extent the licenses do not involve defendants once named in this case, the language of the licenses confirm that the licenses were negotiated under threat of litigation. For instance, the license to Samsung Electronics Co. Ltd. states that "the Parties recognize that it is not necessary to use litigation to resolve their differences in this dispute and that costs would be incurred as a result of litigation between the Parties . . . ." (D.I. 434, Exh. C at Tab 2.) On conducting its own independent review of the caselaw, the Court, like the Special Master, is unable to identify any cases, either from this District or the Federal Circuit, in which licenses taken under threat of litigation were given significant weight, particularly in jury cases. Indeed, as the Federal Circuit explained, "it is often cheaper to take licenses than to defend infringement suits." Iron Grip Barbell Co. v. USA Sports, Inc., 392 F.3d 1317, 1324 (Fed. Cir. 2004) (citations omitted); see also Cornell Univ. v. Hewlett-Packard Co., No. 01-cv-1974, 2008 U.S. Dist. LEXIS 39343 at *12 (N.D.N.Y May 8, 2008) (Rader, J.) ("Where, as here, a license agreement arises

under the threat of litigation, it has little relevance to the hypothetical reasonable royalty situation."); <u>Pioneer Corp. v. Samsung SDI Co.</u>, No. 06-cv-384, 2008 U.S. Dist. LEXIS 107079, at *18 (E.D. Tex. Oct. 2, 2008) ("Accordingly, this Court finds that even if negotiations, offers, and agreements reached under the threat of litigation had some probative value, such value would be too slight and clearly outweighed by the danger of unfair prejudice and confusion. Such evidence is thus excluded under Rule 403.")

To the extent any of the license agreements may be viewed as non-litigation licenses,[2] on reviewing Honeywell's response to the Special Master's Report and Recommendation, the Court agrees with the Special Master that Honeywell has not established <u>prima facie</u> proof of a nexus between the licenses and the asserted patent claim.  As the Federal Circuit explained, a <u>prima facie</u> case of nexus may be made when the thing that is commercially successful (i.e., product or method) is coextensive with the claimed invention.  <u>Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.</u>, 229 F.3d 1120, 1130 (Fed. Cir. 2000) ("[I]f the marketed product embodies the claimed features, and is coextensive with them, then a nexus is presumed and the burden shifts to the party asserting obviousness to present evidence to rebut the presumed nexus.").  Here, however, the subject matter of the licenses, including the LPL license, is decidedly not coextensive with the asserted claim.  (<u>See generally</u> D.I. 527 at App.

---

[2] Only 1 of the 21 licenses, the LPL license, appears to fall into this category.

4

A (Special Master's summary of the content of the 21 license agreements).) Though the licenses include some relationship to the asserted patent claim, the Court agrees with the Special Master that the connections Honeywell identifies are insufficient to establish a *prima facie* nexus to the asserted patent claim. In these circumstances, the Court further agrees with the Special Master that the potential for jury confusion is great and that the licenses should be excluded under Rule 403.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Honeywell's Objection To Special Master's Report And Recommendation Dated January 21, 2009 (D.I. 549) is **OVERRULED**.

2. The Special Master's Report and Recommendation On Manufacturer Defendants' Motion In Limine Regarding Admissibility Of Honeywell License Agreements DM10(a) (D.I. 527) dated January 21, 2009, is **ADOPTED**.

March 4, 2009
DATE

UNITED STATES DISTRICT JUDGE