IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1337- JJF |
| v. | ) ) ) | (Consolidated) |
| APPLE COMPUTER, INC., et al., | ) ) | DM 3a |
| Defendants. | ) ) | |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION
ON HONEYWELL'S REQUEST TO LIFT THE STAY AND FOR
<u>LIMITED DISCOVERY AS TO THE CUSTOMER DEFENDANTS (DM3a)</u>**

This is a patent infringement case brought by Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell") alleging infringement of United States Patent No. 5,280,371 (the "'371 Patent" or the "Patent") that relates to a liquid crystal display ("LCD") screen which reduces the appearance of an undesirable interference pattern called the "moiré effect" on the screen. These LCDs screens are associated with products such as laptop computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, and/or portable game systems sold by the Customer Defendants.

Currently before the Special Master is Honeywell's request to lift the stay with respect to the Customer Defendants[1] in order to begin engaging in discovery to prepare for trial. (D.I. 575). The Customer Defendants believe a lifting of the stay would be inappropriate because the case has been structured to proceed against the Manufacturer Defendants first and judicial economy

---

[1] The Customer Defendants implicated by the instant application include Hartford Computer, Audiovox Electronics Corp., Concord Camera, Fujitsu, Matsushita (Panasonic), Nokia, and Toshiba.

requires waiting until the Manufacturer trial is complete. (D.I. 573). Having read and considered the papers submitted by the parties and having heard and considered the oral arguments made during a February 25, 2009 hearing, the Special Master recommends that the stay against the Customer Defendants should not be lifted at this time.

## BACKGROUND

As the procedural history of this case is well known, the Special Master sets forth only those events related to the matter *sub judice*.[2]

Honeywell filed two cases in 2004, mainly against Customer Defendants, alleging infringement of the '371 Patent. On October 7, 2005, Judge Jordan memorialized a September 9, 2005 conference in an Order, which required, *inter alia*, that within 21 days the Customer Defendants shall "provide to Honeywell the identity of the manufacturers of LCDs incorporated into that Defendant's products and product lines which have been identified by Honeywell with specificity (e.g., by make and model number)." (D.I. 237 at 5, ¶1). Once the conditions set forth in the above Order were satisfied, the suits against the Customer Defendants were stayed. (D.I. 237 at 6, ¶ 4). Judge Jordan noted that "[t]he stay shall be without prejudice to Honeywell seeking an order for further discovery from the Non-Manufacturer defendants." (D.I. 237 at 6, ¶ 4).

Based on the information gathered in this limited discovery, on November 7, 2005, Honeywell amended its complaint to add approximately another 25 Manufacturing Defendants. On March 16, 2006, Judge Jordan told the parties, in a teleconference, that the trial against the Manufacturing Defendants was to be tried first. (03/16/2006 Tr. at 33:22-23 and 32:14-15).

---

[2] A through review of the background of this case is set forth in the Special Master's Report and Recommendation on DM-1 (D.I. 141 in C.A. No. 04-1337).

Specifically, the Court noted that "in the interest of judicial economy, dealing with the manufacturers first is the fairest and most efficient way to proceed. *Id.*

On February 1, 2008, Judge Farnan was assigned to the case. The Special Master was appointed on May 16, 2008. (D.I. 999). On September 24, 2008, The Special Master issued a Report and Recommendation Regarding the Restructuring of Pending Honeywell Cases (04-1337, 04-1338, 04-1536, and 05-874), concluding that proceeding with a single trial against the Manufacturer Defendants and a single trial against the Customer Defendants "is the most efficient and least complicated path for the Court." (D.I. 357 at 1-2). The Report and Recommendation specifically identifies that a "Second Wave" trial will involve the remaining Customer Defendants, after a trial against the Manufacturer Defendants. (D.I. 357 at 3).

During a January 15, 2009 teleconference with the Special Master, Honeywell requested clarification on the status of the remaining Customer Defendants and suggested that the stay be lifted as to them. (1/15/2009 Tr. at 29:10-30:31:8). The Customer Defendants responded that the purpose of the stay was to await completion of the first trial against the Manufacturer Defendants. The Special Master directed that the parties meet and confer and provide a status report.

Certain Customer Defendants, Concord Camera, Fujitsu, Hartford Computer, Nokia, Panasonic (formerly Matshusita) and Toshiba, filed the requested submission on February 13, 2009. Specifically, the Customer Defendants argued that lifting the stay would be contrary to the previous Orders of this Court and inconsistent with the way this case has been structured from the beginning. (D.I. 573 at 1). Additionally, the Customer Defendants assert that judicial economy clearly requires the Manufacturer Defendants' trial to proceed first: "[I]f the manufacturers prevail (on either the validity or infringement issue), there would be no need for

3

any further proceedings against the customers. Further, even if the manufacturers did not prevail, a ruling would likely greatly narrow the issues. . . ." (D.I. 573 at 1-2).

In its February 13, 2009 submission, Honeywell requested that the stay be lifted with respect to the remaining Customer Defendants arguing that because "Honeywell will need to proceed with discovery from the Customer Defendants relating to commercial success. . . ., the Customer Defendants will already be engaging in discovery regarding the accused modules." (D.I. 575 at 1-2). Honeywell asserts that "it is fair and reasonable to require the Customer Defendants to confront the substance of Honeywell's allegations, " and the Customer Defendants should be required to begin engaging in merits discovery in order to prepare their case for trial. (D.I. 575 at 2-3).

The Special Master held a telephonic hearing on February 25, 2009. At the hearing, Honeywell argued that "having waited patiently in the wings for now four plus years" it is not unreasonable to request that these Customer Defendants be required to engage in "a minimal additional requirement to ask them to respond to this written discovery, produce some documents. . . ." (2/25/2009 Tr. at 26:5-27:8). Additionally, Honeywell argued that it "should be able to come to court and be able to inform the Court as to what [the] second piece looks like in terms of size and complexity. And that's all we are trying to accomplish by way of this limited lifting of the stay." (2/25/2009 Tr. at 27:13-17). The Customer Defendants argued that the Court should continue the posture of the case as it was set by Judge Jordan and that allowing discovery at this point would be prohibitively expensive because the attorney's fees involved with responding to Honeywell's discovery would be far greater than the fees associated with their potential damages exposure. (2/25/2009 Tr. at 29:13-23).

## ANALYSIS

The question before the Special Master is whether the stay should be lifted allowing Honeywell to conduct discovery against the Customer Defendants. The Special Master concludes that the answer is no.

In the Special Master's view, Honeywell has not presented a sufficient reason to lift the stay, at this time, with respect to the Customer Defendants. Honeywell has not articulated any good reason to deviate from the scheduling plan recommended by the Special Master (D.I. 357) and ordered by the Court. (D.I. 408).

The Special Master does not believe it would be reasonable, at this time, to require the Customer Defendants to answer discovery and produce documents, after years of not participating in the case. Although the Special Master is mindful that some of the Customer Defendants have requested supplemental *Markman* briefing,[3] the Special Master notes that those Customer Defendants have asked for no additional discovery regarding claim construction, and therefore, the Customer Defendants' participation in this case is limited as contemplated.

Moreover, the Special Master is persuaded by the fact that the discovery Honeywell wishes to propound may not be needed if the Manufacturer Defendants prevail in full or in part at trial. Additionally, if Honeywell prevails, the Special Master expects that the discovery and issues will likely be streamlined, and the schedule leading to trial would likely be condensed. Requiring the Customer Defendants to answer discovery at this stage, even of a limited nature, would add unnecessary expenses and costs to the Customer Defendants.

---

[3] It is the Special Master's understanding that Nokia, Panasonic, Hartford Computer, and Fujitsu have requested supplement briefing on claim construction.

5

## CONCLUSION

As Honeywell has not demonstrated a sufficient reason for changing the Court's management and scheduling of the case as it relates to the Customer Defendants and concluding a trial against the Manufacturer Defendants first is still in the interest of judicial economy, the Special Master recommends that Honeywell's Request to Lift the Stay and for Limited Discovery as to the Customer Defendants be DENIED.

THE SPECIAL MASTER'S REPORT WILL BECOME A FINAL ORDER OF THE COURT, UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 53(f).

ENTERED this _10_ day of March, 2009.

Vincent J. Poppiti, Esq. (DE ID # 100614)
Special Master