IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-1337-JJF <br> (Consolidated) <br> **REDACTED PUBLIC VERSION FILED 11/10/09** |

**HONEYWELL'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM ARGUMENTS BASED ON LACK OF COMPARABLE LICENSES**

**I.     INTRODUCTION**

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") hereby move *in limine* for an order excluding, in whole or in part, any argument or assertion by Defendants that is based on an alleged lack of licenses of technology comparable to the '371 patent. On March 4, 2009, the Court issued an Order (D.I. 610) excluding the admission of certain license agreements between Honeywell and ▊ LCD module manufacturers relating to the '371 patent (the "'371 Licenses"). Based on the Court's Order, the '371 Licenses are inadmissible as evidence of (1) commercial success to rebut Defendants' invalidity defense and (2) a reasonable royalty. In light of the ruling of inadmissibility of the '371 Licenses, it would be fundamentally unfair to allow Defendants to introduce expert opinions that there is an absence of evidence of royalties received by Honeywell for licensing the '371 patent or that there is a lack of evidence of licenses of comparable technology. Based on the Court's prior ruling, Honeywell would be unable to rebut such an

assertion with some or all of the '371 licenses, which would be unfairly prejudicial to Honeywell.

Alternatively, if the Court is inclined to allow such an assertion by Defendants, Honeywell would respectfully request limited relief from the Court's prior Order in order to either (1) use the licenses during cross-examination of Defendants' witnesses and/or (2) offer the licenses in order to rebut Defendants' assertion. The licenses are relevant in this regard because they show there is evidence of royalties for the '371 and/or evidence of comparable licenses of comparable technology.

## II.  ARGUMENT

As the Court is aware, the first of the fifteen so-called *Georgia-Pacific* factors relates specifically to the royalties received by the patentee for licensing the patent-in-suit. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1121 (S.D.N.Y. 1970, *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971). Both Honeywell's and Defendants' damages experts have, of course, undertaken an analysis of the *Georgia-Pacific* factors in rendering their opinions. In his report, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" As a result, there exists the real risk that at least ▓▓▓ damages expert will put forth an assertion at trial that there is a lack of past royalties received by Honeywell for the '371 that would go toward an analysis of an established royalty rate.[1] In light of the prior Order, Honeywell would be unable to challenge such an

---

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

assertion, either through appropriate cross-examination of ▮▮▮▮▮, or by eliciting testimony from its own witness that would rebut ▮▮▮▮▮.

Honeywell's damages expert, Ms. Julie Davis, has reviewed the Court's prior ruling and accordingly has not considered the licenses as part of her opinion. Ms. Davis has noted, however, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If Defendants and their counsel are not prohibited *in limine* from asserting an argument along the lines of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Honeywell should be allowed to elicit testimony from its expert, Ms. Davis, that would counter the expected assertion from Defendants. Otherwise, Honeywell would be prejudiced by having no ability to counter ▮▮▮▮▮ assertion with testimony by its own damages expert.

### III. CONCLUSION

For all of the above reasons, Honeywell respectfully requests that the Court issue an Order precluding Defendants from asserting (through witness testimony, counsel argument, or otherwise), any argument that is based on the premise that there is an absence of evidence of royalties received by Honeywell for licensing the patent-in-suit or that there is a lack of comparable licenses of comparable technology. Alternatively, if Defendants are permitted to put forth any such assertions, then Honeywell submits that it should be granted limited relief from the Court's prior Order so it can either (1) use the '371 Licenses during its cross-examination of Defendants' witness(es) or (2) offer the '371 Licenses as evidence to rebut any such assertion.

3

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              */s/ Thomas C. Grimm*

                              _____
                              Thomas C. Grimm (#1098)
                              Benjamin J. Schladweiler (#4601)
                              1201 N. Market Street
                              P.O. Box 1347
                              Wilmington, DE 19899-1347
                              (302) 658-9200
                              tgrimm@mnat.com
                              bschladweiler@mnat.com
OF COUNSEL:                    *Attorneys for Plaintiffs*

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Peter N. Surdo
Daniel M. White
Lauren E. Wood
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Anthony A. Froio
Alan E. McKenna
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
(617) 267-2300

November 2, 2009
3211335

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 10, 2009, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on November 10, 2009 upon the following parties:

| | |
|---|---|
| REPRESENTING HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.<br><br>(C.A. 04-1337) | Steven J. Balick<br>**sbalick@ashby-geddes.com**<br><br>John G. Day<br>**jday@ashby-geddes.com**<br><br>Lauren E. Maguire<br>**lmaguire@ashby-geddes.com** |
| REPRESENTING AUDIOVOX ELECTRONICS CORPORATION<br><br>(C.A. 04-1337) | William F. Taylor, Jr.<br>**wtaylor@mccarter.com** |
| REPRESENTING NOKIA CORPORATION AND NOKIA INC.<br><br>(C.A. 04-1337) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>William J. Marsden, Jr.<br>**marsden@fr.com**<br><br>Lauren A. Degnan<br>**degnan@fr.com**<br><br>Andrew R. Kopsidas<br>**kopsidas@fr.com** |

| | |
|---|---|
| REPRESENTING SAMSUNG SDI CO., LTD.<br>(THIRD-PARTY DEFENDANT)<br><br>(C.A. 04-1337) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Alana A. Prills<br>**alanaprills@paulhastings.com**<br><br>Carolyn E. Morris<br>**carolynmorris@paulhastings.com**<br><br>Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com**<br><br>Hamilton Loeb<br>**hamiltonloeb@paulhastings.com**<br><br>Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com**<br><br>Martin R. Bader<br>**martinbader@paulhastings.com**<br><br>Ryan B. Hawkins<br>**ryanhawkins@paulhastings.com**<br><br>Anthony E. DiVincenzo<br>**anthonydivincenzo@paulhastings.com**<br><br>Glenn D. Dassoff<br>**glenndassoff@paulhastings.com** |
| REPRESENTING SEIKO EPSON CORPORATION<br><br>(C.A. 04-1337) | Robert J. Katzenstein<br>**rjk@skfdelaware.com**<br><br>Robert J. Benson<br>**rjbenson@hhlaw.com** |

- 3 -

| | |
|---|---|
| REPRESENTING ARGUS/HARTFORD<br><br>(C.A.04-1338) | Richard H. Cross, Jr.<br>**rcross@crosslaw.com**<br><br>Amy Evans<br>**aevans@crosslaw.com**<br><br>Brian D. Roche<br>**broche@reedsmith.com**<br><br>Michael P. Bregenzer<br>**mbregenzer@reedsmith.com** |
| REPRESENTING CASIO<br><br>(C.A.04-1338) | Thomas L. Halkowski<br>**halkowski@fr.com**<br><br>John T. Johnson<br>**jjohnson@fr.com** |
| REPRESENTING FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC.<br><br>(C.A.04-1338) | Philip A. Rovner<br>**provner@potteranderson.com**<br><br>Angie M. Hankins<br>**ahankins@stroock.com**<br><br>Matthew W. Siegal<br>**msiegal@stroock.com**<br><br>Lawrence Rosenthal<br>**lrosenthal@stroock.com**<br><br>Ian G. DiBernardo<br>**idibernardo@stroock.com** |
| REPRESENTING FUJITSU<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Christopher E. Chalsen<br>**cchalsen@milbank.com**<br><br>Christopher J. Gaspar<br>**cgaspar@milbank.com** |

| | |
|---|---|
| REPRESENTING MEI/MEC (MATSUSHITA)<br><br>(C.A.04-1338) | William J. Wade<br>**wade@rlf.com**<br><br>Steven A. Reiss<br>**steven.reiss@weil.com**<br><br>David J. Lender<br>**david.lender@weil.com** |
| REPRESENTING SAMSUNG SDI CO., LTD. AND SAMSUNG SDI AMERICA, INC.<br><br>(C.A.04-1338) | Richard L. Horwitz<br>**rhorwitz@potteranderson.com**<br><br>David E. Moore<br>**dmoore@potteranderson.com**<br><br>Alana A. Prills<br>**alanaprills@paulhastings.com**<br><br>Carolyn E. Morris<br>**carolynmorris@paulhastings.com**<br><br>Elizabeth L. Brann<br>**elizabethbrann@paulhastings.com**<br><br>Hamilton Loeb<br>**hamiltonloeb@paulhastings.com**<br><br>Stephen S. Korniczky<br>**stephenkorniczky@paulhastings.com**<br><br>Martin R. Bader<br>**martinbader@paulhastings.com**<br><br>Ryan B. Hawkins<br>**ryanhawkins@paulhastings.com**<br><br>Anthony E. DiVincenzo<br>**anthonydivincenzo@paulhastings.com**<br><br>Glenn D. Dassoff<br>**glenndassoff@paulhastings.com** |

- 5 -

REPRESENTING TOSHIBA

(C.A.04-1338)

Richard L. Horwitz
**rhorwitz@potteranderson.com**

David E. Moore
**dmoore@potteranderson.com**

Arthur I. Neustadt
**aneustadt@oblon.com**

Carl E. Schlier
**cschlier@oblon.com**

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)

- 5 -