IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.       :
and HONEYWELL INTELLECTUAL         :
PROPERTIES INC.,                   :
                                   :
            Plaintiffs,            :
                                   :
       v.                          :  C.A. No. 04-1337-JJF
                                   :  **CONSOLIDATED**
                                   :
NIKON CORPORATION, et al.,         :
                                   :
            Defendants.            :


## MEMORANDUM ORDER

Defendants Fujifilm Corporation, Fujifilm U.S.A., Inc.;

Samsung SDI America, Inc. and Samsung SDI Co. Ltd. (collectively,

"Defendants") filed Motions For Attorneys' Fees (D.I. 962 and

964) in the above-captioned action.  Defendants further requested

the Court to stay resolution of these Motions until after the

Federal Circuit resolves the appeal filed by Honeywell

International Inc. and Honeywell Intellectual Properties Inc.

(collectively, "Honeywell").  Honeywell did not oppose

Defendants' request (D.I. 971), but a dispute arose concerning

whether Honeywell should be required to file an Answer to the

Motions For Attorneys Fees prior to the stay.  As a result of

this dispute, Honeywell filed a Cross-Motion For A Stay, Or, In

The Alternative, An Extension Of Time To Respond To Defendants'

Request For Attorneys' Fees, Request For Related Discovery, And

Request For An Order Denying Defendants' Request For Attorneys'

Fees Without Further Briefing (D.I. 975).  Shortly thereafter,

the parties entered into a stipulation requiring Honeywell to respond to Defendants' Motions by February 19, 2010, and agreeing that this stipulation would not waive the arguments in Honeywell's Cross-Motion.

Having filed a response to the Motions For Attorneys' Fees as required by the stipulation, Honeywells' Motion is clearly moot as to its request for an extension of time. Other than this briefing dispute, the parties are in agreement that the Motions For Attorneys' Fees should be stayed pending appeal, and in an event, the Court is persuaded that a stay of Defendants' Motions For Attorneys' Fees is appropriate given the procedural posture of this case and the potential issues that may arise following appeal. To the extent Honeywell has filed a request for discovery, the Court likewise concludes that such request should be deferred until after the parties' appeal has been adjudicated. Further, the Court will deny Honeywell's request for an order denying Defendants' Motions For Attorneys' Fees to the extent that a substantive ruling on the Motion For Attorneys' Fees is sought prior to the adjudication of the appeal and without complete briefing by the parties on the Motions. In addition to the aforementioned rulings, the Court will also deny with leave to renew the numerous motions that remain pending in this case.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Motions For Attorneys' Fees (D.I. 962 and

964) are **STAYED**.  For administrative purposes, the Court will terminate the motions.  Upon written request by the parties following the resolution of the appeal in this case, the Court will reopen the stayed Motions.

2.  Honeywell's Cross Motion (D.I. 975) is **GRANTED** to the extent that a stay is sought, **DENIED** as moot to the extent an extension of time is sought, **DENIED** to the extent denial of Defendants' Motions For Attorneys' Fees is sought, and **DENIED** with leave to renew following the adjudication of the appeal, to the extent that discovery is sought.

3.  For administrative purposes in light of the pending appeal, the following Motions are also **DENIED** with leave to renew upon written notification to the Court that renewal is sought:

a.  Defendants Fujifilm Corporation and Fujifilm U.S.A., Inc.'s Motion For Summary Judgment Of No Willful Infringement (D.I. 748);

b.  Defendants Fujifilm Corporation and Fujifilm U.S.A., Inc.'s Motion For Summary Judgment Of Non-Infringement (D.I. 751);

c.  Defendants Motion For Summary Judgment Of Invalidity (D.I. 755);

d.  Motion For Summary Judgment of No Willful Infringement filed by Samsung SDI America, Inc. and Samsung SDI Co. Ltd. (D.I. 762);

e.    Motion For Summary Judgment of Non-Infringement filed by Samsung SDI America, Inc. and Samsung SDI Co. Ltd. (D.I. 766);

f.    Plaintiffs' Motion To Exclude Defendants' Late Disclosures (D.I. 819);

g.    Defendants' Motion In Limine Under Fed. R. Civ. P. 26(a)(2) and 26(b)(4)(A) And Fed. R. Evid. 702 To Preclude Dr. Ian Lewin From Rebutting The Non-infringement Testimony Of Dr. Eilliott Schlam Based On Testing Defendants' Modules (D.I. 884);

h.    Defendants Fujifilm Corporation And Fujifilm U.S.A., Inc.'s Motion In Limine To Exclude Certain Testimony Of Plaintiff's Proposed Damages Expert, Julie L. Davis (D.I. 886);

i.    Plaintiffs' Motion Request For Clarification Regarding Impact Of The Court's Order Excluding License Agreements On Expected Testimony Related To The Dealings Between Samsung SEC and Honeywell That Relates To Samsung SDI's Knowledge Of The '371 Patent (D.I. 888);

j.    Plaintiffs' Motion In Limine To Preclude Defendants From Introducing Late-Disclosed Evidence (D.I. 889);

k.    Defendants Fujifilm Corporation And Fujifilm U.S.A., Inc.'s Motion In Limine To Limit The Testimony Of Dale Jepsen, Esq. Pursuant To The Federal Rules Of Evidence (D.I. 890);

l.    Plaintiffs' Motion In Limine To Exclude

Uncorroborated Testimony And Non-Expert Opinion Regarding Alleged

Knowledge Of Rotation As A Solution To Moire (D.I. 892);

m.    Plaintiffs' Motion In Limine To Exclude

Unsupported Opinion Testimony Of Over-Rotation And Unreliable

Evidence Of Late Disclosed Alleged Testing (D.I. 893);

n.    Plaintiffs' Motion In Limine To Preclude

Defendants' Validity Expert, Dr. Elliot Schlam, From Introducing

New Opinions Not Disclosed In His Second Supplemental Report

Regarding Invalidity And Unenforceability Of The '371 Patent

Under The Court's Claim Construction (D.I. 894);

o.    Plaintiffs' Motion In Limine To Exclude Alleged

Invaliditating Evidence And Exhibits For Failure To Timely

Disclose Under The Notice Provision Of Section 282 Of The Patent

Code And Pursuant To The Court's Scheduling Orders (D.I. 895);

p.    Plaintiffs' Motion In Limine To Preclude

Defendants From Arguments Based On Lack Of Comparable Licenses

(D.I. 896);

q.    Defendants' Motion In Limine Regarding Honeywell

Presenting Evidence Suggesting An Alternative Scope For Slight

Misalignment (D.I. 897);

r.    Defendants' Motion In Limine To Preclude Honeywell

From Introducing Evidence Regarding Alleged Infringement Under

The Doctrine Of Equivalents (D.I. 898);

s.    Defendants' Motion In Limine To Exclude Certain

Testimony Of Honeywell's Expert Julie Davis (D.I. 899);

      t.   Defendants' Motion In Limine To Exclude Third Party Evidence Purported To Show Commercial Success, Evidence Related To Samsung Mobile Display's Alleged Marking, And Any Testimony Related Thereto Under Federal Rules Of Evidence 402, 403 and 408 (D.I. 900);

      u.   Motion In Limine To Preclude Plaintiffs From Introducing Evidence Regarding The Unknown Module Name In The LG 4020 End Product filed by Samsung SDI America, Inc. and Samsung SDI Co. Ltd. (D.I. 902);

      v.   Motion In Limine To Preclude Plaintiffs From Introducing Evidence Regarding Samsung SEC Or Any Samsung Entity Other Than Samsung SDI filed by Samsung SDI America, Inc. and Samsung SDI Co. Ltd (D.I. 903);

      w.   Defendants' Motion In Limine To Preclude Plaintiffs' From Introducing Statements Regarding The Presumption Of Validity (D.I. 904); and

      x.   Plaintiffs' Objections (D.I. 917) to the Report And Recommendation Of The Special Master (D.I. 914) Regarding The Motion To Exclude (D.I. 804).

 

_February **24**, 2010_
DATE

_____
UNITED STATES DISTRICT JUDGE