```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.    :
and HONEYWELL INTELLECTUAL       :
PROPERTIES INC.,                 :
                                 :
            Plaintiffs,          :
                                 :
     v.                          :   C.A. No. 04-1337-JJF
                                 :   CONSOLIDATED
                                 :
NIKON CORPORATION, et al.,       :
                                 :
            Defendants.          :
```

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion To Unseal
Documents Relating To The Granted Motion For Summary Judgment For
On-Sale Which Have Been Produced Under Seal (D.I. 982) filed by
Fujifilm Corporation, Fujifilm U.S.A., Inc.; Samsung SDI America,
Inc. and Samsung SDI Co. Ltd. (collectively, "Defendants").  In
response, Plaintiffs, Honeywell Int'l, Inc. and Honeywell
Intellectual Properties, Inc. ("Honeywell") filed a Motion To
Strike Defendants' Motion To Unseal Documents Relating To the
Granted Motion For Summary Judgment For On-Sale Which Have Been
Produced Under Seal (D.I. 988).  For the reasons discussed, the
Court will deny Defendants' Motion and deny Plaintiff's Motion.

## I.   PARTIES' CONTENTIONS

By their Motion, Defendants request that the Court unseal
the pleadings, declarations, documents and testimony related to
the Court's decision granting summary judgment for invalidity
based on the on-sale bar.  These documents were designated

confidential pursuant to a stipulated protective order entered by the Court on September 19, 2006. Defendants contend that the documents, which primarily relate to the relationship between The Boeing Company ("Boeing") and Honeywell, are highly relevant to the motion for summary judgment, and the public should be granted access to these materials under the common law public right of access to judicial proceedings. Defendants contend that the materials are outdated and lack competitive materiality. Defendants also contend that similar materials were not sealed in prior proceedings involving Boeing's contracting practices. Thus, Defendants maintain that Honeywell and Boeing cannot demonstrate countervailing interests that outweigh the public's right of access.

In response, Honeywell contends that the Court lacks jurisdiction to decide this Motion in light of Honeywell's pending appeal in the Federal Circuit. Honeywell contends that Defendants should have filed their Motion with the Federal Circuit in accordance with Federal Circuit Rule 11. Alternatively, Honeywell contends that disclosure of the documents underlying the Court's grant of summary judgment will cause serious injury to Honeywell and third party, Boeing.[1]

---

[1]     Boeing has also sent the Court a letter via e-mail, which does not appear on the docket, objecting to the disclosure of the documents and joining in Honeywell's opposition to Defendants' Motion.

Honeywell further contends that the Court already decided to
maintain the confidentiality of these documents in its oral order
dated October 29, 2009.

**II. DISCUSSION**

As a threshold matter, the Court must determine whether it
has jurisdiction to adjudicate the Motion To Unseal. As a
general rule, the timely filing of a notice of appeal is an event
of jurisdictional significance; it immediately confers
jurisdiction on the court of appeals and divests the district
court of its control over aspects of the case involved in the
appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58
(1982). However, "[t]he district court retains jurisdiction, for
example, to issue orders staying, modifying or granting
injunctions, to direct the filing of supersedes bonds, and *to
issue orders affecting the record on appeal*, the granting of bail
and matters of a similar nature." Mary Ann Pensiero, Inc. v.
Lingle, 847 F.2d 90, 97 (3d Cir. 1988) (citing Venen v. Sweet,
758 F.2d 117 (3d Cir. 1985) and Fed. R. App. P. 7-11) (emphasis
added).

The purpose of the divestiture rule is to "prevent [ ] the
confusion and inefficiency which would of necessity result were
two courts to be considering the same issue or issues
simultaneously." Venen, 758 F.2d at 121. Because this rule is a
judge-made doctrine premised upon prudential considerations, the

3

Third Circuit has further recognized that "the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." Mary Ann Pensiero, 847 F.2d at 97.

In this case, the unsealing of the on-sale bar documents is not designated as an issue for appeal to the Federal Circuit, and Defendants did not file the instant Motion in the Federal Circuit. Thus, there is no danger that two courts would be considering the same issue simultaneously. In addition, Honeywell acknowledges that it is likely that the Federal Circuit would remand this matter to this Court for a determination of whether to unseal the record. In these circumstances, the Court is persuaded that the prudential concern of promoting judicial efficiency weighs against applying the rule of divestiture to this collateral matter.

Honeywell directs the Court to Federal Circuit Rule 11(e) to support its argument that the Federal Circuit has subject matter jurisdiction over the modification of protective orders as applied to the record on appeal. Rule 11(e) states:

> **Motion to Modify the Protective Order.** A party may move at any time in this Court to modify a protective order to remove protection from some material or to include another person within its terms. This court may decide the motion or may remand the case to the trial court. This court, sua sponte, may direct the parties to show cause why a protective order should not be modified.

Plaintiff has not directed the Court to any case law suggesting that Rule 11 pertains to subject matter jurisdiction,

and by its plain language, Rule 11 is directed to "Forwarding the Record [on Appeal]." Accordingly, the Court does not read Rule 11 as establishing the Federal Circuit's exclusive jurisdiction over the record on appeal.

Honeywell also directs the Court to the decision of the Central District of California in Biovail Labs, Inc. v. Anchen Pharms., Inc., 463 F. Supp. 2d 1073, 1083 (C.D. Cal. 2006). Honeywell contends that the Biovail court did not opine on whether a request to modify the protective order was collateral to the appeal, but instructed the parties to follow Fed. Cir. R. 11 and bring further requests to modify the protective order to the Federal Circuit. Notably, however, the Biovail court denied the motion to modify the protective order on its facts before instructing the party to raise future issues before the Federal Circuit. That the Biovail court addressed the protective order issues in the first instance reinforces the Court's view that Federal Circuit Rule 11(e) does not confer the Federal Circuit with exclusive jurisdiction to modify protective orders. Accordingly, the Court concludes that it may consider the issues raised in Defendants' Motion, and therefore, the Court will deny Honeywell's Cross-Motion.

As a general matter, the public has a common law right to access judicial proceedings in criminal and civil cases. This includes a right to inspect and copy public records and documents

used in judicial proceedings. <u>Nixon v. Warner Comm'n, Inc.</u>, 435
U.S. 589, 597 (1978). A presumption of pubic access attaches to
all non-discovery pretrial motions and materials filed in
connection with such motions, whether the motions are preliminary
or dispositive. <u>Leucadia, Inc. v. Applied Extrusion Techs.</u>, 998
F.2d 157, 161 (3d Cir. 1993). However, this presumption is not
absolute and may be rebutted by a showing that a party's interest
in secrecy outweighs the presumption. <u>Id.</u> at 165. This
determination is made by balancing the presumption favoring
access against the factors militating against access. <u>In re
Cendant</u>, 260 F.3d 183, 194 (3d Cir. 2001).

The Court has reviewed the on-sale materials subject to
Defendants' Motion in light of the parties' arguments and the
record evidence and concludes that Honeywell has demonstrated
that the confidentiality of the on-sale materials should be
maintained. The information at issue is technical and design
information amounting to trade secrets, confidential research and
business information. The technical information relates to an
integrated flight management system for a jetliner, which is
still in production today. This information further concerns the
development and function of flight management and the
infrastructure of commercial passenger aircrafts. In the Court's
view, this information is particularly sensitive not only to
Boeing and Honeywell's competitive place in the market, but also

to public safety concerns.  In addition, the business information

at issue is relevant to the business strategy and relationship

between Boeing and its supplier Honeywell.  In the Court's view,

disclosure of this type of information runs a significant risk of

injury to Honeywell because it goes directly to Honeywell's

business strategies and approach in dealing with large

manufacturers like Boeing.

        Defendants point to other actions in which Boeing documents

were apparently admitted at trial without sealing the record and

without objection from Boeing.  In the Court's view, however,

Boeing's actions in prior cases are not relevant to this action.

Moreover, the Court is unable to discern the precise nature of

the documents at issue in those cases.

        Defendants also suggest that the fact that the Court did not

seal its summary judgment opinion militates in favor of unsealing

the documents the Court relied upon.  However, the Court did not

reveal the technical details of the documents in question in its

opinion and instead discussed them in such a way so as to convey

the Court's rationale without compromising the confidentiality of

the documents.

        In sum, the Court intended to preserve the confidentiality

of these documents at trial, as evidenced by its Oral Order of

October 29, 2009, and the Court is not persuaded that

circumstances have changed warranting the unsealing of the

documents at this juncture. Accordingly, for the reasons discussed, the Court will deny Defendants' Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.     Defendants' Motion To Unseal Documents Relating To The Granted Motion For Summary Judgment For On-Sale Which Have Been Produced Under Seal (D.I. 982) is **DENIED**.

2.     Plaintiffs' Motion To Strike Defendants' Motion To Unseal Documents Relating To the Granted Motion For Summary Judgment For On-Sale Which Have Been Produced Under Seal (D.I. 988) is **DENIED**.

<u>March  λ , 2010</u>
          DATE

UNITED STATES DISTRICT JUDGE

8