# EXHIBIT A

2010-1121

**NON-CONFIDENTIAL**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

HONEYWELL INTERNATIONAL INC. and
HONEYWELL INTELLECTUAL PROPERTIES INC.,

Plaintiffs-Appellants,

v.

NOKIA CORPORATION, NOKIA INC., FUJITSU LIMITED, FUJITSU
AMERICA, INC., FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.,
ALL AROUND CO. LTD., BOE-HYDIS TECHNOLOGY CO. LTD., PICVUE
ELECTRONICS LIMITED, CURITEL COMMUNICATIONS, INC.,
KONINKLIJKE PHILIPS ELECTRONICS N.V., HIGH TECH COMPUTER
CORPORATION, WISTRON CORPORATION, MATSUSHITA ELECTRICAL
INDUSTRIAL CO., MATSUSHITA ELECTRICAL CORPORATION OF
AMERICA, SEIKO EPSON CORPORATION, ARGUS (also known as Hartford
Computer Group Inc.), TOSHIBA AMERICA, INC., and TOSHIBA
CORPORATION,

Defendants,

and

FUJIFILM CORPORATION and FUJIFILM U.S.A.,

Defendants-Appellees,

and

SAMSUNG SDI AMERICA INC.,
and SAMSUNG SDI CO. LTD.,

Defendants-Appellees.

Appeal from the United States District Court for the District of Delaware in consolidated case nos. 04-CV-1337, 04-CV-1338, 04-CV-1536, and 05-CV-0878, Judge Joseph J. Farnan, Jr.

## PLAINTIFFS-APPELLANTS' NON-CONFIDENTIAL PETITION FOR PANEL RE-HEARING

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500
mrlueck@rkmc.com
mlwoods@rkmc.com
seoberts@rkmc.com

November 30, 2010

## CERTIFICATE OF INTEREST

Counsel for Appellants certifies the following:

1.     The full name of every party or amicus represented by us are Honeywell International Inc. and Honeywell Intellectual Properties Inc.

2.     The name of the real parties in interest represented by us are:

Honeywell International Inc. and

Honeywell Intellectual Properties Inc.

3.     Honeywell International Inc. and Honeywell Intellectual Properties Inc. are not owned by a parent corporation. No publicly held company owns 10% or more of Honeywell International Inc. or Honeywell Intellectual Properties Inc.

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by us in the trial court or agency or are expected to appear in this court are:

Robins, Kaplan, Miller & Ciresi LLP:

Martin R. Lueck, Matthew L. Woods, Stacie E. Oberts, Peter N. Surdo, Daniel M. White*[1], Lauren E. Wood, Anthony A. Froio, Alan E. McKenna*, Ezra S. Gollogyly*, Jacob S. Zimmerman, Marta M. Chou, Jeremy C. McDiarmid*, Michael D. Okerlund*, Denise S.

---

[1] Names marked with an asterisk (*) are individuals no longer with the law firm of Robins, Kaplan, Miller & Ciresi LLP.

Rahne, Marc N. Henschke*, Michael J. Garko*, Ashwin Madia*,

Emily Prentice*, Amy N. Softich*.

Morris, Nichols, Arsht & Tunnell LLP:

Thomas C. Grimm, Benjamin J. Schladweiler, Kristen Healey, Maria

Granovsky, and Leslie A. Polizoti.

Ashby & Geddes, P.A.:

Steven J. Balick, John G. Day, and Lauren E. Maguire.

Respectfully submitted,

Dated: November 30, 2010

Matthew L. Woods
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55403
Tel: (612) 349-8500
Fax: (612) 339-4181

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................... 1

II.   The District Court Overlooked or Misapprehended Several
Points of Fact and Law, Which are not Addressed by the Rule
36 Order .......................................................................................... 3

     A.    Honeywell's Briefs Focused upon Material Facts
Overlooked by the District Court and Not Addressed by
the Summary Affirmance ....................................................... 3

     B.    The Record of These Proceedings Evidences a
Misapprehension of Law Regarding the Relevance of
Honeywell's Reduction to Practice to the Issue of What
Was Allegedly Offered for Sale ............................................. 7

III.  ARGUMENT ..................................................................................... 9

IV.  CONCLUSION................................................................................. 11

## CONFIDENTIAL MATERIAL OMITTED

The materials omitted on pages 3 and 6 contain confidential Honeywell and

third-party information provided pursuant to a protective order and twice ordered

by the district court to remain confidential.  The information at issue is technical

and design information amounting to trade secrets, confidential research, and

business information. The technical information relates to an integrated flight

management system for passenger aircraft still in production today. This

information further concerns the development and function of flight management

and the infrastructure of commercial passenger aircrafts. This information is

particularly sensitive not only to Honeywell and third parties, but also to public

i

**TABLE OF CONTENTS**
(continued)

Page

safety concerns. In addition, the business information at issue is relevant to the

business strategy and relationship between Honeywell and third parties.

In addition, materials omitted on pages 5 also reflect confidential internal

Honeywell invention disclosure forms, which Honeywell contends are privileged

under this Court's precedent. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800

(Fed. Cir. 2000). The magistrate judge below ordered the production of these

materials, pursuant to the protective order and with the understanding that the

production would not be deemed a waiver.

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)........................................................................... 9

*Gemmy Indus. Corp. v. Chrisha Creations, Ltd.,*
452 F.3d 1353 (Fed. Cir. 2006)........................................................ 10

Group One, Ltd. v. Hallmark Cards, Inc.,
254 F.3d 1041 (Fed. Cir. 2001)......................................................... 6

*Minton v. National Assoc. Sec. Dealers, Inc.,*
336 F.3d 1373 (Fed. Cir. 2003)........................................... 1, 3, 7, 8, 12

*Pfaff v. Wells Elec., Inc.,*
525 U.S. 55 (1998)............................................................ 2, 8, 9, 11, 12

*RCA Corp. v. Data General Corp.,*
887 F.2d 1056 (Fed. Cir. 1989)....................................................... 7, 8

**Statutes**

Federal Rules of Civil Procedure Rule 36............................ 2, 4, 10, 11, 12

Federal Rules of Civil Procedure Rule 36(a) ..................................... 11

Federal Rules of Civil Procedure Rule 36(c) ..................................... 12

Federal Rules of Civil Procedure Rule 40.......................................... 2

Federal Rules of Civil Procedure Rule 56......................................... 10

## I.   INTRODUCTION

This Court's per curiam order summarily affirming the district court's decision, regarding on-sale bar, sanctions departure from the very process for evaluating this defense established by this Court in prior decisions, leading to a fundamentally erroneous result and creating uncertainty for future litigants. As this Court previously explained:

> An assessment of the validity of a patent claim in light of an alleged sale involves, *first*, determining whether a sale is truly a "sale" within the meaning of 35 U.S.C. § 102(b), a question of law based on underlying facts . . . . The *next step* is claim construction, during which the court determines the scope and meaning of the patent claims, also a legal determination . . . . The *final step* involves a comparison of the asserted claims with the device or process that was sold. A determination that a claim is invalid as being anticipated *requires factual findings* that each and every limitation is found either expressly or inherently in the device or process that was sold.

*Minton v. National Assoc. Sec. Dealers, Inc.,* 336 F.3d 1373, 1376 (Fed. Cir. 2003) (citations omitted and emphasis added). *Minton,* along with the other cases cited on pages 46-47 and 54 of Honeywell's Opening Brief, not only establish principles of substantive law regarding the defense of on-sale bar, but also prescribe a deliberate and disciplined process for evaluating the record as it bears on that defense.

Plaintiffs-Appellants Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") respectfully submit this Petition for Panel Rehearing, pursuant to Federal Circuit Rule 40, because the decision is in conflict with established precedent of the United States Supreme

1

Court and prior decisions of this Court, both as to procedure and substance. By affirming the district court's decision under Federal Circuit Rule 36 ("the Rule 36 Order"), the only written opinion in the record remains the district court's memorandum. That memorandum failed to make the required findings of how the subject matter disclosed in the alleged offer (Volume III of the AIMS Proposal) met each and every limitation of the claim 3 of United States Patent No. 5,280,371 (the "'371 patent").

This departure from the established process is error in and of itself, but resulted in substantive error because it facilitated the district court's ignoring the host of undisputed facts identified by Honeywell that indicate that Volume III at most disclosed a directional diffuser with a single lens array. In place of an element by element analysis, the district court relied upon Honeywell's admission that it had reduced the subject matter of claim 3 to practice prior to submitting the AIMS Proposal to Boeing, effectively collapsing the two separate prongs established by the United States Supreme Court in *Pfaff v. Wells Elec., Inc.,* 525 U.S. 55 (1998) into one.

Honeywell therefore requests Panel Rehearing to ensure that these significant and overlooked facts are given proper consideration under established law and to further ensure that the Court's prior decisions remain in full force and effect.

2

**II.   THE DISTRICT COURT OVERLOOKED OR MISAPPREHENDED SEVERAL POINTS OF FACT AND LAW, WHICH ARE NOT ADDRESSED BY THE RULE 36 ORDER.**

**A.   Honeywell's Briefs Focused upon Material Facts Overlooked by the District Court and Not Addressed by the Summary Affirmance.**

In granting summary judgment, the district court found that the record established no genuine dispute of material fact. That conclusion could only be reached by overlooking evidence which showed that the subject of the allegedly invalidating offer (Volume III of the AIMS Proposal) was a directional diffuser featuring only a single lens array. The district court was able to ignore this evidence because it did not make the required *Minton* findings that the subject matter discussed in Volume III met each and every element of claim 3 of the '371 patent.

Honeywell argued that the following evidence, when viewed in the light most favorable to Honeywell, the non-movant, demonstrated a genuine dispute regarding the specific configuration of the directional diffuser disclosed in Volume III. Most notably, neither the district court's opinion nor the Rule 36 Order acknowledges the existence of, or discusses the legal significance of, the fact that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A02183. There is no mention at all

of the use of two lens arrays.[1] Moreover, the three "exploded" drawings in Volume III illustrating the components used to assemble the hypothetical display unit all depicted the directional diffuser as a single element A02144, A02165, A02235. The district court found that these diagrams were *ambiguous* and did "not necessarily inform anyone as to how many lens arrays are contained in the assembly." A00020. Despite that alleged ambiguity, the district court drew a factual inference against Honeywell. Insofar as the district court looked to Volume III as supplying the subject matter of the claimed offer, it was fundamental error to ignore express statements in that Volume which contravened the district court's conclusion and supported Honeywell's position.

In addition to this evidence found *within the alleged offer document*, other extrinsic evidence, again overlooked by the district court, confirms that Honeywell evaluated a number of embodiments under the name "directional diffuser" but was discussing a single lens array embodiment in the AIMS Proposal.

- Mr. McCartney, the drafter of the "Directional Diffuser" section of the AIMS Proposal, testified that the embodiment he described in that document was intended as a single lens array because, in the manufacturing world, "less is more." A00640.

---

[1] Instead, the district court seized upon a passage and figure in Volume III referencing the fact that the directional diffuser controlled light both vertically and horizontally. A00019. Yet, the '371 Patent itself discloses that a single lens array controls both vertically and horizontally. A00202.

4

**CONFIDENTIAL MATERIAL OMITTED**

- Inventor Jachimowicz testified that she had tested a single lens array embodiment of the directional diffuser before this time and successfully demonstrated it to Boeing. A07929-30.



A04314.

A07909.

- Minutes from the 93rd Technical Coordination Meeting ("TCM"), dated August 1991, after the critical date, showed that single, double and triple lens arrays had been evaluated up until that time and that it was only then that the technical coordination team determined that the directional diffuser under consideration would be a double lens array configuration. A07061.

- Honeywell sought patent coverage on both single lens array embodiments and two lens array embodiments without claim 3's requisite slight misalignment, under the general name "directional diffuser." A00819-21.

**CONFIDENTIAL MATERIAL OMITTED**

It was also undisputed that Boeing could not bind Honeywell to deliver a

particular design, as required under *Group One, Ltd. v. Hallmark Cards, Inc.*, 254

F.3d 1041 (Fed. Cir. 2001), until after the critical date. Specifically, Honeywell

had sole authority to design and propose a directional diffuser that would meet the

as-yet undeveloped specification. A07083. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████  A07342. Before these events, it is

undisputed that Boeing could not have demanded any particular design as a

deliverable from Honeywell.

Appellees failed to rebut such evidence and in many instances altogether

ignored it. As it stands, no court has ever evaluated Honeywell's specific citations

to the factual record. It was not addressed in a meaningful way by the district court,

nor did Appellees address this evidence in their appellate briefing or at oral

argument. Absent a written opinion from this Court, the parties are left without a

record as to how these facts played into the outcome, although they undeniably are

relevant to the type of analysis and findings required by *Minton*.

6

**B.**    **The Record of These Proceedings Evidences a Misapprehension of Law Regarding the Relevance of Honeywell's Reduction to Practice to the Issue of What Was Allegedly Offered for Sale.**

Honeywell never relied upon Volume III of the AIMS Proposal as evidencing an early reduction to practice. None of the documents Honeywell used to establish the reduction to practice related to Volume III, but rather were part of a separate developmental program with its own Statement of Work and schedule, distinct from the AIMS project. A07026-034. Nevertheless, the district court assumed that the display technology discussed in Volume III must necessarily have referred to the same display that served as Honeywell's second reduction to practice, presumably because the reduction occurred close in time to when Honeywell submitted Volume III to Boeing.

Appellees and the district court relied heavily on *RCA Corp. v. Data General Corp.*, 887 F.2d 1056 (Fed. Cir. 1989) as an analogous case on this point. The facts of *RCA*, however, differ significantly in this regard. In *RCA*, the patentee relied on the offering documents themselves to corroborate the reduction to practice. *Id.* at 1060. Specifically, the patentee admitted that the evidence of an alleged offer – *i.e.,* the RGTV system – was also "evidence of feasibility and reduction to practice of [the claimed invention]." *Id.* In marked contrast, Honeywell never made any such admission but has always pointed to separate documents and separate activities under separate programs to establish an early

reduction to practice. Simply put the record in this case is absolutely barren of the critical type of concession found in *RCA*.

By relying on Honeywell's admitted reduction to practice to bridge the gap between Volume III and claim 3, the district court dispensed with *Minton's* requirement that it conduct an element by element comparison of the subject matter of the alleged offering document to claim 3. In so doing, the district court also inappropriately collapsed the two prongs of the Supreme Court's decision in *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55 (1998) into a unitary test. In *Pfaff*, the Supreme Court clarified that those seeking to invalidate a patent on the grounds of on-sale bar must establish two separate prongs: the existence of a commercial offer for sale of an embodiment that meets all the elements of the claim; and, that the subject matter was "ready for patenting." A reduction to practice fulfills only the "ready for patenting" prong of *Pfaff*, and does not control the first prong of whether an offer of the claimed subject matter has been made. Both prongs must be separately addressed. *Pfaff*, 525 U.S. at 67 ("First, the product must be the subject of a commercial offer for sale . . . . Second, the invention must be ready for patenting.")

Although Honeywell admitted that it had reduced the invention of claim 3 to practice prior to the critical date (thus satisfying the second prong of *Pfaff)*, the first prong (whether there had been a commercial offer for sale *of the claimed*

8

*invention)* has always been hotly contested. However, both Appellees and the district court transferred the legal significance of Honeywell's reduction to practice over to the first prong in order to answer the question of *what* was the subject of the alleged offer. In this way, the Appellees were relieved of their burden of proving the subject of the alleged offer, as required by *Pfaff*.

## III.   ARGUMENT

Summary judgment requires a movant to meet a high burden – demonstrate the absence of any genuine issues of material fact, with all reasonable inferences drawn in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When the affirmative defense of on-sale bar is at issue, and a patent's validity is thus at stake, the absence of genuine facts must be demonstrated clearly and convincingly. *Gemmy Indus. Corp. v. Chrisha Creations, Ltd.*, 452 F.3d 1353, 1357 (Fed. Cir. 2006). Given this high standard, *all* facts presented must be evaluated and when a dispute arises, it must be left to a jury to decide.

As described above, Honeywell identified sufficient evidence that the alleged offer – the AIMS Proposal – disclosed only a single lens array, giving rise to a genuine issue of material fact. The district court failed to grapple with, or even cite, this evidence in issuing its memorandum opinion. The Rule 36 Order simply adopts this result without explaining why this evidence did not give rise to a genuine dispute of material fact. At a minimum, giving Honeywell the benefit of

all reasonable inferences as required under Fed. R. Civ. P. 56, the overlooked facts – particularly the contents of Volume III itself – create a triable issue regarding what (if anything) was being offered in the AIMS Proposal.

Clearly, the district court's failure to follow the procedures specified in *Minton* facilitated its overlooking these critical facts. Where, as here, a district court has so deviated from established procedures for rendering a decision on invalidity, it is incumbent upon this Court to take notice of such error, clarify whether such procedures remain in force, and if so, determine whether they have been followed in the record before it. With due respect, the Court did not do so here.

To assume, as apparently has happened in this case, that because a patentee had reduced its invention to practice, that reduction to practice *must be* the subject of an alleged offer impermissibly relieves defendants of their burden of proving *what* precisely was the subject of the alleged commercial offer for sale, as required by *Pfaff*. This potential devolution of the two prong standard is especially troubling given the evidence that Honeywell presented to show that Volume III of the AIMS Proposal described a single lens array embodiment. Indeed, Appellee Fuji conceded that it *would have been error to* assume that D.U.s 8, 9, or 10 (what Fuji labels the reduction to practice) were the subject of the offer. Fuji Br. at 37-38. Nonetheless, that is exactly what remains in the record after the Rule 36 Order.

Finally, Honeywell respectfully submits that not only was the Panel wrong in affirming the district court – there is a great deal of evidence that shows that "each and every element" of claim 3 of the '371 patent was *not* part of the AIMS Proposal – but the Panel also erred by issuing a summary affirmance under Rule 36. Rule 36 is reserved for those instances in which the trial court made findings that are not clearly erroneous or for those instances in which the record supports summary judgment. *See* Rule 36(a), (c). Here, the district court made *no* comprehensive findings regarding the majority of the record that Honeywell submitted in opposition to the motion for summary judgment. It simply relied on Honeywell's reduction to practice without addressing significant portions of the record. Consequently, there are no findings that can be fairly characterized as "not clearly erroneous," and the record – for the reasons given above – does not support summary judgment. A summary affirmance under Rule 36 should be reserved for those clear-cut instances in which a litigant has offered no plausible response to a movant's motion for summary judgment. This is not one of those instances.

## IV.    CONCLUSION

For the foregoing reasons, Honeywell requests that the Court grant this Petition for Rehearing for the purpose of confirming that the district court did not make the required *Minton* findings, and determining, in a written opinion, the legal

import of the overlooked facts both to an analysis consistent with *Pfaff* and *Minton,*

and to the existence of a genuine dispute of material fact.


Dated: November 30, 2010

Respectfully submitted,

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
Tel: (612) 349-8500
Fax: (612) 339-4181

# ADDENDUM

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

HONEYWELL INTERNATIONAL INC., and
HONEYWELL INTELLECTUAL PROPERTIES INC.,
*Plaintiff-Appellants,*

v.

NOKIA CORPORATION, NOKIA INC., FUJITSU
LIMITED, FUJITSU AMERICA, INC., FUJITSU
COMPUTER PRODUCTS OF AMERICA, INC., ALL
AROUND CO. LTD., BOE-HYDIS TECHNOLOGY
CO. LTD., PICVUE ELECTRONICS LIMITED,
CURITEL COMMUNICATIONS, INC., KONINKLIJK
PHILIPS ELECTRONICS N.V., HIGH TECH
COMPUTER CORPORATION, WISTRON
CORPORATION, MATSUSHITA ELETRICAL
INDUSTRIAL CO., MATSUSHITA ELECTRONICAL
CORPORATION OF AMERICA, SEIKO EPSON
CORPORATION, ARGUS (also known as Hartford
Computer Group.), TOSHIBA AMERICA, INC., and
TOSHIBA CORPORATION,
*Defendants,*

and

FUJIFILM CORPORATION and FUJIFILM U.S.A.,
*Defendants-Appellees,*

and

SAMSUNG SDI AMERICA INC. and SAMSUNG SDI

CO. LTD.,
*Defendants-Appellees.*

---

2010-1121

---

Appeal from the United States District Court for the District of Delaware in consolidated Case Nos. 04-CV-1337, 04-CV-1338, 04-CV-1536, and 05-CV-0874, Judge Joseph J. Farnan, Jr.

---

## JUDGMENT

---

MARTIN R. LUECK, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, Minnesota, argued for plaintiffs-appellants.   With him on the brief were MATTHEW L. WOODS and STACIE E. OBERTS.

LAWRENCE ROSENTHAL, Stroock & Stroock & Lavan LLP, of New York, New York, argued for defendants-appellees Fujifilm Corporation, et al.   With him on the brief were IAN G. DIBERNARDO, ANGIE M. HANKINS, and MATTHEW W. SIEGAL.

STEPHEN S. KORNICZKY, Sheppard, Mullin, Richter & Hampton LLP, of San Diego, California, argued for defendants-appellees Samsung SDI America Inc., et al.

---

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

PER CURIAM (NEWMAN, LINN, and PROST, *Circuit Judges*).

AFFIRMED. *See* Fed. Cir. R. 36.

ENTERED BY ORDER OF THE COURT

November 1, 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2010, 5 copies of the foregoing

PLAINTIFFS-APPELLANTS' NON-CONFIDENTIAL PETITION FOR PANEL

RE-HEARING (4 copies plus the original) were filed with the Court via hand

delivery and that two copies were served by sending same via Federal Express,

addressed to:

> Lawrence Rosenthal, Esq.
> Stroock, Stroock & Laven LLP
> 180 Maiden Lane
> New York, NY 10038
>
> Stephen S. Korniczky, Esq.
> Paul, Hastings, Janofsky & Walker LLP
> 4747 Executive Drive, 12th Floor
> San Diego, CA 92121

Dated: December 1, 2010

_____
Christopher R. Pudelski

81526644.1
81872733.1