IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., Plaintiffs, | ) | UNSEALED ON JUNE 20, 2012 |
| v. | ) | C.A. 04-1337-LPS (Consolidated) |
| NOKIA CORPORATION, et al Defendants. | ) | |

**CLERK'S TAXATION OF COSTS**

Re: Samsung SDI Co., Ltd.
Samsung SDI America, Inc.

This litigation consists of multiple consolidated patent cases. Civil action 04-1337-LPS is the lead case. The cases were initially assigned to the Honorable Kent A. Jordan. February 1,2008 until August 18,2010 the cases were assigned to the Honorable Joseph J. Farnan, Jr. The cases have been assigned to the Honorable Leonard P. Stark since August 18,2010 .

Defendants FUJIFILM Corporation and FUJIFILM U.S.A. Inc. ("FUJI") and Samsung SDI Co., Ltd., and Samsung SDI America, Inc. ( "Samsung") filed a joint motion for summary judgment of invalidity based on the on sale bar (DI 771). The motion was filed October 8,2009. Judge Farnan granted the motion on November 3,2009 (DI 905). The Court also issued a memorandum opinion and judgment on December 4,2009 (DI 957, 958). Plaintiffs, Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell") filed a notice of appeal on December 1,2009 (DI 955). The Court of Appeals issued a mandate on December 27,2010 which affirmed the District

Court. The mandate was filed with the District Court on December 30,2010 (DI 1023).

As a result of the District Court rulings and appellate mandate, Samsung and Fuji assert they are prevailing parties. Honeywell does not dispute these assertions. Local Rule (LR) 54.1(a)(1), of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, (amended April 30,2010), states, "Unless otherwise ordered by the Court, the prevailing party shall be entitled to costs." The Clerk may tax costs pursuant to LR 54.1.

Fuji filed a bill of costs on January 10,2011 (DI 1025). Samsung also filed a bill of costs on January 10,2011 (DI 1027). Samsung filed an amended bill of costs on January 14,2011 (DI 1030). The timeliness of the filings is not an issue. The Clerk will now address Samsung's amended bill of costs. The Clerk will address Fuji's bill of costs in a separate taxation of costs.

Samsung submits the declaration of Stephen S. Korniczky (DI 1031) in support of its amended bill of costs. Honeywell submits its objections (DI 1040) and the declaration of Lauren E. Wood (DI 1041).The amended bill of costs concludes with a request that costs be taxed in the amount of $ 347,495.63. However, it appears the actual amount requested is $ 315,134.80. The difference is due to Samsung's reduction in taxable copying costs (DI 1030, p.2). The costs Samsung is requesting are:

| | |
|---|---|
| Copying costs | $ 32,360.83 |
| Markman Hearing fees | $ 50,971.71 |
| Depositions (resolution of an issue) | $ 70,163.85 |
| Depositions (designated for trial) | $ 33,894.15 |
| Court Transcripts | $ 1,900.93 |
| Exhibits and Demonstratives for Trial | $ 55,339.84 |
| Other Trial Prep Fees | $ 36,015.00 |

| | |
|---|---|
| Filing Fees | $ 425.00 |
| Filing Court Copies and Process | $ 1,466.13 |
| Special Master Fees | $ 32,597.36 |
| **TOTAL** | **$ 315,134.80** |

The Clerk has considered each of the filings, and therefore,

**IT IS ORDERED that,**

**I.** **But for one unopposed amount**, as noted below (at II, A), Samsung's entire amended bill of costs is **DENIED.** The Clerk finds:

**A.** But for one item, Honeywell objects to the entire bill of costs. Honeywell argues, in part, the bill costs "includes numerous costs that are not authorized by statute or by the Local Rules of this Court, and/or costs that are not related to the summary judgment motion which resolved this case." (DI 1040, p. 1).

**B.** Local Rule 54.1(a)(2) states: "The bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924.". The Korniczky declaration states Samsung did "necessarily" incur its costs. The Clerk will accept this as true and finds Samsung has satisfied the requirements of 28 U.S.C. § 1924. However, this alone fails to provide the Clerk with a basis for taxing costs.

**C.** Samsung must "clearly describe each item of cost" as required by LR 54.1(a)(2). For the reasons set forth below, Samsung has failed to do so.

**1)** Each category of costs in the bill of costs includes an "itemization of costs" and "authority". The authority includes citations to LR 54.1 and the U.S. Code.

Local Rule 54.1(b)(1) states in part: "Costs shall be taxed in conformity with the provisions of 28 U.S.C. §§ 1920, 1921, and 1923.... and the remaining paragraphs of subpart (b) of this Rule." Title 28 U.S.C.§ 1920, *and LR 54.1(b) in particular,* set forth specific requirements a prevailing party must satisfy if costs are to be taxed in their favor. Samsung fails to clearly describe how and/or why any of its costs satisfy the specific requirements set forth in § 1920 and/or LR 54.1. Samsung's discussion of fees taxable under § 1920 and LR 54.1 is too general and fails to comply with LR 54.1(a)(2).

**2)** The Korniczky declaration includes a brief narrative and exhibits A-I. The narrative provides only general assertions. It offers no substantiation which clearly describes how each item of cost claimed by Samsung is taxable. The exhibits contain summaries of costs and various billing documents. As with the narrative, the exhibits offer no substantiation which clearly describes how each item of cost claimed by Samsung is taxable.

**3)** Samsung fails to provide any explanation which clearly sets forth the reasonableness and/or underlying basis of any charge. No claim is clearly substantiated in a manner that permits Honeywell and the Clerk to address the merits of Samsung's requests. The requests fail to "clearly describe each item of cost" as required by LR 54.1(a)(2).

**D.** Samsung cites case law. Resolution of legal issues are matters reserved for the Court.

**II.** Samsung's request of $ 32,360.83 for printing and copying costs is **granted in part, and denied in part.** Costs are taxed in the amount **$85.80.**

    **A.** Honeywell objects to all but one of the requests [See Section I, A]. Honeywell does not oppose an award of $85.80 to Samsung for photocopying charges. The award is for 572 pages of exhibits at a rate of $0.15 per page. The basis for the award is set forth in Honeywell's objections (DI 1040, p.7). As this amount is not opposed by Honeywell, **the Clerk will tax costs in the amount of $85.80.** All remaining claims for printing and copying costs are **denied.**

**B.** Samsung fails to satisfy the requirements of LR 54.1(a)(2). [See Section I ,C ].

**C.** LR 54.1(b)(5) provides: "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable." Samsung provides no evidence that its claims are within the scope of this rule.

**D.** Title 28 U.S.C. § 1920 provides in part that the clerk ***may*** tax costs for printing, exemplification fees, and copies of papers necessarily attached for use in the case (emphasis added). But for the $85.80 taxed above, due to Samsung's non-compliance with LR 54.1(a)(2) and (b)(5), the Clerk will not tax costs pursuant to Title 28 U.S.C. § 1920.

**E.** Samsung cites case law. Resolution of legal issues are matters reserved for the Court.

**III.** Samsung requests "cost of exemplifications". The request seeks $ 50,971.71 for costs associated with the July 2008 *Markman* hearing. The requests are **DENIED**.

**A.** Honeywell objects to the requests [See Section I, A].

    **B.** Samsung fails to satisfy the requirements of LR 54.1(a)(2). [See Section I ,C ].

**C.** Samsung seeks recovery of $ 50,971.71 for costs associated with demonstrative exhibits and/or "the preparation of defendant's presentation and other materials requested and used by the Court during the July 2008, *Markman* Hearing." (DI 1030, p. 2). Excluding the case law cited by Samsung, the request relies upon exhibits A and C of the Korniczky declaration (DI 1031). The exhibits fail to substantiate that any claim satisfies the requirements of LR 54.1, in particular LR 54.1(b)(5) [Exemplification and Copies of Papers] and LR 54.1(b)(6) [Cost of Maps and Charts].

**D.** Title 28 U.S.C. § 1920 provides in part that the clerk ***may*** tax costs for printing, exemplification fees, and copies of papers necessarily attached for use in the case (emphasis added). The Clerk will not tax costs pursuant to Title 28 U.S.C. § 1920 due to Samsung's non-compliance with LR 54.1(a)(2), (b)(5) and (b)(6).

**E.** Samsung cites case law. Resolution of legal issues are matters reserved for the Court.

**IV.** Samsung requests deposition costs of $ 70,163.85 and $ 33,894.15, for a total of $104,058. The requests are **DENIED**.

**A.** Samsung claims it incurred taxable deposition costs of $ 70,163.85 related to resolution of one or more issues in the case (including, but not limited to, on sale bar). Samsung also seeks to recover $ 33,894.15 in costs for depositions which were designated (in the parties' proposed pretrial orders) for use at trial. Regarding the latter claim, there was no trial in this matter. It appears the only material issue

       resolved in the case was the on sale bar issue.

**B.** Honeywell objects to the requests [See Section I, A].

**C.** Samsung fails to satisfy the requirements of LR 54.1(a)(2). [See Section I ,C ].

**D.** LR 54.1(b)(3) states: " The reporter's **reasonable charge** for the original and one copy of a deposition and the **reasonable cost** of taking a deposition electronically or magnetically recorded are taxable where a **substantial portion of the deposition is used in the resolution of a material issue in the case.**" (emphasis added).

**E.** Samsung cites LR 54.1(b)(3), however, Samsung fails to clearly substantiate:

1) the reporter's reasonable charge.

2) the reasonable cost of taking the deposition.

3) that a substantial portion of any deposition was used in the resolution of a material issue in the case.

**F.** Samsung presumably requests "The reasonable fee of a translator..." in association with its requests for deposition costs [DI 1030, p.3, at III, A.]. Other than a brief reference to this fee and the citation of a case, Samsung provides no information regarding the fee of a translator. The reference is ambiguous and does not comply with LR 54.1(a)(2).

**G.** Samsung cites case law. Resolution of legal issues are matters reserved for the Court.

**V.** Samsung requests $ 1,900.93 for costs associated with court transcripts. The request is **DENIED.**

**A.** The amended bill of costs simply states: "Samsung further seeks $1,900.93 in costs associated with court transcripts in this case." The Korniczky declaration offers no

        discussion on the matter other than to reference invoices at Exhibit D [DI 1031, p.3].

**B.** The invoices fail to prove how or why the requests comply with LR 54.1(b)(2). LR 54.1(b)(2) states costs of "a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, are taxable ***when requested by the Court or prepared pursuant to stipulation. Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable***." (Emphasis added).

**C.** Samsung fails to satisfy the requirements of LR 54.1(a)(2). [See Section I ,C ].

**D.** Honeywell objects to the requests [See Section I, A].

**VI.** Samsung requests $ 91,354.84 regarding costs incurred for preparation for trial. The requests are **DENIED.**

**A.** Samsung's requests are noted in two categories. First is $ 55,339.84 for preparation of exhibits and demonstratives for trial. Second is $36,015.00 "in costs for hotel accommodations, war room accommodations and computer network for trial...". Samsung's sole support for its requests is the Korniczky declaration. The declaration offers little explanation regarding the requests. The declaration refers to invoices found at Exhibits E and F [DI 1031, p.3]. The exhibits fail to prove how or why the requests are taxable.

**B.** Honeywell objects to the requests [See Section I, A].

**C.** Samsung fails to satisfy the requirements of LR 54.1(a)(2). [See Section I, C ].

**VII.** Samsung requests $ 425.00 for filing fees and $ 1,466.13 for filing court copies and

        process. The total requested is $1,891.13. The requests are **<u>DENIED.</u>**

**A.** Samsung relies upon exhibits A and G of the Korniczky declaration. Exhibit A provides no more than a summary of the fees. The $425.00 request consists of various pro hac vice fees and appellate fees. The $ 1,466.13 request consists of "Court Courier Service" fees. Exhibit G is a compilation of invoices. <u>No</u> explanation is provided which proves how or why any of the requests comply with LR 54.1 and/or 28 U.S.C. § 1920.

**B.** Samsung fails to satisfy the requirements of LR 54.1(a)(2). [See Section I, C].

**C.** Honeywell objects to the requests [See Section I, A].

**D.** Samsung cites case law. Resolution of legal issues are matters reserved for the Court.

**<u>VIII.</u>** Samsung requests $ 32,597.36 for special master fees. The request is **<u>DENIED.</u>**

**A.** Honeywell objects to the requests [See Section I, A]. Honeywell also argues:

**1)** "the Special Master did not hear, and was not involved in, the summary judgment motion that resolved the case." (DI 1040, p.3)

**2)** the Court already apportioned special master fees (DI 1040, p.14).

**B.** Samsung submits the Korniczky declaration in support of its request. The declaration offers little explanation regarding the request. The declaration refers to invoices found at Exhibits A and H. The exhibits provide a summary of fees incurred and copies of invoices. <u>No</u> explanation is provided which proves how or why any of the requests comply with LR 54.1.

**C.** Samsung fails to satisfy the requirements of LR 54.1(a)(2). [See Section I ,C ].

**D.** Samsung cites LR 54.1(b)(7) in support of its request. The rule states in its entirety,

"Fees to masters shall be assessed in accordance with Fed.R.Civ. P. 53(a)." Rule 53(a)(3) states "the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay."

**E.** Chief Judge Robinson issued a standing order, dated September 15,2004, addressing Procedures to Govern The Appointment of Special Masters to Hear Discovery Disputes in Intellectual Property Cases [see www.ded.uscourts.gov]. The order states, at paragraph 4(b), "The compensation, costs and expenses of a Special Master shall be ***allocated equally*** among the parties ***unless otherwise ordered by the Court upon recommendation by the Special Master."*** (emphasis added). Although the Court's order is directed at discovery disputes, nonetheless, the Court ordered that special master fees be allocated equally among the parties *unless otherwise ordered by the Court*.

**F.** Judge Farnan issued an order in the present case, on April 16,2008, which appointed Judge Vincent J. Poppiti as Special Master (see Wood declaration, DI 1041, Ex. E). The order states "Plaintiffs shall be responsible for one-half of the payment for the Special Master's time and the affected defendants shall be responsible for payment of the other half."

**G.** The Clerk finds Judge Farnan's order previously assessed special master fees in this case. Samsung cites no binding court decision or statute which indicates fees are to be assessed otherwise.

**H.** The Clerk finds there is no basis to tax special master fees. Samsung's request is **DENIED.**

The total costs hereby taxed in favor of defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc., and against plaintiffs, Honeywell International, Inc. and Honeywell Intellectual Properties, Inc., is **$85.80,** together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982). The **$85.80** amount represents costs taxed for photocopying charges, as set forth above [see II, A].

All remaining requests by defendants, Samsung SDI Co., Ltd. and Samsung SDI America, Inc., for the taxing of costs against plaintiffs, Honeywell International, Inc. and Honeywell Intellectual Properties, Inc., are **DENIED**.

Peter T. Dalleo, Clerk
U.S. District Court for the
District of Delaware

By Brian K. Blackwell
Brian K. Blackwell
Deputy Clerk

Dated: March 30, 2012

cc: The Honorable Leonard P. Stark
Philip A. Rovner, Esq.
David E. Moore, Esq.
Thomas C. Grimm, Esq.
Peter T. Dalleo, Clerk